UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP., §<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>DEWALCH TECHNOLOGIES, INC., §<br>§<br>Defendant. § | CIVIL ACTION NO. 04-402019 FDS |

## DEWALCH TECHNOLOGIES, INC.'S ANSWER AND COUNTERCLAIM

Defendant DeWalch Technologies, Inc. ("DeWalch") submits this Answer and Counterclaim to Plaintiff Inner-Tite Corp.'s ("Inner-Tite") Complaint as follows:

### ANSWER

1. DeWalch admits the allegations in paragraph 1 of the Complaint that this Court has proper jurisdiction and venue; however, DeWalch denies the merits of the claims asserted against it.

2. DeWalch is without knowledge or information sufficient to form a belief as to the truth of paragraph 2 of the Complaint.

3. DeWalch admits the allegations in paragraph 3 of the Complaint.

4. DeWalch admits the allegation in paragraph 4 of the Complaint that United States Patent No. 6,763,691 ("the '691 patent") issued on July 20, 2004. DeWalch is without knowledge or information sufficient to form a belief as to the other allegations in paragraph 4 of the Complaint.

5.  DeWalch admits that it sells utility security products including a product named ProLock, which DeWalch understands to be the accused product in this Civil Action. DeWalch is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 5 of the Complaint.

6.  DeWalch admits that it manufactures, offers for sale and sells the ProLock, which it understands to be the accused product in this Civil Action. DeWalch denies the remaining allegations in paragraph 6 of the Complaint.

7.  DeWalch denies the allegations in paragraph 7 of the Complaint.

8.  DeWalch denies the allegations in paragraph 8 of the Complaint.

9.  Upon information and belief, DeWalch denies any allegations in the Complaint that are not addressed by the foregoing paragraphs.

## **Affirmative Defenses**

1.  Upon information and belief, DeWalch has not infringed any claims of the '691 patent.

2.  Upon information and belief, one or more claims of the '691 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.  On information and belief, Inner-Tite is estopped or otherwise prohibited from asserting any interpretation of any claims of the '691 patent that would be broad enough to

cover anything in connection with DeWalch, by reason of, *inter alia,* restrictions, elections, statements and/or representations made during the prosecution of the '691 patent.

4.  Upon information and belief, due to Inner-Tite's failure to properly mark its articles under 35 U.S.C. § 287(a), Inner-Tite is barred from recovering damages from DeWalch for alleged infringement occurring prior to the filing of this Civil Action.

5.  Upon information and belief, this is an exceptional case and DeWalch should be awarded its reasonable attorney's fees pursuant to 35 U.S.C. §285.

## COUNTERCLAIM FOR DECLARATORY RELIEF

### Parties

6.  Counter-Plaintiff DeWalch is a Texas corporation with its principal place of business at 6850 Wynnwood, Houston, Texas 77008.

7.  Upon information and belief, Counter-Defendant Inner-Tite is a Massachusetts Corporation having its principal place of business at 110 Industrial Drive, Holden, Massachusetts 01520.

### Jurisdiction and Venue

8.  This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq.*

9.  This court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338, 2201 and 2202, *et seq.*, and FRCP 13 and 57.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400, *et seq*.

### Count 1
### Declaratory Judgment

11. An actual case or controversy exists between DeWalch and Inner-Tite concerning the infringement, validity and/or enforceability of the '691 patent.

12. Upon information and belief, DeWalch repeats and realleges each and every allegation relative to the '691 patent contained in its Affirmative Defenses above.

13. Upon information and belief, DeWalch has not infringed any claims of the '691 patent.

14. Upon information and belief, one or more claims of the '691 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

15. On information and belief, Inner-Tite is estopped or otherwise prohibited from asserting any interpretation of any claims of the '691 patent that would be broad enough to cover anything in connection with DeWalch, by reason of, *inter alia,* restrictions, elections, statements and/or representations made during the prosecution of the '691 patent.

16. DeWalch requests a declaration that it has not infringed any claims of the '691 patent.

17. DeWalch requests a declaration that the '691 patent is invalid and/or unenforceable.

18. Upon information and belief, this is an exceptional case and DeWalch should be awarded its reasonable attorney's fees pursuant to 35 U.S.C. §285.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, DeWalch requests that Inner-Tite take nothing in this suit, and DeWalch requests that this Court enter judgment for DeWalch against Inner-Tite as follows:

A. Declaring that the '691 patent is invalid and/or unenforceable;

B. Declaring that DeWalch has not infringed any claims of the '691 patent.

C. Declaring this to be an exceptional case and awarding DeWalch its reasonable attorney's fees pursuant to 35 U.S.C. §285;

D. Awarding to DeWalch such costs, pre-judgment and post-judgment interest as may be allowed by law; and

E. Awarding to DeWalch such other relief, legal or equitable, to which it may be entitled.

Respectfully submitted,

DEWALCH TECHNOLOGIES, INC.

/s/ Denise W. DeFranco
_____
Denise W. DeFranco BBO# 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1202

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document has been served upon the attorney of record for each other party by first class mail, postage prepaid, on January 3, 2005.

    Mr. Maurice E. Gauthier
    Gauthier & Connors LLP
    225 Franklin Street, Suite 3300
    Boston, Massachusetts 02110

                                          /s/ Denise W. DeFranco
                                          Denise W. DeFranco