# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP. ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04-40219 FDS |
| DEWALCH TECHNOLOGIES, INC. ) | |
| Defendant. ) | |

## ANSWER TO COUNTERCLAIM

Plaintiff and counterclaim-defendant, Inner-Tite Corp. ("Inner-Tite") hereby Answers the Counterclaim filed by defendant and counterclaim-plaintiff DeWalch Technologies, Inc. ("DeWalch") as follows. Paragraphs 1 - 5 of the counterclaim appear to incorporate paragraphs 1 - 5 of the asserted affirmative defenses, are therefore treated as such.

1.      Inner-Tite denies the allegations of paragraph 1 of the counterclaim.

2.      Inner-Tite denies the allegations of paragraph 2 of the counterclaim.

3.      Inner-Tite denies the allegations of paragraph 3 of the counterclaim.

4.      Inner-Tite denies the allegations of paragraph 4 of the counterclaim.

5.      Inner-Tite denies the allegations of paragraph 5 of the counterclaim that DeWalch should be awarded any attorneys fees pursuant to 35 U.S.C. §285. Inner-Tite believes and asserts that this is an exceptional case and that Inner-Tite should be awarded its reasonable attorneys fees pursuant to 35 U.S.C. §285.

6.      Upon information and belief, Inner-Tite admits the allegations of paragraph 6 of the counterclaim.

7.      Inner-Tite admits the allegations of paragraph 7 of the counterclaim.

8.      Inner-Tite admits the allegations of paragraph 8 of the counterclaim.

9.      Inner-Tite admits the allegations of paragraph 9 of the counterclaim.

10.     Inner-Tite admits the allegations of paragraph 10 of the counterclaim.

11.     Inner-Tite admits that an actual case or controversy exists between DeWalch and Inner-Tite concerning infringement of the U.S. Patent No. 6,793,691, and that DeWalch has asserted a defense of alleged invalidity.  Inner-Tite denies that DeWalch has properly asserted a defense of unenforceability consistent with Fed.R.Civ.P. Rule 9.

12.     Inner-Tite denies the allegations of paragraph 12 of the counterclaim.

13.     Inner-Tite denies the allegations of paragraph 13 of the counterclaim.

14.     Inner-Tite denies the allegations of paragraph 14 of the counterclaim.

15.     Inner-Tite denies the allegations of paragraph 15 of the counterclaim.

16.     Inner-Tite denies that DeWalch is entitled to the relief sought in paragraph 16 of the counterclaim.

17.     Inner-Tite denies that DeWalch is entitled to the relief sought in paragraph 17 of the counterclaim.

18.     Inner-Tite denies the allegations of paragraph 18 of the counterclaim that DeWalch should be awarded any attorneys fees pursuant to 35 U.S.C. §285.  Inner-Tite believes and asserts that this is an exceptional case and that Inner-Tite should be awarded its reasonable attorneys fees pursuant to 35 U.S.C. §285.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

1.     Upon information and belief, U.S. Patent No. 6,793,691 is valid and enforceable.

2.     Upon information and belief, U.S. Patent No. 6,793,691 is infringed by defendant DeWalch.

3.     Upon information and belief, this is an exception case under 35 U.S.C. §287 and Inner-Tite should be awarded its reasonable attorneys fees.

Respectfully Submitted,

Inner-Tite Corp.

By its attorneys

Date: January 21, 2005

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
(617) 426 - 9180

--------------------------------------------------------------------------

I hereby certify that a true and accurate copy of the above document was forwarded by United States mail to counsel for defendant, Denise W. DeFranco at Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210-2600 on this 21ST day of January 2005.

William E. Hilton