UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INNER TITE CORP<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEWALCH TECHNOLOGIES, INC.<br><br>　　　　　Defendant. | Civil Action No.<br>04 40219 FDS |

**PLAINTIFF'S STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff submits the following statements of undisputed facts in support of its motion for partial summary judgment of patent claim construction.

1. Inner-Tite Corp. is the owner of all right, title and interest in U.S. Patent No. 6,673,691 (the '691 patent).

2. The '691 patent issued from U.S. Patent Application Ser. No. 09/795,701 (the '701 application).

3. As originally filed on February 28, 2001, the '701 application included eight claims.

4. In a response filed July 22, 2002 to an office action that was mailed on May 8, 2002 in the '701 application, the applicant stated a definition for the term *jaw* as "either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise".

5. In an office action mailed on September 22, 2002 in the '701 application, the examiner at the U.S. Patent and Trademark Office issued an election requirement and stated, in part, that "Claims 1- 3, 5, 6 and 8 are generic to a plurality of disclosed patentably distinct species ...".

6. Claim 1 in the '701 application was not amended following issuance of the election requirement on September 22, 2002.

7. Claim 1 of the '691 patent is generic to the embodiments shown in Figures 2 - 3, 4, 5A - 5B and 6A - 6B of the '691 patent.

8. The language "force exerting means for urging said jaw towards said first flange to thereby clamp said side wall therebetween" in claim 1 of the '691 patent is in means-plus-function format as provided by 35 U.S.C. §112, ¶6.

9. The scope of the "force exerting means" element of claim 1 of the '691 patent covers at least the thumb screw 52 shown in Figures 2 - 4, and equivalents thereof.

10. The scope of the "force exerting means" element of claim 1 of the '691 patent covers at least the rotatable cam 76 shown in Figures 5A - 5B, and equivalents thereof.

11. The scope of the "force exerting means" element of claim 1 of the '691patent covers at least the cam 80 shown in Figures 6A - 6B, and equivalents thereof.

12. The examiner's final rejection of claim 1 in the '701 application was later reversed by the United States Board of Patent Appeals and Interferences.

13. The language "interlocking means for securing said cap to said bracket" in claim 1 of the '691 patent is in means-plus-function format as provided by 35 U.S.C. §112, ¶6.

14. None of the remaining terms of any of claims 1 - 2 and 6 - 8 is specifically defined in either the '691 patent or the file history of the '691 patent.

15. None of the remaining terms of any of claims 1 - 2 and 6 - 8 of the '691 patent is in means-plus-function format as provided by 35 U.S.C. §112, ¶6.

16. All of the remaining terms of any of claims 1 - 2 and 6 - 8 of the '691 patent should be construed in accordance with their ordinary meaning.

17.    The ordinary meaning of the word *between* in the context of the '691 patent is "in or through the space that separates" (Hilton Affidavit, Exhibit J).

                          Respectfully submitted,

                          Inner Tite Corp.

                          By Plaintiff's attorneys,

Dated: February 4, 2005

                          Maurice E. Gauthier, BBO# 187340
                          William E. Hilton, BBO# 559515
                          Gauthier & Connors, LLP
                          225 Franklin Street, Suite 3300
                          Boston, Massachusetts 02110
                          (617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon counsel for defendant, Denise W. DeFranco of Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210-2600 and John Edmonds of Vinson & Elkins, 2300 First City Tower, 1001 Fannin Street, Houston, Texas 77002-6760 on this 4th day of February 2005.

                          William E. Hilton