UNITED STATES DISTRICT COURT
DISTRICT OF MASACHUSETTS

| | | |
|---|---|---|
| **INNER-TITE CORP.,** | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 04-40219 FDS |
| **DEWALCH TECHNOLOGIES, INC.,** | § § § | |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF DEWALCH TECHNOLOGIES RULE 56(F) MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT CLAIM CONSTRUCTION, AND REQUEST FOR A MARKMAN HEARING**

Defendant DeWalch Technologies, Inc. ("DeWalch") submits this Memorandum in Support of its Rule 56(f) Motion in Opposition to Plaintiff's Motion for Partial Summary Judgment of Patent Claim Construction and Request for a Markman Hearing, as follows:

**I.      Introduction and Procedural Background.**

Plaintiff's Motion for Partial Summary Judgment is highly premature. This Civil Action is in its infancy. For example, the parties have not yet had their Rule 26(f) conference, there been no discovery, the Court's Scheduling Conference has not yet occurred, and there is no scheduling order. As contemplated by Rule 56(f) of the Federal Rules of Civil Procedure, the Court should either deny Plaintiff's Motion as premature or defer any consideration of the Motion until DeWalch has had adequate time for discovery. At a minimum, DeWalch requests that the Court defer ruling on the Motion until after the Court has construed the claims-in-suit pursuant to *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979, *aff'd*, 517 U.S. 370 (1996).

Plaintiff's complaint alleges patent infringement, and DeWalch's Answer/Counterclaim alleges non-infringement, invalidity, and unenforceability. At issue is Plaintiff's U.S. Patent No. 6,763,691, entitled "Meter box lock assembly," (the "'691 patent"), which issued on July 20, 2004. Claim 1 of the '691 patent, the only independent claim, recites the following:

> For use in combination with a utility box having a bottom, a side wall, and a cover which may be opened to gain access to the interior of the box, and which when closed, overlaps an upper edge of the side wall, a lock assembly for maintaining the cover in its closed position, said lock assembly comprising: a bracket having first and second mutually spaced flanges integrally joined by an intermediate web; a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges, said bracket being configured for removable mounting on said side wall, with said intermediate web interposed between said cover and the upper edge of said side wall, and with said first flange and said jaw respectively located adjacent exterior and interior surfaces of said side wall; force exerting means for urging said jaw towards said first flange to thereby clamp said side wall therebetween; a cap having a lip configured and dimensioned to overlap said cover; and interlocking means for securing said cap to said bracket.

DeWalch submits that the claims in Plaintiff's '691 patent are anything but a model of clarity, and that claim construction in this Civil Action will involve needed discovery concerning the state of the art, including the understandings of the claim terms by the inventor of the '691 patent, and by persons having ordinary skill in the art.

Despite the lack of discovery or a schedule, Plaintiff has filed a Motion for Partial Summary Judgment seeking to have the Court, at this very early stage in the litigation, construe certain claims of the '691 patent in a manner that Plaintiff's counsel argues constitutes the ordinary meaning. Plaintiff's Motion for Summary Judgment does not seek a finding of infringement, rather, it merely asks the Court for an advisory opinion concerning the meaning of certain terms of the '691 patent. *See Mahurkar v. C.R. Bard, Inc.*, 1993 WL 259446 (N.D. Ill. Jul 06, 1993) (unpublished) (rejecting motion for a determination of claim coverage as being an advisory opinion).

As set forth herein, Plaintiff's Motion for Partial Summary Judgment is premature and procedurally improper. In the first place, DeWalch and this Court should have the benefit of necessary evidence which must be developed during discovery before the claims of the '691 patent may be properly construed as they would be understood by a person of ordinary skill in the art. Although Plaintiff's Motion for Partial summary judgment repeats the mantra of "ordinary meaning" as argued by Plaintiff's counsel, Plaintiff's Motion is fatally flawed because it fails to address the meaning of the claim terms to persons having ordinary skill in the art at the time the patent application was filed. Second, Plaintiff's Motion for Partial Summary Judgment is not a proper motion under Federal Rule of Civil Procedure 56. Rather, Plaintiff is attempting to prematurely secure a partial *Markman* ruling from this Court concerning certain claim terms without there being any proper discovery or briefing on *Markman* issues. Third, Plaintiff's Motion for Partial Summary Judgment is so narrow and premature that it raises the clear possibility of multiple, repetitive summary judgment motions on claim construction or infringement.

**II.    Argument.**

    **A.    As a Matter of Standard Practice, District Courts do not Construe Claims in a Vacuum without an Evidentiary Record.**

A patent infringement analysis entails two steps: first determining the meaning and scope of the patent claims asserted to be infringed, and second, comparing the properly construed claims to the device accused of infringing. *AFG Industries, Inc. v. Cardinal IG Company, Inc.*, 239 F.3d 1239, 1244 (Fed. Cir. 2001).

