UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP., § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> DEWALCH TECHNOLOGIES, INC., § <br> § <br> Defendant. § | CIVIL ACTION NO. 04-402019 FDS |

## DECLARATION OF JOHN J. EDMONDS IN SUPPORT OF DEWALCH TECHNOLOGIES' RULE 56(F) MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT CLAIM CONSTRUCTION, AND REQUEST FOR A MARKMAN HEARING

I, John J. Edmonds, declare as follows:

1. I am an attorney at Vinson & Elkins, LLP, one of the counsel for Defendant DeWalch Technologies, Inc. ("DeWalch") in this Civil Action. I submit this declaration in support of DeWalch's Rule 56(f) Motion in Opposition to Plaintiff's Motion for Partial Summary Judgment of Patent Claim Construction and Request for a Markman Hearing.

2. DeWalch cannot respond to Plaintiff's Motion for Partial Summary Judgment until after it has had the opportunity to take discovery. In order to respond to Plaintiff's Motion for Partial Summary Judgment, DeWalch needs to, at a minimum, take discovery of the state of the art at the time of the invention claimed by Plaintiff's '691 patent. Such discovery includes deposing the inventor of the '691 patent. Such discovery further includes deposing or obtaining other evidence, including declarations, of persons having ordinary skill in the art to which the '691 patent pertains. Such discovery also includes obtaining evidence, for example prior art,

treatises, and other technical materials, which is relevant to the state of the art and the understanding of the terms of the '691 patent to persons having ordinary skill in the art.

3. The foregoing identified discovery is necessary to respond to Plaintiff's Motion for Partial Summary Judgment because such discovery is relevant to the proper construction of the claims. Summary judgment should not be resolved until after the claims are construed after consideration of such relevant evidence.

I declare that the foregoing is true and correct. Executed under penalty of perjury this 22nd day of February, 2005 in Houston, Texas.

_____
John J. Edmonds