UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER TITE CORP<br><br>Plaintiff,<br><br>v.<br><br>DEWALCH TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No.<br>04 40219 FDS |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S RULE 56(F) MOTION FOR DISCOVERY**

Defendant asserts that claim construction should not be performed in this action prior to discovery.

I. **Claim Construction is Appropriate prior to Discovery Where the Claim Terms at Issue are Not Ambiguous Based on the Intrinsic Evidence**

The Court of Appeals for the Federal Circuit has clearly stated that there is no fixed rule regarding the timing of claim construction with respect to discovery. As the Federal Circuit has explained:

> We see no need for such a rule, for the stage at which the claims are construed may vary with the issues, their complexity, the potentially dispositive nature of the construction, and other considerations of the particular case.

Vivid Technologies, Inc. v. American Science & Engineering, Inc.. 200 F.3d 795, 803, 53

U.S.P.Q.2d 1289 (Fed. Cir. 1999).

In fact, in <u>Vivid Technologies,</u> the Federal Circuit affirmed a claim construction that was adopted by the District Court (for the District of Massachusetts) *prior to* any discovery. <u>Vivid Technologies, Inc. v. American Science & Engineering, Inc.</u>, 997 F.Supp. 104 (D.Mass. 1999), affirmed in part, reversed in part, <u>Vivid Technologies, Inc. v. American Science & Engineering, Inc.</u>, 200 F.3d 795, 53 U.S.P.Q.2d 1289 (Fed. Cir. 1999). The appellant had argued before the district court (<u>Id.</u>, 997 F.Supp. at 107) that it had been afforded no discovery, but on appeal, the Federal Circuit affirmed the district court's claim construction, although it vacated and remanded a finding of non-infringement. The present motion for partial summary judgment is for claim construction only, not infringement.

Although defendant has cited cases in which claim construction may have occurred later in the pre-trial proceeding, there is no such rule that claim construction *must* occur after discovery. The timing of a claim construction determination depends on the circumstances of each case. As discussed above, in <u>Vivid Technologies</u> claim construction occurred prior to discovery. In <u>VLT, Inc. v. Lucent Technologies, Inc.</u>, 2002 U.S. Dist. LEXIS 5842 (D. Mass. 2001) the district court indicated that it had issued a claim construction opinion (2002 U.S. Dist. LEXIS at 5844) prior to discovery (2002 U.S. Dist. LEXIS at 5849, n.4). Many of the cases cited by defendant, on the other hand, involve motions other than motions for claim construction.[1]

---

[1] For example, <u>Mahurkar v. C.R. Bard, Inc.</u>, 1993 U.S. Dist. LEXIS 9259 (N.D. Ill. 1993) involved a motion "declaring that the Holm catheter is covered by the '155 patent," not a motion for claim construction. 1993 U.S. Dist. LEXIS at 9264; <u>Patient Transfer Systems, Inc. v. Patient Handling Solutions, Inc.</u>, 1999 U.S. Dist. LEXIS 1184 (E.D.Pa. 1999)

In its motion, plaintiff seeks an interpretation of the claims only, not a determination of whether the claims read on the defendant's device. The issue of claim construction is a question of law (Markman v. Westview Instruments, Inc., 52 F.3d 967, 34 U.S.P.Q.2d 1321 (Fed. Cir. 995) (en banc.)), and must be performed based on the patent itself, the file history of the patent and the prior art cited in the patent. This evidence is referred to as the *intrinsic* evidence. Evidence outside of these materials is *extrinsic* evidence. Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583, 39 U.S.P.Q.2d 1573, 1577 (Fed. Cir. 1996). Extrinsic evidence is not to be considered in a claim construction analysis unless the court determines that the claims are ambiguous. Id., 90 F.3d 1576.

The defendant has not asserted, and the Court has not determined, that any of the claim terms is ambiguous. Reliance on extrinsic evidence (such as inventor testimony) is improper, therefore, for claim construction of the claims of U.S. Patent No. 6,763,691 (the '691 patent).

Moreover, this action was filed on October 27, 2004, and plaintiff served its Rule 26(a) initial disclosure on defendant prior to filing its motion for claim construction, Further, in connection with this motion for claim construction, plaintiff has forwarded to defendant, its complete copy of the file history of the patent in suit and all prior art relied on therein.

