UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INNER-TITE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 04-40219-FDS |
| DEWALCH TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON CLAIM CONSTRUCTION**

**SAYLOR, J.**

This action involves a claim by plaintiff Inner-Tite Corporation ("Inner-Tite") that defendant DeWalch Technologies, Inc. ("DeWalch") infringed U.S. Patent No. 6,763,691, entitled "meter box lock assembly," (the "'691 patent") in violation of 35 U.S.C. § 271.  The '691 patent, issued to Inner-Tite on July 20, 2004, consists of eight claims; Inner-Tite contends that a product manufactured by DeWalch infringes at least five of those claims.

The complaint in this case was filed on October 27, 2004.  DeWalch answered and counterclaimed on January 3, 2005.  On February 7, 2005, prior to the commencement of any discovery, Inner-Tite filed a "partial motion for summary judgment of patent claim construction." This motion requests only a construction of claims 1-2 and 6-8, not a ruling on whether any DeWalch product actually infringes those claims.  DeWalch opposes the motion and has cross-moved under Fed. R. Civ. P. 56(f) for discovery and a *Markman* hearing, prior to any

decision on the proper interpretation the '691 patent claims.[1]

Patent claim construction is an issue of law for the court. *Markman and Positek, Inc. v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). The court must accord the claim language "the meaning it would have to a person of ordinary skill in the art at the time of the invention." *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004). The inquiry is an objective one, requiring the court to consult those sources available to the public that shed light on the meaning of the language from the vantage point of a person of skill. *Id.*

A claim construction analysis begins with the claim language itself. *Id.* Along with the words of the claim, the court should consider the patent specification and the prosecution history. *Id.* It is also "entirely appropriate, perhaps even preferable, for a court to consult trustworthy extrinsic evidence to ensure that the claim construction it is tending to from the patent file is not inconsistent with clearly expressed, plainly apposite, and widely held understandings in the pertinent technical field." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir. 1999); *Innova/Pure Water*, 381 F.3d at 1116 (proper to consider "extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art"). Extrinsic evidence commonly takes the form of expert testimony; the inventor is also "a competent witness to explain the invention and what was intended to be conveyed by the

---

[1] Rule 56(f) provides in full:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

specification and covered by the claims." *See Voice Technologies Group, Inc. v. VMC Systems, Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999). In view of the utility of extrinsic evidence, it is appropriate to forego claim construction until relevant discovery is complete. *See Pitney Bowes*, 182 F.3d at 1309; *Moore U.S.A., Inc. v. Standard Register Co.*, 2000 WL 876884, at *4 (W.D.N.Y. 2000) (internal citations omitted).

Here, the parties have not had an opportunity to take discovery concerning the meaning the '691 patent claim language would have to "a person of ordinary skill in the art at the time of the invention." Pursuant to Rule 56(f), DeWalch has submitted an affidavit stating that it cannot respond to plaintiff's motion without taking discovery of the state of the art at the time of the invention, deposing the inventor and other persons of skill, and obtaining examples of prior art, treatises, and other technical materials. *See* Edmonds Affidavit, ¶ 2. Accordingly, the Court will deny Inner-Tite's motion for summary judgment without prejudice pursuant to Rule 56(f) in order to allow the parties to take relevant discovery. The Court will hold a *Markman* hearing to construe the claims of the '691 patent at such time as the parties have completed all pertinent discovery.

## Order

For the foregoing reasons, it is hereby ORDERED that:

(1) Inner-Tite's motion for partial summary judgment of patent claim construction is DENIED WITHOUT PREJUDICE; and

(2) DeWalch's motion for discovery and a *Markman* hearing pursuant to Fed. R. Civ. P. 56(f) is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor

3

|  |  |
|---|---|
| Dated: March 23, 2005 | F. Dennis Saylor IV<br>United States District Judge |