IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INNER-TITE CORP. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWALCH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br>04-40219 FDS |

## CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, Inner-Tite, Inc. (Inner-Tite), and DeWalch Technologies, Inc. (DeWalch), that this Confidentiality Agreement and Protective Order shall govern the handling of all material produced through discovery (whether formal or informal) in this action ("Produced Material"), including, but not limited to, documents, things, deposition testimony, deposition transcripts and videotapes, deposition exhibits, discovery requests pursuant to Fed. R. Civ. P., Rules 30 - 36 and responses thereto, and any other written, recorded or graphic matter. This Confidentiality Agreement and Protective Order shall also govern the handling of documents, and all other forms of recorded information, containing or derived from the information disclosed in any Produced Material.

1. <u>Designation of Confidential or Highly Confidential Material</u>

(a) The person or entity producing any Produced Material (the "Producing Party"), whether or not a party to this action, may designate as "Confidential" pursuant to this Confidential Agreement and Protective Order any Produced Material that the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c) (7), or other information required by law or agreement to be kept confidential. All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material."

(b) A Producing Party may in its discretion designate as "Highly Confidential" or "Confidential Attorneys Eyes Only", pursuant to this Confidentiality Agreement and Proposed Order, Produced Material including, without limitation, the following:

(1) information concerning current or future business plans or market directions; and

(2) information concerning its own financial data, including but not limited to product profit data, profit projections, and pricing information.

The term "Highly Confidential Material", as used herein, refers to all material designated "Highly Confidential" or "Confidential Attorneys Eyes Only" and all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom.

2. <u>Labeling of Confidential or Highly Confidential Material</u>

The designation of any information as Confidential or Highly Confidential Material for purposes of this Confidentiality Agreement and Protective Order shall be made in the following manner:

(a) With regard to any written material (excluding transcripts of depositions or other pretrial testimony) a legend shall be affixed to each page containing any Confidential Material, substantially in the form:

Confidential
Pursuant to Court Order

(b) With regard to any written material (excluding transcripts of depositions or other pretrial testimony) a legend shall be affixed to each page containing any Highly Confidential Material, substantially in the form:

Highly Confidential
Pursuant to Court Order

or

Confidential Attorneys Eyes Only
Pursuant to Court Order

(c) With regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner; and

(d) With regard to depositions, portions of a deposition involving a disclosure of a party's Confidential or Highly Confidential Material subject to this Confidentiality Agreement and Protective Order, as follows:

(1) such designation shall be made on the record whenever possible, but the party may designate portions of the deposition transcript as containing Confidential or Highly Confidential Material after transcription. Specifically, the party shall have thirty (30) days after the receipt of the deposition transcript within which to designate the passages of the transcript, by page and line number, to be so designated. The right to make this designation shall be waived unless made within this thirty-day period;

(2) the original pages of deposition transcripts designated as containing Confidential or Highly Confidential Material, and all copies thereof, shall bear the appropriate notice applicable to each designated passage;

(3) all related machine readable media and copies thereof, including but not limited to videotapes and computer diskettes, shall have a legend as described in paragraph 2(b);

(4) until such designation is made or the time for doing so has expired, the entire deposition transcript shall be deemed to be Highly Confidential Material.

3. <u>Disclosure and Use of Confidential or Highly Confidential Material</u>

(a) Except as provided in subparagraph (d) of this Paragraph, Confidential and Highly Confidential Material, and all copies, excerpts and summaries thereof and material containing information derived therefrom, shall be used solely for purposes of this litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

(b) Subject to Paragraphs 4-6 hereof, Highly Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in

Page 4

accordance with the terms of this Confidentiality Agreement and Protective Order, and only to the following persons;

(1) outside counsel for the parties in this action, and regular and temporary employees of such counsel (excluding current employees of the parties) to the extent necessary to assist such counsel in the conduct of this litigation;

(2) independent experts and consultants and their staff (excluding current directors, officers or employees of the parties) retained to assist outside counsel for the parties in the conduct of this litigation;

(3) the Court and its employees;

(4) court reporters;

(5) graphics or design consultants retained by counsel described in Paragraph 3 (b)(1) hereof for the purpose of preparing demonstrative or other exhibits for use in this action;

(6) photocopy, document imaging and database services retained by counsel described in Paragraph 3 (b)(1) hereof; and

(7) others, only with the express written consent of the Producing Party.

(c) Subject to Paragraphs 4-6 hereof, Confidential Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Confidentiality Agreement and Protective Order and only to the following persons:

(1) the persons described in Paragraphs 3(b)(1)-(7) hereof; and

(2) directors, officers, and employees of the parties.

(d) This Confidentiality Agreement and Protective Order has no effect upon, and shall not apply to (1) any Producing Party's use of its own Confidential or Highly Confidential

Material for any purpose or (2) any person's use of documents or other information developed or obtained independently of discovery in this action for any purpose.

(e) Nothing herein shall bar or otherwise restrict an attorney, who is a qualified recipient under the terms of Paragraph 3 (b)(1) hereof, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the content of any Highly Confidential Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Confidential Agreement and Protective Order.

