UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER TITE CORP<br><br>Plaintiff,<br><br>v.<br><br>DEWALCH TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No.<br>04 40219 FDS |

## STIPULATED MOTION FOR STAY

The parties hereby jointly request that the present action be stayed pending resolution of a requested reexamination proceeding at the United States Patent and Trademark Office in connection with U.S. Patent No. 6,763,691, which is at issue in the present action.

Counsel for defendant, John J. Edmonds, has informed the undersigned William E. Hilton, counsel for plaintiff, via email on August 25, 2005 that defendant concurs in the relief sought by the present motion.

**BACKGROUND**

The present action includes, in part, allegations by plaintiff against defendant that defendant has infringed U.S. Patent No. 6,763,691 (the '691 patent). On August 19, 2005 a request was filed in the United States Patent and Trademark Office (the Patent Office) that the '691 patent be reexamined. The request was filed by plaintiff (Inner-Tite Corp.).

The Patent Office should issue a decision regarding whether to grant the request for reexamination within 3 months following the date of the request in accordance with 37 C.F.R. §1.515(a). The Patent Office will grant the request if the Patent Office determines that the cited prior art raises a substantial new question of patentability. The prior art cited in the Request for Reexamination was identified by defendant in discovery in the present action.

## PROCEDURAL HISTORY

A scheduling conference was held in this action on March 3, 2005, and a scheduling order was entered on March 8, 2005. Both parties have commenced discovery, and a stipulated protective order was entered by the court on June 17, 2005. Fact discovery is scheduled to close on October 28, 2005, and expert discovery is scheduled to close January 31, 2006. Dispositive motions are due by February 24, 2006. A status conference is currently scheduled for November 8, 2005.

## A STAY IS APPROPRIATE

The granting of a stay pending reexamination by the Patent Office is within the sound discretion of the Court. The parties believe that a stay is appropriate because ordering a stay would reduce expense and delay in this action because the '691 patent claims may be substantially changed during reexamination and/or may not re-issue following reexamination.

In the event that the Patent Office does not grant the request for reexamination, the parties will request a three month extension of the current schedule.

## CONCLUSION

For the foregoing reasons, the parties request that the Court enter a stay in the above referenced action until final resolution of the requested reexamination proceeding in the United States Patent and Trademark Office.

Respectfully submitted,

By Plaintiff's attorneys

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

Date: August 26, 2005

CERTIFICIATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon counsel for defendant, Denise W. DeFranco of Foley Hoag LLP, Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210-2600 and John J. Edmonds of Vinson & Elkins, 2300 First City Tower, 1001 Fannin Street, Houston, Texas 77002-6760 on this 26th day of August 2005.

William E. Hilton