# GAUTHIER & CONNORS LLP

ATTORNEYS AT LAW
PATENTS, TRADEMARKS AND COPYRIGHTS

225 FRANKLIN STREET, SUITE 2300
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 426-9180
WRITER'S EXT.: 111

FAX (617) 426-2275
E-mail: whilton@gc-law.com

December 5, 2005

United States District Court
District of Massachusetts
Donahue Federal Building
595 Main Street
Worcester, Massachusetts 01608

    Attn:   Clerk, Sarah Allison Thornton

    Re:   Inner-Tite Corp vs. DeWalch Technologies, Inc.
           D.Mass. Civil Action No. 04-40219 FDS
           Our File No. INNER.7797

Dear Madam:

    In advance of the status conference for the above action on December 9, 2005, plaintiff wishes to advise the court that United States Patent and Trademark Office (USPTO) has completed reexamination of the patent at issue in this case. Enclosed is a copy of the decision of the USPTO. The USPTO determined that none of the listed prior art references cited by defendant in discovery raised a substantial new question of patentability.

    Thank you for your time and attention to this matter.

Sincerely,

William E. Hilton

WEH/mhc
Enclosure
cc: w/enc.   Denise W. DeFranco, Esq.
                  John J. Edmonds, Esq



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,678 | 08/19/2005 | 6763691 | 5578 REX | 6566 |

7590    10/18/2005

Maurice E. Gauthier
SAMUELS GAUTHIER & STEVENS LLP
225 Franklin Street
Suite 3300
Boston, MA  02100

| EXAMINER |
|---|
| Sara S. Clarke |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3993 | IFW |

DATE MAILED:    10/19/05

RECEIVED
OCT 2 4 2005
GAUTHIER & CONNORS LLP

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,678 | 6763691 |
| | Examiner | Art Unit |
| | Sara S. Clarke | 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>19 August 2005</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:  a)☐ PTO-892,   b)☒ PTO-1449,   c)☐ Other: _____

1. ☐   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☒   The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☒  by Treasury check or,

   b) ☐  by credit to Deposit Account No. _____, or

   c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)          Office Action in *Ex Parte* Reexamination          Part of Paper No. 092005

Application/Control Number: 90/007,678  
CRU 3993

Page 2

## DECISION ON REQUEST FOR REEXAMINATION

In the request dated August 19, 2005, reexamination of claim 1 of U.S. Patent No. 6,763,691 to Rafferty ("subject patent") was requested. No substantial new question of patentability is raised by the request for reexamination and prior art cited therein for the reasons set forth below. Accordingly, the request for reexamination is DENIED.

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a), to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,763,691 throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

During the examination of the application, which matured into the subject patent, the examiner rejected claim 1, inter alia, under 35 U.S.C. 103 as unpatentable over U.S. Patent No. 4,080,811 to Nielsen, Jr. in view of U.S. Patent No. 4,202,574 to Redmayne. In the Final Rejection of May 29, 2003, the examiner stated "Nielsen fails to disclose that the lock assembly has a jaw mechanically interengaged with and carried by the bracket that clamps the first flange of the bracket against the side wall." The examiner applied the Redmayne reference saying that it taught the elements that the Nielsen, Jr. reference failed to teach. The applicant appealed. The rejection was reversed because "the examiner has not identified any convincing suggestion or reason for the desirability of adding the jaw of Redmayne to the lock assembly of Nielsen." See page 4 of the decision mailed March 31, 2004. Moreover, "The examiner has not established why one of ordinary skill the art would have added this 'jaw' or U-shaped locking assembly of Redmayne, unique to the shape and beaded portion of the refuse container lid, to the

Application/Control Number: 90/007,678 Page 3
CRU 3993

locking assembly for a utility box disclosed by Nielsen." See page 5 of the decision. Subsequently, the examiner allowed the application.

On page 29 of the request, the requester refers to a discovery response filed in related litigation. A copy of this paper was provided by the requester and is entitled "Defendant's Responses To Plaintiffs First Set Of Interrogatories." Throughout this office action, the examiner makes reference to this paper. An example of such a reference can be found in the discussion of U.S. Patent No. 999,891 to Shepard below.

