UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP </br></br> Plaintiff, </br></br> v. </br></br> DEWALCH TECHNOLOGIES, INC. </br></br> Defendant. | Civil Action No. </br> 04 40219 FDS |

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF**

**PLAINTIFF'S DISPOSITIVE MOTION FOR**

<u>**SUMMARY JUDGMENT OF PATENT INFRINGEMENT**</u>

Plaintiff submits the following statements of undisputed facts in support of its dispositive motion for partial summary judgment of patent infringement.

1.    Inner-Tite Corp. is the owner of all right, title and interest in U.S. Patent No. 6,673,691 (the '691 patent) (Stecher Affidavit, Exhibit E, IT 00037 - IT 00038).

2.    The '691 patent issued from U.S. Patent Application Ser. No. 09/795,701 (the '701 application) (Stecher Affidavit, Exhibit E).

3. The ordinary meaning of the word *between* in the context of the '691 patent is "in or through the space that separates" (Stecher Affidavit, Exhibit D).

4. As originally filed on February 28, 2001, the '701 application included eight claims (Stecher Affidavit, Exhibit E, pp. IT 00014 - IT 00015).

5. In an office action that was mailed on May 8, 2002, claims 1 and 5 were rejected as to form, and claims 1 – 8 were rejected under 35 U.S.C. §103(a) over combinations of the following references: U.S. Patents Nos. 4,080,811; 4,414,829; 3,938,839 and 4,120,182 (Stecher Affidavit, Exhibits E, pp. IT 00045 - IT 00048, and Exhibits F - I).

6. In an amendment filed by the applicant on July 22, 2002, claims 1 and 5 were amended, and the applicant argued that the above references did not disclose the subject matter of the claims (Stecher Affidavit, Exhibit E, pp. IT 00056 - IT 00063). In the remarks, applicant provided the following definition of *jaw* as "either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise" (Stecher Affidavit, Exhibit E, p. IT 00058).

7. In a second office action mailed October 22, 2002, an election requirement was made requiring that the applicant elect a species for examination purposes. The applicant elected a species, and in the following office action mailed May 29, 2003,

claims 1 - 2 and 6 - 8 were again rejected, and claims 3 – 5 were indicated as being allowable if rewritten in independent form (Stecher Affidavit, Exhibit E,. pp. IT 00073 - IT 00078).  The office action mailed May 29, 2003 further relied on a new reference, U.S. Patent No. 4,202,574, a copy of which is attached to the Stecher Affidavit as Exhibit J.

       8.      Although applicant filed a response (Stecher Affidavit, Exhibit C, pp. IT 00082 - IT 00083), the rejection was maintained in a final office action (Stecher Affidavit, Exhibit E, pp. IT 00086 - IT 00091).  The applicant thereafter filed a notice of appeal on July 15, 2003, and following briefing by the applicant (Stecher Affidavit, Exhibit E, pp. IT 00103 - IT 00108 and IT 00118 - IT 00120), and the examiner (Stecher Affidavit, Exhibit E, pp. IT 00110 - IT 00115), the Board of Patent Appeals and Interferences issued a decision on March 31, 2004 reversing the examiner's rejection of the claims (Stecher Affidavit, Exhibit E, pp. IT 00124 - IT 00129).  A notice of allowance issued thereafter and the patent issued on July 20, 2004.

       9.      Claim 1 of the '691 patent issued from claim 1 of the '701 application (Stecher Affidavit, Exhibit E).

      10.      The language "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" in claim 1 of the '691 patent was originally filed in claim 1 of the '701 application (Stecher Affidavit, Exhibit E).

11.  There is no prosecution history estoppel with regard to the language "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" in claim 1 of the '691 patent (Stecher Affidavit, Exhibit E).

12.  The jaw of the ProLock 1 product is mechanically interengaged with and carried by the bracket (Rafferty Affidavit, ¶10, Exhibit A).

13.  The jaw of the ProLock 1 product is mechanically interengaged with and carried by the bracket for movement substantially between the first and second flanges (Rafferty Affidavit, ¶¶ 11 - 13, Exhibit A).

14.  The jaw of the ProLock 1 product presses against the side wall generally opposing the force provided by the first flange (Rafferty Affidavit, ¶11, Exhibit A).

15.  The structure by which the function of pressing against the side wall generally opposing the force provided by the first flange is achieved in the ProLock 1 product by a rigid element (the jaw) that attaches to the bracket on the second flange and is movable toward the side wall of the meter box (Rafferty Affidavit, ¶12, Exhibit A).

16. The jaw, first flange and force exerting means of the ProLock 1 product cooperate to achieve the function of securing the bracket to the meter box side wall (Rafferty Affidavit, ¶13, Exhibit A).

17. The jaw of the ProLock 2 product is mechanically interengaged with and carried by the bracket (Rafferty Affidavit, ¶10, Exhibit B).

18. The jaw of the ProLock 2 product is mechanically interengaged with and carried by the bracket for movement substantially between the first and second flanges (Rafferty Affidavit, ¶¶ 11 - 13, Exhibit B).

19. The jaw of the ProLock 2 product presses against the side wall generally opposing the force provided by the first flange (Rafferty Affidavit, ¶11, Exhibit B).

20. The structure by which the function of pressing against the side wall generally opposing the force provided by the first flange is achieved in the ProLock 2 product by a rigid element (the jaw) that attaches to the bracket on the second flange and is movable toward the side wall of the meter box (Rafferty Affidavit, ¶12, Exhibit B).

21.     The jaw, first flange and force exerting means of the ProLock 2 product cooperate to achieve the function of securing the bracket to the meter box side wall (Rafferty Affidavit, ¶13, Exhibit B).

                                    Respectfully submitted,

                                    Inner-Tite Corp.

                                    By Plaintiff's attorneys,

                                    ___/s/ William E. Hilton_____

Dated: May 19, 2006

                                    Maurice E. Gauthier, BBO# 187340
                                    William E. Hilton, BBO# 559515
                                    Gauthier & Connors, LLP
                                    225 Franklin Street, Suite 2300
                                    Boston, Massachusetts  02110
                                    (617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on May 19, 2006 by First Class Mail.

                                                                                                      /s/William E. Hilton
                                                                                                William E. Hilton