UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWALCH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br>04 40219 FDS |

# PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTION FOR SUMMARY JUDGMENT OF PATENT INFRINGEMENT

Plaintiff submits the following statements of undisputed facts in support of its opposition to defendant's motion for partial summary judgment of patent non-infringement.

1.    Claim 1 of U.S. Patent Application Ser. No. 09/795,701 as filed required that the jaw be movable with respect to the bracket. (Stecher Affidavit filed May 19, 2006, p. IT 00014).

2.  U.S. Patent No. 4,414,829 (the '829 patent) does not disclose that the reinforcing block 56 is movable with respect to the back plate 52. (DeWalch Declaration filed May 19, 2006, Exhibit 6).

3.  The '829 patent states that "Strip 58 is riveted to block 56." at column 2, lines 49 - 50 thereof. (DeWalch Declaration filed May 19, 2006, Exhibit 6, col.2, lines 49 - 50).

4.  Applicant argued in the response filed on July 22, 2002 in Ser. No. 09/795,701 that the Neilsen '829 patent did not disclose that the block 56 was movable with respect to the back plate 52. (Stecher Affidavit filed May 19, 2006, Exhibit E, pp. IT 00056 - IT 00063).

5.  The Applicant did not narrow the scope of claim 1 in filing the amendment and remarks on July 22, 2002. (Stecher Affidavit filed May 19, 2006, Exhibit E, pp. IT 00045 - IT 00048 and IT 00056 - IT 00063).

6.  The definition of the word *between* that was provided in the amendment filed July 22, 2002 in Ser. No. 09/795,701 was not more narrow than the ordinary meaning of the word *between*. (Stecher Affidavit filed May 19, 2006, Exhibit E, pp. IT 00056 - IT 00063).

7. There is no prosecution history estoppel with regard to the language *a jaw mechanically interengaged with and carried by the bracket for movement between the first flange and the second flange* of claim 1 of the '691 patent. (Stecher Affidavit filed May 19, 2006, Exhibit E, pp. IT 00045 - IT 00048 and IT 00056 - IT 00063, and DeWalch Declaration filed May 19, 2006, Exhibit 6).

8   Introducing the term *substantially* into the claim language as follows does not remove any element from claim 1:

> a jaw mechanically interengaged with and carried by said bracket for movement *substantially* between the first and second flanges

(Stecher Affidavit, Exhibit A, col. 4, lines 32 - 34).

9. Applying the language of claim 1 under the doctrine of equivalents as expressed in paragraph 7 does not cause any other language of claim 1 to become inconsistent or meaningless. (Stecher Affidavit, Exhibit A, col. 4, lines 24 - 45).

10. Applying the language of claim 1 under the doctrine of equivalents as expressed in paragraph 7 does not cause claim 1 to read on any prior art. (Stecher Affidavit, Exhibit A, col. 4, lines 24 - 45).

11. Figures 4, 6A and 6B of the '691 patent show embodiments of the invention in which the jaw directly opposes the first flange, resulting in clamping forces against the meter box wall. (Stecher Affidavit, Exhibit A, Figures 4, 6A and 6B).

12. The use of directly opposing forces between the jaw and first flange functions to have the jaw engage the side wall of the meter box. (Stecher Affidavit, Exhibit A, col. 3, lines 24 - 44 and line 58 - col. 4, line 5, and Figures 4, 6A and 6B).

13. Figures 2, 5A and 5B of the '691 patent show embodiments of the invention in which the jaw non-directly opposes the first flange, resulting in clamping forces against the meter box wall. (Stecher Affidavit, Exhibit A, Figures 2, 5A and 5B).

14. The use of non-directly opposing forces between the jaw and first flange functions to have the jaw engage the side wall of the meter box. (Stecher Affidavit, Exhibit A, col. 2, line 32 - col. 3, line 23, and col.3, lines 45 - 58 , and Figures 2, 5A and 5B).

15. Each of the embodiments shown in Figures 2, 4, 5A, 5B, 6A and 6B is covered by at least claim 1 of the '691 patent as stated by the examiner in the office action mailed on October 22, 2002. (DeWalch Declaration, Exhibit 3, office action mailed October 22, 2002, p. 2).

16.     The jaw of the ProLock 1 product is carried by the bracket for movement with respect to the bracket.  (Rafferty Affidavit, 10, and Exhibit A).

17.     The jaw of the ProLock 1 product is movable toward the first flange to clamp the sidewall between the jaw and the first flange.  (Rafferty Affidavit, 11, and Exhibit A).

18.     The jaw of the ProLock 2 product is carried by the bracket for movement with respect to the bracket.  (Rafferty Affidavit, 10, and Exhibit B).

19.     The jaw of the ProLock 2 product is movable toward the first flange to clamp the sidewall between the jaw and the first flange.  (Rafferty Affidavit, 11, and Exhibit B).

Respectfully submitted,
Inner-Tite Corp.
By Plaintiff's attorneys,

___/s/ William E. Hilton_____

Dated: June 16, 2006

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts  02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on June 16, 2006 by First Class Mail.

/s/William E. Hilton
William E. Hilton