IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP., | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 04-40219 FDS |
| DEWALCH TECHNOLOGIES, INC., | § § § | |
| Defendants. | § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PATENT INFRINGEMENT AND DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.1, Defendant submits this Response to Plaintiff's Statement of Undisputed Facts In Support of Patent Infringement and Defendant's Statement of Undisputed Facts.

**I.   Objections to Plaintiff's Statement of Undisputed Facts.**

Defendant Disputes and Objects to Plaintiff's Statements Of Undisputed Fact Nos. 11 – 25 on the following grounds:.

1.  Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 11 because it states a legal conclusion rather than a fact; furthermore, there is prosecution history estoppel with respect to the claim limitation "movement between" in claim 1 of the '691 Patent. See Defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, at 11-14; Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 9-13. There is also prosecution history estoppel with respect to the claim limitation "jaw" in claim

1

1 of the '691 Patent.  See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16.

2. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 12 because the lower panel of the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4 (hereafter "Supplemental Declaration"). The lower panel of the clamping member of the ProLock Product 1 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 1 (which clamp the ProLock Product 1 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id., at ¶ 4.

3. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 13 because the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 1 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 1 (which clamp the ProLock Product 1 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See Supplemental Declaration of N. Binz DeWalch, at ¶4. In addition, the clamping member, which Plaintiff alleges is a "jaw," is not carried for movement "substantially between the first and second flange." See Declaration of N.

Binz DeWalch, at 7. The clamping member of the ProLock Product 1 is outside of, and rotates outside of, the flanges of the mounting bracket. The clamping member never enters or crosses into the wedge-shaped space between the first and second flanges. See Declaration of N. Binz DeWalch, at 7. Defendant also objects to Plaintiff's Statement Of Undisputed Fact No. 13 as irrelevant given the proper claim construction of the claim limitation "for movement between said first and second flanges."

    4.    Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 14 because the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 1 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 1 (which clamp the ProLock Product 1 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. Thus, there is no "jaw" that presses against the side wall generally opposing the force provided by the first flange. Defendant disputes and objects to Plaintiff's Statement No. 14 because the two front edges of the side panels of the clamping member of the ProLock Product 1 are not directly opposite the first flange, and thereby place the side wall of utility box in sheer and bending rather than compression. See id. The front edge of the lower panel does not press against the side wall generally opposing the force provided by the first flange. See id. Defendant also objects to the language "presses against the side wall generally opposing the force provided by the first flange" as vague and irrelevant to the claim limitation of "jaw."

3

5. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 15 because the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 1 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 1 (which clamp the ProLock Product in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. Thus, there is no "jaw" that attaches to the bracket on the second flange and is moveable toward the side wall of the utility box. Defendant also objects to the language "moveable toward the side wall of the meter box" as vague and irrelevant to the claim limitation of "between."

6. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 16 because the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. Thus, there is no "jaw" that cooperates to achieve the function of securing the bracket to the meter box side wall. See Declaration of N. Binz DeWalch, at 9.

7. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 16 because the clamping member of the ProLock Product 1 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 1 does not compress or crush the sidewall of the utility box as contemplated by the claim

term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 1 (which clamp the ProLock Product 1 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. Thus, there is no "jaw" that attaches to the bracket on the second flange and is moveable toward the side wall of the utility box, nor is there a "jaw" in the ProLock Product 1 that "cooperates" with the first and second flange to achieve the function of securing the ProLock Product No. 1 to the meter box side wall. See id.

8. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 17 because the clamping member of the ProLock Product 2 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 2 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 2 (which clamp the ProLock Product 2 in place on the utility box), acting in concert with the first flange of the mounting bracket, places portion of the sidewall of the utility box in sheer and bending rather than compression. See id.

9. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 18 because the clamping member of the ProLock Product 2 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 2 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 2 (which clamp the ProLock Product 2 in place on the utility box), acting in

concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. In addition, the clamping member, which Plaintiff alleges is a "jaw," is not carried for movement "substantially between the first and second flange." See id. The clamping member of the ProLock Product 2 is outside of, and rotates outside of, the flanges of the mounting bracket. The clamping member never enters or crosses into the wedge-shaped space between the first and second flanges. See Declaration of N. Binz DeWalch, at 7, & Supplemental Declaration of N. Binz DeWalch, at ¶ 4. Defendant also objects to Plaintiff's Statement Of Undisputed Fact No. 18 as irrelevant given the proper claim construction of the claim limitation "for movement between said first and second flanges."

10.  Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 19 because the clamping member of the ProLock Product 2 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 2 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 2 (which clamp the ProLock Product 2 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. Thus, there is no "jaw" that presses against the side wall generally opposing the force provided by the first flange. Defendant disputes and objects to Plaintiff's Statement No. 19 because the two front edges of the side panels of the clamping member of the ProLock Product 2 are not directly opposite the first flange, and thereby place the side wall of utility box in sheer and bending rather than compression. See id. The front edge of the lower panel does not press against the side wall

generally opposing the force provided by the first flange, and the secondary engagement tabs do not press against the side wall generally opposing the force provided by the first flange. See See id. Defendant also objects to the language "presses against the side wall generally opposing the force provided by the first flange" as vague and irrelevant to the claim limitation of "jaw."

11. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 20 because the clamping member of the ProLock Product 2 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. The clamping member of the ProLock Product 2 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 2 (which clamp the ProLock Product 2 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See id. Thus, there is no "jaw" that attaches to the bracket on the second flange and is moveable toward the side wall of the utility box. Defendant also objects to the language "moveable toward the side wall of the meter box" as vague and irrelevant to the claim limitation of "between."

12. Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 21 because the clamping member of the ProLock Product 2 is not a jaw. See Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 13-16. See Supplemental Declaration of N. Binz DeWalch, at ¶ 4. Thus, there is no "jaw" that cooperates to achieve the function of securing the bracket to the meter box side wall. See Declaration of N. Binz DeWalch, at 9.

13.     Defendant disputes and objects to Plaintiff's Statement Of Undisputed Fact No. 21 because the clamping member of the ProLock Product 2 is not a jaw. See <u>Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment</u>, at 13-16. See <u>Supplemental Declaration of N. Binz DeWalch</u>, at ¶ 4. The clamping member of the ProLock Product 2 does not compress or crush the sidewall of the utility box as contemplated by the claim term "jaw," but rather the two front edges of the side panels of the clamping member of the ProLock Product 2 (which clamp the ProLock Product 2 in place on the utility box), acting in concert with the first flange of the mounting bracket, place portions of the sidewall of the utility box in sheer and bending rather than compression. See <u>id.</u> Thus, there is no "jaw" that attaches to the bracket on the second flange and is moveable toward the side wall of the utility box, nor is there a "jaw" in the ProLock Product 1 that "cooperates" with the first and second flange to achieve the function of securing the ProLock Product No. 1 to the meter box side wall. See <u>id.</u>

II.     **Defendant's Statement of Undisputed Facts.**

In response to Plaintiff's Motion for Summary Judgment and in support of Defendant's pending Motion for Summary Judgment, Defendant would submit the following undisputed facts:

1.      The two side panels of the clamping member of the ProLock Products are each outside of, and rotate outside of, the first and second flanges of the mounting bracket.

2.      The two side panels that serve to clamp the ProLock Products in place on the utility box are not "between" the first and second flanges of the mounting bracket. <u>Supplemental Declaration</u>, ¶ 4.

3.      The front edges of the two side panels, acting in concert with the pressure of the first flange on the exterior of the side wall of the utility box, place the side wall of the utility box

in sheer and bending, thereby clamping the ProLock Products in place upon the utility box. Supplemental Declaration, ¶ 4.

4. The ProLock Product has been designed to include a gap between the lower panel of the clamping member and the side wall of the utility box to accommodate variations in the dimensions of utility boxes from various manufacturers. Supplemental Declaration, ¶ 4

5. The function of the front edge of the lower panel of the clamping member is to provide additional security in the event that pressure is applied to pry open the utility box. Supplemental Declaration, ¶ 4

6. In the event that pressure is applied to pry open the utility box, the front edge of the lower panel of the clamping member would be urged into abutment with the ledge of the side wall of the utility box. Supplemental Declaration, ¶ 4

7. The secondary engagement tabs of the ProLock Product 2 provide additional security to prevent someone from prying open the utility box. Supplemental Declaration, ¶ 4

8. In the event that pressure is applied to pry open the utility box, the engagement tabs of the ProLock Product 2 would be urged into abutment with the ledge of the side wall of the utility box. Supplemental Declaration, ¶ 4

9. The lower panels of the clamping members of the ProLock Products are not "between" the first and second flanges. Supplemental Declaration, ¶ 4

10. The two side panels of the clamping members never enter or cross into the wedge-shaped space between the two flanges. Supplemental Declaration, ¶ 4

11. During prosecution of the '691 Patent, the patentee distinguished the flange 32 in U.S. Patent No. 4,202,574 by describing the structure as one that is "merely urged into an abutting (as opposed to clamping) relationship with the container side wall." See Appeal Brief

dated September 15, 2003 at 3 (emphasis added) (copy attached as <u>Exhibit 2</u> to the Supplemental Declaration).

12. During prosecution of the '691 Patent, in overcoming a rejection based on the Nielsen '811 and Nielsen '829 Patents, the patentee jaws that are not mounted for <u>movement between</u> the first and second flanges. See Response to Office Action attached as Exhibit 5 to the Declaration.

Respectfully submitted,

DEWALCH TECHNOLOGIES, INC.
By its attorneys

/s/ Denise W. DeFranco
_____

Denise W. DeFranco
BBO 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Phone: 617.832.1202
Facsimile: 617.832.7000

Peter E. Mims
Texas Bar No. 14173275 – Admitted pro hac vice
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

                                        /s/ Denise W. DeFranco