

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590    05/29/2003

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 05/29/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/795,701 | RAFFERTY, ROBERT E. |
|  | Examiner | Art Unit |
|  | Ruth C. Rodriguez | 3677 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>24 March 2003</u>.
2a) ☒ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-8</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1, 2 and 6-8</u> is/are rejected.
7) ☒ Claim(s) <u>3-5</u> is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>28 February 2001</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

Application/Control Number: 09/795,701 Page 2
Art Unit: 3677

## DETAILED ACTION

### Election/Restrictions

1. Applicant's election of Species I in Paper No. 8 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse (MPEP § 818.03(a)).

### Claim Rejections - 35 USC § 103

2. The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

3. Claims 1, 2 and 6-8 are rejected under 35 U.S.C. 103(a) as being unpatentable over Nielsen, JR (US 4,080,811) in view of Redmayne (US 4,202,574).

Nielsen discloses for use in combination a locking assembly (21,25,27,35,50) with a utility box (1,3) having a bottom, side wall (1) and a cover (3) that may be opened to gain access to the interior of the box, and which when closed, overlaps an upper edge of the sidewall. The lock assembly maintains the cover in its closed position (Figs. 3 and 4). The lock assembly comprises a bracket (23) having a first (38) and second (23) mutually spaced flanges integrally joined by an intermediate web (Figs. 4 and 5). The bracket being configured for removably mounting on the side wall with the intermediate web interposed between the cover and the upper edge of the side wall (Fig. 4). The first flange and the second flange respectively located adjacent exterior and interior surfaces of the side wall (Figs. 4). A force exerting means urges one of the flanges of the bracket toward the sidewall to thereby clamp the sidewall therebetween

Application/Control Number: 09/795,701 Page 3
Art Unit: 3677

(Fig. 4). A cap (41,27) having a lip (27) configured and dimensioned to overlap the cover and interlocking means (27,33,50) for securing the cap to the bracket (Fig. 4). Nielsen fails to disclose that the lock assembly has a jaw mechanically interengaged with and carried by the bracket that clamps the first flange of the bracket against the side wall. However, Redmayne teaches a lock assembly (26) comprising a lid (18,20) and a jaw (32,38). The lid has first (18) and second (20) mutually spaced flanges integrally joined by an intermediate web (Fig. 1 and 2). The jaw mechanically interengages with the lid and is carried by the lid for movement between the first and second flanges (Fig. 2). The lid is configured to be removably mounted on a side wall (Figs. 1 and 2). Force exerting means (28, 34) urges the jaw towards the first flange to clamp the sidewall (Figs. 1 and 2). The force exerting means urges the jaw towards the clamping position and maintains that position by resiliency of one of the force exerting means (C. 2, L. 35-55). Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to have the jaw with the force exerting means taught by Redmayne in the lock assembly disclosed by Nielsen such that a jaw as taught by Redmayne mechanically interengages with and carried by the bracket disclosed by Nielson whereby the jaw clamps the first flange of the bracket against the side wall. Doing so, will ensure proper clamping of the jaw and the sidewall since the resiliency of the other force exerting means (34) will provided added clamping force between the bracket and the side wall.

Application/Control Number: 09/795,701 Page 4
Art Unit: 3677

With the combination of Redmayne and Nielsen where Nielsen discloses that the side wall of the box is provided with an interior ledge spaced below the upper edge (Fig. 4), the jaw taught by Redmayne will engage the sidewall beneath the ledge (Fig. 2).

Redmayne discloses that the jaw is pivotally connected to the second flange (Figs. 1 and 2).

The second flange disclosed by Redmayne is inclined at an acute angle with respect the first flange (Figs. 1 and 2).

Nielsen discloses that the bracket is provided with a third flange (33) projecting from the first flange and wherein the interlocking means engages the second flange (Fig. 4).

### *Allowable Subject Matter*

4. Claims 3-5 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter: Regarding claims 3 and 5, Redmayne fails to disclose the use of at least one tooth or a plurality of teeth in the jaw to engage the side wall. Therefore, it would not have been obvious to one having ordinary skill in the art at the time the invention was made to have at least one tooth or a plurality of teeth in the jaw the engage the side wall when Nielsen is combined with Redmayne.

For claim 4, Redmayne discloses that the force exerting means comprises a screw threaded through the jaw. Redmayne fails to disclose that the force exerting

Application/Control Number: 09/795,701 Page 5
Art Unit: 3677

means can be threaded through the second flange. Accordingly, it would not have been obvious to one having ordinary skill in the art at the time the invention was made to have the force exerting means threaded through the second flange when combining Nielsen and Redmayne.

### Response to Arguments

5. Applicant's arguments filed 24 March 2003 have been fully considered but they are not persuasive.

6. The applicant argues that the U-shaped element 26 taught by Redmayne fails to carry a jaw. This argument fails to persuade. Although the Examiner acknowledges that the U-shaped element 26 fails to carry a jaw, the U-shaped element is not used as the bracket but as the jaw. When the U-shaped element 26 taught by Redmayne is mounted to the flange 23 of the bracket 21 disclosed by Nielsen, the leg 32 of the U-shaped element 26 will function as a jaw mechanically interengaged with and carried by the bracket that will clamp the first flange of the bracket against the side wall.

7. The other argument presented by the applicant is that the elements 28 and 34 are not "force exerting means". The Examiner fails to be persuaded by this argument. The Examiner acknowledges that the screw 28 is just used to connect the U-shaped element to a support. The Examiner cited the screw as part of the force exerting means because without the screw, the U-shaped element will not be attached to the bracket disclosed by Nielsen and the action of the spring 34 will not move the leg 32 toward the side wall to create a clamping force with the first flange. Therefore, the force exerting means (spring 34) relies in the screw (32) to mount it to the bracket and allows the force

Application/Control Number: 09/795,701 Page 6
Art Unit: 3677

exerting means to clamp the side wall between the leg 32 and the first flange by keeping the U-shaped element mounted to the bracket.

### Conclusion

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Collier (US 3,938,839), Sharzynksi et al. (US 4,107,959), Michelman et al. (US 4,120,182), Nielsen, Jr. (US 4,144,729), Swisher (US 4,152,910), Finck, Jr. (US 4,254,647), Nielsen Jr. et al. (US 4,414,829), Mahaney (US 5,007,258) and Georgopoulos (US 5,315,849) are cited to show state of the art with respect to the combination of a lock assembly and an utility box.

Application/Control Number: 09/795,701 Page 7
Art Unit: 3677

Woodard (US 1,241,459), Holen (US 1,262,795) and Henrickson (US 2,121,386) are cited to show state of the art with respect to clamps having some of the features of the clamping device of the current invention.

Bates et al. (US 3,275,363) is cited to show state of the art with respect to cover holders having some of the features of the current application.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ruth C. Rodriguez whose telephone number is (703) 308-1881. The examiner can normally be reached on M-F 07:15 - 15:45.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann can be reached on (703) 306-4115.

Submissions of your responses by facsimile transmission are encouraged. Technology center 3600's facsimile number for before final communications is (703) 872-9326. Technology center 3600's facsimile number for after final communications is (703) 872-9327.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

> Ruth C. Rodriguez
> Patent Examiner
> Art Unit 3677

RCR
rcr
May 27, 2003

J. J. SWANN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

| | Notice of References Cited | Application/Control No. 09/795,701 | Applicant(s)/Patent Under Reexamination RAFFERTY, ROBERT E. | |
|---|---|---|---|---|
| | | Examiner Ruth C. Rodriguez | Art Unit 3677 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-3,275,363 | 09-1966 | Bates et al. | 292/228 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 11