UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INNER-TITE CORP<br><br>Plaintiff,<br><br>v.<br><br>DEWALCH TECHNOLOGIES, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>04 40219 FDS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE TESTIMONY OF ROBERT A. RAFFERTY**

On May 19, 2006, plaintiff filed an affidavit of Robert E. Rafferty, the inventor of the subject matter of U.S. Patent No. 6,763,691, the patent in suit. Mr. Rafferty's testimony is not offered in the affidavit as *expert* testimony as defendant suggests. Rather, Mr. Rafferty is offered as a *fact* witness. Mr. Rafferty's testimony is limited to factual issues on which he has specific personal knowledge, and does not include any opinion testimony. Mr. Rafferty's testimony is not offered by plaintiff under either Rule 701 or Rule 702 of the Federal Rules of Evidence, but rather under Rule 401.

Defendant maintains that there are inaccuracies with regard to certain of the drawings prepared by Mr. Rafferty that show a meter box wall. In particular, the alleged inaccuracies relate to the relative position of defendant's locks with respect to the wall when mounted thereon.

Regardless of whether or not such features relating to engagement with the meter box wall are accurately shown, the issue before the court relates to *how the jaw is carried by the bracket*. As claimed in claim 1, the jaw must be carried by the bracket for movement between the flanges. Central to this dispute, therefore, is the question of the relative movement between the jaw and the bracket. The relative position of the locks with respect to the wall when mounted is not pertinent as both products admittedly clamp the lock to the wall as claimed.

It is significant that defendant has not raised any issue with regard to the relative positions of the jaw and bracket as shown in the drawings for defendants' products other than to assert that the shape of the leading edge of the jaw should be slightly rounded.



These representations are not challenged by DeWalch and are central to the single issue before the court. Although DeWalch complains that the pins are not shown in these drawings, the drawings are each of a cross sectional view, and the pins are not visible in this view.

Rule 401 of the Federal Rules of Evidence states that:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed.R.Evid., Rule 401.

The evidence submitted through Mr. Rafferty is clearly evidence that will make the existence of the fact that the jaw is carried by the bracket for movement between the flanges more probable than it would be without such evidence for each of defendant's products. Under Fed.R.Evid., Rule 401, therefore, the evidence should not be stricken as requested by defendant. See *Blake v. Pellegrino*, 329 F.3d 43, 61 Fed.R.Evid.Serv. 359 (1st Cir. 2003) (vacating judgment where the district court ruled on the admissibility of evidence based on its persuasiveness to the court); and *Cummings v. Standard Register Company*, 265 F.3d 56 (1st Cir. 2001) (affirming denial of motion to strike testimony under Rule 401). Conflicting testimony such as provided by DeWalch goes to the weight of the evidence, not its admissibility. *United States v. Diaz*, 878 F.2d 608, 615 (2nd Cir. 1989), citing, *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1523 (11th Cir. 1985).

Moreover, defendant's assertion that theProLock products engage the meter box wall in a very specific fashion is undermined by DeWalch's own admission that there exist "variations in the dimensions of utility boxes from various manufactures" (Opposition Memorandum of DeWalch filed June 16, 2006 as Docket Item 47, p.6).

Further, defendant submitted testimony of Binz DeWalch together with its motion to strike, and Mr. DeWalch's testimony is itself inaccurate with regard to features of defendant's own products in ways that are central to the infringement claim.

In the sealed affidavit of Binz DeWalch filed May 19, 2006, Mr. DeWalch states that the computer based drawing included therein:

> was generated using solid modeling software employing the information contained in the manufacturing drawings for the ProLock products. In other words, the manufacturing drawings

> were generated using the same information. These images are an accurate representation of the two ProLock products.

Sealed Affidavit of Binz DeWalch filed May 19, 2006, paragraph 9.

The manufacturing drawings were designated confidential preventing them from being shared with employees of plaintiff. Defendant has agreed to remove the confidential designation of paragraph 9 as well as the confidential designation of certain of the drawings with dimensions redacted.

Non-confidential portions of the manufacturing drawings are shown below next to photographs of the associated DeWalch products. The ProLock 1 drawing of the jaw and the ProLock 1 product are shown below.



DeWalch Sealed Affidavit, Exhibits 8 and 9.

As may be seen above, the stop portion of the jaw is intended to have a relatively flat upper surface, but in the actual item as manufactured, the top is much more curved, causing the stop portion to extend further into the space between the first and second flanges. DeWalch's own drawing, therefore, is unreliable representation of the actual ProLock 1 product as it is being made.

Similarly with regard to the ProLock 2 product, the stop portion of the jaw is intended to have a relatively flat upper surface, but in the actual item as manufactured, the top is much more curved, causing the stop portion to extend further into the space between the first and second flanges. The ProLock 2 drawing of the jaw and the ProLock 2 product are shown below.



DeWalch Sealed Affidavit, Exhibits 8 and 10.

The shape of the stop portion of the jaw of the actual products, therefore, is not flat on top as called for in the manufacturing drawings, but rather is rounded, protruding further into the range allegedly avoided by defendant than would be the case if the products precisely matched the drawings. In fact, even the photograph that is reproduced in paragraph 11 of the Supplemental Declaration of Binz DeWalch shows a stop portion that looks significantly different than the manufacturing drawings on which DeWalch seeks to rely. There are other inconsistencies as well between the manufacturing drawings on which DeWalch relies for non-infringement, and the actual items that DeWalch sells.

Robert Rafferty based his computer generated drawings on the actual items not the confidential drawings. This is appropriate because it is *products* that infringe patents, not *drawings*. The computer generated drawings of defendant, therefore, are inaccurate with regard to a critical feature that is central to the infringement claim.

All of these issues, however, go to the weight of the evidence under Fed.R.Evid., Rule 401. Mr. Rafferty's testimony is offered under Rule 401 and must be weighed by the trier of fact in the case. Exclusion of any such evidence is inappropriate.

Plaintiff respectfully urges, therefore, that defendant's motion to strike the testimony of Robert E. Rafferty be denied.

                        Respectfully submitted,

                        Inner-Tite Corp.

                        By Plaintiff's attorneys,

                        /s/ William E. Hilton

Dated: June 26, 2006

                        Maurice E. Gauthier, BBO# 187340
                        William E. Hilton, BBO# 559515
                        Gauthier & Connors, LLP
                        225 Franklin Street, Suite 2300
                        Boston, Massachusetts  02110
                        (617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on June 26, 2006 by First Class Mail.

                /s/William E. Hilton
                William E. Hilton