UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
INNER-TITE CORP                             )
                                            )
                      Plaintiff,            )
                                            )
v.                                          )          Civil Action No._____
                                            )           04 40219 FDS
DEWALCH TECHNOLOGIES, INC.                  )
                                            )
                      Defendant.            )
_____)

**PLAINTIFF'S RESPONSE TO**

**<u>DEFENDANT'S STATEMENT OF FACTS FILED JUNE 16, 2006</u>**

Defendant's motion for summary judgment filed May 19, 2006 did not include a statement of facts. Defendant's opposition filed June 16, 2006 to plaintiff's motion for summary judgment, included a document (docket no. 45) that included a response to plaintiff's statement of undisputed facts as well as a new statement of facts by defendant (beginning on page 8 thereof). This response is directed to defendant's new statement of facts filed June 16, 2006. [1]

1.      Denied. Defendant's effort to rename its jaw, subdivide the jaw into its component parts, and then argue that some component parts are outside of the space between the flanges, does not avoid the fact that its jaw is carried by the bracket for movement between the first and second flanges. (Rafferty Affidavit Filed May 19, 2006,

---

[1] Plaintiff believes that the document was filed on June 16, 2006 although the certificate of service on the document is undated.

¶10)  The fact that certain portions of defendant's jaw are outside of the space that separates the flanges is irrelevant.

2.      Plaintiff admits that the ProLock products become clamped in place on the utility box.  Plaintiff denies that the jaw of each ProLock is not mounted for movement between the first and second flanges.  (Rafferty Affidavit filed May 19, 2006, ¶10).  Plaintiff also denies that the issue of whether a portion of defendant's jaw is outside of the space between the flanges is relevant under Fed. R. Evid., Rule 401.

3.      Plaintiff admits that the ProLock products become clamped in place on the utility box.  Plaintiff denies that a force is employed to clamp the ProLock products onto the utility box that is different than forces employed in certain examples disclosed in U.S. Patent No. 6,763,691.  (Plaintiff' Memorandum Filed June 16, 2006 in Opposition to Defendant's Motion for Summary Judgment, page 11 and Figures 2, 5A and 5B and associated text of U.S. Patent No. 6,763,691).

4.      The statement in paragraph 4 has no relevance to the issue before the court under Fed. R. Evid., Rule 401.  Plaintiff therefore, denies the statement in paragraph 4.

5.      The statement in paragraph 5 has no relevance to the issue before the court under Fed. R. Evid., Rule 401.  Plaintiff therefore, denies the statement in paragraph 5.

6.      The statement in paragraph 6 has no relevance to the issue before the court under Fed. R. Evid., Rule 401.  Plaintiff therefore, denies the statement in paragraph 6.

7.      The statement in paragraph 7 has no relevance to the issue before the court under Fed. R. Evid., Rule 401.  Plaintiff therefore, denies the statement in paragraph 7.


8.      The statement in paragraph 8 has no relevance to the issue before the court under Fed. R. Evid., Rule 401.  Plaintiff therefore, denies the statement in paragraph 8.


9.      Plaintiff denies that the jaw of each ProLock is not mounted for movement between the first and second flanges.  (Rafferty Affidavit filed May 19, 2006, ¶10). Plaintiff also denies that the issue of whether a portion of defendant's jaw is outside of the space between the flanges is relevant under Fed. R. Evid., Rule 401.


10.     Plaintiff denies that the jaw of each ProLock is not mounted for movement between the first and second flanges.  (Rafferty Affidavit filed May 19, 2006, ¶10). Plaintiff denies that the issue of whether a portion of defendant's jaw is outside of the space between the flanges is relevant under Fed. R. Evid., Rule 401.


11.     Plaintiff admits that the document attached as Exhibit 2 to the Supplemental Declaration of Binz DeWalch is a true and accurate copy of the appeal brief filed in U.S. Patent Application Ser. No. 09/795,701.  Plaintiff denies any statements in paragraph 11 that are in any way inconsistent with or misleading in view of the content of the entire document, which speaks for itself.


12.     Plaintiff does not understand the statement of paragraph 12 and therefore denies the same.  Plaintiff maintains that there is no prosecution history estoppel with regard to

the language "jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges." (Plaintiff's Statement of Facts Filed June 16, 2006, ¶¶ 1 - 7).

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff's attorneys,

\_\_/s/ William E. Hilton_____

Dated: June 26, 2006

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts  02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on June 26, 2006 by First Class Mail.

_____/s/William E. Hilton_____
William E. Hilton