UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04 40219 FDS |
| DEWALCH TECHNOLOGIES, INC. | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY MEMORANDUM TO**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**

<u>**FOR DISPOSITIVE SUMMARY JUDGMENT**</u>

In its opposition to plaintiff's motion for summary judgment filed May 19, 2006, defendant seeks to avoid infringement by calling its jaw a "clamping member" and by arguing that certain sub-parts of its jaw do not meet limitations of the overall jaw in claim 1 of the patent in suit.  Such word games do not avoid infringement.

Defendant also seeks to change the language of the claim to include various features that defendant then alleges are not present in its ProLock products, such as the existence of *compression* forces, that the meter box wall be *crushed*, and that the jaw be between the flanges *when clamped* on a meter box wall.  None of these features is in claim 1, and courts are not free to change the language of a patent claim.

Defendant also continues to struggle to create unwarrented estoppel and overly narrow definitions from the prosecution history of the patent in suit. Defendant's arguments, however, are not consistent with controlling law.

**I.      The Jaw is a Jaw**

Defendant cannot avoid infringement by referring to its jaw as a "clamping member". Defendant cites the appeal brief from the prosecution history of the '691 patent (U.S. 6,763,691) and argues that since the applicant asserted that the Redmayne reference did not include a jaw, that the ProLock products each do not include a jaw. This argument completely ignores the fact that the leg 32 in the Redmayne reference does not function as a jaw because nothing opposes it to clamp the wall. The definition provided by the applicant was that a jaw must be one *of two* mechanical parts that open and close to grip or crush something  (Stecher Declaration, Exhibit E, p. IT 00058). The leg 32 of the Redmayne reference is not one of *two* mechanical parts that open and close to grip the side wall 20.



Supplemental Affidavit of DeWalch, Exhibit 1, Figure 2.

The ProLock products, on the other hand, do include a "clamping member" and a first flange that admittedly coact to grip a wall therebetween (DeWalch's statement of facts filed June 16, 2006, page 8, ¶2 and page 9, ¶3).

Defendant also seeks to sub-divide its unitary jaw into parts such as side panels and lower panels. Defendant then argues that because no single sub-part by itself meets all of the limitations of the jaw of claim 1, there can be no infringement. There is no basis for such an analysis. In the patent, as in DeWalch's ProLock products, different portions of the jaws perform different functions of claim 1. The ProLock products each include a structure (the "clamping member") that is interengaged with and carried by the bracket. The "clamping member" is carried by the bracket for movement between the first flange and the second flange, and the "clamping member" coats with the first flange to clamp the side wall of a meter box when urged toward the first flange. DeWalch's "clamping member" is, therefore, a jaw as claimed in claim 1.

## II.   The Claim Cannot be Changed

Defendant also seeks to import various limitations into the claims that do not appear in claim 1. First, defendant asserts that its jaw does not provide *compression* forces. Not only does this term not appear in claim 1, but as plaintiff demonstrated in its opposition memorandum filed May 19, 2006, certain embodiments of the invention disclosed in the '691 patent include non-directly opposing clamping forces as well.

Further, defendant's presentation of opposing forces is grossly misleading in that the reactive force provided by the first flange would not present an opposing point force

as shown at B on pages 4 and 5 of it Opposition, but rather would present opposing force along the entire area of contact between the first flange and the meter box side wall. In any event, claim 1 cannot be changed to include the new term *compression* as sought by defendant.

Second, defendant asserts that its jaw does not *crush* the wall. The word crush does not appear in claim 1, and presumably is picked up by defendant in the definition of jaw provided in the prosecution history of the '691 patent. The definition of jaw provided therein, however, was either of two mechanical parts that **grip** or crush something. DeWalch's ProLock products admittedly grip the side wall (DeWalch's statement of facts filed June 16, 2006, page 8, ¶2 and page 9, ¶3). Claim 1 cannot be changed to include the new term *crush* as sought by defendant.

Third, defendant asserts that its jaw is not between the flanges *when clamped* to a wall. Again, such a limitation does not appear in claim 1. Claim 1 only requires that the jaw be carried by the bracket for movement between the flanges, and that the jaw coact with the first flange to clamp the meter box wall when urged toward the first flange by the force exerting means. Claim 1 cannot be changed to include the new requirement sought by defendant.

Neither plaintiff, defendant nor this court may change the language of claim 1, and the claim must be applied as it reads. *Chef America, Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 69 U.S.P.Q.2d 1857 (Fed. Cir. 2004) ("This court, however, repeatedly and consistently has recognized that courts may not redraft claims").

### III. The Prosecution History Provides No Relief to Defendant

Lastly, defendant struggles to create estoppel from any statement made in the prosecution history of the patent in suit. Arguments made during prosecution create an estoppel only when the arguments provide a clear surrender of broader subject matter. *Cordis Corp. v. Medtronic Ave., Inc.*, 339 F.3d 1352, 67 U.S.P.Q.2d 1876 (Fed. Cir. 2003) ("To invoke argument-based estoppel, the prosecution history must evince a clear and unmistakable surrender of subject matter"). The estoppel does not arise, as argued by defendant, any time that language of a claim is asserted to distinguish an invention from the prior art. There is simply no prosecution history estoppel in this case.

### IV. Claim 1 is Infringed by both ProLock Products

There is no dispute that the "clamping member" of each ProLock product is interengaged with the bracket (Supplemental Affidavit of DeWalch, ¶3), or that the "clamping member" of each ProLock product is carried by the bracket for movement with respect to the first and second flanges (Sealed Affidavit of DeWalch, ¶11). There is also no dispute that each ProLock product becomes clamped to the side wall of a meter box (DeWalch's statement of facts filed June 16, 2006, page 8, ¶2 and page 9, ¶3).

The only real dispute between the parties is whether the jaw of each of the ProLock products is carried by the bracket for movement between the first and second flanges or substantially between the first and second flanges.

As presented by plaintiff, each of the ProLock products does include a jaw that is mechanically interengaged with and carried by the bracket for movement between and/or substantially between the first and second flanges.  Plaintriff respectfully urges that both the ProLock 1 and ProLock 2 products be held to infringe claim 1 of the '691 patent.

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff"s attorneys,

Dated: June 26, 2006

__/s/ William E. Hilton_____

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts  02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on June 26, 2006 by First Class Mail.

     /s/William E. Hilton     
William E. Hilton