UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWALCH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br>04 40219 FDS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION**

**TO STRIKE OPINION TESTIMONY OF BINZ DEWALCH**

Defendant submitted a sealed affidavit of Mr. Binz DeWalch on May 19, 2006 and a supplemental affidavit of Mr. Binz DeWalch on June 16, 2006. In each of these affidavits, defendant is clearly attempting to offer Mr. DeWalch's testimony as that of an expert. Defendant, however, never designated Mr. DeWalch as an expert in compliance with Fed.R.Civ.P., Rule 26(a)(2).

On December 9, 2005, this court entered a scheduling order that provided a deadline of April 24, 2006 for the designation of experts in compliance with Fed.R.Civ.P., Rule 26(a)(2). Defendant never identified Mr. DeWalch or any other individual as an expert.

In the sealed affidavit of Mr. DeWalch, defendant provides education and experience background information regarding Mr. DeWalch, and further includes a *curriculum vitea* as an attached Exhibit 1. Defendant is clearly attempting to qualify Mr.

DeWalch as an expert as one of ordinary skill in the pertinent art through such material (Sealed Affidavit, ¶¶ 2 and 3, Exhibit 1).

At least paragraphs 4, 7 and 13 of Mr. DeWalch's sealed affidavit and paragraph 4 of Mr. DeWalch's supplemental affidavit include opinions of Mr. DeWalch, not statements of fact based on his personal knowledge.  In particular, paragraph 7 of the sealed affidavit includes the words "in my opinion", and paragraphs 4 of the supplemental affidavit, include the words "[i]t is my opinion that".

Having set the foundation with Mr. DeWalch's background, it is clear that the above cited testimony is not testimony under Rule 701 of the Federal Rules of Evidence since the testimony is clearly based on alleged specialized knowledge of Mr. DeWalch. Rule 701 permits opinion testimony of a lay witness only where the testimony is not based on scientific, technical, or other specialized knowledge.

Federal Rule of Evidence 702 provides that opinion testimony of a qualified scientific or technical expert may be used as evidence under certain conditions.  The testimony submitted by Mr. DeWalch in paragraphs 4, 7 and 13 of Mr. DeWalch's sealed affidavit and paragraph 4 of Mr. DeWalch's supplemental affidavit is clearly expert testimony under Fed.R.Evid., Rule 702.

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure states that "a party shall disclose to other parties the identity of any [expert] who may be used at trial to present evidence"  Subsection (B) of Rule 26(a)(2) includes specific requirements regarding the report that must be provided to the other parties, and subsection (C) of the rule provides that the disclosures <u>shall be made at the times and in the sequence directed by the court</u>. See *Miller v. Phillips Bryant Park*, 2005 U.S. Dist. LEXIS 15729 (S.D.N.Y. 2005) (excluding the use of an expert at trial that was never designated as an expert in

compliance with Rule 26(a)(2)); *Spencer v. Steinman*, 42 Fed.R.Serv.3d 124 (E.D.Pa. 1998) (granting motion to exclude expert witness that was not designated by expert designation deadline set by the court); *Rebolledo v. Herr-Voss Corporation*, 101 F.Supp.2d 1034 (granting motion to strike testimony of experts where no designation was made and no expert report was provided in compliance with Rule 26(a)(2). As the district court stated in *Parker v. Central Kansas Medical Center*, 178 F.Supp. 2d 1205 (D.Ka. 2001):

> Rule 26(a)(2) requires each party to disclose the identity of its expert witnesses and produce an expert report for each expert witness. In this case, the time for expert disclosures was set by the court. Plaintiff did not disclose Dr. Fieser as an expert witness. Therefore, as plaintiff's treating physician, Dr. Feieser may not provide expert testimony ..

Id, 178 F.Supp.2d at 1210. See also, *Hochen v. Bobst Group, Inc.*, 290 F.3d 446, 450, 451 (1st Cir. 2002) (agreeing that a party's failure to designate certain subject matter in an expert report barred that party's reliance on the excluded subject matter at trial).

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that a party who without substantial justification fails to disclose such an expert designation shall be barred from relying on the testimony at trial, at a hearing or on a motion. Binz DeWalch is the President and Chairman of the Board of DeWalch Technologies, Inc., and as such has clearly been known to defendant's counsel as a potential expert witness well prior to April 24, 2006, the deadline for Rule 26(a)(2) expert disclosures. The proffered opinion testimony of Mr. DeWalch is directed to the merits of defendant's position in the action, and admittance of such opinion testimony would therefore be harmful and prejudicial to plaintiff.

Presenting Mr. DeWalch as an expert for the first time upon the filing of the briefs on May 19, 2006 is absolutely inconsistent with the safeguards provided by Rule 26(a)(2). Defendant's effort to submit expert testimony of Mr. Binz DeWalch at the eleventh hour, therefore, must be denied. *Carson Harbor Village, Ltd. v. Unocal Corporation*, 2003 U.S. Dist. LEXIS 14438, 14445 ("Excluding expert evidence as a sanction for failure to disclose expert witnesses in a timely fashion is automatic and mandatory unless a party can show the violation is either justified or harmless"). Plaintiff should not be subject to such an ambush and Mr. DeWalch's testimony should be stricken because defendant never identified Mr. DeWalch as an expert in compliance with Fed.R.Civ.P., Rule 26(a)(2).

Plaintiff, Inner - Tite Corp. requests that the court grant the present motion to exclude the opinion testimony of Binz DeWalch in paragraphs 4, 7 and 13 of Mr. DeWalch's sealed affidavit and paragraph 4 of Mr. DeWalch's supplemental affidavit.

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff's attorneys,

\_\_/s/ William E. Hilton_____

Dated: June 26, 2006

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on June 26, 2006 by First Class Mail.

    /s/William E. Hilton
William E. Hilton