IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 04-40219 FDS |
| | § | |
| DEWALCH TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Denise W. DeFranco BBO# 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1202

Peter E. Mims
Texas Bar No. 14173275
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, TX 77002-6760
713-758-2732

ATTORNEYS FOR DEFENDANT,
DEWALCH TECHNOLOGIES, INC.

**Table of Contents**

Table of Authorities ...................................................................................................................ii

I.      Summary ..........................................................................................................................1

II.     Contrary to Plaintiff's Unreliable Drawings, the ProLock Products Do Not Move "In or Through the Space That Separates" the First and Second Flanges. .............................2

III.    No Literal Infringement ..................................................................................................3

   A.    Plaintiff's Latest Claim Construction Renders Meaningless its Prior Claim Construction of the Term "Between." ...........................................................................3

   B.    The Clamping Member Does Not Move Between the First and Second Flanges. ........5

IV.    The ProLock Products Do Not Infringe Under the Doctrine of Equivalents. ..............5

   A.    Prosecution History Estoppel Applies in the Present Case. ..........................................6

   B.    The Plaintiff's Doctrine of Equivalent Analysis Vitiates the "Movement Between" Claim Limitation. ..............................................................................................................8

   C.    The ProLock Products Work in a Substantially Different Way ..............................11

V.      Conclusion .....................................................................................................................12

## Table of Authorities

**Cases**

**Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.,**

  757 F.2d 255, 260 (Fed Cir. 1985)..................................................................................6

**Cybor Corp. v. FAS Technologies, Inc.,**

  138 F.3d 1448, 1454 (Fed Cir. 1998)...............................................................................7

**Ericsson, Inc. v. Harris Corporation,**

  352 F.3d 1369 (Fed. Cir. 2003)......................................................................................10

**Ethicon Endo-Surgery v. U.S. Surgical Corp.,**

  149 F.3d 1309, 1321 (Fed. Cir. 1998) ..................................................................... 10, 11

**Freedman Seating Co. v. American Seating Co.,**

  420 F.3d 1350, 1358 (Fed. Cir. 2005) ............................................................................6

**Haynes v. Jessop,**

  8 F.3d 1573 (Fed Cir. 1993)............................................................................................7

**Holmes Group, Inc. v. RPS Products, Inc.,**

  2006 U.S. Dist. LEXIS 13737 (D. Mass. 2996)...........................................................11

**Lemelson v. General Mills, Inc.,**

  968 F.2d 1202, 1208 (Fed Cir. 1992 ...............................................................................8

**Lockheed Martin Corp. v. Space Systems/ Loral, Inc.**

  324 F.3d 1308, 1321 (Fed. Cir.2003) .............................................................................6

**Loctite Corp. v. Ultraseal Ltd.,**

  781 F.2d 861 (Fed Cir. 1985).........................................................................................6

**Southwall Techs v. Cardinal IG Co.,**

  54 F.3d 1570, 1579 (Fed. Cir. 1995)...............................................................................8

**Warner-Jenkinson,**

   **520 U.S. 17, 19 (1997)** ............................................................................................................6

**Wolverine World Wide, Inc. v. Nike Inc.,**

   **38 F.3d 1192, 1199 (Fed Cir. 1994)** .......................................................................................5

**Wright Medical Technology, Inc. v. Osteonics Corporation,**

   **122 F.3d 1440 (Fed. Cir. 1997)** ............................................................................................10

**I.       Summary**

DeWalch's ProLock Products do not infringe the claim limitation "a jaw mechanically interengaged with and carried by said bracket for <u>movement between</u> said first and second flanges." As can be seen from the photographs of the ProLock Products and an examination of the ProLock Products themselves, no part of the clamping member enters or crosses into the wedge-shaped space between the first and second flanges.

