IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 04-40219 FDS |
| | § | |
| DEWALCH TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OPINION TESTIMONY OF BINZ DEWALCH

Defendant, DeWalch Technologies, Inc. ("DeWalch") files this its Defendant's Memorandum in Response to Plaintiff's Motion to Strike Opinion Testimony of Binz DeWalch and would show unto the Court as follows:

I.

FACTUAL BACKGROUND

Binz DeWalch's Declaration and Supplemental Declaration provide factual testimony as to the components and operation of the accused ProLock Products. Specifically, Binz DeWalch provides evidence through his sworn testimony and the attached photographs in the two declarations regarding the ProLock Products and how the ProLock Products actually operate.

Plaintiff's sole basis for its Motion to Strike is that Defendant did not designate Mr. DeWalch as an expert either on or before April 24, 2006 (the date for designating experts) or May 23, 2006 (the date for designating rebuttal experts).[1]  Both of these dates, however, occurred under the parties had settled their dispute pursuant to a settlement agreement pursuant to which the parties agreed to file a Stipulation to narrow the issues to a single issue and to submit

---

[1] Plaintiff's Motion to Strike Opinion Testimony of Binz DeWalch is vague as to the testimony it seeks to strike. The only testimony specifically identified in the Motion as objectionable is testimony prefaced with the words "in my opinion," or "it is my opinion that."  Plaintiff has no basis for objecting to any factual testimony offered by Mr. DeWalch in his declarations.

1

this single issue to the Court through cross-motions for summary judgment. The Defendant also understood the settlement agreement to end all discovery in the present case and to narrow the case to the cross-motions to be filed in this case. Certainly, the filing of cross-motions includes the filing of Declarations in support.

At the status conference on March 30, 2006, the parties notified the Court that the parties had reached a settlement except as to one issue, and that the parties wished to submit this single issue to the court on cross-motions for summary judgment. The parties requested the Court enter a briefing schedule for the dispositive cross motions for summary judgment, and the Court did so at the March 30, 2006 conference.  (The date of the first filing was delayed until late May so to allow the parties to complete the memorialization of the settlement agreement.)

On April 9, 2006, the parties submitted their Stipulation Concerning Agreement to Narrow Issues. This Stipulation read as follows:

> Plaintiff, Inner-Tite Corp., and defendant, DeWalch Technologies, Inc., by their respective counsel, hereby stipulate to narrowing the issues in the above referenced action to the single issue of whether either or both of the ProLock Products identified in the Settlement Agreement executed April 9, 2006 and more specifically described in the confidential DeWalch Drawing Numbers 601049-1, 601049-2, 601050, and 601051 and by the ProLock Products themselves in the present action include "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" as claimed in claim 1 of U.S. Patent No. 6,763,691 either literally or under the doctrine of equivalents.

Stipulation Concerning Agreement to Narrow Issues, (ECF No. 31).

On May 19, 2006, both parties filed their motions for summary judgment regarding infringement, an issue on which Inner-Tite has the burden of proof. Inner-Tite did not designate Mr. Robert Rafferty as a testifying expert on April 24 2006; however, on May 19, 2006, Inner-Tite filed the Affidavit of Mr. Robert E. Rafferty, which included drawings of the Defendant's ProLock Products based on measurements of the ProLock Products and the use of computer programs. Through these drawings created by Mr. Rafferty – hardly the work of a lay person –

Mr. Rafferty's Affidavit offered expert opinion about how the ProLock Products operated albeit inaccurately. The Defendants have filed a Motion to Strike the drawings produced by Mr. Rafferty as unreliable and inaccurate, but not because he was never designated as an expert by the Plaintiff prior to April 24, 2006.

II.

PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED

    A.    <u>Binz DeWalch Is a Fact Witness</u>.

Plaintiff's Motion to Strike should be denied because Binz DeWalch is a fact witness. An examination of his Declaration shows that his Declaration provides factual testimony as to the components and operation of the ProLock Products. Specifically, Binz DeWalch provides evidence through his sworn testimony and the photographs of the ProLock Products as to how the ProLock Products actually operate. He also explains the drawings attached to his Declaration. To be sure, DeWalch is an expert in his field, but he has been offered here as a fact witness.

