IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORPORATION, | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No.<br>04-40219-FDS |
| DEWALCH TECHNOLOGIES, INC., | § § § § | |
| Defendant | | |

# DEFENDANT DEWALCH'S MEMORANDUM IN SUPPORT OF DEFENDANT DEWALCH'S MOTION TO CONTINUE DISCOVERY AND EXTEND PRETRIAL CONFERENCE

Dated: October 17, 2007

Peter Mims (Texas Bar No. 14173275)
Admitted *pro hac vice*
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

Denise W. DeFranco (BBO 558859)
E-Mail: denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

ATTORNEYS FOR DEFENDANT, DEWALCH TECHNOLOGIES, INC.

1. **Procedural History**

    Plaintiff Inner-Tite Corporation (Inner-Tite) filed the above-entitled action against Defendant DeWalch Technologies, Inc. (DeWalch) on October 27, 2004. *Docket No. 1.* At a Status Conference held December 9, 2005, the Court ordered fact discovery to be completed by March 28, 2006, expert designations by April 24, 2006, expert depositions by July 3, 2006, and rebuttal experts designations by May 23, 2006. At a Status Conference held March 30, 2006, the parties informed the Court that they had settled all but one claim and agreed that the parties would file a joint stipulation as to the settled claims, with motions regarding the unresolved issue to be filed by May 19, 2006. DeWalch and Inner-Tite accordingly narrowed the issues by stipulation filed April 19, 2006, so that the sole remaining issue is whether DeWalch's ProLock products include "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" as claimed in claim 1 of U.S. Patent No. 6,763,691 (the '691 Patent) either literally or under the doctrine of equivalents. *Docket No. 31.*

    The parties filed cross motions for summary judgment on May 19, 2006. In moving for summary judgment, Inner-Tite relied on the Affidavit of Robert E. Rafferty (the Rafferty Affidavit). The Rafferty Affidavit included several drawings (the Rafferty Drawings) that purported to be "true and accurate representations" of the ProLock 1 and 2 products. *Docket No. 36, p. 2.* DeWalch moved to strike the affidavit and drawings, contending the drawings "do not accurately depict the operation of the ProLock Products 1 and 2." *Docket No. 44, p. 1.* By its order of August 31, 2007, the Court declined to strike the Rafferty Affidavit, and instead denied both parties' motions for summary judgment on the basis that a factual dispute exists between the parties as to how the ProLock Products operate. *Docket No. 70.* Significant to that dispute was the disparity between the Rafferty Affidavit and the Rafferty Drawings on the one hand and DeWalch's own account of the operation of their product on the other: "The devices shown in

1

drawings attached to the Rafferty Affidavit, however, do not reflect the true operation of the ProLock Products, and thus the parties are offering conflicting evidence that could preclude summary judgment." *Id. at p. 8*, quoting Defs.' Opp. Summ. J. at 1. The Court acknowledged that contradictory affidavits, drawings, and other evidence created "a genuine issue of material fact exists as to whether the accused products possess a jaw that is mechanically interengaged with and carried by a bracket for movement between the flanges." *Id. at p. 11*.

DeWalch requests that discovery be continued for two very limited purposes, both critical to resolving the remaining issue of material fact in this case:

    A.    DeWalch needs to depose Robert E. Rafferty and obtain production of the computer files and other documents related to the creation of the Rafferty Drawings.

    B.    DeWalch needs to depose John E. Stachowiak, Jr., the inventor of the ProLock Products.

As to both of these purposes, DeWalch has good cause: the only reason that discovery on these two issues was not completed during the time prescribed by the Court is that both subjects arose and became known to DeWalch *after* the close of fact discovery on March 28, 2006.

**2. Applicable Law**

Local Rule 40.3(a) requires a showing of good cause to continue discovery. A party who moves to continue discovery must specify the date of pretrial conference and the number of times, if any, that a continuance has been requested. Local Rule 40.3(b). In its discretion, the court may grant a motion to continue discovery at any time as long as the failure to complete discovery was not the result of inexcusable neglect. F.R.C.P. 6(b).

2

### 3. DeWalch has Good Cause to Continue Discovery

Pretrial conference in this action is scheduled for October 31, 2007. Defendant DeWalch's Motion to Continue Discovery and Extend Pretrial Conference is its first request for a continuance, and is submitted so that DeWalch might be allowed to conduct limited discovery regarding the remaining issue of material fact in this case before pretrial conference.

