UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWALCH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br>04 40219 FDS |

**OPPOSITION TO MOTION TO CONTINUE DISCOVERY
AND TO EXTEND THE PRETRIAL SCHEDULE**

Defendant DeWalch Technologies, Inc. has moved to continue discovery and to extend the pre-trial conference. For the reasons stated below, plaintiff opposes the relief sought in defendant's motion.

Fact discovery was initially scheduled to close on October 28, 2005 (Docket Item No. 22), and that date was later extended. Fact discovery finally closed on March 28, 2006. Defendant's motion, therefore, is properly characterized as a motion to re-open discovery, not to continue it.

Defendant's motion is based on two grounds: 1) that it now needs to take the deposition to Robert Rafferty, and 2) that it needs to take the deposition of Mr. John Stachowiac, a former employee of DeWalch.

I. **THE TAKING OF A DEPOSITION OF MR. RAFFERTY HAS BEEN RENDERED UNNECESSARY**

Defendant states that it needs to take the deposition of Mr. Rafferty in order to explore certain fact issued raised by the attachments to the Rafferty Affidavit filed May 19, 2006 in support of plaintiff's motion for summary judgment.

In the interest of avoiding unnecessary expense and delay, plaintiff hereby elects not to rely at trial on the attachments to the Rafferty Affidavit filed May 19, 2006, and not to rely on any of paragraphs 5 – 8 of the Rafferty Affidavit filed May 19, 2006, which refer to the attachments.[1] In short, plaintiff elects to not use at trial the drawings that are included in defendant's motion to continue discovery. Plaintiff, however, still intends to call Mr. Rafferty as a witness on the issue of infringement.

Defendant's stated basis for deposing Mr. Rafferty has now been eliminated, making the taking of his deposition unnecessary.

II. **THE TAKING OF A DEPOSITION OF MR. STACHOWIAC IS INAPPROPRIATE**

Defendant now seeks to take the deposition of John Stachowiac on the grounds:

a) that as the alleged inventor of the ProLock products, his testimony would shed light on how those products "are intended to operate and how they actually operate"; and

b) that he is the alleged inventor of defendant's U.S. Pat. No. 7,176,376, which recently issued on February 13, 2007.

---

[1] Prior to responding to plaintiff's draft Joint Pretrial Memorandum with any objections, defendant filed the instant motion to re-open discovery.

Defendant argues that it now needs to take the deposition of Mr. Stachowiac. Mr. Stachowiac, however, was never identified in discovery as the person who invented the ProLock products. In fact, the only prior mention of Mr. Stachowiac in this case was in defendant's initial disclosure, where he was vaguely identified as "being involved in engineering at DeWalch", with "knowledge which may be relevant to the state of the art, the prior art, non-infringement, invalidity, commercial and damages issues, including non-infringing substitutes" (Exhibit A, p. 3).

Moreover, Mr. Stachowiac's name did not appear on any documents produced in response to plaintiff's request for all documents concerning the design and development of the ProLock product (Exhibit B, p.2, Request No. 1). It should be noted that the defendant's U.S. Patent naming Mr. Stachowiac as an inventor issued from an application that was filed on April 13, 2004. Plaintiff, however, had specifically asked defendant in April 2005 to disclose any such applications in its Document Request No. 80, reprinted below:

> All invention disclosures and <u>patent applications</u> that have been prepared or filed by or on behalf of defendant in connection with the ProLock product or any lock assemblies for use in combination with electric meter boxes or like enclosures that does not require the use of an additional tool for installation.

Exhibit B, page 28 (<u>emphasis added</u>).

Defendant responded, in part, stating that "DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered" Exhibit B, page 28. On June 14, 2005 plaintiff filed a stipulated motion for entry of a protective order (Docket Item 25), and on June 17, 2005, the court entered the protective order (Docket Item 26).

Defendant, however, continued to withhold the identification and production of its pending patent application during the entire prior discovery period, and only just recently in a letter dated October 11, 2007 (Exhibit C, p. 2) made the information available to plaintiff in connection with its request to depose Mr. Stachowiac.

Further, defendant's interrogatory responses (Exhibit D) and request for admission responses (Exhibit E) included detailed information regarding the DeWalch products at issue and other products in the industry, as well as detailed information regarding defendant's position of alleged non-infringement.[2] None of this information identified Mr. Stachowiac s the inventor of the ProLock products. Defendant identified Mr. DeWalch as the only person other than counsel that assisted in preparing responses to the interrogatories and requests for admissions (Exhibit D, page 41, Interrogatory No. 9).

On July 26, 2006, at the hearing on the cross motions for summary judgment, defendant relied on Mr. DeWalch's testimony to describe the ProLock products and how the worked. In fact, in the declarations filed with the court, Mr. DeWalch provided detailed information regarding the ProLock products and stated in a declaration filed with the court on June 16, 2006 that "I have extensive experience in the design and application of locks and security products for utility applications [ ] I am the inventor or co-inventor of ten issued U.S. patents relating to utility locking hardware" (Exhibit F, p.1). All references to Mr. Stachowiac as the designer of the infringing product, therefore, were withheld from plaintiff in this action.

All of this, when taken together, demonstrates a concerted effort on the part of defendant to conceal Mr. Stachowiac's identity as the alleged inventor of the ProLock

---

[2] See, for example, defendant's responses to Interrogatories Nos. 1, 5, 8 and 10 (Exhibit D, pp. 2 – 7, 12 – 38 and 40 – 46), and defendant's responses to the Requests for Admissions Nos. 3 – 8 (Exhibit E, pp. 1 – 3).

products and the named inventor on defendant's recently issued patent until the eve of trial. Under these circumstances, Mr. Stachowiac's testimony should not be admitted, and his deposition should not be taken.

Further, yesterday evening, counsel for defendant informed plaintiff that it now intends to call a Mr. Mike Evans as a witness at trial (Exhibit G. p.8). Mr. Evans has *never* been identified in any of the documents in this case until yesterday evening. Apparently, Mr. Evans was involved in the prosecution of the patent application that was withheld from plaintiff. The re-opening of discovery for defendant's purpose of introducing previously withheld evidence and associated witnesses just before trial must be denied.

Defendant has also not informed the court of the real reason that it now needs the deposition of Mr. Stachowiac as opposed to simply calling him at trial. As shown in a letter from Peter Mims (counsel for defendant) to William Hilton (counsel for plaintiff) dated October 11, 2007 (Exhibit C, Mr. Stachowiac is not willing to travel to Massachusetts, and defendant now, long after the close of discovery, wishes to re-open discovery so that his deposition may be taken in Texas for use at trial. Plaintiff submits that it is an abuse of the discovery process to bring a new witness into an action on the eve of trial under the pretense of extending the discovery schedule.

In short, the 11th hour introduction of a new witness and the taking of the witness' deposition testimony on the eve of trial for purposes of using the deposition testimony at trial must be denied.

## III. CONCLUSION

Plaintiff, Inner - Tite Corp. requests that the court deny defendant's motion to continue discovery and extend the pretrial conference.

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff's attorneys,

__/s/ William E. Hilton_____

Dated: October 23, 2007

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on October 23, 2007 by First Class Mail.

_____/s/William E. Hilton_____
William E. Hilton