# EXHIBIT C

To Opposition To Motion To Continue Discovery And To Extend The Pretrial Schedule

filed

October 23, 2007

in

Civil Action 04-40219 FDS

# Vinson&Elkins

**Peter Mims**
Tel (713) 758-2732  Fax (713) 615-5703

October 11, 2007

William E. Hilton
Gauthier & Connors LLP
225 Franklin Street, Suite 2300
Boston, MA  02110

Re:   Inner-Tite v. DeWalch Litigation

Dear Bill:

      Thank you for returning my call last week regarding an extension of the pretrial conference date. I wanted to touch base with you on that issue, as well as a couple other concerns that have arisen as we prepare for the conference. I have drafted a proposed joint motion and attached it for your review. Please let me know if you have any comments or changes to the joint motion. I propose we call Martin Castles tomorrow or Monday to discuss the filing of the motion and to select a new date in mid-November or, if necessary based on the considerations below, in December.

      After considering the issues in the case further, the two-week extension of time may not provide enough time to prepare the memorandum and address the outstanding issues; hence, I have drafted the motion accordingly. Our reading of the Settlement Agreement suggests that it may not govern the issues for trial. The Settlement Agreement can be read to apply only to a summary judgment proceeding, and thus not bind the parties with respect to a trial on the merits. Under such a reading, all issues in the Massachusetts Action – damages, invalidity and infringement of the claims – would need to be narrowed again by agreement for the purposes of trial.

      We suggest that the parties confirm the understanding that the Settlement Agreement does apply to the trial with an appropriate amendment to the Settlement Agreement that the only remaining issue is the non-infringement issue and it will be resolved by the trial. Our client wishes to continue to work with Inner-Tite to minimize expense and to narrow the issues so as to forego a trial on other issues such as validity and damages.

      There is also the need for some discovery prior to trial. Having briefly reviewed Inner-Tite's supplemental discovery responses received yesterday, it appears that Inner-Tite will be offering the computer-generated drawings and models into evidence that were included in Inner-Tite's summary judgment papers. We would like to take discovery concerning the generation of those drawings. We request that Inner-Tite provide the

**Vinson & Elkins LLP  Attorneys at Law**
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel 713.758.2222  Fax 713.758.2346  www.velaw.com

V&E

October 11, 2007   Page 2

computer files used to generate the drawings (or illustrations as they are called in Inner-Tite's Supplemental Response to Interrogatory No. 1) and allow us an opportunity to take Mr. Rafferty's deposition regarding the same. As you know, discovery was stopped only because of the Settlement Agreement and the expectation that the summary judgment proceeding would resolve the issue of infringement. Accordingly, we would expect the Court to allow us this limited discovery. We are reviewing further the supplemental discovery received yesterday afternoon and will have some questions and additional thoughts regarding the responses that we can discuss; however, we believe that Inner-Tite still needs to supplement its responses to the following: Request Nos. 8, 74, 75, and 76 from Defendant's First Requests for Production of Documents and Things; Request Nos. 1, 18, 19, and 20 from Defendant's Second Requests For Production of Documents and Things; and Request for Admission Nos. 1-12.

Finally, we anticipate calling Mr. John Stachowiak as a witness at trial. Mr. Stachowiak designed DeWalch's product and is the inventor on U.S. Patent No. 7,176,376, which issued earlier this year. We will also seek leave to take his deposition because we will not be able to compel him to come to trial in Massachusetts, as he is no longer employed by DeWalch. We can discuss this issue before we call Mr. Castles. Because of the shortness of time, in the absence of an agreement, we will move for discovery by Tuesday of next week unless we are able to reach agreement.

Best regards,

*Peter E. Mims*

Peter Mims

cc:   Denise DeFranco