# EXHIBIT G

To Opposition To Motion To Continue Discovery And To
Extend The Pretrial Schedule

filed

October 23, 2007

in

Civil Action 04-40219 FDS

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORPORATION, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 04-40219-FDS |
| DEWALCH TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant | § | |
| | § | |

# JOINT PRETRIAL MEMORANDUM

COUNSEL FOR PLAINTIFF
INNER-TITE CORP.

William E. Hilton
BBO # 559515
Maurice E. Gauthier
BBO# 187340
GAUTHIER & CONNORS LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
617 426-9180 (telephone)

COUNSEL FOR DEFENDANT
DEWALCH TECHNOLOGIES, INC.

Peter Mims
Texas Bar No. 14173275
Admitted pro hac vice
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

Denise W. DeFranco
BBO 558859
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

1.  Summary of Evidence to be Offered at Trial ........................................................1

2.  Undisputed Facts Established by the Pleadings, by Admissions or by Stipulations ...........1

3.  Contested Issues of Fact ...................................................................................1

    A.  Plaintiff's Statement of Contested Issues of Fact ...........................................1

    B.  Defendant's Statement of Contested Issues of Fact ........................................2

4.  Jurisdictional Questions ....................................................................................3

5.  Questions Raised by Pending Motions ..................................................................3

6.  Issues of Law and Supporting Authority ...............................................................3

    A.  Plaintiff's Statement of Law ......................................................................3

    B.  Defendant's Statement of Law ....................................................................3

        1.  Plaintiff is barred by Prosecution History Estoppel from arguing the ProLock Products infringe the '691 Patent under the doctrine of equivalents. ................................................................................3

        2.  Plaintiff is barred by doctrine of Claim Vitiation from arguing the ProLock Products infringe the '691 under the doctrine of equivalents. ................5

7.  Requested Amendments to the Pleadings ..............................................................8

8.  Additional Matters to Aid in the Disposition of the Action .......................................8

9.  Probable Length of Trial ...................................................................................8

10. Names and Addresses of Witnesses who Will Testify at Trial, and Purpose of Testimony ......................................................................................................8

    A.  Plaintiff's Witnesses ................................................................................8

    B.  Defendant's Witnesses ..............................................................................8

11. Proposed Exhbits in Order of their Introduction .....................................................8

    A.  Plaintiff's Exhibits ..................................................................................8

    B.  Defendant's Exhibits ...............................................................................11

# JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's Procedural Order of September 10, 2007, and Local Rule 16.5(d) Plaintiff Inner-Tite Corporation ("Inner-Tite"), and Defendant DeWalch Technologies, Inc., (DeWalch) submit this Joint Pretrial Memorandum in connection with the pretrial conference set for October 31, 2007.

## 1. Summary of Evidence to be Offered at Trial

Both parties intend to submit evidence regarding the patent at issue, U.S. Patent No. 6,763,691 (the '691 patent), and evidence regarding the ProLock Products 1 and 2 (the ProLock Products), including samples, drawings, photographs, and testimony. DeWalch will also submit evidence regarding U.S. Patent No. 7,176,376, which was issued on February 13, 2007, covers the ProLock Products, and is relevant to the doctrine of equivalents.

## 2. Undisputed Facts Established by the Pleadings, by Admissions or by Stipulations

By stipulation filed April 19, 2006, the parties have narrowed the issues in this case to "the single issue of whether either or both of the ProLock Products... include 'a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges' as claimed in claim 1 of U.S. Patent No. 6,763,691 either literally or under the doctrine of equivalents." *Docket Item 31.*

By its order dated August 31, 2007, the Court construed the above-quoted limitation of claim 1 as follows: (1) either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise, (2) mechanically interengaged with and carried by said bracket (3) for movement in or through the space that separates the first and second flanges. *Docket Item 70, p.10.*

## 3. Contested Issues of Fact

### A. Plaintiff's Statement of Contested Issues of Fact

The contested issues of fact are as follows:

1) Whether the defendant's ProLock 1 product literally includes "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above.

2) Whether the defendant's ProLock 1 product includes the equivalent of "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above under the doctrine of equivalents.

3) Whether the defendant's ProLock 2 product literally includes "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above.

4) Whether the defendant's ProLock 2 product includes the equivalent of "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above under the doctrine of equivalents.

