UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP <br><br> Plaintiff, <br><br> v. <br><br> DEWALCH TECHNOLOGIES, INC. <br><br> Defendant. | Civil Action No. <br> 04 40219 FDS |

**MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION TO EXCLUDE FROM TRIAL**

**DEFENDANT'S PATENT AND FILE HISTORY THEREOF**

**AND ALL REFERENCES THERETO**

This Memorandum of law is filed in support of plaintiff's motion under Fed.R.Civ.P., Rule 37(c)(1) to exclude from trial defendant's patent and file history thereof, as well as any and all references to the patent or file history thereof.

Defendant's patent referenced in defendant's motion to continue discovery was issued in January of this year, but issued from a patent application that was filed in March of 2004. That patent application (which DeWalch now asserts is directed to the ProLock product) was, therefore, pending between March 2004 and January of this year, when it issued.

In 2005, plaintiff asked defendant whether it had any pending patent applications in connection with the ProLock product, and defendant provided no such documents to

defendant. In particular, on May 5, 2005, defendant responded to a request for production of documents that called for:

> All invention disclosures and patent applications that have been prepared or filed by or on behalf of defendant in connection with the ProLock product or any lock assemblies for use in combination with electric meter boxes or like enclosures that does not require the use of an additional tool for installation.

Exhibit B, page 28.

Defendant responded, in part, stating that "DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered" Exhibit A, page 28. On June 14, 2005 plaintiff filed a stipulated motion for entry of a protective order (Docket Item 25), and on June 17, 2005, the court entered the protective order (Docket Item 26).

Defendant, however, did not produce or identify the patent application that issued as the patent mentioned in its motion to continue discovery, even though the application had been filed (April 13, 2004) well prior to the date of defendant's response to the document request.

Defendant therefore, continued to withhold the identification and production of its pending patent application during the entire prior discovery period, and only just recently in a letter dated October 11, 2007 (Exhibit B, p. 2) made the information available to plaintiff in connection with its request to depose Mr. Stachowiac.

As stated by the court in *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F.Supp.2d 130 (D.Mass. 2006):

> Unless a party's failure to disclose information required by Rule 26(a) is 'substantially justified or harmless', the noncompliant party is forbidden from using such information as evidence at trail or in support of a motion for summary judgment.

450 F.Supp.2d at 136, *citing*, *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004), *quoting*, *Lohmes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). See also Fed.R.Civ.P., Rule 37(c)(1).

As the First Circuit recently held in *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006), a pattern of misconduct or failures is not required to impose the exclusion provision of Rule 37(c)(1) where the failure to disclose was not justifiable.

Defendant's failure to disclose the pending patent application was not substantially justified, and in fact was a deliberate attempt to shield the existence of the patent application unless and until the patent issued. There can be no justification for failing to identify Mr. Stachowiac and failing to identify the pending patent application until it suited defendant to do so on the eve of trial.

In addition, the failure to disclose the patent application during prosecution was in no way harmless. Had plaintiff known of the patent application, plaintiff would have had ample time to review the application, its file history, the prior art cited in the application, to conduct searches for additional prior art not cited in the application, and time to conduct full discovery into the circumstances surrounding the alleged invention of the subject matter of the application. All of this would take substantially more time than the one month continuance of discovery now being proposed by defendant.

Moreover, the fact that Mr. Stachowiac wishes to be unavailable at a trial in Massachusetts, means that any deposition of Mr. Stachowiac at this late date in Texas will *become* his trial testimony, and plaintiff will not have had an opportunity to depose Mr. Stachowiac prior to that testimony, which defendant has stated would be taken to preserve his testimony for trail (Exhibit B, page 2).

As stated by the court in *Alves v. Mazda Motor of America, Inc.*, 448 F.Supp.2d 285 (D.Mass. 2006):

> Our view of the effect of this rule [37(c)(1)] is well stated in *Klonoski v. Mahlah*, 156 F.3d 255 (1st Cir. 1998), where we declared that it "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches, and the required sanction in the ordinary case is mandatory preclusion.

448 F.Supp.2d at 293.

Plaintiff, Inner - Tite Corp., therefore, requests that the court grant plaintiff's motion to exclude from trial defendant's patent, the file history thereof, as well as any and all references to the patent or the file history thereof.

                                        Respectfully submitted,
                                        Inner-Tite Corp.
                                        By Plaintiff's attorneys,

                                        /s/ William E. Hilton

Dated: October 23, 2007

                                        Maurice E. Gauthier, BBO# 187340
                                        William E. Hilton, BBO# 559515
                                        Gauthier & Connors, LLP
                                        225 Franklin Street, Suite 2300
                                        Boston, Massachusetts  02110
                                        (617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on October 23, 2007 by First Class Mail.

                    /s/William E. Hilton
                    William E. Hilton