# EXHIBIT A

To Memorandum Of Law In Support Of Motion To
Exclude From Trial Defendant's Patent And File History
Thereof And All References Thereto

filed

October 23, 2007

in

Civil Action 04-40219 FDS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **INNER-TITE CORP.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 04-40219 FDS** |
| | § | |
| **DEWALCH TECHNOLOGIES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

To:    Plaintiff Inner-Tite Corp.

Pursuant to the Federal Rules of Civil Procedure and the applicable Local Rules, Defendant DeWalch Technologies, Inc. hereby responds as follows:

### OBJECTIONS

1.    DeWalch objects to Plaintiff's definitions of "DeWalch," "you," and "defendant" to the extent they are broader than the definition of "Parties" in the Massachusetts Local Rules. In responding to these interrogatories, DeWalch will use the definition of "Parties" in the Local Rules.

2.    DeWalch objects to Plaintiff's instructions 18 – 25 and 27 to the extent they seek to impose burdens beyond the requirements of the Federal Rules of Civil Procedure and Local Rules, and because they are overbroad and unduly burdensome. In responding to these Requests, DeWalch will follow the requirements of the Federal Rules and Local Rules.

3.    The foregoing general objections apply to all of Plaintiff's Requests, except that general objection no. 1. only applies to those requests using the terms "DeWalch," "you," and "defendant."

## REQUESTS FOR PRODUCTION

Request No. 1:

All documents and things concerning the design and development of the ProLock product and all component parts thereof, including but not limited to all sketches, drawings, samples, models, tooling documents, and notes and emails.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 2:

All documents and things concerning the design and development of all lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation, including but not limited to all sketches, drawings, samples, models, tooling documents, and notes and emails relating to the lock assembly including all component parts thereof.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 3:

All documents and things concerning the promotion and advertising of the ProLock product, including but not limited to all notes, drafts, sketches, memos, drawings, correspondence and emails.

<u>Response:</u>

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 4:</u>

All documents and things concerning the promotion and advertising of all lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation, including but not limited to all notes, drafts, sketches, memos, drawings, correspondence and emails.

<u>Response:</u>

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 5:</u>

All documents and things concerning sales of the ProLock product, including but not limited to all purchase orders, invoices, summary documents, notes, memorandum, correspondence and emails from the introduction of the ProLock product to the present.

<u>Response:</u>

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 6:

All documents and things concerning sales of all lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation, including but not limited to all purchase orders, invoices, summary documents, notes, memorandum, correspondence and emails from the introduction of the lock assembly to the present.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 7:

All documents and things concerning all profits made by DeWalch in connection with the ProLock product (including all versions and component parts thereof), including but not limited to all documents relating to gross profits, costs, net profits and taxes paid from the introduction of the ProLock product to the present.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 8:

All documents and things concerning all profits made by DeWalch in connection with all lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation (including all versions and component parts thereof), including but not limited to all documents relating to gross profits, costs, net profits and taxes paid from the introduction of the lock assembly product to the present.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 9:

All documents and things prepared by or for DeWalch in connection with this litigation and communicated either to DeWalch from another, or from DeWalch to another, including but not limited to notes, correspondence and emails.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 10:

All documents and things concerning each of the allegations contained in the counterclaims filed by DeWalch against Inner-Tite Corp., including all notes, memorandum, correspondence, emails and other materials that allegedly provide a basis for such allegations.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 11:

All documents and things concerning any opinion of counsel concerning the '691 patent or the patent application that issued as the '691 patent.

Response:

Subject to and without waiving general objections, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents.

Request No. 12:

All documents described or identified in your Initial Disclosures, i.e., all documents, data compilations, and tangible things relevant to disputed facts alleged in the pleadings.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 13:

All documents that concern or support your counterclaims in this lawsuit.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 14:

All documents that concern or support the matters asserted in your counterclaims.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and

DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 15:

All documents that concern or support the basis for your defenses in this lawsuit.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 16:

All documents that concern or support the matters asserted in your Answer to the complaint.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 17:

All documents that concern, substantiate or support your attorney's fees and costs.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents

and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 18:

     All non-privileged documents that mention or discuss this lawsuit or the subject matter of this lawsuit.

