IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORPORATION, § § Plaintiff § § v. § § DEWALCH TECHNOLOGIES, INC., § § Defendant § § | Civil Action No. 04-40219-FDS |

**Leave to File Granted on October 26, 2007**

**DEFENDANT DEWALCH'S REPLY IN SUPPORT OF ITS MOTION TO CONTINUE DISCOVERY AND EXTEND PRETRIAL CONFERENCE**

Plaintiff Inner-Tite Corp.'s ("Inner-Tite") argues in its Opposition to the Defendant's Motion to Continue Discovery and to Extend Pretrial Conference that Defendant should not be allowed discovery. With respect to the requested discovery regarding Plaintiff's named inventor Rafferty and his misleading drawings, Defendant still seeks discovery of how Rafferty generated the drawings for impeachment purposes. Rafferty's credibility is critical to the issue before the Court, and Plaintiff should not be allowed to avoid the truth regarding the generation of these drawings. If Rafferty had not submitted these misleading drawings of the ProLock Products, Defendant believes this Court might have been able to rule on summary judgment in its favor.

With respect the discovery regarding the recently issued U.S. Patent No. 7,176,376 (the "'376 Patent"), Defendant will show below that the '376 Patent was not material to the stipulated remaining issue until the Patent Office issued the '376 Patent over the patent-in-suit (the "'691 Patent"), in February 2007, well after the summary judgment motions had been filed. Inner-Tite also fails to note that in August 2005, discovery in this case was stayed (during a reexamination

1

of the '691 Patent) until the Court's status conference on December 9, 2005. As of the time of the status conference and thereafter, the parties exchanged settlement offers and drafts of a Settlement Agreement until announcing to the Court in early April that the parties had narrowed the issues to the single legal issue briefed in the summary judgment proceeding. During the settlement negotiations, neither party designated an expert, provided an expert report, or took a single deposition. Both parties had expected the case to be resolved on summary judgment. Since the parties learned of the Court's decision, each has been supplementing discovery. In short, DeWalch wants to a brief continuance of discovery in the interest of fairness and justice. The Court has good cause to do so under the Federal Rules of Civil Procedure.

1. **Procedural Background**

    Inner-Tite's Opposition to Motion to Continue Discovery and to Extend Pretrial Conference (the "Opposition") does not provide a full picture of how the parties settled and narrowed the issues to a single issue before discovery ever got into full swing. A more accurate description of the proceedings would reveal that for most of the time after the entry of the protective order in June 2005, discovery was stayed because of a pending reexamination of the patent-in-suit filed by Inner-Tite and the parties were earnestly trying to settle the case by narrowing the issues to a single legal issue the Court could resolve.

    About two months after the Court entered its Protective Order on June 17, 2005, the Court stayed discovery in this case on August 29, 2005. At the Court's December 9, 2005 status hearing, the Court lifted the stay. That same day, the parties commenced exchanging settlement offers. By mid-February, 2006, the parties had an agreement in principle, and by the time of the status conference on March 30, 2006, the parties had all but completed the drafting and execution of the Settlement Agreement that provided for the summary judgment proceeding. Fact discovery had closed (i.e., as of March 28, 2006). At the status conference on March 30,

2006, the parties informed the Court that they had "reached a settlement on all but one claim." <u>Electronic Clerk's Notes for proceedings held before Judge F. Dennis Saylor IV: Status Conference held on 3/30/2006</u>. Accordingly, the parties filed a joint stipulation to narrow the issues on April 19, 2006, to a single issue. During the brief time from the lifting of the stay on December 9, 2005 to the close of discovery on March 28, 2006, neither party supplemented discovery, designated an expert, or provided an expert report. **Both parties fully expected that the summary judgment ruling would dispose of the case.**

