UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP.<br><br>Plaintiff,<br><br>v.<br><br>DEWALCH TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No.<br>04 40219 FDS |

# PLAINTIFF'S NOTICE OF OBJECTION TO DEFENDANT'S PROPOSED EXHIBITS AND WITNESSES

In accordance with the Court's Procedural Order filed September 9, 2007 (Docket Item No. 71), and for the reasons stated in the memorandum of law filed October 23, 2007 as (Docket Item No. 78), plaintiff, Inner - Tite Corp. objects to the following Exhibits that have been proposed by defendant:

| Exhibit | Description | Identification |
|---|---|---|
| A | U.S. Patent No. 7,176,376 | DEW 0022 – DEW 0032 |
| B | File History of U.S. 7,176,376 (Ser. No. 10/823,285) | DEW 0033 – DEW 0168 |

Plaintiff also objects to the calling of the following witnesses by defendant:

Mr. John Stachowiak

Mr. Mike Evans

This notice of objection is being filed in duplicate and served on all counsel of record.

Exclusion of the above exhibits and witnesses is absolutely appropriate under Fed.R.Civ.P., Rule 37(c)(1) as well as controlling law in the First Circuit and this court in applying Rule 37(c)(1). As stated by the court in *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F.Supp.2d 130 (D.Mass. 2006):

> Unless a party's failure to disclose information required by Rule 26(a) is 'substantially justified or harmless', the noncompliant party is forbidden from using such information as evidence at trail or in support of a motion for summary judgment.

450 F.Supp.2d at 136, *citing*, *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004), *quoting*, *Lohmes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). See also Fed.R.Civ.P., Rule 37(c)(1).

As the First Circuit recently held in *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006), a pattern of misconduct or failures is not required to impose the exclusion provision of Rule 37(c)(1) where the failure to disclose was not justifiable.

### A.   Exclusion of the Exhibits is Appropriate

In 2005, plaintiff asked defendant whether it had any pending patent applications in connection with the ProLock product, and defendant provided no such documents to defendant. In particular, on May 5, 2005, defendant responded to a request for production of documents that called for "[a]ll invention disclosures and patent applications that have been prepared or filed by or on behalf of defendant in connection with the ProLock product".

Defendant responded, in part, stating that "DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered". On June 14, 2005 plaintiff filed a stipulated motion for entry

of a protective order (Docket Item 25), and on June 17, 2005, the court entered the protective order (Docket Item 26).

Defendant, however, did not produce or identify the patent application that issued as the patent mentioned in its motion to continue discovery, even though the application had been filed (April 13, 2004) well prior to the date of defendant's response to the document request.

Defendant therefore, continued to withhold the identification and production of its pending patent application during the entire prior discovery period, and only just recently in a letter dated October 11, 2007 made the information available to plaintiff in connection with its request to depose Mr. Stachowiak.

Defendant's failure to disclose the pending patent application was not substantially justified, and in fact was a deliberate attempt to shield the existence of the patent application unless and until the patent issued.  There can be no justification for failing to identify Mr. Stachowiak and failing to identify the pending patent application until it suited defendant to do so on the eve of trial.

In addition, the failure to disclose the patent application during prosecution was in no way harmless.  Had plaintiff known of the patent application, plaintiff would have had ample time to review the application, its file history, the prior art cited in the application, to conduct searches for additional prior art not cited in the application, and time to conduct full discovery into the circumstances surrounding the alleged invention of the subject matter of the application.  All of this would take substantially more time than the one month continuance of discovery now being proposed by defendant.

In defendant's Reply Memorandum file today (Docket Item No. 81), defendant argues that the patent application did not become relevant until the patent issued.  This is

nonsense. For the same reason that one party may want to point to an alleged invention that has been awarded a patent, another party may want to point to a failed effort to obtain a patent. Moreover, discovery is governed by relevancy under Fed.R.Civ.P., Rule 26, not Fed.R.Evid., Rule 401, and by defendant's own admission that this evidence now "bears great weight on the issue in this case" (Docket Item No. 81, p.6), the request was certainly reasonably calculated to lead to the discovery of admissible evidence.

### B.     Exclusion of the Witnesses is Appropriate

Defendant's interrogatory responses and request for admission responses included detailed information regarding the DeWalch products at issue and other products in the industry, as well as detailed information regarding defendant's position of alleged non-infringement. None of this information identified Mr. Stachowiak as the inventor of the ProLock products. Defendant identified Mr. DeWalch as the only person other than counsel that assisted in preparing responses to the interrogatories and requests for admissions (Interrogatory No. 9).

