IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | 04-40219-FDS |
| DEWALCH TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant | § | |
| | § | |

# JOINT PRETRIAL MEMORANDUM

COUNSEL FOR PLAINTIFF
INNER-TITE CORP.

William E. Hilton
BBO # 559515
Maurice E. Gauthier
BBO# 187340
GAUTHIER & CONNORS LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
617 426-9180 (telephone)

COUNSEL FOR DEFENDANT
DEWALCH TECHNOLOGIES, INC.

Peter Mims
Texas Bar No. 14173275
Admitted pro hac vice
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

Denise W. DeFranco
BBO 558859
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

1.   Summary of Evidence to be Offered at Trial..........................................................1
2.   Undisputed Facts Established by the Pleadings, by Admissions or by Stipulations ............1
3.   Contested Issues of Fact.......................................................................................2
     A.   Plaintiff's Statement of Contested Issues of Fact ......................................2
     B.   Defendant's Statement of Contested Issues of Fact...................................2
4.   Jurisdictional Questions.......................................................................................3
5.   Questions Raised by Pending Motions ...................................................................3
6.   Issues of Law and Supporting Authority ...............................................................3
     A.   Plaintiff's Statement of Law ...................................................................3
          1.   Exhibits A and B, as well as it witnesses Mr. Stachowiak and
               Evans, should be excluded from trial...........................................3
          2.   Plaintiff is Not barred by Prosecution History Estoppel from
               arguing the ProLock Products infringe the '691 Patent under the doctrine
               of equivalents. ..........................................................................6
          3.   Plaintiff is Not barred by the doctrine of claim vitiation from
               arguing the ProLock Products infringe the '691 Patent under the doctrine
               of equivalents. ..........................................................................8
     B.   Defendant's Statement of Law.................................................................12
          1.   Plaintiff is barred by Prosecution History Estoppel from arguing
               the ProLock Products infringe the '691 Patent under the doctrine of
               equivalents. ..............................................................................12
          2.   Plaintiff is barred by doctrine of Claim Vitiation from arguing the
               ProLock Products infringe the '691 under the doctrine of equivalents. ...................14
          3.   DeWalch's '376 Patent and its Prosecution History Should be
               Admitted into Evidence ...............................................................17
7.   Requested Amendments to the Pleadings ...............................................................17
8.   Additional Matters to Aid in the Disposition of the Action.........................................17
9.   Probable Length of Trial......................................................................................17
10.  Names and Addresses of Witnesses who Will Testify at Trial, and Purpose of Testimony..17
     A.   Plaintiff's Witnesses ............................................................................17
     B.   Defendant's Witnesses..........................................................................18
11.  Proposed Exhbits in Order of their Introduction......................................................18
     A.   Stipulated Exhibits ..............................................................................18
     B.   Objected-To Exhibits ...........................................................................21

# JOINT PRETRIAL MEMORANDUM

Pursuant to the Court's Procedural Order of September 10, 2007, and Local Rule 16.5(d) Plaintiff Inner-Tite Corp. ("Inner-Tite"), and Defendant DeWalch Technologies, Inc., (DeWalch) submit this Joint Pretrial Memorandum in connection with the pretrial conference set for October 31, 2007.

## 1.  Summary of Evidence to be Offered at Trial

Both parties intend to submit evidence regarding the patent at issue, U.S. Patent No. 6,763,691 (the '691 patent), and evidence regarding the ProLock Products 1 and 2 (the ProLock Products), including samples, drawings, photographs, and testimony. DeWalch will also submit evidence regarding U.S. Patent No. 7,176,376, (the '376 Patent) which was issued on February 13, 2007. DeWalch asserts the '376 Patent covers the ProLock Products, and is relevant to the doctrine of equivalents.

## 2.  Undisputed Facts Established by the Pleadings, by Admissions or by Stipulations

By stipulation filed April 19, 2006, the parties have narrowed the issues in this case to "the single issue of whether either or both of the ProLock Products… include 'a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges' as claimed in claim 1 of U.S. Patent No. 6,763,691 either literally or under the doctrine of equivalents." *Docket Item 31.*

By its order dated August 31, 2007, the Court construed the above-quoted limitation of claim 1 as follows: (1) either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise, (2) mechanically interengaged with and carried by said bracket (3) for movement in or through the space that separates the first and second flanges. *Docket Item 70, p.10.*

1

**3.  Contested Issues of Fact**

    **A.  Plaintiff's Statement of Contested Issues of Fact**

The contested issues of fact are as follows:

1) Whether the defendant's ProLock 1 product literally includes "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above.

2) Whether the defendant's ProLock 1 product includes the equivalent of "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above under the doctrine of equivalents.

3) Whether the defendant's ProLock 2 product literally includes "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above.

4) Whether the defendant's ProLock 2 product includes the equivalent of "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" of claim 1 of the '691 patent as construed above under the doctrine of equivalents.

