IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INNER-TITE CORP., | § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | Civil Action No. 04-40219-FDS |
| DEWALCH TECHNOLOGIES, INC., | | |
| Defendant | | |

# DEFENDANT DEWALCH'S OPPOSITION TO INNER-TITE'S MOTION TO EXCLUDE FROM TRIAL DEFENDANT'S PATENT AND FILE HISTORY THEREOF AND ALL REFERENCES THERETO

Defendant DeWalch Technologies, Inc. ("DeWalch") submits this brief in opposition to the motion filed by Inner-Tite Corp. ("Inner-Tite"), entitled Motion to Exclude From Trial Defendant's Patent and File History Thereof and All References Thereto.

Inner-Tite seeks to exclude from evidence U.S. Patent No. 7,176,376 (the "DeWalch patent") and its prosecution history on ground that DeWalch did not produce those documents during discovery. Inner-Tite's motion should be denied. The relevance of the DeWalch patent and its prosecution history became known to the parties only after the fact discovery had closed. And the relevance of the defendant's patent is so clear that the Federal Circuit has taken judicial notice of such patents even when they are not part of the trial record. Finally, in light of the fact that a trial date has not been set and the court has just allowed the deposition of the inventor of the DeWalch patent to go forward, Inner-Tite will have ample opportunity to prepare for trial concerning this evidence.

**I.     The Relevance of the DeWalch Patent and its Prosecution History Became Known After the Close of Fact Discovery.**

Inner-Tite would have this Court believe that DeWalch was somehow trying to hide the existence of the DeWalch patent from Inner-Tite. It was not. As Inner-Tite's motion acknowledges, DeWalch had agreed to produce any relevant patent applications after an appropriate protective order was entered in the case. Plaintiff's Memo. at 2. The DeWalch patent, however, did not issue, and thus did not become relevant, until long after the close of fact discovery. In particular, the DeWalch patent issued on February 13, 2007, while this Court was considering the parties cross-motions for summary judgment. By that time, fact discovery had long since closed (i.e., on March 28, 2006). As explained more fully below, the DeWalch patent and its prosecution history is relevant because it shows that the Patent & Trademark Office considered whether the DeWalch patent should issue over the patent asserted in this case. Only when the DeWalch patent did, in fact, issue over the patent-in-suit, did it become relevant to this matter.

After the parties learned on August 31, 2007 that trial was necessary, the parties supplemented their discovery requests and responses. Inner-Tite supplemented its discovery responses on October 10, 2007, but did not provide the computer files used to generate the misleading Rafferty drawings. The next day, October 11, 2007, DeWalch disclosed its intent to introduce the DeWalch patent and to call the inventor named thereon, John E. Stachowiak, and the patent attorney that prosecuted the DeWalch patent, Mike Evans, as witnesses at trial. DeWalch provided copies of the DeWalch patent and its prosecution history to Inner-Tite on October 22, 2007. Thus, after the Court's August 31, 2007 summary judgment ruling, both parties engaged in discovery exchanges in preparation for trial. Neither Inner-Tite nor DeWalch should be barred from relying on the contents of these exchanges.

2

**II.     The DeWalch Patent Bears Directly on the Sole Remaining Issue in this Case.**

The DeWalch patent is entitled "Apparatus and Method for Securing a Watt-Hour Meter Socket Box," and it covers the ProLock Products. During prosecution of the patent application that resulted in the DeWalch patent, the Patent Office initially took the position that the DeWalch patent application should not issue as a patent because it was not novel over the Inner-Tite patent-in-suit. Ex. A, at 3. In response, DeWalch explained to the examiner the significance of the difference between the DeWalch invention and the invention disclosed in Inner-Tite's patent. Specifically, DeWalch argued that its invention "has a different structural configuration with the clamp comprising a 'surrounding member which surrounds at least a part of said body portion.'" Ex. B at 10. The Patent Office thereafter allowed the DeWalch patent explaining that it considered the claims allowable precisely because the DeWalch invention included a "clamp comprising a surrounding member which surrounds at least a part of said body portion." Ex. C, at 2. Thus, the Patent Office considered the DeWalch invention patentably distinct from (i.e. non-obvious over) the Inner-Tite patent-in-suit precisely because the clamp in DeWalch "surrounds" the flanges rather being mounted for "movement between" the flanges.

The Federal Circuit has made clear that such facts bear directly on the question of infringement by equivalents. For example, in *Hoganas AB v. Dresser Industries, Inc.*, 9 F.3d 948 (Fed. Cir. 1998), the Federal Circuit affirmed the district court's grant of summary judgment of noninfringement especially in light of the fact that the defendant received a patent on the accused product:

> In support of our conclusion, we note that the Patent & Trademark Office granted to [the accused infringer] a patent… covering the [accused] product with knowledge of the [patent-in-suit], which is listed as art of record. Thus the PTO must have considered the accused product to be nonobvious with respect to the patented [invention]. <u>Accordingly, the issuance of that patent is relevant to the equivalence issue.</u>

Id. at 954 (emphasis added). *See also Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) ("The nonobviousness of the accused device, evidenced by the grant of a United States Patent, is relevant to the issue of whether the change therein is substantial."). Thus, a patent on the accused product, which issues over the patent-in-suit, has special importance and relevance with respect to infringement under doctrine of equivalents.

