# EXHIBIT A

| *Office Action Summary* | Application No. | Applicant(s) |
| | 10/823,285 | STACHOWIAK, JOHN |
| | Examiner | Art Unit | |
| | DHIRU R. PATEL | 2831 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>18 March 2005</u>.

2a)☐ This action is **FINAL**.          2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-26</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☐ Claim(s) <u>1,3-7,12,15-20 and 24</u> is/are rejected.

7)☒ Claim(s) <u>2,8-11,13,14,21-23,25 and 26</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08)
    Paper No(s)/Mail Date <u>3/18/05</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☒ Other: <u>Sketch A</u>.

Application/Control Number: 10/823,285                                        Page 2
Art Unit: 2831

1.    Prosecution on the merits of this application is reopened on claims 1-26

considered unpatentable for the reasons indicated below:

Applicant's submission of an information disclosure statement under 37 CFR 1.97(c)

with the fee set forth in 37 CFR 1.17(p) on 3/18/05 prompted the new ground(s) of

rejection presented in this Office action.

Claim Objections

2.    Claims 17-18 are objected to because of the following informalities:

In claim 17 lines 1-2, "a lock housing". The examiner interpreted as " said lock housing"

instead for improved clarity.

In claim 18 line 2, "a lock housing". The examiner interpreted as " said locking housing"

instead for improved clarity.

**Claim Rejections - 35 USC § 102**

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form

the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless --

(e) the invention was described in (1) an application for patent, published under section

122(b), by another filed in the United States before the invention by the applicant for

patent or (2) a patent granted on an application for patent by another filed in the United

States before the invention by the applicant for patent, except that an international

application filed under the treaty defined in section 351(a) shall have the effects for

purposes of this subsection of an application filed in the United States only if the

Application/Control Number: 10/823,285                                    Page 3
Art Unit: 2831

international application designated the United States and was published under Article

21(2) of such treaty in the English language.

3.      Claims 1,3-7,12,15-20 and 24 are rejected under 35 U.S.C. 102(e) as being anticipated

by over Rafferty  (6,763,691).
        Rafferty discloses:

        Regarding claim 1, an apparatus 26 for securing a box cover 16 to a meter box 10 (see

        fig 1, column 2 lines 31-54) said apparatus comprising:

        a clamping member 28 (see fig 3), an engagement member 38 (see fig 3), said

        engagement member further comprises a clamp 42 (see fig 3), a clamp actuating

        member 46 (please note that Rafferty disclosed that the jaw is pivoted in a clockwise

        direction, causing the actuating member 46 to engage the interior surface of the side

        wall (see column 2 line 67 and column 3 lines 1-3), and a fastening shelf 32 having a

        first securing means 52(see fig 3, column 2 lines 32-67 and column 3 lines 1-9), and a

        lock housing 54 (cap) having a second securing means 64 (see fig 3, column 3 lines 1-

        25).

        Regarding claim 3, said first securing means further comprises a portion of said

        fastening shelf through which an aperture 50 has been formed (see fig 3).

        Regarding claim 4, said second securing means comprises a portion of said locking

        housing through which an aperture 60 has been formed (see figs 2-3, column 3 lines 9-

        16).

        Regarding claim 5, each of said apertures are approximately cylindrical apertures (see

        figs 2-3).

        Regarding claim 6, further comprising a plunger type fastener (see figs 2-3).

        Regarding claim 7, see sketch A.

Application/Control Number: 10/823,285                                    Page 4
Art Unit: 2831

Regarding claim 12, said clamp being disposed between said clamp actuating member
and said fastening shelf (see figs 2-3).
Regarding claims 15-20, and 24, claims 15-20 and 24 are method counter part of
product claims 1-7, and 12.

### *Allowable Subject Matter*

4.     Claims 2,8-11,13-14, 21-23 and 25-26 are objected to as being dependent upon
a rejected base claim, but would be allowable if rewritten in independent form including
all of the limitations of the base claim and any intervening claims.
 The previously listed limitation is neither disclosed nor taught by the prior art of record,
alone or in combination.

        Any inquiry concerning this communication or earlier communications from the
examiner should be directed to DHIRU R. PATEL whose telephone number is 571-272-
1983. The examiner can normally be reached on M-TH, 6:30 TO 4:00.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Dean Reichard can be reached on 571-272-1984.  The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 10/823,285                                    Page 5
Art Unit: 2831

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

Dhiru R Patel    1/23/06.

DHIRU R PATEL
Primary Examiner
Art Unit 2831

***