UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORPORATION <br><br> Plaintiff, <br><br> v. <br><br> DEWALCH TECHNOLOGIES, INC. <br><br> Defendant. | Civil Action No. <br> 04 40219 FDS |

**PLAINTIFF INNER-TITE CORPORATION'S MOTION**

**FOR LEAVE TO FILE A REPLY TO DEFEDANT'S OPPOSITION**

**TO THE MOTION TO EXCLUDE FROM TRIAL**

**DEFENDANT'S PATENT AND FILE HISTORY THEREOF**

**AND ALL REFERENCES THERETO**

In accordance with Local Rule 7.1(b)(3), plaintiff Inner-Tite Corporation respectfully requests leave to file a Reply to defendant DeWalch Technologies, Inc.'s Opposition to the Motion to Exclude DeWalch's patent, file history thereof, and all references thereto.

Pursuant to Local Rule 7.1(a)(2), counsel has conferred, and counsel for defendant does not object to the relief sought by the present motion for leave to file a reply.

Attached hereto as Exhibit A is a proposed Order granting this motion for leave to file a reply.

Attached hereto as Exhibit B is a copy of the Reply Memorandum that will be filed after the court grants the present motion for leave to file the reply.

                                        Respectfully submitted,

                                        Inner-Tite Corporation

                                        By Plaintiff's attorneys,

                                        __/s/ William E. Hilton_____

Dated: November 6, 2007

                                        Maurice E. Gauthier, BBO# 187340
                                        William E. Hilton, BBO# 559515
                                        Gauthier & Connors, LLP
                                        225 Franklin Street, Suite 2300
                                        Boston, Massachusetts 02110
                                        (617) 426 - 9180  Ext. 111

CERTIFICATE OF SERVICE
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on November 6, 2007 by First Class Mail.

                        _____/s/William E. Hilton_____
                              William E. Hilton

# EXHIBIT A

TO

PLAINTIFF INNER-TITE CORPORATION'S MOTION

FOR LEAVE TO FILE A REPLY TO DEFEDANT'S OPPOSITION

TO THE MOTION TO EXCLUDE FROM TRIAL

DEFENDANT'S PATENT AND FILE HISTORY THEREOF

AND ALL REFERENCES THERETO

FILED NOVEMBER 6, 2007

IN CIVIL ACTION 04: 40219 FDS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEWALCH TECHNOLOGIES, INC. )<br>)<br>Defendant. )<br>) | Civil Action No.<br>04 40219 FDS |

**ORDER GRANTING PLAINTIFF'S MOTION**

**FOR LEAVE TO FILE A REPLY TO DEFEDANT'S OPPOSITION**

**TO THE MOTION TO EXCLUDE FROM TRIAL**

**DEFENDANT'S PATENT AND FILE HISTORY THEREOF**

**AND ALL REFERENCES THERETO**

It is hereby ORDERED that Plaintiff's Motion for Leave to file a Reply to Defendant's Opposition (Docket Item No. 85) to Plaintiff's Motion to Exclude (Docket Item 78) From Trial Defendant's Patent (US 7,176,376), the File History Thereof, and All References Thereto be GRANTED.

So Ordered.

Date: _____, 2007            _____

F. Dennis Saylor, IV

United States District Judge

# EXHIBIT B

## TO

PLAINTIFF INNER-TITE CORPORATION'S MOTION

FOR LEAVE TO FILE A REPLY TO DEFEDANT'S OPPOSITION

TO THE MOTION TO EXCLUDE FROM TRIAL

DEFENDANT'S PATENT AND FILE HISTORY THEREOF

AND ALL REFERENCES THERETO

FILED NOVEMBER 6, 2007

IN CIVIL ACTION 04: 40219 FDS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORPORATION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEWALCH TECHNOLOGIES, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 04 40219 FDS |

**REPLY TO DEFENDANT'S OPPOSITION TO**

**MOTION TO EXCLUDE FROM TRIAL**

**DEFENDANT'S PATENT AND FILE HISTORY THEREOF**

**AND ALL REFERENCES THERETO**

In its opposition to Inner-Tite Corporation's motion to exclude, DeWalch asserts that the patent application did not become relevant until the patent issued. This is completely unsupported by any law. See, for example, *CSAV, Inc. v. Peerless Industries, Inc.*, 2007 WL 421256 (D.Minn. 2007) (granting motion to compel production of alleged patent infringer's pending patent applications). It is clear that relevancy under Fed.R.Civ.P., Rule 26 reaches all information that is reasonably calculated to lead to the discovery of admissible evidence. See Fed.R.Civ.P., Rule 26 and *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*, 2007 WL 2893601 (D.Del. 2007). DeWalch's argument that its patent application is *now* relevant is contrary to its argument that it was not likely to lead to the discovery of admissible evidence in 2005. It is also

illogical that the Patent Office's decision to grant the DeWalch patent "over the patent in suit" is of "special importance and relevance" (as argued by the defendant) while an adverse decision by the Patent Office would have no bearing on the issues in this case under Fed.R.Evid., Rule 401.

