IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INNER-TITE CORPORATION, § § Plaintiff, § § v. § § DEWALCH TECHNOLOGIES, INC., § § Defendant. § § | Civil Action No. 04-40219-FDS |

**DEFENDANT DEWALCH'S REPLY IN SUPPORT
OF ITS MOTION TO RECONSIDER - LEAVE TO FILE GRANTED ON
JANUARY 3, 2008**

In its opposition, Inner-Tite Corporation ("Inner-Tite") failed to address the central arguments made by DeWalch Technologies, Inc. ("DeWalch) in its Motion To Reconsider the Court's Memorandum and Order on Cross-Motions for Summary Judgment and to Strike Affidavits. Rather than respond to DeWalch's argument that the Rafferty Affidavit and Drawings should be stricken from the record for their admitted inaccuracy, Inner-Tite attempts to make excuses for the existence of the Rafferty Affidavit and Drawings. More importantly, Inner-Tite utterly failed to respond to DeWalch's argument that if the Rafferty Affidavit and Drawings are stricken from the record, DeWalch is entitled to summary judgment.

**I.    ARGUMENT**

   **A.    The Variations in How the DeWalch Products Attach to Differently
          Sized Meter Boxes Is Irrelevant to the Issue of Whether The Rafferty
          Drawings Accurately Depict the ProLock Products.**

No less than ten pages of Inner-Tite's opposition brief is directed to the various locations in which the ProLock products engage differently sized meter boxes. The differing engagement locations, however, are dictated not by variations in the dimensions or operation of the ProLock

1

products but by the variations in dimensions of the meter boxes. Dkt. No. 93, Rafferty Tr. at 19-22 (acknowledging different shapes and sizes of meter boxes). Thus, these ten pages of argument are irrelevant to the question of whether the Rafferty Affidavit and Drawings accurately depict the ProLock products. Indeed, Inner-Tite admits the irrelevance of these ten pages of arguments with its heading: "Whether the ProLock products engage the wall above the ledge, below the ledge, or both is not pertinent to the claim language at issue." Dkt. No. 96, Inner-Tite Opp. Br. at 10. DeWalch could not agree more.

Indeed, in its opening brief on this motion, DeWalch did not complain about the Rafferty Drawings' depiction of how the ProLock products engage the meter boxes. Rather, DeWalch complained that the Rafferty Drawings do not accurately depict the movement of the clamping member which is "the very issue that is disputed between the parties." Dkt. No. 96, DeWalch Br. at 4. Inner-Tite's only response to this point is that the claim language at issue does not involve "overlapping" or "over-rotated" elements. Dkt. No. 96, Inner-Tite Opp. Br. at 11. No, but certainly the Court's task at summary judgment was to understand the operation of the accused products and to ascertain whether they fall within the scope of the asserted claim. The Rafferty Drawings, which improperly depict overlapping and over-rotated elements, did nothing but confuse the Court as to how the ProLock products operate. Mem. and Order, Dkt. No. 70 (stating that "it would appear to be a relatively simple matter to determine whether an object travels 'between' two structures," but after considering the "affidavits, drawings, and other materials submitted by the parties" concluding that "a genuine issue of material fact exists as to whether the accused products possess a jaw that is [mounted] . . . for movement between the flanges"). Notably, consistent with Mr. Rafferty's deposition testimony, Inner-Tite has ***not***

2

denied that its drawings improperly depict overlapping and over-rotated elements. For this reason alone, the Rafferty Drawings should be stricken from the record.

