# EXHIBIT B

PART II of IV

SAMUELS, GAUTHIER & STEVENS LLP 5467

UNT NO. VENDOR C- Commissioner of Patents CHECK NO. 005467 CHECK DATE 5/17/01

| CHER | INVOICE NUMBER | INV.DATE | REFERENCE | INVOICE AMOUNT | AMOUNT PA | DISCOUNT TAKEN | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 5821 | 010517 | 5/17/01 | INNER TI-5578 09/795,701 | 40.00 | 40.00 | .00 | 40.00 |

CHECK-TOTAL 40.00

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

CITIZENS BANK
MASSACHUSETTS
MEMBER FDIC

5467

**SAMUELS, GAUTHIER & STEVENS LLP**
225 FRANKLIN STREET - SUITE 3300
BOSTON, MASS. 02110

5-7017/2110

05/17/01 005467

FORTY AND 00/100 DOLLARS************************** $*********40.00

Commissioner of Patents

MP

SECURITY FEATURES INCLUDED. DETAILS ON BACK.

⑈005467⑈ ⑆211070175⑆ 110784842O⑈

Mailed on May 21, 2001 5578

Enclosed are the following in re:

5578

Mailed on May 21, 2001

Enclosed are the following in re:
Patent Appln. of Robert E. Rafferty
Serial No.: 09/795,701
Filed: February 28, 2001

METER BOX LOCK ASSEMBLY

1) Form PTO-1595
2) Assignment
3) $40.00 for assignment recordal fee

MEG/ead

This Paper Was Received By PTO On:

RECEIVED
JUN - 1 2001
SAMUELS, GAUTHIER & STEVENS LLP

IT 00035

RECORDATION FORM COVER SHEET

PATENTS ONLY

**HONORABLE COMMISSIONER OF PATENTS AND TRADEMARKS**
**WASHINGTON, D.C. 20231**

**SIR:**

**PLEASE RECORD THE ATTACHED ORIGINAL DOCUMENT(S) OR COPY(IES) THEREOF.**

**1. NAME OF CONVEYING PARTY(IES)**

Robert E. Rafferty

Additional name(s) of conveying party(ies) attached? No

**2. NAME(S) AND ADDRESS(ES) OF RECEIVING PARTY(IES)**

INNER-TITE CORP.
110 Industrial Drive
Holden, MA 01520

Additional name(s) of receiving party(ies) attached? No

**3. NATURE OF CONVEYANCE**

_X_ Assignment
___ Security Agreement
___ Merger
___ Change of Name
___ Other

Execution Date: 05/14/01

**4. APPLICATION NUMBER(S) OR PATENT NUMBER(S)**

If this document is being filed together with a new application, the execution date of the application is: ____________

**A.** Patent Application No(s): 09/795,701

**B.** Patent No(s): ____________

**C.** Issue Batch No.: ____________

**D.** Issue Date: ____________

Additional numbers attached? No.

**5. NAME AND ADDRESS OF PARTY TO WHOM CORRESPONDENCE CONCERNING DOCUMENT SHOULD BE DIRECTED:**

Maurice E. Gauthier
Samuels, Gauthier & Stevens LLP
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
(617) 426-9180, Extension 113

**6. TOTAL NUMBER OF APPLICATIONS AND PATENTS INVOLVED:** 1

**7. TOTAL FEE DUE:** $40.00 (Enclosed)

If any additional fee(s) are due, the Commissioner is hereby authorized to charge the Deposit Order Account noted in item 8.

**8. DEPOSIT ACCOUNT NUMBER:** 19-0079

**9. STATEMENT AND SIGNATURE**

To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

Maurice E. Gauthier — [signature] — 5/21/01
Name of Person Signing — Signature — Date

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231.

Date: 5/21/01 — [signature] Elizabeth A. Dooley

# ASSIGNMENT

Know all men by these presents

THAT WHEREAS I,

**ROBERT E. RAFFERTY,**

of Rutland, Massachusetts, have made an invention for

**METER BOX LOCK ASSEMBLY**

described in the application filed with the United States Patent and Trademark Office on February 28, 2001, as Serial No. 09/795,701, and

WHEREAS INNER-TITE CORP., a corporation duly organized and existing under the laws of Massachusetts and having a place of business at 110 Industrial Drive, Holden, Massachusetts 01520, for the benefit of itself, its successors and assigns, all inclusively hereinafter referred to as the Assignee, is desirous of acquiring the entire right, title and interest in and to the said invention, the said application, all inventions disclosed in said application, and any and all Letters Patent of the United States and of all other countries which may be granted for the said invention or inventions, or any of them;

NOW, THEREFORE, for good and valuable consideration provided by said Assignee, the receipt whereof is hereby acknowledged, I do hereby sell, assign and transfer to the said Assignee the entire right, title and interest in and to the said invention, inventions and application, including all priority rights arising therefrom, all inventions disclosed in said application, and any and all Letters Patent of the United States, and of all other countries, together with the right to apply for such Letters Patent, which may be granted for the said invention, inventions or any of them.

TO HAVE, HOLD AND ENJOY the said invention, the said application, and the said Letters Patent, to said

**INNER-TITE CORP.**

its successors and assigns, to its and their own use and behoof to the full end of the term or terms for which the said Letters Patent may be granted, as fully and entirely as the same would have been held and enjoyed by me had this assignment and sale not been made.

AND I hereby authorize and request the Commissioner of Patents of the United States and the appropriate officers of all foreign patent offices to issue any and all Letters Patent which may be granted on the said application or applications above referred to, or for the said invention, or any of them, to the said Assignee in accordance with the terms or this instrument.

AND I hereby agree to execute and sign without further consideration any other legal document and any other assignments and any divisional, continuing, renewal, reissue or other application in and for all patents that may be appropriate and may be deemed necessary by the Assignee fully to secure to said Assignee its interests as aforesaid in and to the said invention or any part thereof and in and to the said patents or any of them.

AND I further covenant and agree that I will at any time upon request communicate to the said Assignee, its successors, assigns or other legal representatives, any facts known to me relating to the said invention and any patent that may be granted thereon, and will testify as to the same in any interference or litigation when requested to do so.

