# EXHIBIT B

PART III of IV

Application/Control Number: 09/795,701                                   Page 3
Art Unit: 3677

first flange and the jaw respectively located adjacent exterior and interior surfaces of the side

wall (Figs. 4). A force exerting means urges one of the flanges of the bracket toward the

sidewall to thereby clamp the sidewall therebetween (Fig. 4). A cap (41,27) having a lip (27)

configured and dimensioned to overlap the cover and interlocking means (27,33,50) for securing

the cap to the bracket (Fig. 4). Nielsen fails to disclose that the lock assembly has a jaw

mechanically interengaged with and carried by the bracket that clamps the first flange of the

bracket against the side wall. However, Redmayne teaches a lock assembly (26) comprising a

bracket (18,20) and a jaw (32,38). The bracket has first (18) and second (20) mutually spaced

flanges integrally joined by an intermediate web (Fig. 1 and 2). The jaw mechanically

interengages with the bracket and is carried by the bracket for movement between the first and

second flanges (Fig. 2). The bracket is configured to be removably mounted on a side wall (Figs.

1 and 2). Force exerting means (28, 34) urges the jaw towards the first flange to clamp the

sidewall (Figs. 1 and 2). The force exerting means urges the jaw towards the clamping position

and maintains that position by resiliency of one of the force exerting means (C. 2, L. 35-55).

Therefore, it would have been obvious to one having ordinary skill in the art at the time the

invention was made to have the jaw with the force exerting means taught by Redmayne in the

lock assembly disclosed by Nielsen. Doing so, will ensure proper clamping of the jaw and the

sidewall since the resiliency of the other force exerting means (34) will provided added clamping

force between the bracket and the side wall.

  With the combination of Redmayne and Nielsen where Nielsen discloses that the side

wall of the box is provided with an interior ledge spaced below the upper edge (Fig. 4), the jaw

taught by Redmayne will engage the sidewall beneath the ledge (Fig. 2).

Application/Control Number: 09/795,701                                    Page 4

Art Unit: 3677

Redmayne discloses that the jaw is pivotally connected to the second flange (Figs. 1 and 2).

The second flange disclosed by Redmayne is inclined at an acute angle with respect the

first flange (Figs. 1 and 2).

Nielsen discloses that the bracket is provided with a third flange (33) projecting from the

first flange and wherein the interlocking means engages the second flange (Fig. 4).


### *Allowable Subject Matter*


4.     Claims 3-5 are objected to as being dependent upon a rejected base claim, but would be

allowable if rewritten in independent form including all of the limitations of the base claim and

any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter:

Regarding claims 3 and 5, Redmayne fails to disclose the use of at least one tooth or a plurality

of teeth in the jaw to engage the side wall. Therefore, it would not have been obvious to one

having ordinary skill in the art at the time the invention was made to have at least one tooth or a

plurality of teeth in the jaw the engage the side wall when Nielsen is combined with Redmayne.

For claim 4, Redmayne discloses that the force exerting means comprises a screw

threaded through the jaw. Redmayne fails to disclose that the force exerting means can be

threaded through the second flange. Accordingly, it would not have been obvious to one having

ordinary skill in the art at the time the invention was made to have the force exerting means

threaded through the second flange when combining Nielsen and Redmayne.

Application/Control Number: 09/795,701                                    Page 5

Art Unit: 3677

### *Response to Arguments*

5.    Applicant's arguments with respect to claims 1-8 have been considered but are moot in

view of the new ground(s) of rejection.

### *Conclusion*

The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Collier (US 3,938,839), Sharzynksi et al. (US 4,107,959), Michelman et al. (US

4,120,182), Nielsen, Jr.  (US 4,144,729), Swisher (US 4,152,910), Finck, Jr. (US 4,254,647),

Nielsen Jr. et al. (US 4,414,829), Mahaney (US 5,007,258) and Georgopoulos (US 5,315,849)

are cited to show state of the art with respect to the combination of a lock assembly and an utility

box.

Woodard (US 1,241,459), Holen (US 1,262,795) and Henrickson (US 2,121,386) are

cited to show state of the art with respect to clamps having some of the features of the clamping

device of the current invention.

Bates et al. (US 3,275,363) is cited to show state of the art with respect to cover holders

having some of the features of the current application.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Ruth C Rodriguez whose telephone number is (703) 308-1881.

The examiner can normally be reached on M-F 07:15 - 15:45.

IT 00076

Application/Control Number: 09/795,701                                    Page 6

Art Unit: 3677

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann can be reached on (703) 306-4115.