As a matter of standard practice, district courts do not construe claims in a vacuum and, thus, await the development of a reasonable evidentiary record before deciding on the correct construction of the claims. In fact, courts have noted that "it may be improper to engage in claim

3

construction prior to completion of discovery." *See Moore U.S.A., Inc. v. Standard Register Co.*, 2000 WL 876884 at *4 (W.D.N.Y. May 26, 2000) (internal quotations omitted). As a result, a large majority of district courts construe claims after the close of discovery (70%) while the smaller percentage (22%) issue such rulings during discovery. American Bar Association Section of Intellectual Property 1999 Markman Survey, 18 No. 3 Intell. Prop. News1. 12 (2000).

It is highly unusual for a court to engage in the required claim construction inquiry at the onset of a case before any discovery has occurred. *See, e.g., Pateint Transfer Sys., Inc. v. Patient Handling Solutions, Inc.*, 199 WL 54568, 1 (E.D. Pa. Jan. 19, 1999) (denying motion for summary judgment on infringement prior to claim construction because "the present record is insufficient for one to construe the meaning and scope of the [patent-in-suit]"). *See also Eazypower Corp. v. ICC Innovative Concepts Corp.,* 2002 WL 31369516, 3 (N.D. Ill. Oct. 18, 2002) (rejecting party's attempt to "gloss over" claim construction and leaving claim analysis "for a future date"). *Cf. Control Res., Inc. v. Delta Elecs, Inc.*, 133 F.Supp. 2d 121, 126 (D. Mass 2001) (noting it is common practice to conduct a *Markman* hearing "prior to and entirely independently of the summary judgment hearing").

Commentators have similarly noted that "it is well accepted that a Markman hearing held before trial, but near or after the close of discovery avoids the major disadvantages of pre-discovery and trial stage claim construction ..." The Effect of Markman on Patent Litigation: Practical Considerations, 714 PLI/Pat 225, 244 (2002). The "major disadvantages" of early claim construction include the absence of evidence concerning the state of the art, as discovered from testimony from persons having ordinary skill in the art.

>    B.   **Patent clams should not be construed without an evidentiary record because they must be construed as they would be understood by one of ordinary skill in the art at the time of the invention.**

A court construing a patent claim seeks to accord a claim the meaning it would have to a person of ordinary skill in the art at the time of the invention. *See, e.g.*, *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004); *SmithKline Beecham Corp. v. Apotex Corp.*, 365 F.3d 1306, 1313 (Fed. Cir. 2004); *Resqnet.com, Inc. v. Lansa, Inc.,* 346 F.3d 1374, 1378 (Fed.Cir. 2003); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed.Cir. 2001). Accordingly, a technical term used in a patent is interpreted as having the meaning a person of ordinary skill in the field of the invention would understand it to mean. *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 2001 WL 792669, *7 (Fed.Cir. 2001). The inquiry into the meaning that claim terms would have to a person of skill in the art at the time of the invention is an objective one. *Innova/Pure Water, Inc.*, 381 F.3d at 1116.

This being the case, a court looks to those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean. *Id.* Those sources include the words of the claims themselves, the remainder of the specification, the prosecution history, extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art. *Id. See Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 – 980 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). *Accord Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305-15 (Fed.Cir.1999); *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582-83 (Fed.Cir.1996).

"It is important to bear in mind that the viewing glass through which the claims are construed is that of a person skilled in the art ..." *Generation II Orthotics Inc. v. Medical Tech, Inc.*, 263 F.3d 1356, 1366 (Fed. Cir. 2001). Thus the Federal Circuit has repeatedly emphasized that "it is entirely appropriate, perhaps even preferable, for a court to consult trustworthy extrinsic evidence [such as expert testimony] to ensure that the claim construction it is tending to from the patent file is not inconsistent with clearly expressed, plainly apposite, and widely held understandings in the pertinent technical field." *Pitney Bowes, Inc.*, 182 F.3d at 1309. *See also Desper Prods., Inc. v. OSound Labs, Inc.*, 157 F.3d 1325, 1333 (Fed. Cir. 1998); *Tanabe Seiyaku Co. v. U.S. Int'l Trade Comm'n*, 109 F.3d 726, 732 (Fed. Cir. 1997). For example, inventor testimony is often considered in construing the claims. "An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims." *See Voice Technologies Group, Inc. v. VMC Systems, Inc.*, 164 F.3d 605 (Fed. Cir. 1999); *accord ASM v. Genus, Inc.*, 2002 WL 1892200 (N.D. Cal. Aug. 15, 2002).

Given the need to consider the evidentiary record, some courts have adopted standard procedures that account for the need to take discovery before claim construction. For instance, the Northern District of California has adopted a local rule to expedite the resolution of claim construction issues, but nevertheless allows for about five months of discovery to "complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts." N.D. Cal. Patent Local Rules 3-1, 3-3, 4-1 to 4-4. In addition, other District Courts with significant patent dockets have adopted such procedures to provide for a fair and orderly claim construction process. *See, e.g.,* Rules of Practice for Patent Cases Before Honorable T. John Ward, Eastern District of Texas, P.R. 3-1, 3-3 and 4-1 to 4-6.