---

involved a motion for summary judgment of infringement, not claim construction; and Moore U.S.C., Inc. v. Standard Register Co., 2000 U.S. Dist. LEXIS 9137 (W.D.N.Y. 2000) involved a motion to compel a response to a discovery request that sought a party's position on claim construction.

In the present case, none of the claim terms of the '691 patent is ambiguous, and the subject matter does not require highly specialized advanced degrees. In this case, the technical field is security devices for utility meter boxes, and the "technical" terms that are at issue are terms such as "bracket", "jaw", "force exertion" and "cap".

It is absolutely appropriate to conduct claim construction at this time in this action. Resolution of this legal issue at this stage will clearly provide an efficient and economic framework for the case to continue in the discovery phase, the pre-trial motion stage, and at trial. This is because discovery requests and arguments will not have to be made using two or more sets of possible claim constructions. Additionally, a determination of claim construction may likely result in a prompt settlement of the action. This is entirely consistent with the Fed.R.Civ.P., Rules 1 and 16(c)(16), which encourage the just, speedy and inexpensive determination of every action, as well as the court's proposed draft scheduling order at paragraph 5, which encourages counsel to identify preliminary issues and to make appropriate motions at an early stage of the litigation.

Summary judgment on legal issues is appropriate in this district in patent cases as in other type of actions where the motion for summary judgment seeks resolution of a legal question. See, for example, Utica Mutual Insurance Co. v. Hall Equipment, Inc., 73 F.Supp.2d 83 (D.Mass. 1999) ("Even assuming that Utica has advanced inconsistent interpretations of identical or substantially similar pollution exclusions, such evidence is irrelevant and immaterial to the purely legal question raised in Utica's motion for partial summary judgment"); Dusel v. Intenational Business Machines Corporation, 145 F.3d 420 (1st Cir. 1998) (affirming summary judgment on legal question of interpretation of an

unambiguous contract); and <u>Horibin v. Providence and Worcester Railroad Co.</u>, 1005 U.S. Dist. LEXIS (D.Mass. 2005) (granting summary judgment on question of law).

Summary judgment is also appropriate at this stage of the action with respect to discovery. See for example, <u>Argentieri v. Fisher Langscapes, Inc.</u>, 15 F.Supp. 55 (D. Mass. 1998) (Rule 56(f) motion denied even though *no discoveyr* had taken place where affidavit could not point to any fact that might raise an issue with regard to the relief sought by the summary judgment motion); <u>Allen S. Bird Etc. v. Centennial Insurance Co.</u>, 11 F.3d 228, 235 (1st Cir. 1993) (there is no need for discovery under Rule 56(f) on a question of law); and <u>United States Steel v. M. Damatteo Construction Co.</u>, 315 F.3d 43 (1st Cir. 2002) (affirming grant of summary judgment and denial of Rule 56(f) motion two months after filing complaint where issue on summary judgment involved interpretation of an unambiguous contract). This is also consistent with decisions in Massachusetts under the Massachusetts Rules of Civil Procedure (Mass.R.Civ.P., Rule 56(f)).[2]

Plaintiff in this case has moved for partial summary judgment of claim construction only. Claim construction is an issue of law for which discovery is not required where, as here, none of the claim terms is asserted to be ambiguous from the intrinsic evidence. Defendant's Rule 56(f) motion to take discovery with regard to the legal issue of claim construction, therefore, must be denied.

---

[2] See <u>Liberty Mutual Insurance Co. v. United Technologies Corp.</u>, 15 Mass.L.Rep. 629 (2003) (Rule 56(f) motion denied on legal issue even where no discovery had yet taken place); and <u>Massachusetts Highway Dept. v. Perini Corporation</u>, 13 Mass.L.Rep. 564 (2001) (Rule 56(f) motion denied where issue on summary judgment was the interpretation of an unambiguous contract).

II. **The Inventor's Testimony is Not Pertinent to Claim Construction, Where the Defendant has not Alleged and the Court has Not Found That Any Claim Term is Ambiguous.**

The only specific discovery that defendant states that it needs to obtain is the testimony of the inventor of the '691 patent. The remaining generalized discovery requests are not sufficiently definite to support a Rule 56(f) motion. Bank One Texas v. Warehouse, Inc., 968 F.2d 94 (1st Cir. 1992) (affirming denial of Rule 56(f) motion where no specific facts were alleged in the Rule 56(f) affidavit). With regard to inventor testimony, the Federal Circuit clearly stated in the landmark case of Markman v. Westview that:

> The testimony of Markman and his patent attorney on the proper construction of the claims is entitled to no deference. ... This testimony about construction, however, amounts to no more than legal opinion -- is precisely the process of construction that the court must undertake.