4. <u>Notice of Confidentiality Agreement and Protective Order, Statement of Knowledge and Agreement to be Bound</u>

(a) Every person to whom Confidential or Highly Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Confidentiality Agreement and Protective Order.

(b) Furthermore, all persons listed in Paragraphs 3(b)(2), 3(b)(4)-(7), and 3(c)(2) to whom disclosure of Confidential or Highly Confidential Material is intended shall be required to confirm their understanding and agreement to abide by the terms of this Confidentiality Agreement and Protective Order by signing a copy of Attachment A hereto.

5. <u>Notification of Intent to Disclose; Objections; Burden of Persuasion</u>

(a) Before a party may disclose information designated by any other party as Confidential or Highly Confidential Material to any person listed in Paragraph 3 (b)(2), that party

shall, at least 5 business days prior to such disclosure, notify the Producing Party, in writing, of its intent to disclose Confidential or Highly Confidential Material. Such notification shall include (1) the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed; and (2) a brief description of the person's role of this litigation. The notification shall include a copy of the signed statement made in conformance with Paragraph 4 of this Confidentiality Agreement and Protective Order.

(b)     A Producing Party receiving a notification of intent to disclose Confidential or Highly Confidential Material in accordance with Paragraph 5(a) may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Such notice shall be delivered within 3 business days of receipt of the notification of intent to disclosure to which objection is made. If an objection is resolved by agreement of the parties or overruled by the Court. Failure to object within the time period set forth above shall be deemed a consent. If the objection cannot be resolved by agreement of the parties, the party making the objection shall have the burden of persuading the Court that the intended disclosure should not occur, but no disclosure shall be made to the objected-to person until such time as the dispute is resolved.

6.    Examination Witnesses

Any person may be examined as a witness at trial or during a deposition concerning any Confidential or Highly Confidential Material which that person had lawfully generated or received prior to and apart from this litigation. During examination or preparation therefor, any such witness may be shown Confidential or Highly Confidential material that appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

7. **Inadvertent Production of Confidential or Highly Confidential Material**

Inadvertent failure to designate any material which a Producing Party claims should be Confidential or Highly Confidential Material will not be deemed as a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, thereafter treat such material as Confidential or Highly Confidential Material in accordance with this Confidentiality Agreement and Protective Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential or Highly Confidential Material shall make all reasonable effort under the circumstances (1) to retrieve all such material disclosed to persons other than those authorized in accordance with Paragraphs 3-6 hereof for access to such information, (2) to affix appropriate legends to the Confidential or Highly Confidential Material, as provided in Paragraph 2 hereof, and (3) to prevent further use of disclosure of the information contained in the previously undesignated Confidential or Highly Confidential Material by persons other than those authorized in accordance with Paragraphs 3-6 hereof for access to such information.

8. **Objection to Designation of Confidential or Highly Confidential Material**

(a) At any time during the pendency of this action, any party objecting to the designation of any Produced Material as Confidential or Highly Confidential Material may, after making a good faith effort to resolve any such objection, move on 10 business days written notice for an order vacating the designation. While such an application is pending, the Produced Material in question shall be treated as Confidential or Highly Confidential Material pursuant to this Confidentiality Agreement and Protective Order. The Producing Party shall have the burden or persuading the Court that good cause exists for the designation of Confidential or Highly Confidential Material.

(b)     None of the parties to this action is obliged to challenge the designation of any Confidential or Highly Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

9.  Filing of Confidential or Highly Confidential Material

(a)     The filing of any Confidential or Highly Confidential Material with the Court shall be made in conformance with the procedures set forth in the Local Rules of this Court.

(b)     Any Confidential or Highly Confidential Material filed with the Court shall be marked "CONFIDENTIAL – FILED UNDER SEAL" on the first page thereof. Such material shall also be filed in a sealed envelope or box including thereon the title of this action and a statement in substantially the following form:

> CONFIDENTIAL [OR HIGHLY CONFIDENTIAL]
> FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER DATED
> GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED
> DURING THE COURSE OF THIS LITIGATION. THIS ENVELOPE IS NOT TO BE
> OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED
> EXCEPT BY COURT ORDER OR TO OUTSIDE COUNSEL FOR EITHER PARTY.

(c)     All such filed Confidential or Highly Confidential Material shall be maintained by the clerk in a secure area to be designated by the Court. If the impoundment order for any such material provides a cut-off date, the material shall be returned to outside counsel for the party who filed it at the cutoff date.

10. Duration of Confidentiality Agreement and Protective Order; Return of Confidential or Highly Confidential Material; Retention by Counsel

(a)     This Confidentiality Agreement and Protective Order shall continue to be binding after the conclusion of this action, except that a receiving party may seek the written

permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Confidentiality Agreement and Protective Order.

(b)    Within 45 calendar days after the conclusion of this action, all parties and persons having received Confidential or Highly Confidential Material shall dispose of all such materials either by (1) returning such material to counsel for the Producing Party and certifying that fact by affidavit, or (2) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person and certifying that fact by affidavit.