The requester requests a determination as to whether U.S. Patent Nos. 4,080,811 to Nielsen, Jr. and 4,202,574 to Redmayne raise a substantial new question of patentability with respect to claim 1. These references do not raise a substantial new question of patentability because they were considered in the prior examination. See pages 2-4 of the office action dated February 3, 2003, and the BPAI decision dated March 31, 2004. The requester has not presented, nor has the examiner found, a way to view these teachings in a new light or in a different way as compared with their use in the earlier examination.

The requester requests a determination as to whether U.S. Patent Nos. 1,241,459 to Woodard, 2,121,386 to Henrickson, 3,938,839 to Collier, 4,107,959 to Skarzynski et al., 4,120,182 to Michelman et al., 4,144,729 to Nielsen, Jr., 4,152,910 to Swisher, 4,254,647 to Finck, Jr. 4,414,829 to Nielsen, Jr. et al., 5,007,258 to Mahaney, and 5,315,849 to Georgopoulos raise substantial new questions of patentability with respect to claim 1. Each of these references does not raise a substantial new question of patentability because these teachings were considered in the prior examination. See page 5 of the office action dated February 3, 2003, and pages 6 and 7 of the office

Application/Control Number: 90/007,678                                                      Page 4
CRU 3993

action dated May 29, 2003. The requester has not presented, nor has the examiner found, a way to view these teachings in a new light or in a different way as compared with their use in the earlier examination.

The requester requests a determination as to whether EP Patent Document No. 432773 (STORK) raises a substantial new question of patentability. The STORK reference does not raise a substantial new question of patentability. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it is cumulative of the teaching of the Redmayne patent, which was applied during the earlier examination. It is considered cumulative because, like Redmayne, it teaches the use of a jaw 9, but does not teach a motivation to combine with the teaching of Nielsen, Jr. '811.

It is noted that the requester provided a translation only for the abstract of EP Patent Document No. 432773 (STORK). The requester is reminded that an English language translation of all necessary and pertinent parts is also required. See MPEP 2218 and 37 CFR 1.510(b)(3). The determination on this request was made based upon the translated abstract assuming that it includes all of the necessary and pertinent parts.

The requester requests a determination as to whether U.S. Patent Nos. 999,891 to Shepard, 1,375,769 to Bleackacek, 3,968,985 to Nielsen, Jr. et al., 4,313,319 to Haus, Jr. et al., 4,331,012 to Swisher, and 5,005,798 to McCoy raise a substantial new question of patentability. These references do not raise a substantial new question of patentability. Contrary to interrogatory 3, these references do not teach the use of a jaw. Thus, a reasonable examiner would not consider these teachings to be important

Application/Control Number: 90/007,678                                                                Page 5
CRU 3993

in deciding whether or not claim 1 of the subject patent is patentable.

The requester requests a determination as to whether U.S. Patent Nos. 1,651,457 to Karnes raises a substantial new question of patentability. This reference does not raise a substantial new question of patentability. Contrary to interrogatory 3, this reference does not teach the use of a jaw. Element 6 might appear to be a jaw. However, it is actually a running board of a car. See lines 57 and 58 of the Karnes reference. Thus, since Karnes does not teach the use of a jaw, a reasonable examiner would not consider this teaching important in deciding whether or not claim 1 of the subject patent is patentable.

The requester requests a determination as to whether U.S. Patent No. 1,019,343 to Moore et al. raises a substantial new question of patentability with respect to claim 1. This reference does not raise a substantial new question of patentability. While this reference teaches the use of a jaw E and force exerting means B, it does not provide a motivation for combining it with the teaching of Nielsen, Jr. '811. As such, it is considered to be cumulative of the teaching of Redmayne.

The requester requests a determination as to whether U.S. Patent Nos. 1,751,620 to Clarke, 2,644,498 to Malecki, 3,193,277 to Nagamori, 3,914,830 to Bolton, and 5,568,916 to Gibbons et al. raise a substantial new question of patentability. They do not raise a substantial new question of patentability. During the earlier prosecution, the examiner considered U.S. Patent Nos. 1,241,459 to Woodard, 2,121,386 to Henrickson, which show clamps. The Clarke, Malecki, Nagamori, Bolton, and Gibbons et al. references also show clamps. Moreover, they provide no new teaching that a reasonable examiner would consider important in deciding whether or not claim 1 of the

Application/Control Number: 90/007,678                                                          Page 6
CRU 3993

subject patent is patentable. Thus, they are considered to be cumulative on the teachings of Woodard and Henrickson.