The Court should reject Plaintiff's latest arguments that the phrase "movement between" refers merely to how the jaw is mounted, and that the "force exerting means"[1] claim limitation should be construed as the only limitation regarding movement of the jaw. <u>Plaintiff's Opposition</u>, at 1. In this regard, Plaintiff argues erroneously that the disputed claim limitation should be construed to mean "movement with respect to" the first and second flanges, <u>Plaintiff's Opposition</u>, at 5. First, the "movement between" limitation plainly sets forth where the jaw moves. Second, the "force exerting means" limitation does not even use the word "movement" and at most indicates the direction of the movement between the flanges. In the prosecution history, to distinguish a prior art device that had a structure that was merely "between" the two flanges, the patentee emphasized the words "<u>movement between</u>" in the disputed claim limitation, going so far as to underscore both words together in patentee's argument to the Patent Office. The Court should reject the Plaintiff's attempt to separate the word "movement" from "between." As no part of the clamping member of the ProLock Products "moves" in the wedge-shaped space "between" the first and second flanges, the ProLock Products do not literally infringe the disputed claim limitation.

---

[1] The "force exerting means" limitation covers the lever, and not the clamping member, of the ProLock Product.

Plaintiff's response regarding the application of the doctrine of equivalents to the "movement between" limitation also ignores the word "between." The weakness of Plaintiff's argument regarding the "movement between" limitation in the function-way-result test is evident in Plaintiff's silence regarding the "between" limitation: Plaintiff argues that any clamping member that is interengaged and carried with the mounting bracket for "movement toward" the side wall is the equivalent of "movement between." See Plaintiff's Opposition, 13 ("way" is a "rigid element" that is "moveable toward the side wall of the meter box"). The word "between" is simply not addressed. All of the structure disclosed in the '691 Patent, however, features a jaw that is <u>between</u> the first and second flanges, and not a jaw that moves solely outside of the space between the first and second flanges. As a result, the ProLock Products operate in a substantially different way than the '691 Patent.

## II. Contrary to Plaintiff's Unreliable Drawings, the ProLock Products Do Not Move "In or Through the Space That Separates" the First and Second Flanges.

In response to Defendant's Motion, Plaintiff relies heavily on the evidence of the Affidavit of Robert E. Rafferty (ECF No. 36) (hereafter "Rafferty Affidavit"). As explained in Defendant's Motion to Strike Drawings of ProLock Products and Related Statements in Declaration of Rafferty, the Rafferty Affidavit does not accurately and reliably describe the operation of the ProLock Products, and should be stricken as it contradicts the actual operation of the ProLock Products. The drawings on page 2 of Plaintiff's Opposition are misleading. Specifically, the drawings omit the lever from the ProLock Products, and then purport to show the clamping member "encroach[ing] at least partially into the space that separates the first and second flanges, and is therefore carried by the bracket for movement between the flanges." See Plaintiff's Opposition, at 2. First, it is not possible for the clamping member to touch the second flange of the mounting bracket because the lever is in between the clamping member and the

2

second flange. See Supplemental Declaration of Binz DeWalch, ¶ 11 (hereafter "Supplemental Declaration"). Second, as can be seen in the photographs of the Products, see Supplemental Declaration, ¶ 8, the clamping member of the ProLock Products never enters or crosses into the wedge-shaped space between the first and second flanges. see Supplemental Declaration, ¶ 8. Finally, although Plaintiff makes much about the Defendant's discussions of how the various parts of the clamping member operate, every part of the clamping member – and consequently the clamping member as a whole – remains outside of the wedge-shaped space between the first and second flanges. This Court should disregard the drawings of Rafferty as unreliable and rely solely on the operation of the actual ProLock Products.

### III.   No Literal Infringement

#### A.   Plaintiff's Latest Claim Construction Renders Meaningless its Prior Claim Construction of the Term "Between."

Plaintiff's attempts to read out the limitation "between" contradicts the claim construction for the word "between" that Plaintiff provided first in its Motion for Partial Summary Judgment filed on February 7, 2005 (ECF Nos. 10 & 11), and its pending Motion for Summary Judgment for Patent Infringement (ECF Nos. 33 & 34). See Plaintiff's Memorandum, at 8. In connection with these previously filed Motions, Plaintiff asserted the proper claim construction for the term "between" is "in or through the space that separates." Defendants advanced the same claim construction in its Motion for Summary Judgment. See Defendant's Memorandum, at 1. Recognizing that the ProLock Products do not move between the first and second flanges, Plaintiff now seeks to retreat from its prior claim construction.