    B.    <u>Rule 26(a)(2) Is Only Applicable to Trial Testimony and not to Summary Judgment Proof</u>.

Plaintiff's Motion to Strike should be denied because Plaintiff's reliance on Rule 26(a)(2) as a basis for striking any expert opinions in the Declaration and Supplemental Declaration of Binz DeWalch is misplaced. Rule 26 addresses the disclosure of the identity of any person who may be used <u>at trial</u> to present evidence, and not in a motion for summary judgment. Rule 26(a)(2)(A) reads as follows: "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used <u>at trial</u> to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." Fed. R. Civ. Pro. 26(a)(2)(A) (emphasis added). As a result, Plaintiff has no basis to invoke Rule 26(a)(2) and

3

request the remedy of not permitting Defendant to use any purported expert testimony in the Declaration and the Supplemental Declaration.

  C. <u>There is No Prejudice in the Failure to Designate Binz DeWalch as an Expert</u>.

Even if Rule 26(a)(2) applied, which it does not, and even if Binz DeWalch offered expert testimony, Plaintiff has not been prejudiced by this failure to serve a paper designating Binz DeWalch as a testifying expert. Defendant identified Mr. DeWalch as a fact witnesses in Defendant's initial disclosures. More importantly, Plaintiff has had the opportunity to respond to DeWalch's testimony with Plaintiff's own expert testimony in response.

  D. <u>The Plaintiff Failed to Designate Mr. Rafferty as a Testifying Expert</u>.

Finally, not only is Plaintiff's motion unfounded based on the Rules, Plaintiff's motion to strike is inconsistent with Plaintiff's own actions in offering the expert testimony of Rafferty without designating Mr. Rafferty as a testifying expert. No ordinary lay person could measure the parts of the ProLock Product, prepare technical drawings without expert knowledge, and provide opinions regarding the operations of the devices shown in the drawings included in Rafferty's Affidavit. <u>See</u> <u>Affidavit of Robert E. Rafferty</u>, ¶ 2. Plaintiff's own actions show that there was nothing improper about Defendant's offering of the Declaration and the Supplemental Declaration of Binz DeWalch. Accordingly, this Court should deny Plaintiff's Motion to Strike any opinion testimony of Binz DeWalch. Alternatively, if this Court finds that any such testimony of Binz DeWalch should be stricken, this Court should also strike any opinion testimony of Robert Rafferty on the same grounds as Plaintiff failed to designate Mr. Rafferty as an expert witness pursuant to the docket control order.

Defendant, DeWalch Technologies, respectfully requests that the Court deny the Plaintiff's Motion to Strike the Opinion Testimony of Binz DeWalch. Alternatively, in the event that this Court rules that the expert designations were still applicable to the parties, then

Defendant respectfully requests that the Court strike any expert opinion testimony in the Declaration of Robert E. Rafferty based on Plaintiff's failure to designate Mr. Rafferty as an expert in compliance with the docket control order.

                Respectfully Submitted,

                DEWALCH TECHNOLOGIES, INC.
                By its attorneys,

                  /s/ Denise W. DeFranco
                ────────────────────

                Denise W. DeFranco BBO# 558859
                FOLEY HOAG LLP
                Seaport World Trade Center West
                155 Seaport Boulevard
                Boston, Massachusetts 02210-2600
                (617) 832-1202

                Peter E. Mims
                Texas Bar No. 14173275
                David K. Wooten
                Texas Bar No. 24033477
                VINSON & ELKINS, L.L.P.
                2300 First City Tower
                1001 Fannin Street
                Houston, TX 77002-6760
                713-758-2732

Dated: July 10, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copes will be sent to those indicated as non-registered participants on the NEF.

/s/ Denise W. DeFranco
_____
Denise W. DeFranco