#### A. DeWalch has Good Cause to Depose Robert E. Rafferty and Obtain Production of His Computer Files

The Rafferty Affidavit and the Rafferty Drawings were filed with the Court on May 19, 2006, after the close of fact discovery. Only at that time did DeWalch become aware of the Rafferty Drawings and the potential fact issue concerning the operation of the ProLock Products. Inner-Tite will attempt to introduce the Rafferty Drawings as fact evidence at trial; but the Rafferty Drawings, the computer files from which they were generated, and other related documents have not been produced to DeWalch. Such documents are responsive to several of DeWalch's discovery requests and should have already been provided as required by F.R.C.P. 26(e). Because Inner-Tite has withheld this information, however, DeWalch requests that discovery be continued for the limited purpose of obtaining such documents and deposing Robert E. Rafferty. DeWalch's failure to conduct the requested discovery is not due to inexcusable neglect: the Rafferty Drawings were not provided to or known by DeWalch until after the close of fact discovery.

#### B. DeWalch has Good Cause to Depose John E. Stachowiak, Jr.

John Stachowiak invented the ProLock Products while employed as an engineer at DeWalch. His deposition would provide both parties with important testimony as to how the ProLock Products are intended to operate and how they actually operate. Mr. Stachowiak was not deposed during discovery because the parties had conveyed to each other at that time their

3

willingness to have this matter resolved on summary judgment. Both parties genuinely believed that no material issues of fact remained, and that issues of law (i.e. claim construction) governed and would enable the Court to enter a final ruling on summary judgment. The Rafferty Affidavit, however, raises a factual issue regarding the operation of the ProLock Product that DeWalch did not anticipate and could not have anticipated. Had the Rafferty Affidavit or the Rafferty Drawings been produced during discovery, as they should have been, DeWalch may have taken Mr. Stachowiak's deposition at that time. The Rafferty Affidavit was not filed until after the close of fact discovery. There is, therefore, good cause to allow Mr. Stachowiak's deposition for the limited purpose of explaining how the ProLock Products operate.

In addition, new facts have arisen since the close of fact discovery that warrant a deposition of Mr. Stachowiak. Particularly, on February 13, 2007, the U.S. Patent & Trademark Office (the Patent Office) issued U.S. Patent No. 7,176,376 (the Stachowiak Patent), entitled "Apparatus and Method for Securing a Watt-Hour Meter Socket Box." That patent covers Mr. Stachowiak's design of the ProLock Products and is now assigned to DeWalch. During prosecution of the application that resulted in the Stochowiak Patent, the Patent Office considered whether the ProLock design was patentably distinct from the design '691 Patent. The Patent Office concluded that Mr. Stachowiak's invention was novel and non-obvious over Inner-Tite's patent. The Patent Office's decision to allow Mr. Stachowiak's patent and its reasoning in doing so is directly relevant to the disputed issue regarding the doctrine of equivalents before the Court.

Mr. Stachowiak is no longer in DeWalch's employ. DeWalch requests that discovery be continued for the limited purpose of obtaining Mr. Stachowiak's deposition regarding the prosecution of the Stachowiak Patent. DeWalch's failure to conduct the requested discovery is

not due to inexcusable neglect: the Stachowiak Patent did not issue until February 13, 2007, long after the close of discovery.

**4. DeWalch Requests only Limited Continuing of Discovery and a Brief Extension of Pretrial Conference**

DeWalch believes that the discovery it seeks can be completed within one month, provided that Inner-Tite readily produces the documents that DeWalch seeks and makes Mr. Rafferty available for a deposition immediately thereafter. Accordingly, DeWalch requests that it be given 30 days to conduct the requested discovery and that pretrial conference be scheduled thereafter.

**5. Prayer**

For the reasons set forth in this Memorandum, DeWalch respectfully requests that Defendant DeWalch's Motion to Continue Discovery and Extend Pretrial Conference be GRANTED.

Respectfully Submitted,

Dated: October 17, 2007

___/s/ Denise W. DeFranco___

Denise W. DeFranco (BBO 558859)
E-mail: denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

Peter Mims (Texas Bar No. 14173275)
Admitted *pro hac vice*
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703


ATTORNEYS FOR DEFENDANT,
DEWALCH TECHNOLOGIES, INC.

6

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated: October 17, 2007

/s/ Denise W. DeFranco
Denise W. DeFranco (BBO 558859)
E-mail: denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

Houston 3414152v.1