### B. Defendant's Statement of Contested Issues of Fact

Neither the ProLock Product 1, nor the ProLock Product 2 literally infringes the limitation of claim 1 of the '691 Patent, "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" (the disputed claim limitation). Although Inner-Tite is barred as a matter of law by both (a) prosecution history estoppel, and (b) claim vitiation from asserting infringement of the disputed claim limitation under the doctrine of equivalents, as a matter of fact, neither the ProLock Product 1 nor the ProLock Product 2 infringes the disputed claim limitation Patent under the doctrine of equivalents.

2

**4. Jurisdictional Questions**

None.

**5. Questions Raised by Pending Motions**

Defendant DeWalch's Motion to Continue Discovery and Extend Pretrial Conference, filed October 17, 2007, is pending.

**6. Issues of Law and Supporting Authority**

**A. Plaintiff's Statement of Law**

The only issue of law before the court is whether the application of the doctrine of equivalents for the term "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" in claim 1 of the '691 patent is barred in this case as applied against the ProLock 1 and ProLock 2 products by prosecution history estoppel.

**[Bill: Defendant is also asserting the doctrine of claim vitiation.]**

**B. Defendant's Statement of Law**

**1. Plaintiff is barred by Prosecution History Estoppel from arguing the ProLock Products infringe the '691 Patent under the doctrine of equivalents.**

The doctrine of prosecution history estoppel prevents a patentee from recapturing through equivalence subject matter surrendered during prosecution. *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861 (Fed Cir. 1985). An amendment to the claim being asserted is not necessary in order to create prosecution history estoppel. *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.*, 757 F.2d 255 (Fed Cir. 1985). To the contrary, prosecution history estoppel "may arise from matter surrendered as a result of amendments to overcome patentability rejections, *or as a result of argument to secure allowance of a claim*." (emphasis added) *Cybor Corp. v. FAS Tech. Inc.*, 138 F.3d 1448, 1454 (Fed. Cir. 1998). *See also Haynes v. Jessop*, 8 F.3d 1573 (Fed Cir. 1993).

In this case, prosecution history estoppel arises because of an argument made by the patentee to secure allowance of claim 1 of the '691 Patent. During prosecution, the patent examiner issued an Office Action on May 5, 2002 rejecting claim 1 for obviousness over a combination of the Nielsen '811 patent and the Nielsen '829 patent. *Docket No. 41, Exhibit 4.* The Examiner concluded that it would have been obvious to one of ordinary skill in the art "to provide the lock of Nielsen 811 with a jaw mechanically interengaged with and carried by a bracket as taught by Nielsen 829, in order to more securely clamp the bracket to the box side wall." *Id.*

The patentee responded to the rejection by arguing that component 56 in Nielsen '829 was different from a jaw mounted for movement between flanges of a bracket. The patentee wrote of the prior art, "It certainly would not serve as a jaw mounted for <u>movement between</u> the flanges." *Docket No. 41, Exhibit 8* (emphasis in original). By argument, the patentee distinguished structures that are not mounted for <u>movement between</u> the flanges from the claimed jaw element. As a matter of law, Plaintiff is now estopped from asserting that any structure not literally mounted for <u>movement between</u> the flanges might be an equivalent.

Plaintiff has argued correctly that the patentee could have distinguished the prior art of Nielsen from the '691 Patent on a narrower basis by arguing to the Examiner that Nielsen did not anticipate the "movement" limitation of the '691 Patent. The patentee chose a broader disclaimer, however, directing the examiner to limit anticipatory prior art to that disclosing <u>movement between</u>. The public is entitled to rely on the record of how the patentee actually distinguished from the prior art, and in this case the record is clear: the patentee explicitly stated that the '691 patent is distinguished from any device not literally satisfying the <u>movement between</u> limitation.

The range of equivalents surrendered by a patentee distinguishing claims over the prior art is not limited to the subject matter necessary to establish the distinction, but rather to that subject matter which the patentee explicitly disclaims. *Southwall Techs v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995). In *Southwall*, the plaintiff patentee in an infringement suit argued that defendant's two-step process infringed by equivalents the one- step process claimed in its patent. During prosecution, however, it had distinguished from a prior art reference Franz not by relying on the exact method in Franz but by emphasizing that Franz showed a multi-step process whereas plaintiff claimed a one-step process. Affirming summary judgment of noninfringement, the Federal Circuit held that, by law, the broad disclaimer of prior art estopped a greater range of equivalents than that strictly necessary to distinguish the prior art and that the patentee had consequently disclaimed as equivalents all multi-step processes. The court reasoned, "Other players in the market place are entitled to rely on the record made in the Patent Office in determining the meaning and scope of the patent." *Southwall* at 1581 (quoting *Lemelson v. General Mills, Inc.*, 968 F.2d 1202, 1208 (Fed Cir. 1992)). Because the patentee had explicitly distinguished the combination on the basis of its failure to fall within the "movement between" limitation, the range of equivalents permissible under the doctrine of equivalents also excludes any device not literally infringing the limiting language "<u>movement between</u>". DeWalch is entitled to rely on the record in the Patent Office, and as a matter of law, the patentee is now estopped from asserting that any structure that is not mounted for "movement between" the two flanges might be an equivalent.