Response:

     Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 19:

     All documents -- including memoranda, summaries, reports and statements, including financial and income statements -- which relate to sales or financial information about (a) the ProLock product, or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

     Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 20:

     All quotes, invoices, purchase orders and receipts relating to sales or offers for sale of (a) the ProLock product, or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 21:

All documents concerning or showing revenues, costs or profits that relate to (a) the ProLock product, or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 22:

Documents, including personnel documents and phone lists, sufficient to identify the persons who work in your accounting department or who have knowledge of revenues, costs or profits that relate to (a) the ProLock product, or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and

undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 23:

All documents concerning forecasts, projections, marketing plans, marketing studies (including customer surveys and consumer studies), market share reports, market performance analysis, advertising plans, promotion plans, business plans, strategic plans, competitor analysis, product comparisons, and reports on product performance that concern (a) the ProLock product, or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 24: Each catalog, product and services list, and price list containing (a) the ProLock product or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "each" document and thing responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 25: All documents concerning or showing advertising, marketing and sales expenses, including commissions, since July 20, 2003 related to (a) the ProLock product or (b)

lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 26</u>: All documents concerning research and development costs (by product, service or project) incurred relative to (a) the ProLock product or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 27</u>: All documents concerning production costs (by product, service or project) incurred relative to (a) the ProLock product or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant,

non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 28:    All documents -- including advertisements, marketing materials, trade magazines, memoranda, analysis and comparisons that -- concern alternatives or competitors to (a) the ProLock product or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 29:    All documents that concern the plaintiff's allegations of infringement by defendant and defendant's knowledge of the '691 patent or the patent application that issued as the '691 patent.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 30:    All documents that concern your first knowledge of the '691 patent or the patent application that issued as the '691 patent.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 31</u>:  All documents exchanged between you and any other parties concerning the '691 patent or the accused product.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 32</u>:  All documents concerning issues regarding the inventorship of the '691 patent.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 33</u>:  All documents that concern the basis for your assertion that the '691 patent is not valid.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 34</u>:  All documents that concern the basis for your assertion that the '691 patent is not enforceable.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents

and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 35</u>: All documents that relate to any assertion of invalidity of the '691 patent under 35 U.S.C. § 112.

<u>Response</u>:

      Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 36</u>: All documents that concern prior art that is relevant or material to the patentability or validity of the '691 patent, including prior art documents that concern lock assemblies for use in combination with electric meter boxes or like enclosures.

<u>Response</u>:

      Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 37</u>: All documents that concern prior art that is relevant to, or illustrative of, the knowledge of one having ordinary skill in the art of the '691 patent as of February 28, 2001, including prior art documents that concern lock assemblies for use in combination with electric meter boxes or like enclosures.

<u>Response</u>:

      Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 38:  All documents that concern lock assemblies for use in combination with electric meter boxes or like enclosures that were publicly known, published, or known by persons of ordinary skill in such art as of February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 39:  All extrinsic evidence, including prior art, that is relevant to, indicative of, or illustrative of, the meaning of the claim terms in the '691 patent, including prior art documents that concern lock assemblies for use in combination with electric meter boxes or like enclosures.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects to this Request because it is premature of the Court's *Markman* schedule, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 40:  All documents concerning the knowledge or level of skill of one having ordinary skill in the art of (a) the claimed subject matter; (b) the '691 patent; or (c) lock assemblies for use in combination with electric meter boxes or like enclosures, in the period February 1, 1998 - February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 41:  All documents concerning differences between the subject matter claimed by the '691 patent and the prior art.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 42: All documents, including prior art documents that concern lock assemblies for use in combination with electric meter boxes or like enclosures, concerning the state of the art for (a) the claimed subject matter, (b) the '691 patent; or (c) lock assemblies for use in combination with electric meter boxes or like enclosures, as of February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 43: All documents concerning the background or history of the technical field relating to (a) the claimed subject matter; (b) the '691 patent; or (c) lock assemblies for use in combination with electric meter boxes or like enclosures, as of February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 44: All invention disclosures relating to (a) the ProLock; or (b) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 45: Documents sufficient to identify all lock assemblies for use in combination with electric meter boxes or like enclosures that were publicly known, advertised, published, made, used, sold, offered for sale or imported prior to February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 46: All printed publications in existence prior to February 28, 2001 that depict, reference, mention or discuss lock assemblies for use in combination with electric meter boxes or like enclosures.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 47: All press releases, marketing materials, reports, and advertising materials that concern (a) the claimed subject matter; (b) the '691 patent; (c) lock assemblies for use in combination with electric meter boxes or like enclosures; or (d) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 48: All documents concerning prior art relating to lock assemblies for use in combination with electric meter boxes or like enclosures that were known by anyone prior to July 20, 2004.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 49: All documents that concern prior art searches or search reports relating to the '691 patent, any related applications, any related patents, the ProLock product, and any lock assemblies for use in combination with electric meter boxes or like enclosures.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 50: All documents that concern the conception of the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective

order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 51: All documents that concern the manufacture of the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 52: Documents, including catalogs and other printed publications, sufficient to identify all lock assemblies for use in combination with electric meter boxes or like enclosures which were disclosed, advertised, published, made, used, sold, offered for sale, or imported prior to February 28, 2001.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 53: All documents and things concerning research, planning, designing, development, commercialization or testing -- prior to February 28, 2001 - of (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and

undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 54: All notebooks and work notes related to the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 55: All agreements and contracts, including but not limited to license agreements, marketing agreements and distributorship agreements concerning (a) lock assemblies for use in combination with electric meter boxes or like enclosures; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 56: All documents concerning the promotion, advertising and marketing of (a) lock assemblies for use in combination with electric meter boxes or like enclosures; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant,

non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 57: All documents that concern the making, using, selling or offering for sale of (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 58: All documents concerning the first making of the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 59: All documents concerning the first disclosure outside of your company of the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 60:  All documents concerning the first advertisement or marketing the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 61:  All documents concerning any prototypes or samples provided to third parties of the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 62:  All documents concerning disclosures - including disclosures to customers, potential customers, business partners or affiliates, potential business partners or affiliates, investors or potential investors, suppliers or potential suppliers, manufacturers or potential manufacturers, or salespersons or potential salespersons -- relative to (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 63:  All documents concerning the first use of (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 64:  All documents concerning the first sale of (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 65:  All documents concerning the first offer for sale of (a) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (b) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and

undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 66</u>:   All documents, including communications and cease and desist letters, concerning infringement, potential infringement, licensing or potential licensing of the ProLock product by anyone other than plaintiff.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 67</u>:   All documents, including communications and cease and desist letters, concerning infringement, potential infringement, licensing or potential licensing of any patent owned by defendant.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to patents or devices which bear no relevance to the '691 patent, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 68</u>:  All documents concerning any assertions that any claims of the '691 patent is invalid or unenforceable.

<u>Response</u>:

       Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 69</u>:  All documents concerning prior art asserted by defendant against the '691 patent.

<u>Response</u>:

   Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 70</u>:  All documents that concern patent licenses, offers to license or license negotiations involving (a) you; (b) lock assemblies for use in combination with electric meter boxes or like enclosures; or (c) the ProLock product.

<u>Response</u>:

   Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 71</u>:  All documents and things that concern any alleged non-compliance with the marking requirements of 35 U.S.C. § 287 relative to the '691 patent.

<u>Response</u>:

   Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 72</u>:  All of your corporate, divisional, and group meeting minutes concerning (a) plaintiff; (b) the '691 patent; (c) lock assemblies for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation; or (d) the ProLock product.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 73: All documents concerning valuations related to the '691 patent or any other patents relating to lock assemblies for use in combination with electric meter boxes or like enclosures.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 74: All patent license agreements involving (a) you; (b) lock assemblies for use in combination with electric meter boxes or like enclosures; or (c) the ProLock product.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 75: All documents that concern, including documents sufficient to show, your patent licensing policies.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 76</u>:  Documents sufficient to show your organizational structure, including, without limitation, organization charts and personnel charts.