Both parties filed cross motions for summary judgment on May 19, 2006. Affidavits were filed by DeWalch's Binz DeWalch and Inner-Tite's Robert E. Rafferty (Rafferty). When Defendant reviewed Mr. Rafferty's drawings filed with Inner-Tite's Motion for Summary Judgment, however, Defendant quickly realized that Mr. Rafferty's drawings were inaccurate and did not reflect how the accused ProLock products actually worked. As this Court noted in its recent Memorandum decision, <u>Docket No. 70</u>, 8, Defendant acknowledged in its Response to Inner-Tite's Motion for Summary Judgment that Rafferty's inaccurate drawings might preclude summary judgment in the following statement:

> Based on the drawings and products submitted to the Court in Defendant's Motion for Summary Judgment and provided to Plaintiff, Defendant had assumed that there were no disputed genuine issues of material fact as to how the ProLock Products operate, and that the claim construction and application of prosecution history estoppel and claim vitiation doctrines would be outcome determinative of this case. The devices shown in drawings attached to the Rafferty Affidavit, however, do not reflect the true operation of the ProLock Products, and thus the parties are offering conflicting evidence that could preclude summary judgment under Rule 56.

<u>Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment</u>, 1. At the July 26, 2006 hearing on the motions for summary judgment, the parties argued their respective positions on the motions and presented a brief tutorial of the '691 Patent and the DeWalch

Products. DeWalch argued then, and contends still, that the drawings Rafferty submitted with his affidavit (the Rafferty Drawings) misrepresented the ProLock Products.

After the parties learned on August 31, 2007 that trial was necessary, the parties supplemented their discovery requests and responses. Between the close of discovery on March 28, 2005, and the Court's order of August 31, 2007, neither party supplemented its discovery responses. Inner-Tite supplemented its discovery responses on October 10, 2007, but did not provide the computer files used to generate the misleading drawings. The next day, October 11, 2007, Inner-Tite provided a draft Pre-Trial Memorandum that included the Rafferty Drawings as exhibits. That same day, DeWalch requested discovery on the drawings and disclosed its intent to introduce DeWalch's patent, U.S. Patent No. 7,176,376 (the '376 Patent), and to call the inventor named thereon, John E. Stachowiak, as a witness at trial. DeWalch provided copies of the '376 Patent and its prosecution history to Inner-Tite on October 22, 2007. Thus, after the Court's August 31, 2007, ruling both parties engaged in discovery exchanges in preparation for trial.

**2. Discovery Regarding Rafferty's Illustrations**

As noted above, Inner-Tite relied on the drawings, affidavit, and testimony of Mr. Robert E. Rafferty (Rafferty) to avoid summary judgment of noninfringement. Acknowledging the inaccuracy of the drawings and the consequent damage to Rafferty's credibility, Inner-Tite now hopes to avoid cross-examination of Rafferty at trial regarding how he prepared the drawings and why he did not correct their inaccuracies during the summary judgment process. The Rafferty Drawings, however, are clearly relevant for impeachment purposes. For example, in Rafferty's sworn affidavit, he averred: "The [Rafferty drawings] are true and accurate representations of the ProLock 1 product," and "The [Rafferty drawings] are true and accurate representations of the

ProLock 2 product." Docket No. 36, 2. Defendant asserts they are not. Whatever Rafferty's testimony at trial may be, these prior sworn statements are relevant to the credibility of Rafferty.

Realizing that the Rafferty drawings are misleading, and that production of the computer files from which they were generated would expose them as such, Inner-Tite is now taking a full retreat: "[P]laintiff elects not to rely at trial on [the Rafferty drawings], and not to rely on any of paragraphs 5 – 8 of the Rafferty Affidavit…, which refer to [the Rafferty drawings]." Opposition, 2. Because the Rafferty Drawings were first provided after discovery had closed and a settlement had been entered, DeWalch has never obtained any of the computer files that reveal how the drawings were created and Rafferty has never been deposed regarding the drawings. Although the drawings would be inadmissible for purposes of portraying the operation of the ProLock Products, and Inner-Tite has practically conceded as much by their withdrawal, the drawings and their generation may prove an important source of impeachment. Moreover, any notion on Inner-Tite's part that the withdrawal of the Rafferty drawings from their case-in-chief might obviate the duty to produce the related computer files is misguided. The files are responsive to several of DeWalch's discovery requests, and are not protected by any privilege. Defendant's basis for taking Mr. Rafferty's deposition has not been "eliminated," and DeWalch renews its argument: the Rafferty computer files must be disclosed, and discovery should be continued to allow his deposition on the misleading drawings.