On July 26, 2006, at the hearing on the cross motions for summary judgment, defendant relied on Mr. DeWalch's testimony to describe the ProLock products and how the worked. In fact, in the declarations filed with the court, Mr. DeWalch provided detailed information regarding the ProLock products and stated in a declaration filed with the court on June 16, 2006 that "I have extensive experience in the design and application of locks and security products for utility applications [ ] I am the inventor or co-inventor of ten issued U.S. patents relating to utility locking hardware". All references to Mr. Stachowiak as the designer of the infringing product, therefore, were withheld from plaintiff in this action.

All of this, when taken together, demonstrates a concerted effort on the part of defendant to conceal Mr. Stachowiak's identity as the alleged inventor of the ProLock products and the named inventor on defendant's recently issued patent until the eve of trial. Under these circumstances, Mr. Stachowiak's testimony should not be admitted.

On October 22, 2007, counsel for defendant informed plaintiff that it now intends to call Mr. Mike Evans as a witness at trial. Mr. Evans was *never* identified in any of the documents in this case until the evening of October 22, 2007. Apparently, Mr. Evans was involved in the prosecution of the patent application that was withheld from plaintiff.

The court should also exclude Mr. Stachowiak and Mr. Evans from testifying at trial, therefore, due to the failure of defendant to properly and fully disclose these witnesses during discovery.

As stated by the court in *Alves v. Mazda Motor of America, Inc.*, 448 F.Supp.2d 285 (D.Mass. 2006):

> Our view of the effect of this rule [37(c)(1)] is well stated in *Klonoski v. Mahlah*, 156 F.3d 255 (1st Cir. 1998), where we declared that it "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches, and the ***required sanction*** in the ***ordinary case*** is ***mandatory preclusion***.

448 F.Supp.2d at 293 (***emphasis added***).

Plaintiff respectfully urges, therefore, that Exhibits A and B identified above must be excluded from trial (as well as all references thereto), and that Messrs. Stachowiak and Evans must also be excluded from trial for the reasons discussed above.

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff's attorneys,

/s/ William E. Hilton

Dated: October 26, 2007

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on October 26, 2007 by First Class Mail.

/s/William E. Hilton
William E. Hilton

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORP. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 04 40219 FDS |
| DEWALCH TECHNOLOGIES, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S NOTICE OF OBJECTION TO DEFENDANT'S**

**PROPOSED EXHIBITS AND WITNESSES**

In accordance with the Court's Procedural Order filed September 9, 2007 (Docket Item No. 71), and for the reasons stated in the memorandum of law filed October 23, 2007 as (Docket Item No. 78), plaintiff, Inner - Tite Corp. objects to the following Exhibits that have been proposed by defendant:

| Exhibit | Description | Identification |
|---|---|---|
| A | U.S. Patent No. 7,176,376 | DEW 0022 – DEW 0032 |
| B | File History of U.S. 7,176,376 (Ser. No. 10/823,285) | DEW 0033 – DEW 0168 |

Plaintiff also objects to the calling of the following witnesses by defendant:

Mr. John Stachowiak

Mr. Mike Evans

This notice of objection is being filed in duplicate and served on all counsel of record.

Exclusion of the above exhibits and witnesses is absolutely appropriate under Fed.R.Civ.P., Rule 37(c)(1) as well as controlling law in the First Circuit and this court in applying Rule 37(c)(1). As stated by the court in *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F.Supp.2d 130 (D.Mass. 2006):

> Unless a party's failure to disclose information required by Rule 26(a) is 'substantially justified or harmless', the noncompliant party is forbidden from using such information as evidence at trail or in support of a motion for summary judgment.

450 F.Supp.2d at 136, *citing*, *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004), *quoting*, *Lohmes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). See also Fed.R.Civ.P., Rule 37(c)(1).

As the First Circuit recently held in *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006), a pattern of misconduct or failures is not required to impose the exclusion provision of Rule 37(c)(1) where the failure to disclose was not justifiable.

### A.   Exclusion of the Exhibits is Appropriate

In 2005, plaintiff asked defendant whether it had any pending patent applications in connection with the ProLock product, and defendant provided no such documents to defendant. In particular, on May 5, 2005, defendant responded to a request for production of documents that called for "[a]ll invention disclosures and patent applications that have been prepared or filed by or on behalf of defendant in connection with the ProLock product".

Defendant responded, in part, stating that "DeWalch will produce relevant, non-privileged, responsive documents, if any, in its possession, custody or control once a protective order is entered". On June 14, 2005 plaintiff filed a stipulated motion for entry

of a protective order (Docket Item 25), and on June 17, 2005, the court entered the protective order (Docket Item 26).