    **B.  Defendant's Statement of Contested Issues of Fact**

Neither the ProLock Product 1, nor the ProLock Product 2 literally infringes the limitation of claim 1 of the '691 Patent, "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" (the disputed claim limitation). Although Inner-Tite is barred as a matter of law by both (a) prosecution history estoppel, and (b) claim vitiation from asserting infringement of the disputed claim limitation under the doctrine of

equivalents, neither the ProLock Product 1 nor the ProLock Product 2 infringes the disputed claim limitation Patent under the doctrine of equivalents.

**4.  Jurisdictional Questions**

None.

**5.  Questions Raised by Pending Motions**

Defendant DeWalch's Motion to Continue Discovery and Extend Pretrial Conference, filed October 17, 2007, is pending.

Plaintiff Inner – Tite Corp.'s Motion to Exclude from Trial Defendant's Patent and File History thereof, as well as all References Thereto filed October 23, 2007, is pending.

**6.  Issues of Law and Supporting Authority**

**A.  Plaintiff's Statement of Law**

The only evidentiary issues before the court are whether (defendant's) Exhibits A and B, as well as defendant's witnesses Mr. Stachowiak and Mr. Evans should be excluded from trial under Fed.R.Civ.P. Rule 37(c)(1).

The only issues of law on the merits are whether the application of the doctrine of equivalents for the term "a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges" in claim 1 of the '691 patent is barred in this case as applied against the ProLock 1 and ProLock 2 products 1) by prosecution history estoppel or 2) by the doctrine of claim vitiation.

**1.  Exhibits A and B, as well as it witnesses Mr. Stachowiak and Evans, should be excluded from trial.**

As stated by the court in *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F.Supp.2d 130 (D.Mass. 2006):

> Unless a party's failure to disclose information required by Rule 26(a) is 'substantially justified or harmless', the noncompliant

> party is forbidden from using such information as evidence at trail
> or in support of a motion for summary judgment.

450 F.Supp.2d at 136, *citing*, *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004), *quoting*,

*Lohmes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). See also Fed.R.Civ.P., Rule

37(c)(1).

As the First Circuit recently held in *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188,

191 (1st Cir. 2006), a pattern of misconduct or failures is not required to impose the exclusion

provision of Rule 37(c)(1) where the failure to disclose was not justifiable.

In 2005, plaintiff asked defendant whether it had any pending patent applications in

connection with the ProLock product, and defendant provided no such documents to defendant.

In particular, on May 5, 2005, defendant responded to a request for production of documents that

called for "[a]ll invention disclosures and patent applications that have been prepared or filed by

or on behalf of defendant in connection with the ProLock product".

Defendant responded, in part, stating that "DeWalch will produce relevant, non-

privileged, responsive documents, if any, in its possession, custody or control once a protective

order is entered". On June 14, 2005 plaintiff filed a stipulated motion for entry of a protective

order (Docket Item 25), and on June 17, 2005, the court entered the protective order (Docket

Item 26).

Defendant, however, did not produce or identify the patent application that issued as the

patent mentioned in its motion to continue discovery, even though the application had been filed

(April 13, 2004) well prior to the date of defendant's response to the document request.

Defendant therefore, continued to withhold the identification and production of its

pending patent application during the entire prior discovery period, and only just recently in a

letter dated October 11, 2007 made the information available to plaintiff in connection with its request to depose Mr. Stachowiak.

Defendant's failure to disclose the pending patent application was not substantially justified, and in fact was a deliberate attempt to shield the existence of the patent application unless and until the patent issued. There can be no justification for failing to identify Mr. Stachowiak and failing to identify the pending patent application until it suited defendant to do so on the eve of trial.

In addition, the failure to disclose the patent application during prosecution was in no way harmless. Had plaintiff known of the patent application, plaintiff would have had ample time to review the application, its file history, the prior art cited in the application, to conduct searches for additional prior art not cited in the application, and time to conduct full discovery into the circumstances surrounding the alleged invention of the subject matter of the application. All of this would take substantially more time than the one month continuance of discovery now being proposed by defendant.

Further, defendant's interrogatory responses and request for admission responses included detailed information regarding the DeWalch products at issue and other products in the industry, as well as detailed information regarding defendant's position of alleged non-infringement. None of this information identified Mr. Stachowiak as the inventor of the ProLock products. Defendant identified Mr. DeWalch as the only person other than counsel that assisted in preparing responses to the interrogatories and requests for admissions (Interrogatory No. 9).

On July 26, 2006, at the hearing on the cross motions for summary judgment, defendant relied on Mr. DeWalch's testimony to describe the ProLock products and how the worked. In fact, in the declarations filed with the court, Mr. DeWalch provided detailed information

regarding the ProLock products and stated in a declaration filed with the court on June 16, 2006 that "I have extensive experience in the design and application of locks and security products for utility applications [ ] I am the inventor or co-inventor of ten issued U.S. patents relating to utility locking hardware". All references to Mr. Stachowiak as the designer of the infringing product, therefore, were withheld from plaintiff in this action.