Indeed, the importance of such patents cannot be overstated. In *Hoganas*, the Federal Circuit considered the defendant's patent, even though it was not part of the record on appeal:

> Although [the patent covering the accused device] is not part of the record on appeal, it was referred to at the argument, and is publicly accessible. Accordingly, we have taken judicial notice of it. *See* Fed. R. Evid. 201(b)(2); *see also Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n. 3 (Fed. Cir. 1990) (appropriate to take judicial notice of PTO correspondence which is part of the public record).

*Hoganas*, 9 F.3d at 954. Thus, this Court should allow the DeWalch patent into evidence and consider it in deciding whether DeWalch infringes under the doctrine of equivalents.

### III. Inner-Tite Will Have Ample Opportunity to Prepare for Trial Concerning The DeWalch Patent and its Prosecution History.

In light of the fact that a trial date as not been set, Inner-Tite has ample opportunity to prepare its trial strategy in connection with the DeWalch patent and its prosecution history. Just this week, the Court issued an order allowing the deposition of the inventor of the DeWalch patent, John Stachowiak, to be taken. (Dkt. No. 84.) That deposition will be conducted by November 30, and the Court has scheduled the pretrial conference for December 11, 2007. Thus, by the time of pretrial conference on December 11, 2007, Inner-Tite will have had two months to prepare its trial strategy in connection with the DeWalch patent and its prosecution history.

### IV.     Inner-Tite's Case Law is Distinguishable.

The case law that Inner-Tite cites in its memorandum is either distinguishable or supports DeWalch's position. For example, Inner-Tite quotes *Diomed, Inc. v. Angiodynamics, Inc.*, 450 F. Supp. 2d 130 (D. Mass. 2006), for the proposition that failure to disclose information required by Rule 26(a) can result in exclusion of evidence. Inner-Tite's Memorandum, at 2. But *Diomed* supports DeWalch's position because the court ruled that the untimely supplementation of an expert report should *not* be excluded where "no trial date has been set" and "defendants have not shown sufficient prejudice to merit wholesale exclusion" of the evidence. *Id.* at 136.

*Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188 (1st Cir. 2006), on the other hand, is distinguishable. In that case, the appellate court affirmed the exclusion of evidence because the plaintiff missed "a long-established deadline." *Id.* at 197 (emphasis added). Here, DeWalch is not accused of missing any deadline. *Alves v. Mazda Motor of America, Inc.*, 448 F.Supp.2d 285 (D. Mass. 2006), is distinguishable for the same reason. *Alves* at 290.

**Conclusion**

The DeWalch patent and its prosecution history are directly relevant to the sole remaining issue in this case and they did not become relevant until after fact discovery had closed. Inner-Tite will not be harmed or prejudiced if DeWalch relies upon such evidence at trial because it has ample opportunity to prepare its trial strategy in connection with this evidence including taking the deposition of the inventor named on the patent.

For the foregoing reasons, DeWalch respectfully requests that Plaintiff Inner-Tite's Motion to Exclude From Trial Defendant's Patent and File History Thereof and All References Thereto be DENIED.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: November 2, 2007 | /s/ Denise W. DeFranco |
|  | Denise W. DeFranco (BBO 558859) |
|  | E-mail: denise.defranco@finnegan.com |
|  | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P. |
|  | 55 Cambridge Parkway |
|  | Cambridge, MA 02142 |
|  | Phone: (617) 452-1600 |
|  | Facsimile: (617) 452-1666 |
|  | |
|  | Peter Mims (Texas Bar No. 14173275) |
|  | Admitted *pro hac vice* |
|  | VINSON & ELKINS, LLP |
|  | 2300 First City Tower |
|  | 1001 Fannin Street |
|  | Houston, Texas 77002-6760 |
|  | Phone: 713.758.2732 |
|  | Facsimile: 713.651.5703 |
|  | |
|  | ATTORNEYS FOR DEFENDANT, DEWALCH TECHNOLOGIES, INC. |

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated: November 2, 2007                                   /s/ Denise W. DeFranco
                                                                   Denise W. DeFranco (BBO 558859)
                                                                   E-mail: denise.defranco@finnegan.com
                                                                   FINNEGAN, HENDERSON, FARABOW,
                                                                   GARRETT & DUNNER, L.L.P.
                                                                   55 Cambridge Parkway
                                                                   Cambridge, MA 02142
                                                                   Phone: (617) 452-1600
                                                                   Facsimile: (617) 452-1666