DeWalch's opposition does not assert inadvertence or mistake in failing to disclose the patent application, but rather confirms that DeWalch sought to withhold the evidence unless and until such time as it suited DeWalch to rely on it. Had the patent not issued over the patent in suit, DeWalch would have never disclosed the application. It is absolutely clear that DeWalch hid the existence of the application unless and until it suited DeWalch to disclose it. In such circumstances, exclusion is the minimum of sanctions that should apply, with exclusion and attorneys fees being most appropriate, particularly in view of the fact that in its opposition to the motion to exclude, DeWalch has sought to present an argument on the merits of its non-infringement claim ***based on*** this evidence (see Section 2 of the opposition). Again, exclusion is the ***minimum*** sanction that should apply.

DeWalch also argues that it has missed no deadline. The deadline missed was the close of discovery, by which time defendant failed to disclose (and in fact concealed) the existence of its patent application. The common law's sporting theory of justice (which permitted litigants to reserve evidence until the final moment) has long since been replaced with the understanding that secrecy is not congenial to truth-seeking, and that trail by ambush is incompatible with the just determination of cases on their merits. Fed.R.Civ.P., Rule 1, and *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 253, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), Powell, J. concurring and dissenting, (trial by ambush disserves the cause for truth); and *Hickman v. Taylor*, 329 U.S. 495, 500, 67 S.Ct. 385, 91

L.Ed. 451 (1948) (citing the importance and significance of the pre-trial discovery procedures of the Federal Rules of Civil Procedure).

If Inner-Tite had learned of the patent application in 2005 when the discovery request was asked and not complied with, Inner-Tite Corporation would have begun an invalidity investigation into the patent claims that DeWalch was pursing. Such invalidity investigations take considerable time. In this case, the DeWalch itself did not produce prior art against the patent in suit until the action had been pending for almost six months, and even then asserted that it would later supplement its responses.[1] DeWalch also resisted an effort by the plaintiff to seek an early resolution of this case in 2004 by arguing, in part, that substantial discovery needed to be done to investigate the prior art (see Docket Item No. 16, pp. 2, 8). For DeWalch to now assert that Inner-Tite Corporation should have sufficient time to prepare for trial and to investigate the purported validity of the DeWalch patent is disingenuous.

The DeWalch also asserts that Inner-Tite Corporation will have ample time to prepare for trial with regard to the testimony of its inventor Mr. Stachowiak. DeWalch, however, has already stated that Mr. Stachowiak is not available come to Massachusetts for trial, and that DeWalch wishes to take the deposition of Mr. Stachowiak in order to preserve his testimony for trial (Exhibit B, page 2 of Docket Item No. 79). Although DeWalch argues that Inner-Tite Corporation will have ample time to depose Mr. Stachowiak in preparation for trial, DeWalch has already made it clear that his testimony at the deposition *will be* the testimony that DeWalch will use at trial. There is, therefore, no opportunity for Inner-Tite Corporation to depose the witness prior to the effective trial

---

[1] In fact, much of the prior art that was alleged by the defendant to render the plaintiff's patent invalid was not cited to the U.S. Patent and Trademark Office during prosecution of the DeWalch patent in likely violation of the applicant's duty of disclosure and candor proscribed by 37 C.F.R. §1.56.

testimony with regard to that witness. Again, as Justice Powel stated in *NLRB v. Robbins Tire & Rubber, supra,* trial by ambush disserves the cause for truth.

Inner-Tite Corporation respectfully urges that the appropriate minimum sanction for DeWalch's flagrant disregard for the Federal Rules of Civil Procedure is the exclusion from trial of the DeWalch patent, its file history and any and all references thereto.

Respectfully submitted,

Inner-Tite Corporation

By Plaintiff's attorneys,

Dated: November 6, 2007

_____

Maurice E. Gauthier, BBO# 187340
William E. Hilton, BBO# 559515
Gauthier & Connors, LLP
225 Franklin Street, Suite 2300
Boston, Massachusetts 02110
(617) 426 - 9180   Ext. 111

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to persons indicated as non-registered participants on November 6, 2007 by First Class Mail.

_____
William E. Hilton