> **B.    Statements in the DeWalch Patent and in the DeWalch Affidavit Are Irrelevant to the Issue of Whether The Rafferty Drawings Accurately Depict the ProLock Products.**

Inner-Tite relies on statements in the DeWalch patent to support its arguments about the location of the engagement of the ProLock products to meter boxes. Dkt. No. 96, Inner-Tite Opp. Br. at 8-10. Similarly, Inner-Tite relies on deposition testimony made by the named inventor on the DeWalch patent, Mr. John Stachowiak, Jr., to support its position that "Binz DeWalch's testimony was not accurate." *Id.* at 14-17. Obviously, DeWalch takes issue with these arguments,[1] but they are red-herrings. The issue in this motion is the accuracy of the Rafferty Affidavit and Drawings, not the accuracy of Binz DeWalch's testimony or the proper construction of the DeWalch patent. Once again, Inner-Tite has not even attempted to support the accuracy of the Rafferty Affidavit or Drawings. Thus, they should be stricken.

> **C.    The Confidentiality Designations on the DeWalch's Product Specifications Do Not Excuse The Inaccuracy of the Rafferty Drawings.**

Inner-Tite attempts to excuse Mr. Rafferty's failure to rely on the detailed product specifications provided by DeWalch by relying on the confidentiality designations of those documents. Inner-Tite Opp. Br. at 13. Although Inner-Tite cites a portion of the Rafferty deposition transcript as purportedly "de-designating" those documents, the documents had been

---

[1] Of course, the ProLock commercial products are at issue in this action, not the various embodiments disclosed in the DeWalch patent. Indeed, Inner-Tite fails to point out that the DeWalch patent discloses multiple embodiments, including one like the ProLock commercial products in which the "upper wall portion 140 is securely clamped between engagement surface 215 and clamping member 70 to achieve a reliable and secure installation." Dkt. No. 96-4, Inner-Tite Opp. Br. at Exh. 2, col. 4, lns. 54-56. As for the collateral matter of the arrows in a photograph reflecting forces, Mr. Stachoviak confirmed his understanding that the forces shown in the photograph was a "generic force" and not "the actual force diagram." Dkt. No. 96-7, Inner-Title Opp. Br. at Exh. 4, p.109, ln. 20 – p.110, ln. 2.

3

de-designated by DeWalch long before the Rafferty deposition took place and well in advance of the date that the summary judgment papers were submitted to the Court.

In an e-mail dated March 16, 2006--three months before Inner-Tite submitted the Rafferty Affidavit and Drawings to the Court--DeWalch produced its confidential product drawings for the ProLock products to Inner-Tite's counsel. Exhibit A. Those product drawings (see Exhibit A) included precise measurements of all relevant dimensions of the products. The drawings are denoted "601049-1 Clamping Member," "601049-2 Clamping Member," "601050 Lever," and "601051 Bracket," and show, respectively, the clamping member of the ProLock 1, the clamping member of the ProLock 2, the lever common to both products, and the bracket common to both products. Together, the confidential drawings include sufficient information, including measurements of all relevant dimensions, to accurately and precisely replicate the ProLock products.

In response, Inner-Tite's counsel correctly noted, however, that it was prohibited by the Protective Order in this Action (Dkt. No. 26) from freely distributing the confidential drawings to employees of Inner-Tite. Exhibit B. Accordingly, in an e-mail dated April 24, 2006, Inner-Tite's counsel requested the de-classification of the drawings with measurements:

> [We] ask that all of the attached drawings now be made non-confidential for purposes of the summary judgment briefs and hearings… Can we agree to de-classify these as non-confidential?

Exhibit B.

In a reply e-mail dated April 28, 2006, counsel for DeWalch communicated DeWalch's willingness to allow Inner-Tite, in its preparation of its motion for summary judgment papers, to have access to drawings that contained precise measurements of the ProLock products that are actually sold by DeWalch:

4

> DeWalch would consent to your disclosure of these drawings to select number of employees of Inner-Tite … solely for the purposes of the litigation, and specifically in connection with the cross-motions [for summary judgment] … *This should allow you to work with Inner-Tite employees on the preparation of Inner-Tite's cross-motion.*

Exhibit C (emphasis added).