AND I do hereby covenant for myself and my legal representatives that I have not hitherto assigned or granted any license to make, use or sell said invention, and that I will not henceforth purport to assign, license or execute any instrument to that effect in conflict with this assignment.

05/14/01
Date

**ROBERT E. RAFFERTY**



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | DRAWINGS | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | 3627 | 555 | 5578 | 5 | 8 | 1 |

**CONFIRMATION NO. 5950**

**UPDATED FILING RECEIPT**

*OC000000006190095*

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

Date Mailed: 06/18/2001

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Customer Service Center. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

Robert E. Rafferty, Rutland, MA;

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

**If Required, Foreign Filing License Granted** 04/14/2001

**Projected Publication Date:** Request for Non-Publication Acknowledged

**Non-Publication Request:** Yes

**Early Publication Request:** No

**** SMALL ENTITY ****

**Title**

Meter box lock assembly

**Preliminary Class**



070

**Data entry by :** GOREMS, SELAMAWIT **Team :** OIPE **Date:** 06/18/2001

# LICENSE FOR FOREIGN FILING UNDER
## Title 35, United States Code, Section 184
## Title 37, Code of Federal Regulations, 5.11 & 5.15

**GRANTED**

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Office of Export Administration, Department of Commerce (15 CFR 370.10 (j)); the Office of Foreign Assets Control, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15 (b).

**PLEASE NOTE the following information about the Filing Receipt:**

- The articles such as "**a**," "**an**" and "**the**" are not included as the first words in the title of an application. They are considered to be unnecessary to the understanding of the title.
- The words "**new**," "**improved**," "**improvements in**" or "**relating to**" are not included as first words in the title of an application because a patent application, by nature, is a new idea or improvement.
- The title may be truncated if it consists of more than 500 characters (letters and spaces combined).
- The docket number allows a maximum of 25 characters.
- If your application was submitted under 37 CFR 1.10, your filing date should be the "date in" found on the Express Mail label. If there is a discrepancy, you should submit a request for a corrected Filing Receipt along with a copy of the Express Mail label showing the "date in."
- The title is recorded in sentence case.

Any corrections that may need to be done to your Filing Receipt should be directed to:

Assistant Commissioner for Patents
Office of Initial Patent Examination
Customer Service Center
Washington, DC 20231

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590 05/08/2002

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER | |
|---|---|
| FEE, WILLIAM S | |
| **ART UNIT** | **PAPER NUMBER** |
| 3677 | |

DATE MAILED: 05/08/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/795,701 | RAFFERTY, ROBERT E. |
| | **Examiner** | **Art Unit** |
| | William S. Fee | 3677 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____ .

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) _1-8_ is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) _1-8_ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _3_ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

## DETAILED ACTION

### *Claim Rejections - 35 USC § 112*

1. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

2. Claims 1-8 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

3. Regarding claim 1, the phrase "or the like" in line 1 renders the claim(s) indefinite because the claim(s) include(s) elements not actually disclosed (those encompassed by "or the like"), thereby rendering the scope of the claim(s) unascertainable. See MPEP § 2173.05(d).

4. Regarding claim 5, an axis of rotation has an indefinite number of sides making it uncertain as to where the teeth are arranged therefore claim 5 is indefinite.

### *Claim Rejections - 35 USC § 103*

5. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

6. Claims 1,2,4,7 and 8 are rejected under 35 U.S.C. 103(a) as being unpatentable over Nielsen, Jr., U.S.P. 4,080,811 in view of Nielsen, Jr. et al., U.S.P. 4,414,829.

Regarding claims 1,2,4,7 and 8, Nielsen 811 discloses an electric meter box having a bottom and side walls 1, a top cover 3 which overlaps an upper edge of a side

wall (Fig. 4) and a lock assembly (Figs2-6) comprising a bracket 21, a first and second flanges 23 and 38 integrally joined by an intermediate web (Figs. 4 and 5) where intermediate web is interposed between the cover 3 and the upper edge of the side wall 1 (Fig. 3) and the second flange is at an acute angle with respect to the first flange (Figs. 4 and 5), a force exerting means 25 comprising a screw threaded through the second flange 23, a cap 27 having a lip 29, an interlocking means 50 and 35 and the bracket 21 having a third flange 33 projecting from the fist flange 38 wherein the interlocking means 50 and 35 engage the third flange 33 however Nielsen 811 does not disclose a jaw mechanically interengaged with and carried by a bracket or a jaw engaging a box side wall below a ledge in the side wall.

Regarding claims 1,2,4,7 and 8, Nielsen 829 teaches a jaw 56 mechanically interengaged with and carried by a bracket 52.

It would have been obvious to one having ordinary skill in the art at the time the invention was made to provide the lock of Nielsen 811, with a jaw mechanically interengaged with and carried by a bracket as taught by Nielsen 829, in order to more securely clamp the bracket to the box side wall.

Regarding claim 2, Nielsen 829 teaches a jaw 56 engaging a box sidewall 16 below a ledge 58 in the sidewall.

It would have been obvious to one having ordinary skill in the art at the time the invention was made to provide the lock of Nielsen 811, with a jaw engaging a box side wall below a ledge in the side wall as taught by Nielsen 829, in order to more securely

clamp the bracket to the box side wall whereby the ledge deters the jaw from sliding up

and off the wall.

7.     Claims 3 and 5 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Nielsen, Jr., U.S.P. 4,080,811 in view of Nielsen, Jr. et al., U.S.P. 4,414,829 as applied

to claims 1,2,4,7 and 8 above, and further in view of Collier, U.S.P. 3,938,839.

Nielsen 811 and Nielsen 829 are discussed above however, they do not disclose

teeth on a jaw.

Regarding claims 3 and 5, Collier teaches teeth 10 and 11 on a jaw 5.

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to provide the lock of Nielsen 811 as modified by Nielsen 829 with

a jaw having teeth as taught by Collier, in order to allow the jaw to secure to the sidewall

of the box more securely.