Submissions of your responses by facsimile transmission are encouraged. Technology center 3600's facsimile number for before final communications is (703) 872-9326. Technology center 3600's facsimile number for after final communications is (703) 872-9327. Recognizing the fact that reducing cycle time in the processing and examination of patent applications will effectively increase the patent's term, it is to your benefit to submit responses by facsimile transmission whenever permissible. Such submission will place the response directly in our examining group's hands and will eliminate Post Office processing and delivery time as well as PTO's mailroom processing and delivery time. For a complete list of correspondence **not** permitted by facsimile transmission, see MPEP § 502.01. In general, most responses and/or amendments not requiring a fee, as well as those requiring a fee but charging such fee to a deposit account, can be submitted by facsimile transmission. Responses requiring a fee that the applicant is paying by check **should not be** submitted by facsimile transmission separately from the check.

Responses submitted by facsimile transmission should include a Certificate of Transmission (MPEP § 512). The following is an example of the format the certification might take:

I hereby certify that this correspondence is being facsimile transmitted to

the Patent and Trademark Office (Fax No. (703) 872-9326) on ___(Date)___ .

_____

(Typed or printed name of person signing this certificate)

_____

(Signature)

Application/Control Number: 09/795,701                                          Page 7
Art Unit: 3677

If your response is submitted by facsimile transmission, you are hereby reminded that the original should be retained as evidence of authenticity (37 CFR 1.4 and MPEP § 502.02). Please do not separately mail the original or another copy unless required by the Patent and Trademark Office. Submission of the original response or a follow-up copy of the response has been transmitted by facsimile will cause further unnecessary delays in the processing of your application, duplicate responses where fees are charged to a deposit account may result in those fees being charged twice.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

                                        Ruth C. Rodriguez
                                        Patent Examiner
                                        Art Unit 3677

*RCR*
rcr
January 27, 2003

J.J. Swann
SPE, AU 3677
TC 3700

| | | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|---|
| **Notice of References Cited** | | | 09/795,701 | RAFFERTY, ROBERT E. |
| | | | Examiner | Art Unit | |
| | | | Ruth C. Rodriguez | 3677 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-1,241,459 | 09-1917 | J. I. Woodard | 188/45 |
| | B | US-1,262,795 | 04-1918 | J. O. Holen | 269/221 |
| | C | US-2,121,386 | 06-1938 | G. A. Henrickson | 114/203 |
| | D | US-3,275,363 | 09-1966 | M. C. Bates et al. | 292/228 |
| | E | US-4,202,574 | 05-1980 | Redmayne | 292/228 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

**Customer Copy**
Label 11-F June 200?

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Post Office To Addressee**

EV 292741488 US

| ORIGIN (POSTAL USE ONLY) | | | DELIVERY (POSTAL USE ONLY) | | |
|---|---|---|---|---|---|
| PO ZIP Code **02101** | Day of Delivery ☒ Next ☐ Second | Flat Rate Envelope | Delivery Attempt Mo. Day | Time ☐ AM ☐ PM | Employee Signature |
| Date In **03/17/0?** | ☐ 12 Noon ☐ 3PM | Postage $ | Delivery Attempt Mo. Day | Time ☐ AM ☐ PM | Employee Signature |
| Time In **4/5** ☐ AM ☒ PM | Military ☐ 2nd Day ☐ 3rd Day | Return Receipt Fee | Delivery Date Mo. Day | Time ☐ AM ☐ PM | Employee Signature |
| Weight lbs. ozs. | Int'l Alpha Country Code | COD Fee | Insurance Fee | ☐ WAIVER OF SIGNATURE (Domestic Only) Additional merchandise insurance is void if waiver of signature is requested... | |
| No Delivery ☐ Weekend ☐ Holiday | Acceptance Clerk Initials **MH** | Total Postage & Fees $ **13.65** | | NO DELIVERY ☐ Weekend ☐ Holiday | Customer Signature |

CUSTOMER USE ONLY
METHOD OF PAYMENT: **XO21589**
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

**FROM:** (PLEASE PRINT)     PHONE **(617) 426-9180**

SAMUELS GAUTHIER & STEVENS
225 FRANKLIN ST STE 3300
BOSTON          MA 02110-2898

MEG/DMT     MORGAN - D1182

**TO:** (PLEASE PRINT)     PHONE (        )

HONARABLE COMMISSIONER FOR
PATENTS & TRADEMARKS
WASHINGTON       DC 20231-0001

BOX: PATENT APPLICATION

**PRESS HARD.**
You are making 3 copies.     **FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com**     **EMS**

IT 00080

Mailed on March 17, 2003                    Inner-Tite 5578

Enclosed please find the following in re:
U.S. Patent Appln. Serial No. 09/795,701
METER BOX LOCK ASSEMBLY
Robert E. Rafferty
Filed: 02/28/2001

1)  Amendment

MEGauthier/dmt



This Paper Was
Received By PTO On:

IT 00081

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| APPLICANT: | Robert E. Rafferty | GROUP: | 3677 |
| SERIAL NO: | 09/795,701 | EXAMINER: | Ruth C. Rodriguez |
| FILED: | 02/28/01 | CONF. NO.: | 5950 |
| FOR: | METER BOX LOCK ASSEMBLY | | |

Assistant Commissioner of Patents
Washington, D.C. 20231

Sir:

### RESPONSE

This is in response to the Office Action mailed on February 3, 2003.