Considering this evidence is fully consistent with the Federal Circuit's admonition that district courts "consult trustworthy extrinsic evidence" when construing claims. *Pitney Bowes, Inc. v. Hewlett-Packard Company*, 182 F.3d 1298, 1309 (Fed. Cir. 1999). Particularly given that claims must be construed from the perspective of those skilled in the art, DeWalch is thus entitled to take depositions of persons skilled in the art -- including the alleged inventor of the '691 patent -- to address Inner-Tite's proposed claim construction.

Finally, at page 9 of its Memorandum, Plaintiff incorrectly cites the *Vitronics* case for the proposition that extrinsic evidence is not relevant to the claim construction inquiry. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996). Contrary to Plaintiff's contention, *Vitronics* says only that unambiguous intrinsic evidence cannot be altered or changed by extrinsic evidence, not that extrinsic evidence should not be considered in the first instance to properly construe the claims. *Vitronics*, 90 F.3d at 1853. Moreover, Plaintiff has not demonstrated that its cited intrinsic evidence is unambiguous, so *Vitronics* is inapplicable to this case even as far as the case actually holds.

**C.     Rule 56(f) Provides Relief in Precisely the Situation Before the Court.**

Disposition by summary judgment is inappropriate when "the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 N. 5 (1986). Rule 56(f) is designed to prevent a party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Caltrett*, 477 U.S. 317, 322, 326 (1986); *Dunkin' Donuts of Am., Inc. v. Metallurgical Exproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988).

Rule 56(f) provides relief for the nonmovant when, as here, the nonmovant requires discovery to respond to a motion for summary judgment. The declaration of John Edmonds sets

7

forth the issues in which discovery is needed so DeWalch can respond to Inner-Tite's motion for partial summary judgment. In particular, DeWalch needs to take the deposition of the purported inventor of the '691 patent, and also to conduct discovery concerning the state of the art and the understanding of the claim terms by persons of ordinary skill in the art at the time the invention in question was made.

### D. Judicial Economy Dictates that Plaintiffs' Motion be Continued until Reasonable Discovery Has Been Completed.

Judicial economy also favors granting DeWalch's Rule 56(f) motion for at least two reasons. First, regardless of the outcome of Inner-Tite's partial summary judgment motion, the parties will still be required to conduct virtually all the same discovery relating to the construction of other claims of the '691 patent, as well as issues of infringement and validity. Between now and the end of discovery, the parties will be conducting a wide range of discovery on a variety of issues relating to those issues, a substantial portion of which will overlap the discovery necessary for the Court to make an informed decision on construction of the claim terms listed in Inner-Tite's motion.

Thus, Plaintiff's Motion for Partial Summary Judgment is so narrow and premature that it raises the clear possibility of multiple, repetitive summary judgment motions on claim construction or infringement. Of course, "[s]eparate adjudication of piecemeal motions are not favored under the Federal Rules of Civil Procedure." *See Tilcon Minerals, Inc. v. Orange & Rockland Util., Inc.,* 851 F. Supp. 529, 531 (S.D.N.Y. 1994).

In the end, nothing would be gained by deciding Inner-Tite's premature, partial summary judgment motion at this early stage of the litigation. The completion of at least a reasonable amount of discovery can only serve to enhance the court's ability to render sound judgment on

the issues before it. Moreover, deferring claim construction until there has been reasonable discovery will likely avoid redundant and wasteful motion practice.

**IV.   Conclusion.**

As contemplated by Rule 56(f) of the Federal Rules of Civil Procedure, the Court should either deny Plaintiff's Motion as premature or defer any consideration of the Motion until DeWalch has had an adequate time for discovery. In addition, DeWalch requests that the Court defer ruling on the Motion until after the Court has construed the claims-in-suit pursuant to *Markman v. Westview Instruments, Inc.*

In the alternative, if this Rule 56(f) Motion is denied, DeWalch requests, at a minimum, to be afforded the opportunity to respond to Plaintiff's Motion for Partial Summary Judgment within a time frame set by the Court.

Respectfully submitted,

DEWALCH TECHNOLOGIES, INC.
By its attorney,


   /s/ Denise W. DeFranco
Denise W. DeFranco
BBO 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
617.832.1202 Telephone
617.832.7000 Facsimile

OF COUNSEL:

Peter E. Mims
Texas Bar No. 14173275
John J. Edmonds
Texas Bar No. 00789758
David K. Wooten
Texas Bar No. 24033477
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, TX 77002-6760
Phone: 713-758-2732
Facsimile: 713-615-5703

                                            ATTORNEYS FOR DEFENDANT
                                            DEWALCH TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

The undersigned certified that the foregoing document has been duly served pursuant to the Texas Rules of Civil Procedure upon counsel of record as follows:

> Mr. Maurice E. Gauthier
> Gauthier & Connors LLP
> 225 Franklin Street, Suite 3300
> Boston, Massachusetts 02110
> (By US Mail)

on this the 22nd day of February, 2004.

        /s/ Denise W. DeFranco
      Denise W. DeFranco