Id., 52 F.2d at 983.

The testimony of the inventor is *extrinsic* evidence. Vitronics, supra, 90 F.3d at 1583 ("additional extrinsic evidence includes ... inventor testimony"). Such *extrinsic* evidence is not to be considered unless the court is *unable* to determine the proper meaning of the claims based in the *intrinsic* evidence. Id. In Vitronics, the Federal Circuit stated that:

> In most situations, an analysis of the intrinsic evidence alone will resolve any ambiguity in a disputed claim term. In such circumstances, it is improper to rely in extrinsic evidence.

Id., 90 F.3d 1576. See also, Dow Chemical Co. v. Sumitomo Chemical Co., Ltd., 257

F.3d 1364, 59 U.S.P.Q.2d 1609 (Fed. Cir. 2001) ("in the rare circumstance that the court is unable to determine the meaning of the asserted claims after assessing the intrinsic evidence, it may look to additional extrinsic evidence to help resolve any lack of clarity").

The defendant has not alleged that any claim term is ambiguous and the court has not determined that any claim term is ambiguous. The inventor's testimony, therefore, in this case is not to be considered in connection with the issue of claim construction.

Moreover, defendant has not, and for the above reasons cannot, show that specific facts are expected to be found that "will, if obtained, suffice to engender an issue both genuine and material" Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 988, 889 (1st Cir. 1989) (denial of Rule 56(f) proper where facts sought, if obtained, would not help defeat motion for summary judgment). In short, a Rule 56(f) is not to be employed for a "fishing expedition" Fennell v. First Step Designs, Ltd., 83 F.3d 526, 533 (1st Cir. 1996).

Defendant's Rule 56(f) motion to take the deposition of the inventor prior to claim construction, therefore, must be denied.

### III. Defendant Has Already Conducted a Claim Construction Prior to Filing its Answer and Counterclaim Alleging Non-Infringement and Invalidity

Perhaps the most compelling reason why defendant should be able to present its claim construction now, is that defendant must have already developed its claim construction prior to filing its answer and counterclaim.

The Federal Circuit has made it very clear that under Fed.R.Civ.P., Rule 11 a party must have competent patent counsel conduct a claim construction and infringement/non-infringement analysis prior to signing a pleading in a United States District Court:

> In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims before filing a claim alleging patent infringement.

Q-Pharm, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1300 - 1301, 70 U.S.P.Q.2d 1001, (Fed. Cir. 2004) (affirming denial of sanctions where the appellee's attorney conducted a claim construction analysis).

This applies equally to parties asserting non-infringement:

> By presenting a signed paper to the court, the attorney certifies that he has performed 'an inquiry reasonable under the circumstances'

Antonious v. Spaulding & Evenflow Companies, LLP., 275 F.3d 1066, 1071, 61 U.S.P.Q.2d 1245 (Fed. Cir. 2002) (vacating award of sanctions where appellant's attorney conducted a claim construction analysis). The court in Anonious further stated that:

> Because claim construction is a matter of law, an attorney's proposed claim construction is subject to the Rule 11(b)(2) requirement that all legal arguments be non-frivolous.

Id., 275 F.3d at 1072.

Clearly therefore, defendant has already conducted a claim construction analysis without the need to obtain present statements by the inventor.

Defendant's Rule 56(f) motion, therefore, stating that it cannot conduct a claim construction analysis without the testimony of the inventor, must be denied as disingenuous.

Respectfully submitted,

Inner Tite Corp.

By Plaintiff"s attorneys,

/s/ Willaim E. Hilton

Dated: February 28, 2005

Maurice E. Gauthier , BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that a true and accurate copy of the above document was served upon counsel for defendant, Denise W. DeFranco, Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210-2600, and John Edmonds, Vinson & Elkins LLP, 2300 First City Tower, 1001 Fannin Street, Houston, Texas on this 28th day of February 2005.

/s/ Willaim E. Hilton
William E. Hilton