(c)    Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product including such materials containing, quoting, discussing or analyzing Confidential or Highly Confidential Material, provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, exhibits or attorney work product to any person unless after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to Court order or by agreement with the Producing Party. The Confidential or Highly Confidential Materials kept by counsel pursuant to this subparagraph shall be maintained in accordance with the terms of this Confidentiality Agreement and Protective Order, including, but not limited to, the restrictions of Paragraphs 3, 4, 5 and 6.

(d)    "Conclusion of this action" means after all appeal periods have expired or after the execution of a settlement agreement among all the parties finally disposing of this action.

(e)    With regard to Confidential or Highly Confidential Material filed with the Court, disposition of such material shall be made in conformance with the Local Rules of this Court.

11.    Attendance at Proceedings

If a deposition concerns Confidential or Highly Confidential Material, the Producing Party with respect to such information shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with Paragraphs 3-6 hereof for access to such material. The parties agree, subject to the approval of the Court, that all persons not authorized in accordance with Paragraphs 3-6 hereof for access to Confidential or Highly Confidential Material may be excluded from those portions of the trial and any hearings and conferences in this action in which any such materials are used or disclosed.

12. <u>Limits of Confidentiality Agreement and Protective Order</u>

Entering into, agreeing to or producing or receiving Confidential or Highly Confidential Material or otherwise complying with the terms of this Confidentiality Agreement and Protective Order shall not:

   (a)   operate as an admission by any party that any particular Confidential or Highly Confidential Material contains or reflects trade secrets or any other type of confidential information;

   (b)   prevent the parties to this Confidentiality Agreement and Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any Confidential or Highly Confidential Material;

   (c)   prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

   (d)   prejudice in any way the rights of a party to seek a determination by the Court that particular materials be produced; or

   (e)   prejudice in any way the rights of a party to apply to the Court for further protective orders.

13. <u>Unauthorized Disclosure</u>

In the event of disclosure of any Confidential or Highly Confidential to a person not authorized for access to such material in accordance with Paragraphs 3-6 of this Confidentiality Agreement and Protective Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential or Highly Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

14. <u>Termination of Access</u>

(a) In the event that any person or party ceases to be engaged in the conduct of this litigation, such person's or party's access to any and all Confidential or Highly Confidential Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraphs 10(b)-(c) hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.

(b) The provisions of this Confidentiality Agreement and Protective Order shall remain in full force and effect as to any person or party who previously had access to any Confidential or Highly Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

15. <u>Requests by Third Parties</u>

In the event any person or party having possession, custody, or control of any Confidential or Highly Confidential Material belong to another party receives a subpoena or other process or order requiring the production of such information, such person or party shall immediately provide written

notice thereof, by facsimile, to counsel for the Producing Party and shall promptly furnish such counsel with a copy of said subpoena or other process order. The Producing Party shall have the right to take part in defending against such subpoena, process or order at its own cost. The person or party subject to the subpoena, process or order shall be entitled to comply with it except to the extent the Producing Party is successful in obtaining an order modifying or quashing it.

16.   Enforcement

The provisions of the Confidentiality Agreement and Protective Order shall be enforceable by the Court. The Court shall have continuing jurisdiction to enforce this Confidentiality Agreement and Protective Order after the conclusion of this action.

SO ORDERED.

Dated: Jun 17, 2005

_____
UNITED STATES DISTRICT JUDGE
F. DENNIS SAYLOR

PLAINTIFF, Inner-Tite Corp.

By its attorneys,

_____
William E. Hilton
Maurice E. Gauthier
Gauthier & Connors, LLP
225 Franklin Street, Suite 3300
Boston, MA 02110
(617) 426-9180

Page 14

DEFENDANT, DeWalch Technologies, Inc.,

By its attorneys,

John J. Edmonds
Peter E. Mims
David K. Wooten
Vinson & Elkins, LLP
2300 First City Tower
1001 Fannin Street
Houston, TX 77002-5703

Denise W. DeFranco
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02110-2600

Page 15

ATTACHMENT A

I, _____, state that I have read and understood the terms of the Protective Order entered in <u>Inner-Tite Corp. v. DeWalch Technologies, Inc.</u>, Civil Action No. 04-40219 in the United States District Court for the District of Massachusetts. I agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of this Court.

I agree to use the Confidential Material or Highly Confidential Material that is disclosed to me under the terms of this Protective Order solely for purposes of this litigation, and specifically agree that I will not use the information for any business purpose.

I understand that I am to retain all copies of any documents or materials designated Confidential Material or Highly Confidential Material in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon the copies and any writings prepared by me containing any Confidential Material or Highly Confidential Material are to be returned to counsel who provided me with such material.

I will not disclose or divulge Confidential Material or Highly Confidential Material to persons other than those specifically authorized by said Protective Order, and I will not copy or use Confidential Material or Highly Confidential Material except solely for the purposes of this litigation. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date Executed: _____ (print name) _____

_____