The requester requests a determination as to whether U.S. Patent Nos. 4,418,553 to Applegate, 5,157,409 to Hamin, and 5,682,776 to Burt raise a substantial new question of patentability with respect to claim 1. These references do not raise a substantial new question of patentability with respect to claim 1 because they do not teach the use of a jaw. Thus, a reasonable examiner would not consider these references to be important in deciding whether or not claim 1 of the subject patent is patentable.

The requester requests a determination as to whether U.S. Patent No. 1,177,728 to Snyder et al. raises a substantial new question of patentability with respect to claim 1. The Snyder et al. patent does not raise a substantial new question of patentability. This teaching is cumulative to the teaching of U.S. Patent No. 4,202,574 to Redmayne in that it teaches the use of a jaw D but does not teach a motivation to combine this reference with Nielsen, Jr. '811.

The requester requests a determination as to whether U.S. Patent No. 2,314,755 to Ballarino raises a substantial new question of patentability with respect to claim 1. The Ballarino patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because while this teaching provides a force exerting means when the jaw is slid (see the response to interrogatory 5), this means does not read upon the structure described in the specification of the subject patent or equivalents thereof. The limitation in claim 1,

Application/Control Number: 90/007,678
CRU 3993

Page 7

"force exerting means for urging said jaw towards said first flange to thereby clamp said side wall therebetween," invokes the interpretation under 35 U.S.C. 112, 6th paragraph. See MPEP 2181(I). Accordingly, this limitation requires claim shall be construed to cover the corresponding structure described in the specification and equivalents thereof. It cannot be seen how the structure referred to in the interrogatory reads upon the force exerting means as per the specification of the subject patent. Moreover, since Ballarino's force exerting means operates in a different way from that of the subject patent, it cannot be said to be an equivalent of the force exerting means as per the specification of the subject patent.

The requester requests a determination as to whether U.S. Patent No. 2,584,955 to Williams raises a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because this teaching does not provide both a jaw and a force exerting means.

The requester requests a determination as to whether U.S. Patent No. 2,797,312 to Fletcher raises a substantial new question of patentability with respect to claim 1. The Fletcher patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it does not teach the use of a jaw in combination with a bracket and force exerting means.

The requester requests a determination as to whether U.S. Patent No. 3,030,639 to Boyer raises a substantial new question of patentability with respect to claim 1. The

Application/Control Number: 90/007,678                                    Page 8
CRU 3993

Boyer patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it does not teach the use of a jaw.

The requester requests a determination as to whether U.S. Patent No. 3,508,732 to Trachtenberg raises a substantial new question of patentability with respect to claim 1. The Trachtenberg patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it does not teach the use of a jaw. Contrary to the response to interrogatory 5, flange 39 cannot be construed to be a jaw since it is a part of the element 41 to which the member 37 is attached.

The requester requests a determination as to whether U.S. Patent No. 4,474,041 to Finck, Jr. raises a substantial new question of patentability with respect to claim 1. The Finck, Jr. patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it does not teach the use of a jaw located adjacent an interior surface with a first flange located adjacent an exterior surface.

The requester requests a determination as to whether U.S. Patent No. 4,759,733 to Nishimura raises a substantial new question of patentability with respect to claim 1. The Nishimura patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be

Application/Control Number: 90/007,678					Page 9
CRU 3993

important in deciding whether or not claim 1 of the subject patent is patentable because it is cumulative of the teaching of Redmayne, which was considered in the prosecution of the application, which became the subject patent. Nishimura teaches the use of a jaw 5 attached to force exerting means 13, but does not identify any reasons why one of ordinary skill in the art would combine this reference with the teaching of Nielsen '811.

The requester requests a determination as to whether U.S. Patent No. 5,755,603 to Kumita raises a substantial new question of patentability with respect to claim 1. The Kumita patent does not raise a substantial new question of patentability with respect to claim 1. A reasonable examiner would not consider this teaching to be important in deciding whether or not claim 1 of the subject patent is patentable because it is a substantial equivalent of the teaching of Redmayne, which was considered in the prosecution of the application, which became the subject patent. Kumita teaches the use of a jaw attached to a force exerting means 28, but does not identify any reasons why one of ordinary skill in the art would combine this reference with the teaching of Nielsen '811.