Plaintiff now offers the exceedingly strained argument that the "movement between" language does not refer to "movement," but rather to how the jaw is "mounted." Plaintiff's

3

Opposition, at 1.  First, this convoluted argument ignores the ordinary meaning of the disputed claim limitation.  The disputed claim limitation plainly requires the jaw move between the first and second flange, or in the words of Plaintiff's claim construction, "in or through the space that separates," the first and second flanges of the mounting bracket.  The jaw must be interengaged with and carried by the bracket "for <u>movement between</u> said first and second flanges," and, not, for example, as implicitly suggested by Plaintiff, for "movement" <u>outside</u> "said first and second flanges."  The presence of the phrase "movement between" in the claim limitation explicitly and necessarily requires that jaw not only "move," but move "between" the first and second flanges.

Plaintiff's novel argument that "[m]ovement during clamping is described later in the claim as being 'towards said first flange to thereby clamp said sidewall therebetween,'" Plaintiff's Opposition, at 1, overstates the scope of the "force exerting means" limitation.  The actual limitation – "a force exerting means for urging the jaw towards said first flange to thereby clamp said sidewall therebetween," – only indicates the <u>direction</u> of the movement of the jaw, and is entirely consistent with "movement between" limitation.

Plaintiff also ignores the fact that in the prosecution history, to distinguish a prior art device that had a structure that was merely "between" the two flanges, the patentee emphasized the words "<u>movement between</u>" in the disputed claim limitation.  It was the patentee that underscored these two words together in the prosecution history.  The Court should reject Plaintiff's attempt to separate the word "movement" from "between," and should construe the "movement between" limitation to require the jaw to move "in or through the space that separates" the first and second flanges.

4

**B.     The Clamping Member Does Not Move Between the First and Second Flanges.**

As shown in evidence filed in connection with Defendant's Motion and Defendant's Response to Plaintiff's Motion for Summary Judgment, the clamping member of each of the ProLock Products does not move between the first and second flanges. The meaning of between is "in or through the space that separates." The space that separates the first and second flanges is a wedge-shaped space that no part of the clamping member ever enters. See Defendant's Memorandum, at 5 (drawings showing orange wedge-shaped space). The clamping member of each of the ProLock Products never enter or cross into the wedge-shaped space between the first and second flanges. See Supplemental Declaration, ¶ 8. The photographs provided by the Defendant, see Supplemental Declaration, ¶¶ 8 & 11, show that the clamping member of the ProLock Products remains outside of the wedge-shaped space between the first and second flanges.

When any express claim limitation is absent from accused product, as the limitation "movement between said first and second flanges" is absent from the ProLock Products, there can be no literal infringement as a matter law. Wolverine World Wide, Inc. v. Nike Inc., 38 F.3d 1192, 1199 (Fed Cir. 1994). The ProLock Products do not literally infringe the disputed claim language and therefore as a matter of law they do not infringe the '691 Patent.

**IV.    The ProLock Products Do Not Infringe Under the Doctrine of Equivalents.**

There is no basis for a finding that either of the ProLock Products has an structure equivalent to a jaw that moves "between the first and second flanges." The law is clear that the patentee must prove equivalency on an element-by-element basis. "Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the

5

doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." See Warner-Jenkinson, 520 U.S. 17, 19 (1997). "It is important to ensure that the application of the doctrine of equivalents even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety." Freedman Seating Co. v. American Seating Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing Lockheed Martin Corp. v. Space Systems/ Loral, Inc. 324 F.3d 1308, 1321 (Fed. Cir.2003).