**2. Plaintiff is barred by doctrine of Claim Vitiation from arguing the ProLock Products infringe the '691 under the doctrine of equivalents.**

As a matter of law, the clamping members of the ProLock Products cannot infringe under the doctrine of equivalents, because such a finding would "vitiate" the "movement between" limitation of claim 1.

The Federal Circuit has consistently held that claim limitations expressly restricting a component to a particular location in a device (such as the "movement between said first and second flanges" limitation in the '691 Patent) would be vitiated if the doctrine of equivalents were used to extend the scope of such claims beyond their literal meaning. In *Sage Prods., Inc. v. Devon Indus., Inc.,* 126 F.3d 1420 (Fed. Cir. 1997), the Federal Circuit considered whether a patent claim directed to a hazardous medical waste disposal container was infringed under the doctrine of equivalents. The claim at issues required "an elongated slot at the top of the container body" and a "constriction extending over said slot." *Id.* at 1422. The accused product had a slot that was located in the interior of the container rather than at the top of the container, and two constrictions below the top of the container. *Id.* at 1423-24. The court upheld a finding of no infringement under the doctrine of equivalents, concluding that equivalence would vitiate the "slot at the top of the container body" and "extending over said slot" limitations. *Id.* at 1424-26. "The doctrine of equivalents does not grant Sage license to remove entirely the 'top of the container' and 'over said slot' limitations from the claim." *Id.* at 1474. "Because this patent contains clear structural limitations, the public has a right to rely on those limits in conducting its business activities." *Id.* at 1425.

Another location-related claim limitation was at issue in *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309 (Fed. Cir. 1998). In *Ethicon*, the patent related to surgical staplers and, specifically, a "lockout mechanism" used to prevent the user from discharging the stapler without first inserting a new cartridge. *Id.* at 1311. The patent claim recited that the

lockout mechanism was "connected to . . . [the] longitudinal slots" in the cartridge. See *Id*. In the accused product, the lockout mechanism was "located at the distal end of the [unit,] nowhere near the longitudinal slots . . . ." *Id*. at 1318. The Federal Circuit affirmed summary judgment of noninfringement under the doctrine of equivalents. *Id*. at 1318-19.

Similar to the claim limitations in *Sage* and *Ethicon*, the claim limitation at issue in the present case specifies a particular location within which the claimed jaw moves -- between the first and second flanges of the bracket. To find a jaw that does not move between the flanges of the bracket to be an equivalent to a jaw that does move between the flanges would simply eliminate the "movement between" language from claim 1 of the '691 patent. The Federal Circuit has applied the claim vitiation doctrine more recently in *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350 (Fed. Cir. 2005). In *Freedman*, the Federal Circuit considered whether a patent relating to a stowable seat was infringed by the defendant's seat. The patent claim required a seat with a support member having a moveable end "slidably mounted" to the seatbase. *Id*. at 1353. The moveable end of the support member in the accused device was "rotatably mounted to the seatbase" and did "not slide or otherwise move along the seatbase." *Id*. at 1354. The Federal Circuit held that "the district court's finding of infringement under the doctrine of equivalents had the effect of entirely vitiating the 'slidably mounted' limitation." *Id*. at 1361. The Federal Circuit noted:

> Freedman's argument would mean that any support member capable of allowing translational and rotational motion would be equivalent to a support member "slidably mounted to said seatbase," which reads "slidably mounted" completely out of the claims. This is the precise type of overextension of the doctrine of equivalents that the claim vitiation doctrine is intended to prevent.

*Id*. at 1362. In claim 1 of the '691 Patent, the term "interengaged with and carried by said bracket for movement between said first and second flanges" is a clear structural limitation that

7

competitors, such as Defendant, are entitled to rely on in conducting their business. Under the doctrine of claim vitiation, Inner-Tite is therefore barred as a matter of law from alleging infringement by any device not literally including "movement between" the first and second flanges.