<u>Response</u>:

     Subject to and without waiving the foregoing general objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 77</u>:  Documents sufficient to show your employees, including, phone lists and directories.

<u>Response</u>:

     Subject to and without waiving the foregoing general objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 78</u>:  All documents concerning any opinion, report, critique or analysis of (a) the '691 patent; or (b) the ProLock product.

<u>Response</u>:

     Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 79</u>:  All flow charts, plans, or design and development documents that were created for (a) the ProLock product; or (b) any lock assembly for use in combination with electric meter boxes or like enclosures that do not require the use of an additional tool for installation.

<u>Response</u>:

     Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, DeWalch objects to producing attorney-client privileged or work product documents, DeWalch objects on the basis of relevance, overbreadth and undue burden to producing documents relative to devices which have not been accused of infringement and which do not fall within the asserted scope of the claims, and DeWalch objects on the basis of overbreadth and undue burden to producing "all" documents and things responsive to this request. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 80:  All invention disclosures and patent applications that have been prepared or filed by or on behalf of defendant in connection with the ProLock product or any lock assembly for use in combination with electric meter boxes or like enclosures that does not require the use of an additional tool for installation.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 81:  All documents concerning any opinion, report, critique or analysis relating to any issue concerning:

     (a)    the validity or scope of the '691 patent;
     (b)    the infringement of the '691 patent;
     (c)    the enforceability of the '691 patent; or
     (d)    the use of subject matter claimed by the '691 patent.

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 82:  All documents prepared by any expert who will not be called upon to testify at the time of trial, but which documents have been reviewed or relied upon by a testifying expert witness(es).

Response:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered and in accordance with the Court's schedule for expert designations and disclosures.

Request No. 83:  For any person who has been engaged, retained, or employed by you or by a third party at your direction to offer any expert opinion regarding any aspect, issue, or part of this lawsuit, please provide the following:

    (a)    all documents prepared by the expert;

    (b)    all documents the expert plans to use or refer to during his or her testimony at trial;

    (c)    all documents supplied to the expert;

    (d)    all documents reviewed by the expert; and

    (e)    all documents received from the expert.

Response:

        Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered and in accordance with the Court's schedule for expert designations and disclosures.

Request No. 84:  All documents and things referred to or relied upon in responding to plaintiff's First Set of Interrogatories to defendant in this action served herewith.

Response:

        Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 85:  All documents referenced by you as being responsive to any of plaintiff's First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33(d).

Response:

        Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order.  Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Request No. 86:  All documents and things referred to or relied upon in responding to plaintiff's First Set of Requests for Admission to defendant in this action served herewith.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to producing confidential information in the absence of a protective order, and DeWalch objects to producing attorney-client privileged or work product documents. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

<u>Request No. 87</u>:  Please produce  ten (3) samples of each present version and any prior versions of the ProLock product, including all component parts thereof.

<u>Response</u>:

Subject to and without waiving the general objections, which are incorporated herein by reference, DeWalch objects to this Request on the grounds of vagueness and undue burden. Subject to and without waiving the foregoing general and specific objections, DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered.

Respectfully submitted,

Peter E. Mims
Texas Bar No. 14173275 – Admitted pro hac vice
John J. Edmonds
Texas Bar No. 00789758 - – Admitted pro hac vice
David K. Wooten
Texas Bar No. 24033477 – Admitted pro hac vice
VINSON & ELKINS, L.L.P.
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
713.758.2732  (telephone)
713.615.5703  (facsimile)

Denise W. DeFranco
BBO 558859
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

617.832.1202 (telephone)
617.832.7000 (facsimile)

ATTORNEYS FOR DEFENDANT
DEWALCH TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document has been duly served pursuant to the Rules of Court and Federal Rules of Civil Procedure upon counsel of record as follows, on this the 5th day of May, 2005:

Mr. Maurice E. Gauthier
Gauthier & Connors LLP
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
(by Express Mail and e-mail)

Denise W. DeFranco
BBO 558859
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(by U.S. Mail)

John J. Edmonds