**3. John E. Stachowiak, Jr., Mike Evans, and the '376 Patent**

In its Opposition filed October 23, 2007, Inner-Tite claims that DeWalch's failure to identify the '376 Patent until October 11, 2007, demonstrates "a concerted effort on the part of defendant to conceal Mr. Stachowiac's identity." This assertion makes no sense. At the very beginning of this case, on March 11, 2005, DeWalch named John Stachowiak in its Initial Disclosures.

5

Mr. Stachowiak's testimony gained particular importance, however, when the '376 Patent issued on February 13, 2007, long after discovery was closed and while the parties were awaiting the Court's ruling on the cross motions for summary judgment. A copy of the '376 Patent is attached as Exhibit A. The '376 Patent covers the ProLock Products, and issued over the '691 Patent, meaning that the examiner at the United States Patent & Trademark Office ("the Patent Office") found the invention disclosed in the '376 Patent to be patentably distinct from the invention disclosed in the '691 Patent. The examiner's decision is therefore relevant and bears great weight on the issue in this case, namely whether the ProLock products do not infringe the '691 Patent, literally or under the doctrine of equivalents.

Mr. Stachowiak has personal knowledge regarding the single issue at issue in this trial, namely how the ProLock Products operate. Similarly, Mr. Evans, the prosecuting attorney on the '376 Patent, has personal knowledge related to the Patent Office's consideration of the differences between the ProLock Product in the '376 patent and the Inner-Tite patent-in-suit. The testimony of Mr. Evans only became relevant when the Patent Office issued the '376 Patent over the patent-in-suit. Moreover, allowing a deposition to obtain this relevant testimony would not harm Inner-Tite. Indeed, DeWalch intends to call Messrs. Stachowiak and Evans as witnesses at trial whether their depositions are taken or not. Hence, Inner-Tite's interests can only be served favorably by having an opportunity to participate in depositions in advance of trial.

**4. Conclusion**

The parties in this case have cooperated with each other to narrow the issues and limit the costs of discovery. Now that this case is going to trial, DeWalch should be allowed to pursue discovery on the two important events that have occurred since the close of discovery, namely, the misleading Rafferty Drawings and the issuance of DeWalch's '376 Patent over the '691 Patent.

                                                  Respectfully submitted,

Dated: October 25, 2007                       /s/ Denise W. DeFranco
                                                  Denise W. DeFranco (BBO 558859)
                                                  E-mail: denise.defranco@finnegan.com
                                                  FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, L.L.P.
                                                  55 Cambridge Parkway
                                                  Cambridge, MA 02142
                                                  Phone: (617) 452-1600
                                                  Facsimile: (617) 452-1666

                                                  Peter Mims (Texas Bar No. 14173275)
                                                  Admitted *pro hac vice*
                                                  VINSON & ELKINS, LLP
                                                  2300 First City Tower
                                                  1001 Fannin Street
                                                  Houston, Texas 77002-6760
                                                  Phone: 713.758.2732
                                                  Facsimile: 713.651.5703

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated: October 25, 2007                            /s/ Denise W. DeFranco
                                                  Denise W. DeFranco (BBO 558859)
                                                  E-mail: denise.defranco@finnegan.com
                                                  FINNEGAN, HENDERSON, FARABOW,
                                                  GARRETT & DUNNER, L.L.P.
                                                  55 Cambridge Parkway
                                                  Cambridge, MA 02142
                                                  Phone: (617) 452-1600
                                                  Facsimile: (617) 452-1666