Defendant, however, did not produce or identify the patent application that issued as the patent mentioned in its motion to continue discovery, even though the application had been filed (April 13, 2004) well prior to the date of defendant's response to the document request.

Defendant therefore, continued to withhold the identification and production of its pending patent application during the entire prior discovery period, and only just recently in a letter dated October 11, 2007 made the information available to plaintiff in connection with its request to depose Mr. Stachowiak.

Defendant's failure to disclose the pending patent application was not substantially justified, and in fact was a deliberate attempt to shield the existence of the patent application unless and until the patent issued. There can be no justification for failing to identify Mr. Stachowiak and failing to identify the pending patent application until it suited defendant to do so on the eve of trial.

In addition, the failure to disclose the patent application during prosecution was in no way harmless. Had plaintiff known of the patent application, plaintiff would have had ample time to review the application, its file history, the prior art cited in the application, to conduct searches for additional prior art not cited in the application, and time to conduct full discovery into the circumstances surrounding the alleged invention of the subject matter of the application. All of this would take substantially more time than the one month continuance of discovery now being proposed by defendant.

In defendant's Reply Memorandum file today (Docket Item No. 81), defendant argues that the patent application did not become relevant until the patent issued. This is

nonsense. For the same reason that one party may want to point to an alleged invention that has been awarded a patent, another party may want to point to a failed effort to obtain a patent. Moreover, discovery is governed by relevancy under Fed.R.Civ.P., Rule 26, not Fed.R.Evid., Rule 401, and by defendant's own admission that this evidence now "bears great weight on the issue in this case" (Docket Item No. 81, p.6), the request was certainly reasonably calculated to lead to the discovery of admissible evidence.

### B. Exclusion of the Witnesses is Appropriate

Defendant's interrogatory responses and request for admission responses included detailed information regarding the DeWalch products at issue and other products in the industry, as well as detailed information regarding defendant's position of alleged non-infringement. None of this information identified Mr. Stachowiak as the inventor of the ProLock products. Defendant identified Mr. DeWalch as the only person other than counsel that assisted in preparing responses to the interrogatories and requests for admissions (Interrogatory No. 9).

On July 26, 2006, at the hearing on the cross motions for summary judgment, defendant relied on Mr. DeWalch's testimony to describe the ProLock products and how the worked. In fact, in the declarations filed with the court, Mr. DeWalch provided detailed information regarding the ProLock products and stated in a declaration filed with the court on June 16, 2006 that "I have extensive experience in the design and application of locks and security products for utility applications [ ] I am the inventor or co-inventor of ten issued U.S. patents relating to utility locking hardware". All references to Mr. Stachowiak as the designer of the infringing product, therefore, were withheld from plaintiff in this action.

All of this, when taken together, demonstrates a concerted effort on the part of defendant to conceal Mr. Stachowiak's identity as the alleged inventor of the ProLock products and the named inventor on defendant's recently issued patent until the eve of trial. Under these circumstances, Mr. Stachowiak's testimony should not be admitted.

On October 22, 2007, counsel for defendant informed plaintiff that it now intends to call Mr. Mike Evans as a witness at trial. Mr. Evans was *never* identified in any of the documents in this case until the evening of October 22, 2007. Apparently, Mr. Evans was involved in the prosecution of the patent application that was withheld from plaintiff.

The court should also exclude Mr. Stachowiak and Mr. Evans from testifying at trial, therefore, due to the failure of defendant to properly and fully disclose these witnesses during discovery.

As stated by the court in *Alves v. Mazda Motor of America, Inc.*, 448 F.Supp.2d 285 (D.Mass. 2006):

> Our view of the effect of this rule [37(c)(1)] is well stated in *Klonoski v. Mahlah*, 156 F.3d 255 (1st Cir. 1998), where we declared that it "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches, and the ***required sanction*** in the ***ordinary case*** is ***mandatory preclusion***.

448 F.Supp.2d at 293 (***emphasis added***).

Page 5

Plaintiff respectfully urges, therefore, that Exhibits A and B identified above must be excluded from trial (as well as all references thereto), and that Messrs. Stachowiak and Evans must also be excluded from trial for the reasons discussed above.

Respectfully submitted,

Inner-Tite Corp.

By Plaintiff's attorneys,

/s/ William E. Hilton

Dated: October 26, 2007

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts  02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on October 26, 2007 by First Class Mail.

/s/William E. Hilton
William E. Hilton