All of this, when taken together, demonstrates a concerted effort on the part of defendant to conceal Mr. Stachowiak's identity as the alleged inventor of the ProLock products and the named inventor on defendant's recently issued patent until the eve of trial. Under these circumstances, Mr. Stachowiak's testimony should not be admitted.

On October 22, 2007, counsel for defendant informed plaintiff that it now intends to call Mr. Mike Evans as a witness at trial. Mr. Evans has *never* been identified in any of the documents in this case until the evening of October 22, 2007. Apparently, Mr. Evans was involved in the prosecution of the patent application that was withheld from plaintiff.

The court should also exclude Mr. Stachowiak and Mr. Evans from testifying at trial, therefore, due to the failure of defendant to properly and fully disclose these witnesses during discovery.

As stated by the court in *Alves v. Mazda Motor of America, Inc.*, 448 F.Supp.2d 285 (D.Mass. 2006):

> Our view of the effect of this rule [37(c)(1)] is well stated in *Klonoski v. Mahlab*, 156 F.3d 255 (1st Cir. 1998), where we declared that it "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches, and the required sanction in the ordinary case is mandatory preclusion.

448 F.Supp.2d at 293.

**2. Plaintiff is Not barred by Prosecution History Estoppel from arguing the ProLock Products infringe the '691 Patent under the doctrine of equivalents.**

Once a claim has been construed, the properly construed claim language is compared with the accused device by the finder of fact to determine whether infringement exists literally or under the doctrine of equivalents. *Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical,* 520 U.S. 17, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997). The doctrine of equivalents is a judicially created doctrine that provides that although the requirements of literal infringement may not be met, infringement of a patent claim may still be found. *Graver Tank & Mfg. Co. v. Linde Aire Prods. Co.,* 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed.2d 1097 (1950).

Infringement under the doctrine of equivalents may be found when the differences between the claimed subject matter and the accused device are insubstantial. *Warner-Jenkinson, supra.* Infringement exists where the accused product performs substantially the same function in substantially the same way to achieve the same result. *Graver Tank & Mfg. Co., supra.*

Application of the doctrine of equivalents may be estopped when the claim language at issue was added during prosecution of the application for reasons relating to patentability. *Festo Corporation v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). The language of claim 1 at issue in this action, however, was not added to claim 1 during prosecution, and there is, therefore, no such estoppel in this action.

Defendant also argues that arguments made by the patent during prosecution of the patent application result in an estoppel. Arguments made during prosecution create an estoppel however, only when the arguments provide a clear surrender of broader subject matter. *Cordis Corp. v. Medtronic Ave., Inc.,* 339 F.3d 1352, 67 U.S.P.Q.2d 1876 (Fed. Cir. 2003) ("To invoke argument-based estoppel, the prosecution history must evince a clear and unmistakable surrender of subject matter"). The estoppel does not arise, as argued by defendant, any time that language

of a claim is asserted to distinguish an invention from the prior art. There is simply no prosecution history estoppel in this case.

### 3. Plaintiff is Not barred by the doctrine of claim vitiation from arguing the ProLock Products infringe the '691 Patent under the doctrine of equivalents.

Another limitation on the application of the doctrine of equivalents is the doctrine of claim vitiation, which is also sometimes referred to as the all-elements rule or the all-limitations rule, which holds that each limitation or its equivalent must be found in the accused device. *Ethicon Endo-Surgery, Inc. v. United States Surgical Corporation*, 149 F.3d 1309, 47 U.S.P.Q.2d 1272 (Fed. Cir. 1998). The Federal Circuit stated in the *Ethicon* decision, however, that if the all-elements rule were applied in any instance where the accused device did not literally meet every limitation of the claim, then the all-elements rule would "swallow the doctrine of equivalents, reducing the application of the doctrine to nothing more than a repeated analysis of literal infringement". *Id.*, 149 F.3d at 1317. In particular, the Federal Circuit stated in *Ethicon* that:

> any analysis of infringement under the doctrine or equivalents necessarily deals with subject matter that is 'beyond', 'ignored' by, and not included in the literal scope of a claim. Such subject matter is not necessarily 'specifically excluded' from coverage under the doctrine **unless its exclusion is somehow inconsistent with the language of the claim**.

Ethicon, supra, 149 F.3d at 1317 (**emphasis added**).

Inner-Tite contends that to the extent that the language of claim 1 that is at issue, is not literally met by either the ProLock 1 or ProLock 2 products, that the disputed language of claim 1 should be applied under the doctrine of equivalents as:

> a jaw mechanically interengaged with and carried by said bracket for movement *substantially* between said first and second flanges.

8

Such an application of claim 1 under the doctrine of equivalents does not remove any element from the claims, is not inconsistent with any of the remaining language of claim 1, does not cause any language of the claims to become meaningless, and does not cause claim 1 to read on any prior art.