For reasons unknown, Inner-Tite's counsel never showed Mr. Rafferty the confidential drawings with the proper dimensions of the ProLock products. Dkt. No. 93, Rafferty Tr. at 87:17-88:12. Had Mr. Rafferty taken the opportunity available to him to check his misleading drawings against the actual measurements of the ProLock products, the factual dispute regarding the operation of the ProLock products may never have come before the Court. Whatever the cause of Inner-Tite's failure to consider the confidential drawings, DeWalch should not be prejudiced by the carelessness demonstrated in the preparation of the Rafferty Drawings. Inner-Tite had ample opportunity to prepare accurate drawings; the misleading Rafferty Drawings should be stricken. Neither the Court nor DeWalch should be burdened with a trial that could have been avoided by the submission of more carefully and accurately crafted evidence.

### D.    DeWalch's Motion Does Not Depend on Fraud or Deceit.

DeWalch's Motion to Reconsider points out several examples in Mr. Rafferty's deposition testimony when he admits the Rafferty Drawings show physically impossible configurations. Dkt. No. 93, Rafferty Tr. at 5-6. DeWalch further notes that Mr. Rafferty admits the drawings do not represent the ProLock products he had in front of him, which are identical to every ProLock products in evidence in this action. Dkt. No. 93, Rafferty Tr. at 8. In its response, Inner-Tite argues that "[s]uch games do not establish fraud or deceit," mistakenly assuming that DeWalch is relying on ill intent on Mr. Rafferty's part. Dkt. No. 96, Inner-Tite Opp. Br. at 11. To the contrary, DeWalch's motion is independent of intentional deception;

5

rather, this motion is based on the newly discovered evidence that Mr. Rafferty admitted his drawings do not resemble the ProLock products before him in the deposition. *That* ProLock products is the subject matter of this proceeding – not some ProLock products that Rafferty "believes" he saw in 2005.

## II.     CONCLUSION

DeWalch is entitled to summary judgment on the issue of literal infringement. The Court construed the term "between" to mean "in or through the space that separates." There is no evidence before the Court that the clamping member of the ProLock products moves "in or through the space that separates" the first and second flange. To the contrary, the clamping member of the ProLock products moves outside and around the space that separates the first and second flange. The Court's acknowledgment in its Order of August 31, 2007 (Dkt. No. 70) of a factual dispute was correct, but this dispute was caused by a set of drawings now proven inaccurate and an affidavit now proven false. The Court may now, in its discretion, reconsider DeWalch's Motion, and upon such reconsideration, the issue of literal infringement should be decided in DeWalch's favor and the Motion for Summary Judgment granted as to no literal infringement.

DeWalch is further entitled to summary judgment as to the issue of infringement under the doctrine of equivalents. Because the clamping member of the ProLock products moves *outside and around* the space that separates the first and second flange, it functions in a substantially different way than the invention claimed in the patent-in-suit, and to find equivalents would *vitiate* the claim limitation "between." Inner-Tite has misrepresented the operation of the clamping member by showing it in physically impossible configurations. Inner-Tite offered no evidence to establish a genuine issue of material fact as to whether the "outside and around" movement of the clamping member is the substantial equivalent of "movement

6

between." The issue of infringement under the doctrine of equivalents should therefore be decided in DeWalch's favor and the Motion for Summary Judgment granted.

Respectfully Submitted,

Dated: January 3, 2008                   /s/ Denise W. DeFranco
Denise W. DeFranco (BBO 558859)
E-mail: denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666

Peter Mims (Texas Bar No. 14173275)
Admitted *pro hac vice*
VINSON & ELKINS, LLP
2300 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Phone: 713.758.2732
Facsimile: 713.651.5703

ATTORNEYS FOR DEFENDANT,
DEWALCH TECHNOLOGIES, INC.

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the NEF.

Dated: January 3, 2008                    /s/ Denise W. DeFranco
                                                    Denise W. DeFranco (BBO 558859)
E-mail: denise.defranco@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Phone: (617) 452-1600
Facsimile: (617) 452-1666