8.     Claim 6 is rejected under 35 U.S.C. 103(a) as being unpatentable over Nielsen,

Jr., U.S.P. 4,080,811 in view of Nielsen, Jr. et al., U.S.P. 4,414,829 as applied to claims

1,2,4,7 and 8 above, and further in view of Michelman et al., U.S.P. 4,120,182.

Nielsen 811 and Nielsen 829 are discussed above however, they do not disclose

a jaw pivotally to a second flange.

Regarding claim 6, Michelman teaches a jaw 120 pivotable to a second flange

124.

It would have been obvious to one having ordinary skill in the art at the time the

invention was made to provide the lock of Nielsen 811 as modified by Nielsen 829 with

a jaw pivotable to a second flange as taught by Michelman, in order to allow the jaw to move rather than the bracket when turning the force exerting means.

***Conclusion***

9. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to William S. Fee whose telephone number is (703) 305-3131. The examiner can normally be reached on Monday through Friday from 7:00 AM to 3:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann, can be reached on (703) 306-4115. The fax phone number for the organization where this application or proceeding is assigned is (703) 872-9326.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

William S. Fee
Examiner
Art Unit 3677

J. J. SWANN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

| Notice of References Cited | Application/Control No. 09/795,701 | Applicant(s)/Patent Under Reexamination RAFFERTY, ROBERT E. | |
|---|---|---|---|
| | Examiner William S. Fee | Art Unit 3677 | Page 1 of 1 |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-4,080,811 | 03-1978 | Nielsen, Jr. | 70/164 |
| | B | US-4,414,829 | 11-1983 | Nielsen, Jr. et al. | 70/160 |
| | C | US-4,120,182 | 10-1978 | Michelman et al. | 70/63 |
| | D | US-5,315,849 | 05-1994 | Georgopoulos | 70/34 |
| | E | US-4,144,729 | 03-1979 | Nielsen, Jr. | 70/63 |
| | F | US-4,107,959 | 08-1978 | Sharzynski et al. | 70/159 |
| | G | US-4,152,910 | 05-1979 | Swisher | 70/159 |
| | H | US-4,254,647 | 03-1981 | Finck, Jr. | 70/77 |
| | I | US-5,007,258 | 04-1991 | Mahaney | 70/159 |
| | J | US-3,938,839 | 02-1976 | Collier | 292/258 |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

FORM PTO-1449 (Rev. 5/92)

SAMUELS, GAUTHIER & STEVENS
225 Franklin Street, Boston, MA 02110
Telephone: (617) 426-9180

**INFORMATION DISCLOSURE STATEMENT BY APPLICANT**

OIPE MAY 14 2001 PATENT & TRADEMARK OFFICE

ATTORNEY DOCKET NO. 5578

Robert E. Rafferty
APPLICANT

02/28/01
FILING DATE

SERIAL NO. 09/795,701

Unknown
GROUP

Unknown
EXAMINER

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| WSF | AA | 1,053,328 | 02/18/13 | T. Suters | | | |
| WSF | AB | 1,343,851 | 06/15/20 | H.H. Roe | | | |
| WSF | AC | 1,554,958 | 09/22/25 | M. Falk | | | |
| WSF | AD | 3,088,560 | 05/07/63 | F.W. Preuss | | | |
| WSF | AE | 3,181,319 | 05/04/65 | M. A. Hudon | | | |
| WSF | AF | 3,431,004 | 03/04/69 | J.E. Schell | | | |
| WSF | AG | 3,867,822 | 02/25/75 | Morse et al. | | | |
| WSF | AH | 3,938,839 | 02/17/76 | Collier | | | |
| WSF | AI | 4,031,722 | 06/28/77 | Michelman et al. | | | |
| WSF | AJ | 4,080,811 | 03/28/78 | Nielsen, Jr. | | | |
| WSF | AK | 4,096,718 | 06/27/78 | Michelman et al. | | | |
| WSF | AL | 4,107,959 | 08/22/78 | Skarzynski et al. | | | |
| WSF | AM | 4,120,182 | 10/17/78 | Michelman et al. | | | |
| WSF | AN | 4,144,729 | 03/20/79 | Nielsen, Jr. | | | |
| WSF | AO | 4,254,647 | 03/10/81 | Finck, Jr. | | | |
| WSF | AP | 4,326,395 | 04/27/82 | DeRosa | | | |
| WSF | AQ | 4,414,829 | 11/15/83 | Neilsen, Jr. et al. | | | |
| WSF | AR | 4,475,365 | 10/09/84 | Swisher | | | |
| WSF | AS | 4,551,999 | 11/12/85 | Guiler | | | |
| WSF | AT | 4,986,096 | 01/22/91 | Soehner et al. | | | |
| WSF | AU | 5,007,258 | 04/16/91 | Mahaney | | | |
| WSF | AV | 5,315,849 | 05/31/948 | Georgeopoulos | | | |
| WSF | AW | 5,870,911 | 02/16/99 | DeWalch | | | |

**EXAMINER** William S. Free **DATE CONSIDERED** 4-30-02

**EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.**

Mailed on July 22, 2002

5578

Enclosed are the following in re:
Patent Appln. of Robert E. Raffertyy
Serial No.: 09/795,701
Filed: February 28, 2001
For: METER BOX LOCK ASSEMBLY

1) Amendment Transmittal
2) Amendment
3). Version with Markings to Show Changes Made
4) 3 page attachment from Webster's New World Dictionary, Second College Edition, 1976

Due Date: August 8, 2002

MEG/ead

OIPE JC144
JUL 29 2002
PATENT & TRADEMARK OFFICE

This Paper Was Received By PTO On:

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **In re application of:** | Robert E. Rafferty | | |
| **Serial No.:** | 09/795,701 | **Group No:** | 3677 |
| **Filed:** | 02/28/01 | **Examiner:** | William S. Fee |
| **For:** | METER BOX LOCK ASSEMBLY | | |

**Assistant Commissioner of Patents**
**Washington, D.C. 20231**

**AMENDMENT TRANSMITTAL**

1. Transmitted herewith is an amendment for this application.

**STATUS**

2. Applicant is

X a small entity - verified statement:

__ attached.

X already filed.