Claims 1, 2 and 6-8 stand reflected under 35 U.S.C. §103(a) as being unpatentable over Nielsen (4,080,811) in view of Redmayne (4,202,574).

The Examiner correctly recognizes that the bracket 21 in Nielsen lacks a jaw that clamps the first flange 38 against the side wall 1.

However, the Examiner is again entirely off the mark in attempting to supply this deficiency by referring to the disclosures in Redmayne. Contrary to the Examiner's assertion, the elements 18, 20 in Redmayne do not constitute a bracket. Rather, elements 18, 20 are integral parts of the lid. The bracket in Redmayne is the U-shaped element 26 with two mutually fixed legs 29, 32, neither of which carries a jaw.

---

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231.

Donna M. Tomas

Date: March 17, 2003

IT 00082

Moreover, Redmayne's elements 28, 34 are not "force exerting means" that force a jaw (non-existent) against the side wall 14. Rather, element 28 is a screw that merely serves to hold the bracket in an assembled position on the lid segment 20, and element 34 is a spring that urges the bracket 32 away from the lid segment 20.

There is absolutely nothing in Redmayne that could be combinable with Nielsen to produce something even remotely similar to the present invention. The Examiner's attempt to do so is nothing more than an exercise in improper hindsight.

This application was and is in condition for allowance.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Telephone: (617) 426-9180, Ext. 113

IT 00083

## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590        05/29/2003

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA   02110

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 05/29/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

RECEIVED

JUN 0 3 2003

SAMUELS, GAUTHIER &
STEVENS LLP

PTO-90C (Rev. 07-01)

IT 00084

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/795,701 | RAFFERTY, ROBERT E. |
| | Examiner | Art Unit |
| | Ruth C. Rodriguez | 3677 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>24 March 2003</u> .

2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-8</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1, 2 and 6-8</u> is/are rejected.

7)☒ Claim(s) <u>3-5</u> is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>28 February 2001</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

## Priority under 35 U.S.C. §§ 119 and 120

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____ .

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)      4)☐ Interview Summary (PTO-413) Paper No(s). _____ .

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)      5)☐ Notice of Informal Patent Application (PTO-152)

3)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .      6)☐ Other: _____ .

Application/Control Number: 09/795,701                                    Page 2

Art Unit: 3677

## DETAILED ACTION

### Election/Restrictions

1.      Applicant's election of Species I in Paper No. 8 is acknowledged.  Because

applicant did not distinctly and specifically point out the supposed errors in the

restriction requirement, the election has been treated as an election without traverse

(MPEP § 818.03(a)).

### Claim Rejections - 35 USC § 103

2.      The text of those sections of Title 35, U.S. Code not included in this action can

be found in a prior Office action.

3.      Claims 1, 2 and 6-8 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Nielsen, JR (US 4,080,811) in view of Redmayne (US 4,202,574).

Nielsen discloses for use in combination a locking assembly (21,25,27,35,50)

with a utility box (1,3) having a bottom, side wall (1) and a cover (3) that may be opened

to gain access to the interior of the box, and which when closed, overlaps an upper

edge of the sidewall.  The lock assembly maintains the cover in its closed position (Figs.

3 and 4).  The lock assembly comprises a bracket (23) having a first (38) and second

(23) mutually spaced flanges integrally joined by an intermediate web (Figs. 4 and 5).

The bracket being configured for removably mounting on the side wall with the

intermediate web interposed between the cover and the upper edge of the side wall

(Fig. 4).  The first flange and the second flange respectively located adjacent exterior

and interior surfaces of the side wall (Figs. 4).  A force exerting means urges one of the

flanges of the bracket toward the sidewall to thereby clamp the sidewall therebetween

IT 00086

Application/Control Number: 09/795,701                                    Page 3
Art Unit: 3677

(Fig. 4). A cap (41,27) having a lip (27) configured and dimensioned to overlap the

cover and interlocking means (27,33,50) for securing the cap to the bracket (Fig. 4).