### *Contact Information*

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria, VA   22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Application/Control Number: 90/007,678 Page 10
CRU 3993

Please hand-deliver any communications to:

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

*[signature]*

Sara Clarke
Primary Examiner
Central Reexamination Unit
(571) 272-4873

Bibhu Mohanty
Andres Kashnikow

| Form PTO-1449 Gauthier & Connors, LLP<br>225 Franklin Street<br>Boston, MA 02110<br>Telephone: (617)426-9180<br>INFORMATION DISCLOSURE STATEMENT BY APPLICANT | ATTORNEY DOCKET NO.<br>5578REX<br>APPLICANT Rafferty<br>ISSUE DATE July 20, 2004 | PAT. NO. 6,763,691<br>EXAMINER Sandy, R.J. |
|---|---|---|

## U.S. PATENT DOCUMENTS

| Examiner Initial | | Document Number | Date | Name | Class | Sub-class | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| ✓ | AA | 999,891 | 08/1911 | Shepard | | | |
| | AB | 1,019,343 | 03/1912 | Moore et al. | | | |
| | AC | 1,177,728 | 04/1916 | Snyder et al. | | | |
| | AD | 1,241,459 | 09/1917 | Woodward | | | |
| | AE | 1,375,769 | 04/1921 | Bleackacek | | | |
| | AF | 1,651,457 | 12/1927 | Karnes | | | |
| | AG | 1,751,620 | 03/1930 | Clarke | | | |
| | AH | 2,121,386 | 06/1938 | Henrickson | | | |
| | AI | 2,314,755 | 03/1943 | Ballarino | | | |
| | AJ | 2,584,955 | 02/1952 | Williams | | | |
| | AK | 2,644,498 | 06/1953 | Malecki | | | |
| | AL | 2,797,312 | 06/1957 | Fletcher | | | |
| | AM | 3,030,639 | 04/1962 | Boyer | | | |
| | AN | 3,193,277 | 06/1965 | Nagamori | | | |
| | AO | 3,508,732 | 04/1970 | Trachtenberg et al. | | | |
| | AP | 3,914,830 | 10/1975 | Bolton | | | |
| | AQ | 3,938,839 | 02/1976 | Collier | | | |
| | AR | 3,968,985 | 06/1976 | Nielsen, Jr. et al. | | | |
| | AS | 4,080,811 | 03/1978 | Nielsen, Jr. | | | |
| | AT | 4,107,959 | 08/1978 | Skarzynski et al. | | | |
| | AU | 4,120,182 | 10/1978 | Michelman et al. | | | |
| | AV | 4,144,729 | 03/1979 | Nielsen, Jr. | | | |
| | AW | 4,152,910 | 05/1979 | Swisher | | | |
| | AX | 4,202,574 | 05/1980 | Remayne | | | |
| | AY | 4,254,647 | 03/1981 | Finck, Jr. | | | |
| | AZ | 4,313,319 | 02/1982 | Haus, Jr. et al. | | | |
| | BA | 4,331,012 | 05/1982 | Swisher | | | |
| | BB | 4,414,829 | 11/1983 | Nielsen, Jr. et al. | | | |
| | BC | 4,418,553 | 12/1983 | Applegate | | | |
| | BD | 4,474,041 | 10/1984 | Finck, Jr. | | | |
| | BE | 4,759,733 | 07/1988 | Nishimura | | | |
| ✓ | BF | 5,005,798 | 04/1991 | McCoy | | | |

| Examiner Initial | | Document Number | Date | Name | Class | Sub-class | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| Sc | BG | 5,007,258 | 04/1991 | Mahaney | | | |
| | BH | 5,157,409 | 10/1992 | Hamin | | | |
| | BI | 5,315,849 | 05/1994 | Georgopoulos | | | |
| | BJ | 5,568,916 | 10/1996 | Gibbons et al. | | | |
| ✓ | BK | 5,682,776 | 11/1997 | Burt | | | |
| Sc | BL | 5,755,603 | 05/1998 | Kumita | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initial | | Document Number | Date | Country | Class | Subclass | Translation Yes No |
|---|---|---|---|---|---|---|---|
| | BM | EP432773 | 06/1991 | Europe | | | Yes (Abstract only) |

## OTHER DOCUMENTS
(Including Author, Title, Date, Pertinent Pages, etc.)

| Examiner Initial | | |
|---|---|---|
| | BN | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| [signature] | 9/29/05 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.