### A.  Prosecution History Estoppel Applies in the Present Case.

The doctrine of prosecution history estoppel prevents a patentee from recapturing through equivalence subject matter surrendered during prosecution. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861 (Fed Cir. 1985). An amendment to the claim being asserted is not necessary in order to create prosecution history estoppel. Builders Concrete, Inc. v. Bremerton Concrete Prods. Co., 757 F.2d 255, 260 (Fed Cir. 1985). To the contrary, prosecution history estoppel "may arise from matter surrendered as a result of amendments to overcome patentability rejections, or as a result of argument to secure allowance of a claim." (emphasis added) Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, 1454 (Fed Cir. 1998); *See also* Haynes v. Jessop, 8 F.3d 1573 (Fed Cir. 1993).

In this case, prosecution history estoppel arises because of an argument made by the patentee to secure allowance of claim 1. During prosecution, the patent examiner issued an Office Action on May 5, 2002 (attached as Exhibit 4 to the Declaration of Binz DeWalch (hereafter "Declaration") rejecting claim 1 for obviousness over a combination of the Nielsen '811 patent (copy as Exhibit 6 to the Declaration) and the Nielsen '829 patent (copy attached as Exhibit 7 to the Declaration). The Examiner concluded that it would have been obvious to one of ordinary skill in the art "to provide the lock of Nielsen 811 with a jaw mechanically

6

interengaged with and carried by a bracket as taught by Nielsen 829, in order to more securely clamp the bracket to the box side wall." *Id.*

The patentee responded to the rejection by arguing that the component 56 in Nielsen '829 was different from a jaw mounted for <u>movement between</u> flanges of a bracket. The patentee wrote of the prior art: "It certainly would not serve as a jaw mounted for <u>movement between</u> the flanges." <u>Declaration</u>, <u>Exhibit 8</u>, at 3 (emphasis in original). By argument, the patentee distinguished structures that are not mounted for <u>movement between</u> the flanges from the claimed jaw element. As a matter of law, Plaintiff is now estopped from asserting that any structure not literally mounted for <u>movement between</u> the flanges might be an equivalent.

Plaintiff notes correctly that the patentee *could have* distinguished the prior art of Nielsen from the '691 Patent on a narrower basis by arguing to the Examiner that Nielsen did not satisfy the "movement" limitation of the '691 Patent. Patentee chose a broader disclaimer, however, directing the examiner to limit anticipatory prior art to that disclosing <u>movement between</u>. The public is entitled to rely on the record of how the patentee *actually* distinguished from the prior art, and in this case the record is clear: the patentee explicitly stated that the '691 patent is distinguished from any device not literally satisfying the <u>movement between</u> limitation.

The range of equivalents surrendered by a patentee distinguishing claims over the prior art is not limited to the subject matter necessary to establish the distinction, but rather to that subject matter which the patentee explicitly disclaims. <u>Southwall Techs v. Cardinal IG Co.</u>, 54 F.3d 1570, 1579 (Fed. Cir. 1995). In *Southwall*, the plaintiff patentee in an infringement suit argued that defendant's two-step process infringed by equivalents the one-step process claimed in its patent. During prosecution, however, the patentee had distinguished a prior art reference, Franz, not by relying on the exact method in Franz, but by emphasizing that Franz showed a

7

multi-step process whereas patentee claimed a one-step process. Affirming summary judgment of noninfringement, the Federal Circuit held that as a matter of law the broad disclaimer of prior art estopped a greater range of equivalents than that strictly necessary to distinguish the prior art and that the patentee had consequently disclaimed as equivalents all multi-step processes. The court reasoned, "Other players in the market place are entitled to rely on the record made in the Patent Office in determining the meaning and scope of the patent." *Southwall* at 1581 (quoting Lemelson v. General Mills, Inc., 968 F.2d 1202, 1208 (Fed Cir. 1992)). Because the patentee has explicitly distinguished the combination on the basis of its failure to fall within the "movement between" limitation, the range of equivalents permissible under the doctrine of equivalents also excludes any device not literally infringing the limiting language "movement between." DeWalch is entitled to rely on the record in the Patent Office, and as a matter of law, the patentee is now estopped from asserting that any structure that is not mounted for "movement between" the two flanges might be an equivalent.