## 7. Requested Amendments to the Pleadings

None.

## 8. Additional Matters to Aid in the Disposition of the Action

None.

## 9. Probable Length of Trial

Plaintiff Inner-Tite anticipates that the trial will require one full day. Defendant DeWalch estimates that trial can be conducted in two full days.

## 10. Names and Addresses of Witnesses who Will Testify at Trial, and Purpose of Testimony

### A. Plaintiff's Witnesses

For the plaintiff: Mr. Robert Rafferty of 9 Prouty Lane, Rutland, Massachusetts, as a fact witness on the issue of alleged infringement.

### B. Defendant's Witnesses

DeWalch will call: Binz DeWalch of 6850 Wynnwood Avenue, Houston, Texas 77008, as a fact witness to prove noninfringement; John E. Stachowiak, Jr. of 8827 Willacy Court, Houston, Texas 77064 as a fact witness to prove noninfringement; and Mike Evans of 6850 Wynnwood Avenue, Houston, Texas 77008 as a fact witness to prove noninfringement.

## 11. Proposed Exhbits in Order of their Introduction

### A. Plaintiff's Exhibits

| Trial Exhibit | Description | Purpose | Stipulated as to Authenticity | Stipulated as to Admissibility |
|---|---|---|---|---|
| 1 | Copy of U.S. Patent No. | To establish infringement | | |

| | | | |
|---|---|---|---|
| | 6,763,691<br>(IT 00143 –<br>IT 00150) | | |
| 2 | Sample of the<br>ProLock 1<br>product (Ex. 2<br>from the Hearing<br>on July 26, 2006) | To establish<br>infringement | |
| 3 | Sample of the<br>ProLock 1<br>product (Ex. 7<br>from the Hearing<br>on July 26, 2006) | To establish<br>infringement | |
| 4 | Photographs of<br>the ProLock 1<br>product above | To establish<br>infringement | |
| 5 | Sample of the<br>ProLock 1<br>product (Ex. 3<br>from the Hearing<br>on July 26, 2006) | To establish<br>infringement | |
| 6 | Photographs of<br>the ProLock 1<br>product above | To establish<br>infringement | |
| 7 | Additional<br>photographs of<br>the ProLock 1<br>product<br>(IT 00151 –<br>IT 00153) | To establish<br>infringement | |
| 8 | Sample of the<br>ProLock cap and<br>barrel lock<br>product (Ex. 4<br>from the Hearing<br>on July 26, 2006) | To establish<br>infringement | |
| 9 | Sample of the<br>ProLock 1<br>product (Ex. 6<br>from the Hearing<br>on July 26, 2006) | To establish<br>infringement | |
| 10 | Drawings of<br>ProLock 1 and<br>ProLock 2<br>products provided<br>by defendant | To establish<br>infringement | |

|  | (IT 01433 and IT 01434) |  |  |  |
|---|---|---|---|---|
| 11 | Copies of illustrations of the ProLock 1 product (IT 01468 – IT 01473) | To establish infringement |  |  |
| 12 | Copies of illustrations of the ProLock 2 product (IT 01474 – IT 01477) | To establish infringement |  |  |
| 13 | Copies of illustrations of the ProLock 2 product provided by defendant (IT 01478 – IT 01482) | To establish infringement |  |  |
| 14 | Copies of CONFIDENTIAL drawings of the ProLock 1 and ProLock 2 component parts (IT 01483 – IT 01488) | To establish infringement |  |  |
| 15 | Copies of CONFIDENTIAL drawings of the ProLock 1 and ProLock 2 component parts with confidential information redacted (IT 01489 – IT 01494) | To establish infringement |  |  |
| 16 | File history of US 6,763,691 (IT 00006 – IT 00129) | To establish infringement and no prosecution history estoppel |  |  |
| 17 | U.S. 4,080,811 cited in the file | To establish no prosecution |  |  |

|  | history of the '691 patent (IT 01435 – IT 01438) | history estoppel |  |  |
|---|---|---|---|---|
| 18 | U.S. 3,938,839 cited in the file history of the '691 patent (IT 01439 – IT 01445) | To establish no prosecution history estoppel |  |  |
| 19 | U.S. 4,120,182 cited in the file history of the '691 patent (IT 01452 – IT 01462) | To establish no prosecution history estoppel |  |  |
| 20 | U.S. 4,202,574 cited in the file history of the '691 patent (IT 01463 – IT 01467) | To establish no prosecution history estoppel |  |  |