Application of the doctrine of equivalents as asserted by Inner-Tite does not remove any element from claim 1, but rather adds the term *substantially*, which is entirely consistent with the purpose for which the doctrine continues to exist. See *Warner Jenkinson*, *supra*. Application of the doctrine as asserted by Inner-Tite is also consistent with the language of the claims, and does not cause any of the claims of the '691 patent to become meaningless. Further, this application of the doctrine of equivalents does not cause claim 1 to read on any prior art. The prior art cited during prosecution of the application that issued as the '691 patent included no jaw in combination with the remaining elements of the claim as asserted by the applicant in the amendment filed July 22, 2002.

The all-elements rule, therefore, does not bar the scope of claim 1 as asserted by Inner-Tite. See for example, *Wright Medical Technology, Inc. v. Osteonics Corporation*, 122 F.3d 1440, 43 U.S.P.Q.2d 1837 (Fed. Cir. 1997), in which the Federal Circuit reversed and remanded a finding of summary judgment of non-infringement that relied on the all-elements rule to bar application of the doctrine of equivalents. In *Wright Medical*, the Federal Circuit stated that the language "an intramedullary rod portion adapted to closely fit in and extend through the narrowest portion of the human femur" could be met under the doctrine of equivalents by a device that includes an intramedullary rod portion that, while not exactly meeting this limitation, is substantially the same.

In Nova *Biomedical Corporation v. i-Stat Corporation*, 1999 U.S. App. LEXIS 21390 (Fed. Cir. 1999), the Federal Circuit reversed a grant of summary judgment of non-infringement under the doctrine of equivalents, finding that the all-elements rule does not bar the application of the doctrine of equivalents.  In *Nova Biomedical*, the Federal Circuit stated that the all-elements rule "does not mean, however, that a patentee cannot prevail under the doctrine of equivalents 'when a claim limitation is not expressly met by an accused device" Id. 1999 U.S. LEXIS at 21399.  The court confirmed that "the touch-stone of any equivalents inquiry is the substantiality of the differences between the accused device and the literal language of the claim".  Id.

Similarly, in *Ericsson, Inc. v. Harris Corporation*, 352 F.3d 1369, 69 U.S.P.Q.2d 1109 (Fed. Cir. 2003) (reversing a finding that the all-elements rule bars the application of the doctrine of equivalents), the Federal Circuit stated that it agreed that the limitation at issue would be vitiated if the accused device was *contrary* to the language of the claim at issue, but reversed where the accused device was *substantially the same* as the language of the claim.

In *Rosby Corporation v. Stoughton Trailers, Inc*., 2003 U.S. Dist. LEXIS 17034 (N.D.Ill. 2003), the court held that the all-elements rule did not bar the application of the doctrine of equivalents since the difference between touching and barely touching was minimal.  The claim at issue specifically required "side panels ... aligned side-by-side in contiguous abutting relation" Id, 2003 U.S. Dist. LEXIS at 17050.  The court reviewed several cases relating to the all-elements rule, and distinguished cases such as *Cooper Cameron Corporation v. Kvaerner Oilfield Products, Inc.*, 291 F.3d 1317, 62 U.S.P.Q.2d 1846 (Fed. Cir. 2002).  In *Cooper Cameron*, the court stated that to apply the asserted claim scope would render the language

10

meaningless since the patentee sought to remove a limitation by the doctrine of equivalents, not modify the limitation by the word substantially as is the case in the present action.

See also, *ADC Telecommunications, Inc. v. Panduit Corp.*, 2002 U.S. Dist. LEXIS 25387 (D.Minn. 2002) (holding that the all-elements rule does not bar application of the doctrine of equivalents, and stating that "Contrary to Panduit's assertion that ADC's theory of equivalents would violate the all-limitations rule, a finding of insubstantial difference between an exit trough that mounts to the top edge of the lateral trough and one that mounts to a groove in the sidewall just beneath the top edge, similarly covering and coming over the top edge, would not vitiate this element").

Such an application of the doctrine of equivalents is entirely consistent with the purpose for which the doctrine exists. For example, in *Warner Jenkinson, supra*, the Supreme Court held that a dye purification process that operated at a pH of 5.0 might infringe a patent claim to a process that operated "at a pH from approximately 6.0 to 9.0" if the reason for adding this language to the claim was not related to patentability. In short, the court remanded the case for a determination of whether an amendment related estoppel existed, but made it clear that without such an estoppel, the doctrine may be applied.

Conversely, in *The Holmes Group, Inc. v. RPS Products, Inc.*, 2006 U.S. Dist. LEXIS 13737 (D.Mass. 2006), a claim at issue (claim 18 of US Patent No. 6,425,932) was directed to a filter assembly and included the element "a hanger having a pair of opposed legs *configured to form a gap*" *Id*, 2006 U.S. LEXIS at 13742. The accused device included two hangers, each with one leg only. The court found that to apply the claim under the doctrine of equivalents to the accused product would vitiate this claim limitation. It is submitted that this is because if there

were only one leg, there could not be a *gap* formed by the recited pair of legs. In short, such an application of the doctrine would render the gap language of the claim meaningless.