__ other than a small entity.

---

**CERTIFICATE OF MAILING (37 CFR 1.8(a))**

I hereby certify that this paper (along with any referred to as being attached or enclosed) is being deposited with the United State Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Assistant Commissioner of Patents, Washington, D.C. 20231.

Elizabeth A. Dooley
(Type or print name of person mailing letter)

Date: 7/22/02

(Signature of person mailing paper)

## EXTENSION OF TERM

NOTE: "Extension of Time in Patent Cases (Supplement Amendments)--If a timely and complete response has been filed after a Non-Final Office Action, an extension of time is not required to permit filing and/or entry of an additional amendment after expiration of the shortened statutory period.

If a timely response has been filed after a Final Office Action, an extension of time is required to permit filing and/or entry of a Notice of Appeal or filing and/or entry of an additional amendment after expiration of the shortened statutory period unless the timely-filed response placed the application in condition for allowance. Of course, if a Notice of Appeal has been filed within the shortened statutory period, the period has ceased to run." Notice of December 10, 1985 (1061 O.G. 34-35).

NOTE: See 37 CFR 1.645 for extensions of time in interference proceedings and 37 CFR 1.550(c) for extensions of time in reexamination proceedings.

3. The proceedings herein are for a patent application and the provisions of 37 CFR 1.136 apply

(complete (a) or (b) as applicable)

(a) __ Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)-(d) for the total number of months checked below:

| | Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|---|
| __ | one month | $ 110.00 | $ 55.00 |
| __ | two months | $ 390.00 | $195.00 |
| __ | three months | $ 890.00 | $445.00 |
| __ | four months | $1,390.00 | $695.00 |
| __ | fifth month | $1,890.00 | $945.00 |

Fee $______________

If an additional extension of time is required please consider this a petition therefor.

(check and complete the next item, if applicable)

__ An extension for ______ months has already been secured and the fee paid therefor of $______ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request $ __________

OR

(b) X Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition for extension of time.

## FEE FOR CLAIMS

4. The fee for claims (37 CFR 1.16(b)-(d)) has been calculated as shown below:

| | (Col. 1) | | (Col. 2) | (Col. 3) | SMALL ENTITY | | OR | OTHER THAN A SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | CLAIMS REMAINING AFTER AMENDMENT | | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | ADDIT. RATE | FEE | OR | RATE | ADDIT. FEE |
| TOTAL * | 9 | MINUS ** | 20= | 0 | x 9= $ | | | x18= | $ 0 |
| INDEP.* | 1 | MINUS *** | 3= | 0 | x 40= $ | | | x80= | $ 0 |
| FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | | +135=$ | | | +$270= | $ |
| | | | | | TOTAL ADDIT. FEE $ | | OR | TOTAL ADDIT. FEE | $ 0 |

* If the entry in Col. 1 is less than entry in Col. 2, write "0" in Col. 3.
** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest No. Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest No. Previously Paid For" (Total or Indep.) is the highest number found in the appropriate box in Col. 1 of a prior amendment or the number of claims originally filed.

WARNING: "After final rejection or action ( 1.113) amendments may be made cancelling claims or complying with any requirement of form which has been made." 37 CFR 1.116(a) (emphasis added).

(complete (c) or (d) as applicable)

(c) X No additional fee for claims is required.

**OR**

(d) ___ Total additional fee for claims required $____________________.

## FEE PAYMENT

5. ___ Attached is a check in the sum of $____________________.

___ Charge Account No. ______________ the sum of $________.

A duplicate of this transmittal is attached.

**FEE DEFICIENCY**

NOTE: If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, (1065 O.G. 31-33).

6. X If any additional extension and/or fee is required, charge Account No. 19-0079

**AND/OR**

X If any additional fee for claims is required, charge Account No. 19-0079

[signature]
SIGNATURE OF ATTORNEY

Reg. No.: 20,798

Maurice E. Gauthier
Type or print name of attorney

Tel. No.: (617) 426-9180
Extension 113

Samuels, Gauthier & Stevens

225 Franklin Street, Suite 3300
Boston, Massachusetts 02110

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **APPLICANT:** | Robert E. Rafferty | **GROUP:** | 3677 |
| **SERIAL NO:** | 09/795,701 | **EXAMINER:** | William S. Fee |
| **FILED:** | 02/28/01 | | |
| **FOR:** | METER BOX LOCK ASSEMBLY | | |

**Box Amendment**
**Assistant Commissioner of Patents**
**Washington, D.C. 20231**

**Sir:**

**AMENDMENT**

In response to the Office Action mailed on 05/08/2002, please amend the above-identified application as follows:

IN THE CLAIMS:

Amend the claims 1 and 5 as follows:

1. (Amended) For use in combination with a utility box having a bottom, a side wall, and a cover which may be opened to gain access to the interior of the box, and which when closed, overlaps an upper edge of the side wall, a lock assembly for maintaining the cover in its closed position, said lock assembly comprising:

a bracket having first and second mutually spaced flanges integrally joined by an intermediate web;

a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges, said bracket being configured for removable mounting on said side wall, with said intermediate web interposed between said cover and the upper edge of said side wall, and with said first flange and said jaw respectively located adjacent exterior and interior surfaces of said side wall;

force exerting means for urging said jaw towards said first flange to thereby clamp said side wall therebetween;

a cap having a lip configured and dimensioned to overlap said cover; and interlocking means for securing said cap to said bracket.

5. (Amended) The lock assembly of claim 4 wherein said jaw includes a plurality of teeth engageable with said side wall.

## REMARKS

Claims 1 and 5 have been amended to obviate the Examiner's '112 rejections.

The Examiner's rejections under 35 U.S.C. §103 are respectfully traversed for the following reasons:

The Examiner's attempt to supplement the disclosure in Nielsen '811 with that of Neilsen '829 is fatally flawed. The component 56 in Neilsen '829 is nothing more than a reinforcing block fixed to a leg 58 of a back plate 52.