Nielsen fails to disclose that the lock assembly has a jaw mechanically interengaged

with and carried by the bracket that clamps the first flange of the bracket against the

side wall. However, Redmayne teaches a lock assembly (26) comprising a lid (18,20)

and a jaw (32,38). The lid has first (18) and second (20) mutually spaced flanges

integrally joined by an intermediate web (Fig. 1 and 2). The jaw mechanically

interengages with the lid and is carried by the lid for movement between the first and

second flanges (Fig. 2). The lid is configured to be removably mounted on a side wall

(Figs. 1 and 2). Force exerting means (28, 34) urges the jaw towards the first flange to

clamp the sidewall (Figs. 1 and 2). The force exerting means urges the jaw towards the

clamping position and maintains that position by resiliency of one of the force exerting

means (C. 2, L. 35-55). Therefore, it would have been obvious to one having ordinary

skill in the art at the time the invention was made to have the jaw with the force exerting

means taught by Redmayne in the lock assembly disclosed by Nielsen such that a jaw

as taught by Redmayne mechanically interengages with and carried by the bracket

disclosed by Nielson whereby the jaw clamps the first flange of the bracket against the

side wall. Doing so, will ensure proper clamping of the jaw and the sidewall since the

resiliency of the other force exerting means (34) will provided added clamping force

between the bracket and the side wall.

IT 00087

Application/Control Number: 09/795,701                    Page 4
Art Unit: 3677

With the combination of Redmayne and Nielsen where Nielsen discloses that the side wall of the box is provided with an interior ledge spaced below the upper edge (Fig. 4), the jaw taught by Redmayne will engage the sidewall beneath the ledge (Fig. 2).

Redmayne discloses that the jaw is pivotally connected to the second flange (Figs. 1 and 2).

The second flange disclosed by Redmayne is inclined at an acute angle with respect the first flange (Figs. 1 and 2).

Nielsen discloses that the bracket is provided with a third flange (33) projecting from the first flange and wherein the interlocking means engages the second flange (Fig. 4).

### *Allowable Subject Matter*

4.    Claims 3-5 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

The following is a statement of reasons for the indication of allowable subject matter:  Regarding claims 3 and 5, Redmayne fails to disclose the use of at least one tooth or a plurality of teeth in the jaw to engage the side wall.  Therefore, it would not have been obvious to one having ordinary skill in the art at the time the invention was made to have at least one tooth or a plurality of teeth in the jaw the engage the side wall when Nielsen is combined with Redmayne.

For claim 4, Redmayne discloses that the force exerting means comprises a screw threaded through the jaw.  Redmayne fails to disclose that the force exerting

IT 00088

Application/Control Number: 09/795,701                                    Page 5

Art Unit: 3677

means can be threaded through the second flange. Accordingly, it would not have been

obvious to one having ordinary skill in the art at the time the invention was made to

have the force exerting means threaded through the second flange when combining

Nielsen and Redmayne.

### *Response to Arguments*

5.      Applicant's arguments filed 24 March 2003 have been fully considered but they

are not persuasive.

6.      The applicant argues that the U-shaped element 26 taught by Redmayne fails to

carry a jaw. This argument fails to persuade. Although the Examiner acknowledges

that the U-shaped element 26 fails to carry a jaw, the U-shaped element is not used as

the bracket but as the jaw. When the U-shaped element 26 taught by Redmayne is

mounted to the flange 23 of the bracket 21 disclosed by Nielsen, the leg 32 of the U-

shaped element 26 will function as a jaw mechanically interengaged with and carried by

the bracket that will clamp the first flange of the bracket against the side wall.

7.      The other argument presented by the applicant is that the elements 28 and 34

are not "force exerting means". The Examiner fails to be persuaded by this argument.

The Examiner acknowledges that the screw 28 is just used to connect the U-shaped

element to a support. The Examiner cited the screw as part of the force exerting means

because without the screw, the U-shaped element will not be attached to the bracket

disclosed by Nielsen and the action of the spring 34 will not move the leg 32 toward the

side wall to create a clamping force with the first flange. Therefore, the force exerting

means (spring 34) relies in the screw (32) to mount it to the bracket and allows the force

Application/Control Number: 09/795,701                                    Page 6
Art Unit: 3677

exerting means to clamp the side wall between the leg 32 and the first flange by keeping the U-shaped element mounted to the bracket.

### Conclusion

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Collier (US 3,938,839), Sharzynksi et al. (US 4,107,959), Michelman et al. (US 4,120,182), Nielsen, Jr. (US 4,144,729), Swisher (US 4,152,910), Finck, Jr. (US 4,254,647), Nielsen Jr. et al. (US 4,414,829), Mahaney (US 5,007,258) and Georgopoulos (US 5,315,849) are cited to show state of the art with respect to the combination of a lock assembly and an utility box.

Application/Control Number: 09/795,701                                    Page 7
Art Unit: 3677

Woodard (US 1,241,459), Holen (US 1,262,795) and Henrickson (US 2,121,386) are cited to show state of the art with respect to clamps having some of the features of the clamping device of the current invention.