### B. The Plaintiff's Doctrine of Equivalent Analysis Vitiates the "Movement Between" Claim Limitation.

The doctrine of claim vitiation also precludes a finding of infringement under the doctrine of equivalence. In Plaintiff's analysis of the function, way and result, see Opposition, 12 –13, the Plaintiff never mentions the word "between" or attempts to analyze the function, way and result of the "movement between" limitation. Most tellingly, in the "way" analysis on page 13 of the Opposition, Plaintiff describes the way of the disputed limitation as follows: "The way (or structure) by which this function is achieved is by a rigid element that attaches to the bracket and is movable toward the side wall of the meter box." Id. (emphasis added). Plaintiff then describes the ProLock Products as having a "rigid element that attaches to the bracket and is moveable toward the side wall of the meter box." Plaintiff's analysis renders the word

8

"between" meaningless in the disputed claim limitation. In essence, Plaintiff is asserting that a jaw that is interegaged and carried by the mounting bracket for movement toward the first flange – even if the jaw moves "outside" or "around" the first and second flange –infringes claim 1. This argument vitiates the simple structural claim limitation of "movement between," and is completely inconsistent with the public notice function of patent claims. The function of the "movement between" limitation in the disputed claim limitation is to ensure that the jaw moves <u>between</u> the first and second flanges so that the jaw grips the side wall of the meter box opposite the first flange between the first and second flanges. The result achieved by the jaw is to secure the bracket to the meter box side wall using a force exerting means that moves the jaw towards the first flange <u>between</u> the first and second flange.

The two new cases cited by Plaintiff do not support Plaintiff's attempt to read the "movement between" limitation out of the claim. In <u>Wright Medical Technology, Inc. v. Osteonics Corporation</u>, 122 F.3d 1440 (Fed. Cir. 1997), the Federal Circuit reversed a summary judgment in favor of the defendant, holding the plaintiff had raised a fact issue that required a trial. Plaintiffs ignore that part of the opinion that describes the evidence offered by Plaintiff as showing only a subtle difference in the degree of the extension through the femur. See <u>Ethicon Endo-Surgery v. U.S. Surgical Corp.</u>, 149 F.3d 1309, 1321 (Fed. Cir. 1998) (explaining equivalence when a "subtle difference in degree" and no equivalence when "a clear substantial difference or difference in kind"). Specifically, the patentee in <u>Wright Medical</u> did not argue that the rod did not extend through the femur, but that it did not extend "all the way through." <u>Wright Medical</u>, at 1445.

The second case cited by Plaintiff, <u>Ericsson, Inc. v. Harris Corporation</u>, 352 F.3d 1369 (Fed. Cir. 2003), also does not support Plaintiff's attempt to ignore the "movement between"

9

limitation.  In Ericsson, the Federal Circuit reversed a motion for JMOL of noninfringement entered by the trial court and entered judgment based on a jury verdict of infringement under the doctrine of equivalents because the doctrine of claim vitiation was inapplicable once the facts were properly understood.  The claim limitation at issue was "the speech signal amplifiers, which require power, only supply power to the telephone set when the receiver is off the cradle and a call can be made."  Id. at 1372 (emphasis added). The defendant asserted that the "only supply power" limitation was vitiated because the defendant claimed the evidence showed that the speech signal amplifiers supply "some power" to the telephone set in the on-hook position.  Id. The defendant and the trial court cited testimony that there are three transistors that "always supply a small amount of power to the subscriber line in order to prevent corrosion and also to supply power to enable the on-hook functions such as caller-ID."  The Federal Circuit relied on contrary evidence to avoid any claim vitiation.  The Federal Circuit noted that the "only supply power" limitation refers to power supplied by the speech signal amplifiers.  The Federal Circuit pointed out that there was evidence that the transistors at issue that supplied the power were instead part of the control circuitry, which was separate from the speech signal amplifier circuitry.  Because the power at issue was not supplied by the speech signal amplifier, the Federal Circuit held the jury finding of infringement under the doctrine of equivalents  did not vitiate the 'only supply power' limitation.  Id. at 1375.