### B. Defendant's Exhibits

| Trial Exhibit | Description | Purpose | Stipulated as to Authenticity | Stipulated as to Admissibility |
|---|---|---|---|---|
| 1. | ProLock 1 Product (Ex. 2 from the Hearing on July 26, 2006). | To negate infringement. |  |  |
| 2. | ProLock 2 Product (Ex. 3 from the Hearing on July 26, 2006). | To negate infringement. |  |  |
| 3. | Utility Box (Ex. 1 from the Hearing on July 26, 2006). | To negate infringement. |  |  |
| 4. | Photograph of various meter boxes. (DEW 0001). | To negate infringement. |  |  |
| 5. | Photograph of the ProLock 1 Product.(DEW 0002). | To negate infringement. |  |  |

11

| 6. | Photograph of the ProLock 1 Product. (DEW 0003). | To negate infringement. | | |
|---|---|---|---|---|
| 7. | Photograph of the ProLock 1 Product. (DEW 0004). | To negate infringement. | | |
| 8. | Photograph of the ProLock 1 Product. (DEW 0005). | To negate infringement. | | |
| 9. | Photograph of the ProLock 1 Product. (DEW 0006). | To negate infringement. | | |
| 10. | Photograph of the ProLock 1 Product. (DEW 0007). | To negate infringement. | | |
| 11. | Photograph of the ProLock 1 Product. (DEW 0008). | To negate infringement. | | |
| 12. | Photograph of the ProLock 1 Product. (DEW 0009). | To negate infringement. | | |
| 13. | Photograph of the ProLock 2 Product. (DEW 0010). | To negate infringement. | | |
| 14. | Photograph of the ProLock 2 Product. (DEW 0011). | To negate infringement. | | |
| 15. | Photograph of the ProLock 2 Product (DEW 0012). | To negate infringement. | | |
| 16. | Photograph of the ProLock 2 Product (DEW 0013). | To negate infringement. | | |
| 17. | Photograph of the ProLock 2 | To negate infringement. | | |

| | | | | |
|---|---|---|---|---|
| | Product (DEW 0014). | | | |
| 18. | Photograph of the ProLock 2 Product (DEW 0015). | To negate infringement. | | |
| 19. | Illustration of the ProLock 1 Product (DEW 0016). | To negate infringement. | | |
| 20. | Illustration of the ProLock 2 Product (DEW 0017). | To negate infringement. | | |
| 21. | Illustration of parts of the ProLock 1 Product (DEW 0018). | To negate infringement. | | |
| 22. | Illustration of embodiments of the '691 Patent (DEW 0019). | To negate infringement. | | |
| 23. | Illustration of embodiments of the '691 Patent (DEW 0020). | To negate infringement. | | |
| 24. | Illustration of embodiment of the '691 Patent (DEW 0021). | To negate infringement. | | |
| 25. | Copy of U.S. Patent No. 6,763,691. | To establish prosecution history estoppel. | | |
| 26. | File History of U.S. Patent No. 6,736,691 | To establish prosecution history estoppel. | | |
| 30. | Certified copy of U.S. Patent No. 7,176,376 (DEW 0022 – DEW 0032). | To refute infringement | | |
| 31. | Certified Copy of U.S. Patent Application No. 10/823,285 | To refute infringement. | | |

| | | | | |
|---|---|---|---|---|
| | (DEW 0033 – DEW 0168). | | | |
| 32. | Copy of U.S. Patent No. 4,080,811 (DEW 0619 – DEW 0172). | To establish prosecution history estoppel. | | |
| 33. | Copy of U.S. Patent No. 4,414,829 (DEW 0173 – DEW 0179). | To establish prosecution history estoppel. | | |
| 34. | Copy of U.S. Patent No. 4,202,574 (DEW0180-DEW184). | To establish prosecution history estoppel. | | |

Dated: October 24, 2007.

Respectfully submitted,


COUNSEL FOR PLAINTIFF
INNER-TITE CORP.

_____
William E. Hilton
BBO # 559515
Maurice E. Gauthier
BBO# 187340
GAUTHIER & CONNORS LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
617 426-9180 (telephone)

COUNSEL FOR DEFENDANT
DEWALCH TECHNOLOGIES, INC.

_____
Peter Mims
Texas Bar No. 14173275
Admitted pro hac vice
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

Denise W. DeFranco
BBO 558859
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666