Another claim at issue in the *Holmes Group* action (claim 1 of U.S. Patent No. 6,685,760) required, in part, a first hanger coupled to the top wall and *including a leg extending over said top wall*. Similarly, it is submitted that to apply this language to cover a product that included a first hanger coupled instead to lip on the filter frame may have caused the leg to not *extend over the top wall* as further required by the claim. Again, it appears that application of the doctrine of equivalents was limited because the scope of protection asserted by the patentee rendered *further language* of the claims at issue meaningless. This is not the case in the present action.

The all-elements rule, therefore, does not bar Inner-Tite's application of claim 1 of the '691 patent under the doctrine of equivalents in urging that the language at issue be applied as *a jaw mechanically interengaged with and carried by said bracket for movement substantially between said first and second flanges*.

**B. Defendant's Statement of Law**

**1. Plaintiff is barred by Prosecution History Estoppel from arguing the ProLock Products infringe the '691 Patent under the doctrine of equivalents.**

The doctrine of prosecution history estoppel prevents a patentee from recapturing through equivalence subject matter surrendered during prosecution. *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d 861 (Fed Cir. 1985). An amendment to the claim being asserted is not necessary in order to create prosecution history estoppel. *Builders Concrete, Inc. v. Bremerton Concrete Prods. Co.,* 757 F.2d 255 (Fed Cir. 1985). To the contrary, prosecution history estoppel "may arise from matter surrendered as a result of amendments to overcome patentability rejections, *or as a result*

*of argument to secure allowance of a claim*." (emphasis added) *Cybor Corp. v. FAS Tech. Inc.,* 138 F.3d 1448, 1454 (Fed. Cir. 1998). *See also Haynes v. Jessop*, 8 F.3d 1573 (Fed Cir. 1993).

In this case, prosecution history estoppel arises because of an argument made by the patentee to secure allowance of claim 1 of the '691 Patent. During prosecution, the patent examiner issued an Office Action on May 5, 2002 rejecting claim 1 for obviousness over a combination of the Nielsen '811 patent and the Nielsen '829 patent. *Docket No. 41, Exhibit 4.* The Examiner concluded that it would have been obvious to one of ordinary skill in the art "to provide the lock of Nielsen 811 with a jaw mechanically interengaged with and carried by a bracket as taught by Nielsen 829, in order to more securely clamp the bracket to the box side wall." *Id*.

The patentee responded to the rejection by arguing that component 56 in Nielsen '829 was different from a jaw mounted for movement between flanges of a bracket. The patentee wrote of the prior art, "It certainly would not serve as a jaw mounted for <u>movement between</u> the flanges." *Docket No. 41, Exhibit 8* (emphasis in original).   By argument, the patentee distinguished structures that are not mounted for <u>movement between</u> the flanges from the claimed jaw element. As a matter of law, Plaintiff is now estopped from asserting that any structure not literally mounted for <u>movement between</u> the flanges might be an equivalent.

Plaintiff has argued correctly that the patentee could have distinguished the prior art of Nielsen from the '691 Patent on a narrower basis by arguing to the Examiner that Nielsen did not anticipate the "movement" limitation of the '691 Patent. The patentee chose a broader disclaimer, however, directing the examiner to limit anticipatory prior art to that disclosing <u>movement between</u>. The public is entitled to rely on the record of how the patentee actually distinguished from the prior art, and in this case the record is clear: the patentee explicitly stated

that the '691 patent is distinguished from any device not literally satisfying the <u>movement between</u> limitation.

The range of equivalents surrendered by a patentee distinguishing claims over the prior art is not limited to the subject matter necessary to establish the distinction, but rather to that subject matter which the patentee explicitly disclaims. *Southwall Techs v. Cardinal IG Co.*, 54 F.3d 1570, 1579 (Fed. Cir. 1995). In *Southwall*, the plaintiff patentee in an infringement suit argued that defendant's two-step process infringed by equivalents the one- step process claimed in its patent. During prosecution, however, it had distinguished from a prior art reference Franz not by relying on the exact method in Franz but by emphasizing that Franz showed a multi-step process whereas plaintiff claimed a one-step process. Affirming summary judgment of noninfringement, the Federal Circuit held that, by law, the broad disclaimer of prior art estopped a greater range of equivalents than that strictly necessary to distinguish the prior art and that the patentee had consequently disclaimed as equivalents all multi-step processes. The court reasoned, "Other players in the market place are entitled to rely on the record made in the Patent Office in determining the meaning and scope of the patent." *Southwall* at 1581 (quoting *Lemelson v. General Mills, Inc.*, 968 F.2d 1202, 1208 (Fed Cir. 1992)). Because the patentee has explicitly distinguished the combination on the basis of its failure to fall within the "movement between" limitation, the range of equivalents permissible under the doctrine of equivalents also excludes any device not literally infringing the limiting language "<u>movement between</u>". DeWalch is entitled to rely on the record in the Patent Office, and as a matter of law, the patentee is now estopped from asserting that any structure that is not mounted for "movement between" the two flanges might be an equivalent.