As such, it is not movable with respect to the back plate, and its function is merely to coact in threaded engagement with the cap screw 56 while strengthening the relatively thin side wall 16. Attaching the block 56 of Neilsen '829 to either of the flanges 23, 38 of Neilsen '811 would serve no useful purpose other than perhaps to add strength. It certainly would not serve as a jaw mounted for movement between the flanges. In sum, therefore, the block 56 of Neilsen '829 is not a jaw within the meaning of claim 1, and there is no suggestion in either Neilsen '811 or Neilsen '829 of using it as a movable jaw between the flanges 23, 38 of Neilsen '811.

The Examiner's assessment of the disclosure in Collier is also off the mark. In Collier, the teeth 10, 11, and 16 are designed to engage one another, and not to engage and bite into a side wall. This teaching is totally opposite to that of the present invention.

Finally, with respect to Michelman, the plate 120 is again nothing more than a fixed strengthening element, held in place by a clip 118.

The Examiner appears to be misconstruing the term "jaw". In the mechanical context, the most appropriate definition for this term is

> "either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise"
> (See enclosed excerpt from Webster's New World Dictionary, Second College Edition, 1976)

It is respectfully submitted that there is absolutely nothing in any of the secondary references that would suggest modifying the clamp in Neilsen '811 to include a jaw, as that term is properly construed.

U.S. Ser. No. 09/795,701
Our File: 3578

Attached hereto is a marked up version of the changes made to claims 1 and 5.

Reconsideration and allowance is respectfully requested.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Telephone: (617) 426-9180, Ext. 113

- 4 -

IT 00059

VERSION WITH MARKINGS TO SHOW CHANGES MADE

1. (Amended) For use in combination with [an electric meter box or other like enclosure] a utility box having a bottom, a side wall, and a cover which may be opened to gain access to the interior of the box, and which when closed, overlaps an upper edge of the side wall, a lock assembly for maintaining the cover in its closed position, said lock assembly comprising:

a bracket having first and second mutually spaced flanges integrally joined by an intermediate web;

a jaw mechanically interengaged with and carried by said bracket for movement between said first and second flanges, said bracket being configured for removable mounting on said side wall, with said intermediate web interposed between said cover and the upper edge of said side wall, and with said first flange and said jaw respectively located adjacent exterior and interior surfaces of said side wall;

force exerting means for urging said jaw towards said first flange to thereby clamp said side wall therebetween;

a cap having a lip configured and dimensioned to overlap said cover; and interlocking means for securing said cap to said bracket.

5. (Amended) The lock assembly of claim 4 wherein said jaw includes a plurality of teeth engageable with said side wall [, said teeth being arranged on opposite sides of the axis of rotation of said screw].

SECOND COLLEGE EDITION



# WEBSTER'S NEW WORLD DICTIONARY

OF THE AMERICAN LANGUAGE

DAVID B. GURALNIK, *Editor in Chief*

WILLIAM COLLINS + WORLD PUBLISHING CO., INC.

IT 00061

WEBSTER'S NEW WORLD DICTIONARY, Second College Edition

Copyright © 1976 and 1974 by
WILLIAM COLLINS + WORLD PUBLISHING CO., INC.
2080 West 117th Street, Cleveland, Ohio 44111
Copyright © 1972 and 1970 by
THE WORLD PUBLISHING COMPANY

---

Copyright under the Universal Copyright Convention; the International Copyright Union; Pan-American Conventions of Montevideo, Mexico, Rio de Janeiro, Buenos Aires and Havana

Previous edition Copyright © 1953, 1954, 1955, 1956, 1957, 1958, 1959, 1960, 1962, 1964, 1966, 1968 by
THE WORLD PUBLISHING COMPANY

---

Library of Congress Catalog Card Number: 75-39572
ISBN 60B 0-529-05324-1
ISBN 60BI 0-529-05326-8

---

PRINTED IN THE UNITED STATES OF AMERICA

jargon 755 Jean

incomprehensible or outlandish 3. a mixed or hybrid language or dialect; esp., pidgin 4. the specialized vocabulary and idioms of those in the same work, profession, etc., as of sports writers or social workers: a somewhat derogatory term, often implying unintelligibility: see SLANG[1] 5. speech or writing full of long, unfamiliar, or roundabout words or phrases —*vi.* same as JARGONIZE —*SYN.* see DIALECT —**jar'gon·is'tic** *adj.*

**jar·gon**[2] (jär'gän) *n.* [Fr. < It. *giargone* < Ar. *zarqūn* < Per. *zargūn:* see ZIRCON] a colorless or smoky variety of zircon: also **jar·goon'** (-go͞on')

**jar·gon·ize** (jär'gə nīz') *vi.* **-ized', -iz'ing** to talk or write in jargon —*vt.* to express in jargon

**jarl** (yärl) *n.* [ON., akin to OE. *eorl:* see EARL] a Scandinavian chieftain or nobleman in earlier times

**jar·o·vize** (yär'ə vīz') *vt.* **-vized', -viz'ing** [< Russ. *yar'*, spring grain + -IZE] *same as* VERNALIZE

**Jar·vis** (jär'vis) [older *Gervas* < Norm. var. of Fr. *Gervais* < LL. *Gervasius*, name of an early Christian saint and martyr] a masculine name

**Jas.** James

**ja·sey** (jā'zē) *n.* [altered < JERSEY] [Brit.] formerly, a wig, esp. one made of worsted

**jas·mine, jas·min** (jaz'min; *chiefly Brit.*, jas'-) *n.* [Fr. *jasmin* < Ar. *yās(a)min* < Per. *yāsamin*] 1. any of various tropical and subtropical plants (genus *Jasminum*) of the olive family, with fragrant flowers of yellow, red, or white, used in perfumes or for scenting tea 2. any of several other similar plants with fragrant flowers, as YELLOW JASMINE 3. pale yellow

**Ja·son** (jās'n) [L. *Iāson* < Gr. *Iāson*, lit., healer] 1. a masculine name 2. *Gr. Myth.* a prince who led the Argonauts, and, with Medea's help, got the Golden Fleece