Bates et al. (US 3,275,363) is cited to show state of the art with respect to cover holders having some of the features of the current application.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ruth C. Rodriguez whose telephone number is (703) 308-1881. The examiner can normally be reached on M-F 07:15 - 15:45.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann can be reached on (703) 306-4115.

Submissions of your responses by facsimile transmission are encouraged. Technology center 3600's facsimile number for before final communications is (703) 872-9326. Technology center 3600's facsimile number for after final communications is (703) 872-9327.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-1113.

Ruth C. Rodriguez
Patent Examiner
Art Unit 3677

*RCR*
rcr
May 27, 2003

J. J. SWANN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3600

IT 00091

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 09/795,701 | RAFFERTY, ROBERT E. |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | Ruth C. Rodriguez | 3677 | |

## U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-3,275,363 | 09-1966 | Bates et al. | 292/228 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

## FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

## NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    **Notice of References Cited**                    Part of Paper No. 11

IT 00092

# The United States Patent and Trademark Office has changed certain mailing addresses!

### Effective May 1, 2003

Use the address **provided in this flyer after May 1, 2003** for **any correspondence with the** United States Patent and Trademark Office (USPTO) in patent-related matters **to organizations reporting to the Commissioner for Patents.**

**DO NOT USE** the Washington DC 20231 and P.O. Box 2327 Arlington, VA 22202 addresses after May 1, 2003 for **any correspondence** with the USPTO even if these old addresses are indicated in the accompanying Office action or Notice or in any other action, notice, material, form, instruction or *other* information.

**Correspondence** in patent-related matters **to organizations reporting to the Commissioner for Patents must** <u>now</u> **be** addressed to:



**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, VA 22313-1450**



## Special Mail Stop designations to replace Special Box designations

Also effective May 1, 2003, the **USPTO is changing the special Box designations for Patents and Trademarks to corresponding Mail Stop designations** (e.g., "Box 4" will now be "Mail Stop 4").

For further information, see *Correspondence with the United States Patent and Trademark Office*, 68 *Fed. Reg. 14332* (March 25, 2003). A copy of the *Federal Register* notice is available on the USPTO's web site at <u>http://www.uspto.gov/web/menu/current.html#register</u>

**A listing of specific USPTO mailing addresses (See Patents – specific) will be available on the USPTO's web site on April 15, 2003 at** <u>http://www.uspto.gov/main/contacts.htm</u>

Persons filing correspondence with the Office should check the rules of practice, the <u>Official Gazette</u>, or the Office's Internet Web site (<u>www.uspto.gov</u>) to determine the appropriate address and Mail Stop Designation (if applicable) for all correspondence being delivered to the USPTO via the United States Postal Service (USPS).

Questions regarding the content of this flyer should be directed to the Inventor Assistance Center at (703) 308-4357 or toll-free at 1-800-786-9199.

IT 00093

Mailed on July 15, 2003                    INNER-5578

Enclosed please find the following in re:
U.S. Patent Appln. Serial No. 09/795,701
METER BOX LOCK ASSEMBLY
Robert E. Rafferty
Filed:    2/28/2001

1) Notice of Appeal From The Primary Examiner
   To The Board of Patent Appeals and
   Interferences
2) $160.00 Check for Notice of Appeal Fee

MEG/deg

RECEIVED

JUL 21 2003

SAMUELS, GAUTHIER &
STEVENS LLP

This Paper Was
Received By PTO On:



OIPE

JUL 17 2003

PATENT & TRADEMARK

---

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

CITIZENS BANK
MASSACHUSETTS
MEMBER FDIC

**13083**

**SAMUELS, GAUTHIER & STEVENS LLP**
225 FRANKLIN STREET - SUITE 3300
BOSTON, MASS. 02110

5-7017/2110
7/9/2003

$160.00

One Hundred Sixty Dollars And 00 Cents

Commissioner of Patents

⑈ SECURITY FEATURES INCLUDED. DETAILS ON BACK. ⑈

⑈013083⑈  ⑆211070175⑆  110784842 0⑈

IT 00094

INNER-5578

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:    Robert E. Rafferty

Serial No.:        09/795,701                    Group No.:    3677

Filed:            02/28/2001                    Examiner:    Ruth C. Rodriguez

For:            METER BOX LOCK ASSEMBLY

Commissioner of Patents and Trademarks
Washington, D.C. 20231

## NOTICE OF APPEAL FROM THE PRIMARY EXAMINER TO THE
## BOARD OF PATENT APPEALS AND INTERFERENCES

Applicant hereby appeals to the Board from the decision of the Primary Examiner mailed finally rejecting claims 1, 2 and 6-8.