     Plaintiff's focus on the "substantiality of the differences" avoids addressing the principle in Ethicon Endo-Surgery that an accused structure that is different in kind cannot infringe under the doctrine of equivalents.  This Court's ruling in Holmes Group, Inc. v. RPS Products, Inc., 2006 U.S. Dist. LEXIS 13737 (D. Mass. 2996) regarding one of the contested claim limitations is consistent with this analysis.  In Holmes Group, this Court applied the claim vitiation doctrine

to reject an argument by a patentee regarding a filter assembly that included a claim limitation that the hanger be coupled to the "top wall" of the frame for the filter. The Court construed this limitation to cover a assembly with a hanger "that is coupled to the top wall of the frame, *or* to the top wall and the lip, *but not* solely to the lip." Id. at *37 (italics in original). The Court refused to find an accused filter that was solely coupled to the lip to infringe under the doctrine of equivalents. The Court held that if it were "to conclude that [the accused filter assemblies] -- which were coupled to the lip -- had the equivalent of hangers coupled to the 'top wall,' it would vitiate the element that the hanger be coupled to the top wall." Id. at *43. This "difference in kind" is also present in the present case as the ProLock Products are "solely" outside the first and second flanges, and do not enter into the space between the first and second flanges.

C. **The ProLock Products Work in a Substantially Different Way.**

As noted above, Plaintiff's response regarding the application of the doctrine of equivalents to the "movement between" limitation ignores the word "between." The function of the "movement between" limitation is to ensure that at least a substantial part of the jaw moves between the two flanges, thereby to clamp directly opposite the first flange. All of the structures disclosed in the '691 Patent feature a jaw that is between the first and second flanges.

The application of the function-way-result test to the clamping member of the ProLock Products shows the ProLock Products work in a substantially different way than the claimed invention of the '691 Patent. Because the clamping member of the ProLock Products moves outside the flanges, the front edges of the side panels of the clamping member contact the inside wall of the utility box <u>outside the width of the first flange</u>, placing the side wall of the meter box in sheer and bending, rather than compression. Thus, the ProLock Products clamps the utility box in a substantially different way than the claimed invention as it does not clamp between the

11

first and second flanges. Neither the lower panel of the ProLock Product 1 nor the secondary engagement tabs of the ProLock Product 2 clamp; instead they are urged into abutment with the side wall in the event that an effort is made to pry open the utility box;  Moreover, the lower panel of the ProLock Product 1 and the secondary engagement tabs of the ProLock Product 2 never enter into the space between the first and second flanges. The operation of the ProLock Products as described above is the same on numerous different brands of utility boxes. <u>See Supplemental Declaration</u>, ¶¶ 4-7, and <u>Third Declaration of Binz DeWalch</u>, ¶¶ 1 – 14. Therefore, the clamping members of the ProLock Products are not equivalents of "a jaw mechanically interengaged with and carried by said bracket for <u>movement between</u> said first and second flanges."

## V.     Conclusion

Based on the foregoing, Defendant DeWalch Technologies hereby prays that the Court enter an Order from the Court that the ProLock Products do not infringe the '691 Patent either literally or under the doctrine of equivalents.




                                                    Respectfully Submitted,

                                                    DEWALCH TECHNOLOGIES, INC.

By its attorneys,

/s/ Denise W. DeFranco
_____
Denise W. DeFranco BBO# 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
(617) 832-1202

Peter E. Mims
Texas Bar No. 14173275
David K. Wooten
Texas Bar No. 24033477
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, TX 77002-6760
713-758-2732

Dated: June 30, 2006

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copes will be sent to those indicated as non-registered participants on the NEF.

                                           /s/ Denise W. DeFranco
                                            Denise W. DeFranco