### 2. Plaintiff is barred by doctrine of Claim Vitiation from arguing the ProLock Products infringe the '691 under the doctrine of equivalents.

As a matter of law, the clamping members of the ProLock Products cannot infringe under the doctrine of equivalents, because such a finding would "vitiate" the "movement between" limitation of claim 1.

The Federal Circuit has consistently held that claim limitations expressly restricting a component to a particular location in a device (such as the "movement between said first and second flanges" limitation in the '691 Patent) would be vitiated if the doctrine of equivalents were used to extend the scope of such claims beyond their literal meaning. In *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420 (Fed. Cir. 1997), the Federal Circuit considered whether a patent claim directed to a hazardous medical waste disposal container was infringed under the doctrine of equivalents. The claim at issues required "an elongated slot at the top of the container body" and a "constriction extending over said slot." *Id.* at 1422. The accused product had a slot that was located in the interior of the container rather than at the top of the container, and two constrictions below the top of the container. *Id.* at 1423-24. The court upheld a finding of no infringement under the doctrine of equivalents, concluding that equivalence would vitiate the "slot at the top of the container body" and "extending over said slot" limitations. *Id.* at 1424-26. "The doctrine of equivalents does not grant Sage license to remove entirely the 'top of the container' and 'over said slot' limitations from the claim." *Id.* at 1474. "Because this patent contains clear structural limitations, the public has a right to rely on those limits in conducting its business activities." *Id.* at 1425.

Another location-related claim limitation was at issue in *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309 (Fed. Cir. 1998). In *Ethicon*, the patent related to surgical staplers and, specifically, a "lockout mechanism" used to prevent the user from discharging the stapler without first inserting a new cartridge. *Id.* at 1311. The patent claim recited that the

lockout mechanism was "connected to . . . [the] longitudinal slots" in the cartridge. See *Id*. In the accused product, the lockout mechanism was "located at the distal end of the [unit,] nowhere near the longitudinal slots . . . ." *Id*. at 1318. The Federal Circuit affirmed summary judgment of noninfringement under the doctrine of equivalents. *Id*. at 1318-19.

Similar to the claim limitations in *Sage* and *Ethicon*, the claim limitation at issue in the present case specifies a particular location within which the claimed jaw moves -- between the first and second flanges of the bracket. To find a jaw that does not move between the flanges of the bracket to be an equivalent to a jaw that does move between the flanges would simply eliminate the "movement between" language from claim 1 of the '691 patent.

The Federal Circuit has applied the claim vitiation doctrine more recently in *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350 (Fed. Cir. 2005). In *Freedman*, the Federal Circuit considered whether a patent relating to a stowable seat was infringed by the defendant's seat. The patent claim required a seat with a support member having a moveable end "slidably mounted" to the seatbase. *Id.* at 1353. The moveable end of the support member in the accused device was "rotatably mounted to the seatbase" and did "not slide or otherwise move along the seatbase." *Id.* at 1354. The Federal Circuit held that "the district court's finding of infringement under the doctrine of equivalents had the effect of entirely vitiating the 'slidably mounted' limitation." *Id.* at 1361. The Federal Circuit noted:

> Freedman's argument would mean that any support member capable of allowing translational and rotational motion would be equivalent to a support member "slidably mounted to said seatbase," which reads "slidably mounted" completely out of the claims. This is the precise type of overextension of the doctrine of equivalents that the claim vitiation doctrine is intended to prevent.

*Id.* at 1362. In claim 1 of the '691 Patent, the term "interengaged with and carried by said bracket for movement between said first and second flanges" is a clear structural limitation that

competitors, such as Defendant, are entitled to rely on in conducting their business. Under the doctrine of claim vitiation, Inner-Tite is therefore barred as a matter of law from alleging infringement by any device not literally including "movement between" the first and second flanges.

### 3. DeWalch's '376 Patent and its Prosecution History Should be Admitted into Evidence

Inner-Tite does not contest the relevance of the '376 Patent and its Prosecution History, which issued over the patent-in-suit, but claims instead that the documents were improperly withheld during discovery. The '376 Patent did not issue until February of 2007, long after discovery closed and while potentially dispositive motions for summary judgment were pending. The Patent and its Prosecution History bear heavily on the sole issue in this case, and should be admitted. DeWalch's analysis on this issue will be set forth more fully in its Opposition to Inner-Tite's Motion to Exclude, which will be filed by November 6, 2007, in accordance with the Federal Rules of Civil Procedure.

### 7. Requested Amendments to the Pleadings

None.

### 8. Additional Matters to Aid in the Disposition of the Action

None.

### 9. Probable Length of Trial

Plaintiff Inner-Tite anticipates that the trial will require one full day. Defendant DeWalch estimates that trial can be conducted in two full days.