**Jas·per** (jas'pər) [OFr. *Jaspar* < ?] a masculine name: equiv. Fr. *Gaspard*, G. *Kaspar*, Sp. *Gaspar*

**jas·per** (jas'pər) *n.* [ME. *jaspre* < MFr. < L. *iaspis* < Gr. *iaspis*, a green precious stone, prob. akin to Heb. *yāšpeh*] 1. an opaque variety of colored, cryptocrystalline quartz, usually reddish, yellow, or brown 2. *Bible* a precious stone, probably an opaque green quartz 3. a kind of porcelain developed by Wedgwood, having a dull surface in green, blue, etc. with raised designs, usually in white

**Jasper National Park** Canadian national park in SW Alberta, in the E Rockies: 4,200 sq. mi.

**Jas·pers** (yäs'pərz), **Karl** 1883–1969; Ger. philosopher

**jas·pil·ite** (jas'pə līt') *n.* [< Gr. *jaspis*, JASPER + -LITE] a rock consisting primarily of alternate bands of red jasper and black iron ore

**jas·sid** (jas'id) *n.* [< ModL. *Jassidae* < *Jassus*, name of the type genus < L. *Iassus*, ancient town on the coast of Caria + ModL. *-idae*, -IDAE] any of a large family (Jassidae) of leafhoppers that feed on plants

**Jas·sy** (yä'sē) *same as* IAŞI

**Jat** (jät, jôt) *n.* [Hind.] a member of an Indian people of the Vale of Kashmir, the Punjab, and Rajputana

**ja·to, JA·TO** (jā'tō) *n.* [*j(et)-a(ssisted) t(ake)o(ff)*] an airplane takeoff assisted by a jet-producing unit or units, usually small, solid-propellant rockets

**jaun·dice** (jôn'dis, jän'-) *n.* [ME. *jaundis* < OFr. *jaunisse* < *jaune*, yellow < L. *galbinus*, greenish yellow < *galbus*, yellow, prob. via Celt. **galbos* < IE. base **ghel-*, YELLOW] 1. *a)* a condition in which the eyeballs, the skin, and the urine become abnormally yellow as a result of bile pigments in the blood *b)* popularly, a disease causing this condition, as hepatitis 2. a bitter or prejudiced state of mind, caused by jealousy, envy, etc. —*vt.* **-diced, -dic·ing** 1. to cause to have jaundice 2. to make bitter or prejudiced through jealousy, envy, etc.

**jaunt** (jônt, jänt) *vi.* [< ?] to take a short trip for pleasure —*n.* such a trip; excursion —*SYN.* see TRIP

**jaunting car** a light, topless, two-wheeled cart used in Ireland, with seats on both sides

**jaun·ty** (-ē) *adj.* **-ti·er, -ti·est** [earlier *janty, genty* < Fr. *gentil*, genteel] 1. in fashion; stylish; chic 2. having an easy confidence; gay and carefree; sprightly; perky —**jaun'ti·ly** *adv.* —**jaun'ti·ness** *n.*

**Jau·rès** (zhô res'), **Jean Lé·on** (zhän lā ōn') 1859–1914; Fr. Socialist leader & journalist: assassinated

**Jav.** Javanese

**Ja·va** (jä'və, jav'ə) large island of Indonesia, southeast of Sumatra: 48,842 sq. mi.; pop. (with Madura) 63,000,000 —*n.* ☆1. any of a breed of chickens with black or mottled black plumage ☆2. a kind of coffee grown on Java and nearby islands ☆3. [*often* j-] [Slang] any coffee

**Java man** a type of primitive man (*Homo erectus erectus*) known from fossil remains found in Java

**Jav·a·nese** (jav'ə nēz', -nēs') *adj.* of Java, its people, their language, or culture —*n.* 1. *pl.* **-nese'** a native or inhabitant of Java; esp., a member of a group of tribes occupying the main part of Java 2. the Indonesian language of these tribes

**Java Sea** part of the Pacific, between Java & Borneo: c. 600 mi. long

**Java sparrow** a white, pink, and gray finch (*Padda oryzivora*) of SE Asia, widely kept as a cage bird

**jav·e·lin** (jav'lin, jav'ə lin) *n.* [MFr. *javeline*, fem. dim. < *javelot*, a spear, prob. < Gaul. **gabalaccos* < IE. base **ghabh(o)lo-*, forked branch, fork, whence OE. *gafol*, G. *gabel*] 1. a light spear for throwing 2. *a)* a pointed wooden or metal shaft, about 8 1/2 ft. long, thrown for distance as a test of strength and skill *b)* the throwing of the javelin as a field event in track and field meets: in full, **javelin throw**

☆**jav·e·li·na** (hä'və lē'nə) *n.* [Sp. *jabalina*, wild sow, fem. of *jabalí*, boar < Ar. (*ḥinzīr*) *g'abalī*, lit., mountain (pig) < *g'abal*, mountain] *same as* PECCARY

**Ja·velle** (or **Ja·vel**) **water** (zhə vel') [after *Javel*, former Fr. village (now part of Paris), where it was made] a solution of sodium hypochlorite, NaOCl, in water, used as a bleaching agent or disinfectant

**jaw** (jô) *n.* [ME. *jowe* < ? OFr. *joue*, cheek] 1. either of the two bones or bony parts that hold the teeth and frame the mouth in most vertebrates: the **lower jaw** (*mandible*) is usually hinged and movable, the **upper jaw** (*maxilla*) is usually not; often, specif., the lower jaw 2. any of various analogous biting structures of invertebrates 3. [*pl.*] the mouth 4. either of two mechanical parts that open and close to grip or crush something, as in a monkey wrench or vise 5. [*pl.*] the narrow entrance of (a canyon, valley, strait, etc.) 6. [*pl.*] something grasping or imminent [*the jaws of death*] 7. [Slang] talk; esp., abusive or boring talk —*vi.* [Slang] to talk, esp. in a boring or abusive way —*vt.* [Slang] to scold or reprove, esp. repeatedly

**jaw·bone** (-bōn') *n.* a bone of a jaw, esp. of the lower jaw —☆*vt., vi.* **-boned', -bon'ing** to attempt to persuade by using one's high office or position to apply pressure, as the President might in proposing price and wage controls to business and labor