The item(s) checked below are appropriate:

1.    **STATUS OF APPLICANT**

This application is on behalf of

    __    other than a small entity

    X    small entity

2.    **FEE FOR FILING NOTICE OF APPEAL**

Pursuant to 37 CFR 1.17(b) the fee for filing the Notice of Appeal is:

    X    small entity            $160.00

    __    other than a small entity        $320.00

            Notice of Appeal fee due    $160.00

LNT 8|5|03

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Commissioner of Patents, Washington, D. C. 20231.

Dawn E. Grimes

_Dawn E. Grimes_
Dawn E. Grimes

_July 15 2003_
Date

## 3.    EXTENSION OF TERM

NOTE: The time periods set forth in 37 CFR 1.191 are subject to the provision of § 1.136 for patent applications 37 CFR 1. 191(d). (But see 37 CFR 1.645 for extension of time in interference proceedings and 37 CFR 1.550(c) for extension of time in reexamination proceedings).

(complete (a) or (b) as applicable)

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136 apply.

(a)    __    Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)-(d)) for the total number of months checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| __ one month | $110.00 | $55.00 |
| __ two months | $380.00 | $190.00 |
| __ three months | $870.00 | $435.00 |
| __ four months | $1,360.00 | $680.00 |

Fee    $

If an additional extension of time is required please consider this a petition therefor.

*(check and complete the next item, if applicable)*

__    An extension for ___ months has already been secured and the fee paid therefor of $ _____ is deducted from the total fee due for the total months of extension now requested.

Page 2

IT 00096

Extension fee due with this request $

or

(b)   X   Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

## 4.   TOTAL FEE DUE

The total fee due is:

Notice of Appeal fee $160.00

Extension fee (if any) $

TOTAL FEE DUE $160.00

## 5.   FEE PAYMENT

X   Attached is a check in the sum of $  160.00          .

_   Charge Account No. _ the sum of $_____.

A duplicate of this transmittal is attached.

## 6.   FEE DEFICIENCY

NOTE: If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six-month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays are encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, 1065 O.G. 31-33.

X   If any additional extension and/or fee is required charge Account No. 19-0079 .

AND/OR

IT 00097

   X     If any additional fee for claims is required, charge Account No. <u>19-0079</u> .

<u>                                              </u>
SIGNATURE OF ATTORNEY

<u>Maurice E. Gauthier                  </u>
*type or print name of attorney*

Reg. No.: 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Tel. No.:  (617) 426-9180
Extension 113

Page 3

IT 00098

Mailed on September 15, 2003                    Inner-5578

Enclosed are the following in re:
U.S. P at. Appln. of Robert E. Rafferty
Serial No. 09/795,701
Filed:      February 28, 2001
Entitled: METER BOX LOCK ASSEMBLY

1) Transmittal of Appeal Brief
2) Appeal Brief (in triplicate)
3) $160.00 Check for Appeal Brief Fee

RECEIVED
SEP 2 2003

MEG/deg

SAMUELS, GAUTHIER &
STEVENS LLP

This Paper Was
Received By PTO On:



OIPE
SEP 1 7 2003
PATENT & TRADEMARK OFFICE

---

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

CITIZENS BANK
MASSACHUSETTS
MEMBER FDIC

**13663**

**SAMUELS, GAUTHIER & STEVENS LLP**
225 FRANKLIN STREET - SUITE 3300
BOSTON, MASS. 02110

5-7017/2110
9/15/2003

$160.00

One Hundred Sixty Dollars And 00 Cents

Commissioner of Patents

⑂ SECURITY FEATURES INCLUDED. DETAILS ON BACK. ⑂

⑊013663⑊  ⑉211070175⑉  11078484 20⑊

IT 00099

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| **APPLICANT:** | Robert E. Rafferty | **GROUP:** | 3677 |
| **SERIAL NO.:** | 09/795,701 | **EXAMINER:** | Ruth C. Rodriguez |
| **FILED:** | February 28, 2001 | | |
| **FOR:** | METER BOX LOCK ASSEMBLY | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## TRANSMITTAL OF APPEAL BRIEF (PATENT APPLICATION--37 CFR 192)

1.      Transmitted herewith in triplicate is the APPEAL BRIEF in this application with respect to the Notice of Appeal filed on July 17, 2003.