### 10. Names and Addresses of Witnesses who Will Testify at Trial, and Purpose of Testimony

#### A. Plaintiff's Witnesses

17

For the plaintiff: Mr. Robert Rafferty of 9 Prouty Lane, Rutland, Massachusetts, as a fact witness on the issue of alleged infringement.

### B.  Defendant's Witnesses

DeWalch will call: Binz DeWalch of 6850 Wynnwood Avenue, Houston, Texas 77008, as a fact witness to prove noninfringement; John E. Stachowiak, Jr. of 8827 Willacy Court, Houston, Texas 77064 as a fact witness to prove noninfringement; and Mike Evans of 6850 Wynnwood Avenue, Houston, Texas 77008 as a fact witness to prove noninfringement.

## 11. Proposed Exhibits in Order of their Introduction

### A.  Stipulated Exhibits

| Trial Exhibit | Description | Identification |
|---|---|---|
| 1 | U.S. Patent No. 6,763,691 | IT 00143 – IT 00150 |
| 2 | ProLock 1 product | Exhibit 2 from hearing on July 26, 2007; Exhibit 9 to the Declaration of Binz DeWalch |
| 3 | ProLock 2 product | Exhibit 3 from hearing on July 26, 2007; Exhibit 10 to the Declaration of Binz DeWalch |
| 4 | DeWalch cap key and barrel lock | Exhibit 4 from hearing on July 26, 2007 |
| 5 | Utility meter box | Exhibit 1 from hearing on July 26, 2007; Exhibit 11 to the Declaration of Binz DeWalch |
| 6 | Unassembled three parts of ProLock 1 product | Exhibit 6 from hearing on July 26, 2007 |
| 7 | ProLock 1 product including tape | Exhibit 7 from hearing on July 26, 2007 |
| 8 | Inner – Tite Corp. product | Exhibit 8 from hearing on July 26, 2007 |
| 9 | Photograph of various meter boxes | DEW 0001 |
| 10 | Photographs of ProLock 1 product | IT 00151 |

| 11 | Photographs of ProLock 1 product with cap key and barrel lock | IT 00152 |
| 12 | Photographs of ProLock 1 product with cap key and barrel lock | IT 00153 |
| 13 | Photograph of ProLock 1 product | DEW 0002 IT 01538 |
| 14 | Photograph of ProLock 1 product on box | DEW 0004 IT 01539 |
| 15 | Photograph of ProLock 1 product on box | DEW 0005 IT 01540 |
| 16 | Photograph of ProLock 1 product on box | DEW 0006 IT 01541 |
| 17 | Photograph of ProLock 1 product on box | DEW 0007 IT 01542 |
| 18 | Photograph of ProLock 1 product with annotations | DEW 0003 |
| 19 | Photograph of ProLock 1 product on box with annotations | DEW 0008 |
| 20 | Photograph of ProLock 1 product on box with annotations | DEW 0009 |
| 21 | Photograph of ProLock 2 product | DEW 0010 IT 01543 |
| 22 | Photograph of ProLock 2 product on box | DEW 0011 IT 01544 |
| 23 | Photograph of ProLock 2 product on box | DEW 0012 IT 01545 |
| 24 | Photograph of ProLock 2 product on box | DEW 0013 IT 01546 |
| 25 | Photograph of ProLock 2 product on box with annotations | DEW 0014 |
| 26 | Photograph of ProLock 2 product on box with annotations | DEW 0015 |
| 27 | Illustration of ProLock 1 product with annotations | DEW 0016 IT 01547 |
| 28 | Illustration of ProLock 1 product with annotations | DEW 0017 IT 01548 |
| 29 | Illustration of parts of the ProLock 1 product with annotations | DEW 0018 IT 01549 |
| 30 | Illustration of embodiments | DEW 0019 |

| | | |
|---|---|---|
| | of the '691 patent | |
| 31 | Illustration of embodiments of the '691 patent | DEW 0020 |
| 32 | Illustration of an embodiment of the '691 patent | DEW 0021 |
| 33 | Drawings of ProLock 1 product | IT 01433 |
| 34 | Drawings of ProLock 2 product | IT 01434 |
| 35 | Illustration of proposed revised ProLock product | IT 01478 |
| 36 | Illustration of proposed revised ProLock 1 product | IT 01479 |
| 37 | Illustration of proposed revised ProLock 1 product | IT 01480 |
| 38 | Illustration of proposed revised ProLock 1 product | IT 01481 |
| 39 | Drawing of proposed revised ProLock 1 product | IT 01482 |
| 40 | CONFIDENTIAL drawings of bracket for ProLock 1 product | IT 01483 |
| 41 | CONFIDENTIAL drawings of lever for ProLock 1 product | IT 01484 |
| 42 | CONFIDENTIAL drawings of ProLock 1 product | IT 01485 |
| 43 | CONFIDENTIAL drawings of ProLock 2 product | IT 01486 |
| 44 | CONFIDENTIAL drawings of clamping member for ProLock 1 product | IT 01488 |
| 45 | CONFIDENTIAL drawings of clamping member for ProLock 2 product | IT 01487 |
| 46 | Redacted drawing of bracket for ProLock 1 product | IT 01489 |
| 47 | Redacted drawing of lever for ProLock 1 product | IT 01490 |
| 48 | Redacted drawing of claming member for ProLock 1 product | IT 01494 |
| 49 | Redacted drawing of claming member for ProLock 2 product | IT 01493 |
| 50 | File History of U.S. Patent | IT 00001 – IT 00142 |