**jaw·break·er** (-brā'kər) *n.* 1. a machine with jaws for crushing rocks, ore, etc. ☆2. a hard, usually round candy 3. [Slang] a word that is hard to pronounce

**Jax·ar·tes** (jak sär'tēz) *ancient name of* SYR DARYA

**jay** (jā) *n.* [ME. < OFr. *gai* < LL. *gaius*, a jay, prob. echoic, but sp. infl. by the L. proper name *Gaius*] 1. any of several birds of the crow family, usually strikingly colored, as the **European jay** (*Garrulus glandarius*) 2. *same as* BLUE JAY 3. [Colloq.] a foolish or talkative person

**Jay** (jā), **John** 1745–1829; Am. statesman & jurist: 1st chief justice of the U.S. (1789–95)

**jay·bird** (jā'burd') *n. dial. var. of* JAY

☆**Jay·cee** (jā'sē') *n.* [< *j(unior) c(hamber)*] any member of a junior chamber of commerce

☆**jay·hawk·er** (jā'hô'kər) *n.* [< ?] 1. [Slang] an abolitionist guerrilla of Missouri and Kansas in Civil War days 2. a robber, raider, or plunderer 3. [J-] [Colloq.] *a nickname for* a Kansan: also **Jay'hawk'**

☆**jay·walk** (jā'wôk') *vi.* [JAY, 3 + WALK] [Colloq.] to walk in or across a street carelessly without obeying traffic rules and signals, esp. at other than proper crossing places —**jay'walk'er** *n.* —**jay'walk'ing** *n.*

☆**jazz** (jaz) *n.* [etym. unc.: < ? Creole patois *jass*, sexual term applied to the Congo dances (New Orleans)] 1. a kind of music, originally improvised but now also arranged, characterized by syncopation, rubato, usually heavily accented rhythms, dissonances, individualized melodic variations, and unusual tonal effects on the saxophone, clarinet, trumpet, trombone, etc.: it originated among New Orleans, esp. Negro, musicians: see also SWING, BOP[2] 2. loosely, any popular dance music 3. [Slang] a quality reminiscent of jazz music; lively spirit 4. [Slang] remarks, acts, concepts, etc. regarded as hypocritical, tiresome, trite, pretentious, etc. —*adj.* of, in, like, or having to do with jazz —*vt.* 1. to play or arrange as jazz 2. to speed up 3. [Slang] to fill with jazz qualities; make exciting or elaborate; enliven or embellish (usually with *up*) —*vi.* [Slang] to move or behave in a lively or carefree way

☆**jazz·man** (jaz'man') *n., pl.* **-men'** a jazz musician

☆**jazz·y** (-ē) *adj.* **jazz'i·er, jazz'i·est** 1. characterized by the qualities of jazz music 2. [Slang] lively, gay, showy, etc. —**jazz'i·ly** *adv.* —**jazz'i·ness** *n.*

**J.C.** 1. Jesus Christ 2. Julius Caesar 3. jurisconsult

**J.C.D.** 1. [L. *Juris Canonici Doctor*] Doctor of Canon Law 2. [L. *Juris Civilis Doctor*] Doctor of Civil Law

**jct.** junction

**JD** juvenile delinquency (or delinquent)

**J.D.** [L. *Jurum Doctor*] Doctor of Laws

**Je.** June

**jeal·ous** (jel'əs) *adj.* [ME. *jelous* < OFr. *gelos* < ML. *zelosus:* see ZEAL] 1. very watchful or careful in guarding or keeping [*jealous of one's rights*] 2. *a)* resentfully suspicious of a rival or a rival's influence [*a husband jealous of other men*] *b)* resentfully envious *c)* resulting from such feelings [*a jealous rage*] 3. [Now Rare] requiring exclusive loyalty [*the Lord is a jealous God*] —**jeal'ous·ly** *adv.* —**jeal'ous·ness** *n.*

**jeal·ous·y** (-ē) *n., pl.* **-ous·ies** [ME. *jalousie* < OFr. *gelosie* < *gelos:* see prec.] 1. the quality or condition of being jealous 2. an instance of this: jealous feeling

**Jean** (jēn) 1. a masculine name: see JOHN 2. a feminine name: see JOANNA

fat, āpe, cär; ten, ēven; is, bīte; gō, hôrn, to͞ol, look; oil, out; up, fur; get; joy; yet; chin; she; thin, then; zh, leisure; ŋ, ring; ə for *a* in *ago*, *e* in *agent*, *i* in *sanity*, *o* in *comply*, *u* in *focus;* ' as in *able* (ā'b'l); Fr. bál; ë, Fr. coeur; ö, Fr. feu; Fr. mon; ô, Fr. coq; ü, Fr. duc; r, Fr. cri; H, G. ich; kh, G. doch. See inside front cover. ☆ Americanism; ‡foreign; *hypothetical; < derived from

IT 00063

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590 10/22/2002

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER | |
|---|---|
| RODRIGUEZ, RUTH C | |
| ART UNIT | PAPER NUMBER |
| 3677 | |

DATE MAILED: 10/22/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

MEG DOCKETING
Action ① 1 mo Rsp ② 5 mo Rsp
Docket Date ① 2002/11/22 ② 2003/03/22
Docket By jem

PTO-90C (Rev. 07-01)

RECEIVED
OCT 28 2002
SAMUELS, GAUTHIER & STEVENS LLP

| Office Action Summary | Application No. | Applicant(s) |
| --- | --- | --- |
| | 09/795,701 | RAFFERTY, ROBERT E. |
| | Examiner | Art Unit |
| | Ruth C. Rodriguez | 3677 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *1* MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *02 July 2002*.

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-8* is/are pending in the application.

4a) Of the above claim(s) ____ is/are withdrawn from consideration.

5)☐ Claim(s) ____ is/are allowed.

6)☐ Claim(s) ____ is/are rejected.

7)☐ Claim(s) ____ is/are objected to.