NOTE: "The appellant shall, within 2 months from the date of the notice of appeal under 1.191 in an application, reissue application, or patent under reexamination, or within the time allowed for response to the action appealed from, if such time is later, file a brief *in triplicate*." 37 CFR 1.192(a) [emphasis added]

2.      STATUS OF APPLICANT

        This application is on behalf of

             X      a small entity

3.      FEE FOR FILING APPEAL BRIEF

        Pursuant to 37 CFR 1.17(f) the fee for filing the Appeal Brief is:

        X      small entity              $160.00

        _      other than a small entity      $300.00

             Appeal Brief fee due $160.00

---

### CERTIFICATE OF MAILING (37 CFR 1.8(a))

I hereby certify that this paper (along with any referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

_____
Dawn E. Grimes

9-15-2003
Date

IT 00100

Page 1 of 3

4.    <u>EXTENSION OF TERM</u>

NOTE: The time periods set forth in 37 CFR 1.192(a) are subject to the provision of 1.136 for patent applications. 37 CFR 1.191(d). Also see Notice of November 5, 1985 (1060 O.G. 27).

The proceedings herein are for a patent application and the provisions of 37 CFR 1.136 apply.

*(complete (a) or (b) as applicable)*

(a)    __    Applicant petitions for an extension of time under 37 CFR 1.136 (fees: 37 CFR 1.17(a)-d)) for the total number of months checked below:

| Extension (months) | Fee for other than small entity | Fee for small entity |
|---|---|---|
| __  one month | $110.00 | $55.00 |
| __  two months | $390.00 | $195.00 |
| __  three months | $930.00 | $465.00 |
| __  four months | $1,470.00 | $735.00 |

Fee $

If an additional extension of time is required please consider this a petition therefor.

*(check and complete the next item, if applicable)*

__    An extension for _____ months has already been secured and the fee paid therefor of $ _____ is deducted from the total fee due for the total months of extension now requested.

Extension fee due with this request $

or

(b)    <u>X</u>    Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition and fee for extension of time.

IT 00101

5.    TOTAL FEE DUE

The total fee due is:

Appeal brief fee $160.00

Extension fee (if any) $

TOTAL FEE DUE:  $160.00

6.    FEE PAYMENT

X    Attached is a check in the sum of $160.00.

_    Charge Account No. ___19-0079___ the sum of _____.

A duplicate of this transmittal is attached.

7.    FEE DEFICIENCY

NOTE: If there is a fee deficiency and there is no authorization to charge an account, additional fees are necessary to cover the additional time consumed in making up the original deficiency. If the maximum, six month period has expired before the deficiency is noted and corrected, the application is held abandoned. In those instances where authorization to charge is included, processing delays encountered in returning the papers to the PTO Finance Branch in order to apply these charges prior to action on the cases. Authorization to charge the deposit account for any fee deficiency should be checked. See the Notice of April 7, 1986, 1065 O.G. 31-33.

X    If any additional extension and/or fee is required, this is a request therefor and to charge Account No. 19-0079.

**AND/OR**

X    If any additional fee for claims is required, charge Account No. 19-0079.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts  02110
Telephone:  (617) 426-9180
Extension:  113

IT 00102
Page 3 of 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| APPLICANT: | Robert E. Rafferty | GROUP: | 3677 |
| SERIAL NO.: | 09/795,701 | EXAMINER: | Ruth C. Rodriguez |
| FILED: | February 28, 2001 | | |
| FOR: | METER BOX LOCK ASSEMBLY | | |

Honorable Commissioner of
  Patents and Trademarks
Mail Stop Appeal Briefs
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

## APPEAL BRIEF

Pursuant to 35 U.S.C. §134 and 37 C.F.R. §§1.191, 1.192 and 1.196, Appellants

respectfully appeals to the Board of Patent Appeals and Interferences from the Examiner's final

rejection of claims 1, 2 and 6-8.

### 1. REAL PARTY IN INTEREST

The real party in interest in the present case is the Assignee, Inner-Tite Corp.

### 2. RELATED APPEALS AND INTERFERENCES

The present application has no pending related appeals or interferences.

### 3. STATUS OF CLAIMS

Claims 1, 2 and 6-8 stand rejected under 35 U.S.C. 103(a) as being unpatentable over

Nielson, JR (U.S. 4,080,811) in view of Redmayne (U.S. 4,202,574).

1

### 4. <u>STATUS OF AMENDMENTS</u>

No amendments after the final rejection have been filed.


### 5. <u>SUMMARY OF THE INVENTION</u>

In accordance with claim 1 and with reference for example to the embodiment illustrated in Figures 1-3, the present invention is directed to a lock assembly 26 for use with a utility box 10 having a bottom 12, a side wall 14 and a cover 16 which may be opened to gain access to the interior of the box. The lock assembly comprises a bracket 28 having first and second mutually spaced flanges 30, 32 integrally joined by an intermediate web 34. A jaw 38 is mechanically interengaged with and carried by the bracket for movement between the flanges 30, 32.

The bracket is configured for removable mounting on the box side wall 14, with the intermediate bracket web 34 interposed between the box cover 16 and the upper side wall edge, and with the first flange 30 and jaw 38 respectively located adjacent to exterior and interior surfaces of the box side wall.