20

| | No. 6,763,691 | |
|---|---|---|
| 51 | U.S. Patent No. 4,080,811 | IT 01435 – IT 01438<br>DEW 0169 – DEW 0172 |
| 52 | U.S. Patent No. 4,414,829 | IT 01439 – IT 0145<br>DEW 0173 – DEW 0179 |
| 53 | U.S. Patent No. 4,202,574 | IT 01463 – IT 01467<br>DEW 0180 – DEW 0184 |
| 54 | U.S. Patent No. 3,938,839 | IT 01449 – IT 01451 |
| 55 | U.S. Patent No. 4,120,182 | IT 01452 – IT 01462 |
| 56 | U.S. Patent No. 1,053,328 | DEW0185 – DEW0187 |
| 57 | U.S. Patent No. 1,241,459 | DEW0188 – DEW0190 |
| 58 | U.S. Patent No. 1,262,795 | DEW0191 – DEW0193 |
| 59 | U.S. Patent No. 1,343,851 | DEW0194 – DEW0196 |
| 60 | U.S. Patent No. 1,554,958 | DEW0197 – DEW0199 |
| 61 | U.S. Patent No. 2,121,386 | DEW0200 – DEW0205 |
| 62 | U.S. Patent No. 3,088,560 | DEW0206 – DEW0208 |
| 63 | U.S. Patent No. 3,181,319 | DEW0209 – DEW0211 |
| 64 | U.S. Patent No. 3,275,363 | DEW0212 – DEW0215 |
| 65 | U.S. Patent No. 3,431,004 | DEW0216 – DEW0218 |
| 66 | U.S. Patent No. 3,867,822 | DEW0219 – DEW0225 |
| 67 | U.S. Patent No. 3,938,839 | DEW0226 – DEW0228 |
| 68 | U.S. Patent No. 4,031,722 | DEW0229 – DEW0234 |
| 69 | U.S. Patent No. 4,096,718 | DEW0235 – DEW0240 |
| 70 | U.S. Patent No. 4,107,959 | DEW0241 – DEW0247 |
| 71 | U.S. Patent No. 4,120,182 | DEW0248 – DEW0258 |
| 72 | U.S. Patent No. 4,144,729 | DEW0259 – DEW0261 |
| 73 | U.S. Patent No. 4,152,910 | DEW0262 – DEW0269 |
| 74 | U.S. Patent No. 4,254,647 | DEW0270 – DEW0279 |
| 75 | U.S. Patent No. 4,326,395 | DEW0280 – DEW0287 |
| 76 | U.S. Patent No. 4,475,365 | DEW0288 – DEW0291 |
| 77 | U.S. Patent No. 4,551,999 | DEW0292 – DEW0296 |
| 78 | U.S. Patent No. 4,986,096 | DEW0297 – DEW0302 |
| 79 | U.S. Patent No. 5,007,258 | DEW0303 – DEW0308 |
| 80 | U.S. Patent No. 5,315,849 | DEW0309 – DEW0317 |
| 81 | U.S. Patent No. 5,870,911 | DEW0318 – DEW0333 |

**B. Objected-To Exhibits**

| Trial<br>Exhibit | Description | Identification |
|---|---|---|
| A | U.S. Patent No. 7,176,376 | DEW 0022 – DEW 0032 |
| B | File History of U.S.<br>7,176,376 (Ser. No.<br>10/823,285) | DEW 0033 – DEW 0168 |

Both parties also wish to reserve the right to refer to additional documents from the record for impeachment and rebuttal purposes as the need may arise at trial. In particular, DeWalch reserves the right to use for impeachment purposes the Rafferty Affidavit, the drawings attached as Exhibits A and B to the Rafferty Affidavit, and the computer files from which the drawings were generated.

Dated: October 26, 2007.

Respectfully submitted,

COUNSEL FOR PLAINTIFF
INNER-TITE CORP.

   /s/ William E. Hilton
William E. Hilton
BBO # 559515
Maurice E. Gauthier
BBO# 187340
GAUTHIER & CONNORS LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
617 426-9180 (telephone)

COUNSEL FOR DEFENDANT
DEWALCH TECHNOLOGIES, INC.

   /s/ Peter Mims
Peter Mims
Texas Bar No. 14173275
Admitted pro hac vice
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

Denise W. DeFranco
BBO 558859
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666