8)☒ Claim(s) *1-8* are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on ____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on ____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. ____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) ____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). ____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

## DETAILED ACTION

### *Election/Restrictions*

Claims 1-3, 5, 6 and 8 are generic to a plurality of disclosed patentably distinct species comprising

Species I - Figures 2-4

Species II - Figures 5A and 5B

Species III - Figure 6A and 6B.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, even though this requirement is traversed.

Should applicant traverse on the ground that the species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

Applicant is advised that the reply to this requirement to be complete must include an election of the invention to be examined even though the requirement be traversed (37 CFR 1.143).

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ruth C. Rodriguez whose telephone number is (703) 308-1881. The examiner can normally be reached on M-F 07:15 - 15:45.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann can be reached on (703) 306-4115. The fax phone numbers for the organization where this application or proceeding is assigned are (703) 872-9326 for regular communications and (703) 872-9327 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 308-1018.

Ruth C. Rodriguez
Patent Examiner
Art Unit 3677

RCR
rcr
October 21, 2002

J. J. SWANN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

Attachment for PTO-948 (Rev. 03/01, or earlier)
6/18/01

**The below text replaces the pre-printed text under the heading, "Information on How to Effect Drawing Changes," on the back of the PTO-948 (Rev. 03/01, or earlier) form.**

## INFORMATION ON HOW TO EFFECT DRAWING CHANGES

**1. Correction of Informalities -- 37 CFR 1.85**

New corrected drawings must be filed with the changes incorporated therein Identifying indicia, if provided, should include the title of the invention, inventor's name, and application number, or docket number (if any) if an application number has not been assigned to the application. If this information is provided, it must be placed on the front of each sheet and centered within the top margin. If corrected drawings are required in a Notice of Allowability (PTOL-37), the new drawings **MUST** be filed within the **THREE MONTH** shortened statutory period set for reply in the Notice of Allowability Extensions of time may NOT be obtained under the provisions of 37 CFR 1.136(a) or (b) for filing the corrected drawings after the mailing of a Notice of Allowability. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

**2. Corrections other than Informalities Noted by Draftsperson on form PTO-948.**

All changes to the drawings, other than informalities noted by the Draftsperson, MUST be made in the same manner as above except that, normally, a highlighted (preferably red ink) sketch of the changes to be incorporated into the new drawings MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made, other than correction of informalities, unless the examiner has approved the proposed changes

**Timing of Corrections**

Applicant is required to submit the drawing corrections <u>within the time period set in the attached Office communication</u> See 37 CFR 1.85(a).

Failure to take corrective action within the set period will result in ABANDONMENT of the application

Mailed on November 1[illegible]

Enclosed are the follow[illegible]
Patent Appln. of Robert[illegible]
Serial No.: 09/795,70[illegible]
Filed: February 28, 2[illegible]

METER BOX LOCK[illegible]

1) Response to Rest[illegible]

Due Date: Novem[illegible]

MEG/ead

**Mailed on November 12, 2002**

5578

Enclosed are the following in re:
Patent Appln. of Robert E. Rafferty
Serial No.: 09/795,701
Filed: February 28, 2001

METER BOX LOCK ASSEMBLY

1) Response to Restriction Requirement

**Due Date: November 22, 2002**

MEG/ead

RECEIVED
NOV 25 2002
SAMUELS, GAUTHIER & STEVENS LLP

This Paper Was Received By PTO On:

OIPE JC154
NOV 20 2002
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **APPLICANT:** | Robert E. Rafferty | **GROUP:** | 3677 |
| **SERIAL NO:** | 09/795,701 | **EXAMINER:** | Ruth C. Rodriguez |
| **FILED:** | 02/28/01 | **CONF. NO.:** | 5950 |
| **FOR:** | METER BOX LOCK ASSEMBLY | | |

**Assistant Commissioner of Patents**
**Washington, D.C. 20231**

**Sir:**

**RESPONSE TO RESTRICTION REQUIREMENT**

In response to the Office Action mailed on 10/22/2002, Applicant elects Species I-Figures 2-4. Applicant reserves the right to prosecute claims directed to Species II and Species III in either this application or subsequently filed divisional applications.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Telephone: (617) 426-9180, Ext. 113

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231.

Elizabeth A. Dooley

Date: 11/22/02



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590 02/03/2003

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER | |
|---|---|
| RODRIGUEZ, RUTH C | |
| ART UNIT | PAPER NUMBER |
| 3677 | |

DATE MAILED: 02/03/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

RECEIVED
FEB 10 2003
SAMUELS, GAUTHIER & STEVENS LLP

| Office Action Summary | Application No. 09/795,701 | Applicant(s) RAFFERTY, ROBERT E. | |
|---|---|---|---|
| | Examiner Ruth C. Rodriguez | Art Unit 3677 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *20 November 2002* .

2a)☐ This action is **FINAL**. 2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-8* is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☒ Claim(s) *3-5* is/are allowed.

6)☒ Claim(s) *1,2 and 6-8* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on *28 February 2001* is/are: a)☒ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____ .

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other:

## DETAILED ACTION

### *Election/Restrictions*

1. Applicant's election of Species I in Paper No. 8 is acknowledged. Because applicant did not distinctly and specifically point out the supposed errors in the restriction requirement, the election has been treated as an election without traverse (MPEP § 818.03(a)).

### *Claim Rejections - 35 USC § 103*

2. The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

3. Claims 1, 2 and 6-8 are rejected under 35 U.S.C. 103(a) as being unpatentable over Nielsen, JR (US 4,080,811) in view of Redmayne (US 4,202,574).

Nielsen discloses for use in combination a locking assembly (23,25,27,35,50) with a utility box (1,3) having a bottom, side wall (1) and a cover (3) that may be opened to gain access to the interior of the box, and which when closed, overlaps an upper edge of the sidewall. The lock assembly maintains the cover in its closed position. The lock assembly comprises a bracket (23) having a first and second mutually spaced flanges integrally joined by an intermediate web (Figs. 4 and 5). The bracket being configured for removably mounting on the side wall with the intermediate web interposed between the cover and the upper edge of the side wall (Fig. 4). The