A force exerting means 52 urges the jaw 38 towards the flange 30 to thereby clamp the box side wall 14 therebetween. A cap 54 has a lip 56 configured and dimensioned to overlap the cover 16, and an interlocking means 64 secures the cap to the bracket.

In accordance with claim 2, the box side wall is provided with an interior ledge 18 spaced below the upper wall edge, and the jaw 38 engages the side wall below the ledge 18.

In accordance with claim 6, and as shown for example in Figure 5A and 5B, the jaw is pivotally connected to the second flange.

In accordance with claim 7, the second flange 32 is inclined at an acute angle with respect to the first flange 30.

IT 00104

In accordance with claim 8, a third flange 36 projects from the first flange 30, and is engaged by the interlocking means 64.

## 6. ISSUES

The issue before the Board in this appeal is whether the Examiner was correct in rejecting claims 1, 2 and 6-8 under 35 U.S.C. 103(a) as being unpatentable over Nielson, JR in view of Redmayne.

## 7. GROUPING OF CLAIMS

For the purpose of this appeal, claims 1, 2 and 6-8 stand or fall together.

## 8.    ARGUMENT

Applicant does not quarrel with the examiner's assessment of Nielson JR., which lacks a jaw or its equivalent carried by bracket 21 for movement between the flanges 23, 38.

The examiner attempts to remedy this deficiency by combining Nielson JR with Redmayne, and it is this attempted combination that applicant disputes.

To begin with, Redmayne's bracket 26 is mounted on a depending flange 20 of the lid, and thus is not configured for mounting on the container side wall 14, as called for by claim 1. The Redmayne bracket also lacks a jaw that is moveable between the bracket flanges 29, 32, and that is responsive to a force exerting means to exert a clamping force on the container side wall. To the contrary, the bracket flange 32 is merely urged into an abutting (as opposed to clamping) relationship with the container side wall.

By attempting to equate Redmayne's lid 18 and integral lid side wall 20 to applicant's bracket flanges, and by referring to Redmayne's bracket 26 as a jaw, the examiner is simply

3

IT 00105

misreading and distorting the reference into something other than what it is. It is respectfully submitted that it would not occur to one skilled in the art to somehow combine the teachings of Redmayne into the Nielson JR lock assembly, for any attempt to do so would require substantially redesigning one or the other of these references. Without the benefit of hindsight gained by first reading applicant's disclosure, any such combination would be unobvious, to say the least.

Thus, to summarize, Nielson JR discloses a bracket carried by and urged into a clamping relationship with a box side wall, but without the claimed jaw or its equivalent carried by one of the bracket flanges, and Redmayne discloses a bracket carried by the container lid and urged into an abutting relationship with the container side wall, again without the claimed jaw or its equivalent carried by one of the bracket flanges.

In light of the foregoing, applicant respectfully requests that the Board of Patent Appeals and Intereferences revise the Examiner's final rejection of claims 1, 2 and 6-8.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Telephone: (617) 426-9180, Ext. 113

4

IT 00106

Pat. Appln. Ser. No. 09/795,701

9.    APPENDIX

APPEALED CLAIMS

1    1.    (Previously Amended) For use in combination with a utility box having a bottom,

2    a side wall, and a cover which may be opened to gain access to the interior of the box, and which

3    when closed, overlaps an upper edge of the side wall, a lock assembly for maintaining the cover

4    in its closed portion, said lock assembly comprising:

5        a bracket having first and second mutually spaced flanges integrally joined by an

6    intermediate web;

7        a jaw mechanically interengaged with and carried by said bracket for movement between

8    said first and second flanges, said bracket being configured for removable mounting on said side

9    wall, with said intermediate web interposed between said cover and the upper edge of said side

10   wall, and with said first flange and said jaw respectively located adjacent exterior and interior

11   surfaces of said side wall;

12       force exerting means for urging said jaw towards said first flange to thereby clamp said

13   side wall therebetween;

14       a cap having a lip configured and dimensioned to overlap said cover; and

15       interlocking means for securing said cap to said bracket.


1    2.    (Original) The lock assembly of claim 1 wherein the side wall of said box is

2    provided with an interior ledge spaced below said upper edge, and wherein said jaw engages said

3    side wall beneath said ledge.


1    6.    (Original) The lock assembly of claim 1 wherein said jaw is pivotally connected

2    to said second flange.

5

1       7.      (Original) The lock assembly as claimed in claim 1 wherein said second flange is

2    inclined at an acute angle with respect to said first flange.


1       8.      (Original) The lock assembly as claimed in claim 1 wherein said bracket is

2    provided with a third flange projecting from said first flange, and wherein said interlocking

3    means engages said third flange.

IT 00108