# EXHIBIT B

PART IV of IV

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590          10/08/2003

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA  02110

**RECEIVED**

OCT 1 0 2003

SAMUELS, GAUTHIER &
STEVENS LLP

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 10/08/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

IT 00109

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## MAILED

### OCT 08 2003

## GROUP 3600

## BEFORE THE BOARD OF PATENT APPEALS
## AND INTERFERENCES

Paper No. 14

Application Number: 09/795,701
Filing Date: February 28, 2001
Appellant(s): RAFFERTY, ROBERT E.

---

Maurice E. Gauthier
For Appellant

## EXAMINER'S ANSWER

This is in response to the appeal brief filed 17 September 2003.

### *(1)    Real Party in Interest*

A statement identifying the real party in interest is contained in the brief.

IT 00110

Application/Control Number: 09/795,701                                    Page 2

Art Unit: 3677

*(2)*     *Related Appeals and Interferences*

A statement identifying the related appeals and interferences which will directly affect or

be directly affected by or have a bearing on the decision in the pending appeal is contained in the

brief.

*(3)*     *Status of Claims*

Claims 3-5 are objected to as being dependent upon a rejected base claim, but would be

allowable if rewritten in independent form including all of the limitations of the base claim and

any intervening claims.

*(4)*     *Status of Amendments After Final*

The appellant's statement of the status of amendments after final rejection contained in

the brief is correct.

*(5)*     *Summary of Invention*

The summary of invention contained in the brief is correct.

*(6)*     *Issues*

The appellant's statement of the issues in the brief is correct.

*(7)*     *Grouping of Claims*

Appellant's brief includes a statement that claims 1, 2 and 6-8 do stand or fall together.

*(8)*     *Claims Appealed*

The copy of the appealed claims contained in the Appendix to the brief is correct.

*(9)*     *Prior Art of Record*

| 4,080,811 | Nielsen, Jr. | 03-1978 |
| 4,202,574 | Redmayne | 05-1980 |

IT 00111

Application/Control Number: 09/795,701                                    Page 3

Art Unit: 3677

*(10)*    *Grounds of Rejection*

The following ground(s) of rejection are applicable to the appealed claims:

Claims 1, 2 and 6-8 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Nielsen in view of Redmayne.   This rejection is set forth in prior Office Action, Paper No. 11.

*(11)*    *Response to Argument*

Findings

1.      Nielsen discloses for use in combination a locking assembly (21,25,27,35,50) with a

utility box (1,3).

2.      Nielsen's utility box has a bottom, side wall (1) and a cover (3) that may be opened to

gain access to the interior of the box, and which when closed, overlaps an upper edge of the

sidewall.

3.      Nielsen's lock assembly maintains the cover in its closed position (Figs. 3 and 4).

4.      Nielsen's lock assembly comprises a bracket (23) having a first (38) and second (23)

mutually spaced flanges integrally joined by an intermediate web (Figs. 4 and 5).

5.      Nielsen's bracket is configured to be removably mounted on the side wall with the

intermediate web interposed between the cover and the upper edge of the side wall (Fig. 4).

6.      Nielsen's first flange and the second flange respectively located adjacent exterior and

interior surfaces of the side wall (Figs. 4).

7.      Nielsen's further discloses a force exerting means urges one of the flanges of the bracket

toward the sidewall to thereby clamp the sidewall therebetween (Fig. 4).

8.      A cap (41,27) disclosed by Nielsen has a lip (27) configured and dimensioned to overlap

the cover and interlocking means (27,33,50) for securing the cap to the bracket (Fig. 4).

IT 00112

Application/Control Number: 09/795,701                                             Page 4

Art Unit: 3677

9.    Redmayne discloses a lock assembly (26) comprising a lid (18,20) and a jaw (32,38).

10.    Redmayne's lid has first (18) and second (20) mutually spaced flanges integrally joined

by an intermediate web (Fig. 1 and 2).

11.    Redmayne's jaw mechanically interengages with the lid and is carried by the lid for

movement between the first and second flanges (Fig. 2).

12.    Redmayne's lid is configured to be removably mounted on a side wall (Figs. 1 and 2).

13.    Redmayne's force exerting means (28, 34) urges the jaw towards the first flange to clamp

the sidewall (Figs. 1 and 2).

14.    Redmayne's force exerting means urges the jaw towards the clamping position and

maintains that position by resiliency of one of the force exerting means (C. 2, L. 35-55).

15.    A jaw is the either of two or more opposable parts that open and closes for holding or

crushing something between them.

Discussion

In response to remarks on the rejection of claims 1, 2 and 6-8 under 35 U.S.C. 103 (a):

Nielsen discloses the lock assembly and the utility box as set forth above in findings 1-8.

However, Nielsen fails to disclose that the lock assembly has a jaw mechanically interengaged

with and carried by the bracket that clamps the first flange of the bracket against the side wall.

In light of the finding 14, it would have been obvious to one having ordinary skill in the art at the

time the invention was made to have the jaw with the force exerting means taught by Redmayne

in the lock assembly disclosed by Nielsen such that a jaw as taught by Redmayne mechanically

interengages with and carried by the bracket disclosed by Nielson whereby the jaw clamps the

first flange of the bracket against the side wall. Doing so, will ensure proper clamping of the jaw

IT 00113

Application/Control Number: 09/795,701                                        Page 5
Art Unit: 3677

and the sidewall since the resiliency of the other force exerting means (34) will provided added

clamping force between the bracket and the side wall.

On page 3, lines 14-19, the appellants contend that the Redmayne's bracket is mounted

on a dependent flange of the lid and thus is not configured for mounting on the container side

wall as called for by the claim and that the bracket also lacks a jaw movable between the bracket

flanges that exerts a clamping force on the container wall due to a force exerting means. The

Examiner never stated that the lid had a bracket to be mounted on a flange of a container. The

Examiner states the Redmayne's has a lid with first and second flanges. The Examiner states

that a jaw mechanically engages with the lid and is carried by the lid for movement between the

first and second flanges. The definition of jaw is included in finding 15. The element 32 is a jaw

when taken in combination with the first flange 18 because the container is being held in

between the first flange 18 and the jaw 32.

On page 3, lines 19 and 20 and on page 4, lines 1-5, the appellants discusses hindsight

from the part of the Examiner that is misreading and distorting the references and also discusses

bodily incorporation. The Examiner states that providing the jaw taught by Redmayne in the

lock assembly, such that a jaw as taught by Redmayne mechanically interengages with and

carried by the bracket disclosed by Nielson whereby the jaw clamps the first flange of the

bracket against the side wall, will provide proper clamping of the jaw and the sidewall since the

resiliency of the force exerting means will provide added clamping force between the bracket

and the side wall. The test of obviousness is not whether the features of the secondary reference

may be bodily incorporated into the structure of the primary reference, nor is it that the claimed

Application/Control Number: 09/795,701                                          Page 6

Art Unit: 3677

invention must be expressly suggested in any one or all the references.  Rather, the test is what

the combination teachings of the references would suggest to those of ordinary skill in the art.

For the above reasons, it is believed that the rejections should be sustained.

Respectfully submitted,

Ruth C. Rodriguez
Patent Examiner
Art Unit 3677

*RCR*
rcr
October 3, 2003

Conferees
lb
js

Anthony Knight
Supervisory Patent Examiner
Group 3600

Samuels, Gauthier & Stevens LLP
Attn:  Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

Mailed on October 27, 2003          InnerTite-5578

Enclosed are the following in re:
Appln. of Robert E. Rafferty
Serial No.:  09/795,701
Filed:      February 28, 2003
For:        METER BOX LOCK ASSEMBLY

1) Transmittal of Applicants' Reply to
   Examiner's Answer
2) Reply to Examiner's Answer (in triplicate)

MEG/deg

RECEIVED

NOV - 3 2003

SAMUELS, GAUTHIER &
STEVENS LLP

This Paper Was
Received By PTO On:



IT 00116

5578

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

APPLICANT: Robert E. Rafferty          GROUP:      3677

SERIAL NO.: 09/795,701                 EXAMINER: Ruth C. Rodriguez

FILED:        February 28, 2001

FOR:          METER BOX LOCK ASSEMBLY


Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:


## TRANSMITTAL OF APPLICANTS' REPLY TO EXAMINER'S ANSWER

Enclosed please find three copies of Applicant's Reply to the Examiner's Answer.

The Commissioner is authorized to charge Deposit Order Account No. 19-0079 for any fees that may be required.

                                  Respectfully submitted,

                                  Maurice E. Gauthier
                                  Registration No. 20,798
                                  Samuels, Gauthier & Stevens
                                  225 Franklin Street, Suite 3300
                                  Boston, Massachusetts  02110
                                  Telephone:  (617) 426-9180
                                  Extension 113

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

                              Dawn E. Grimes

                              10-27-2003
                              Date

IT 00117

5578

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

APPLICANT:       Robert E. Rafferty          GROUP:       3677

SERIAL:          09/795,701                  EXAMINER:  Ruth C. Rodriguez

FILED:           February 28, 2001

FOR:             METER BOX LOCK ASSEMBLY

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

### REPLY TO EXAMINER'S ANSWER

Pursuant to 37 C.F.R. §1.193(b)(1), Appellant's respectfully replies to the Examiner's

Answer dated October 8, 2003.

35 U.S.C. 103(a) provides that a claimed invention is unpatentable if the differences

between it and the prior art "are such that the subject matter as a whole would have been obvious

at the time the invention was made to a person having ordinary skill in the art." (emphasis

added).

The underlined phrase guards against the "tempting but forbidden zone of hindsight"

when analyzing the patentability of claims pursuant to that section. Loctite Corp. v. Ultraseal

Ltd., 781 F.2d 861, 873 (Fed. Cir. 1985), overruled on other grounds 141 F.3d 1059, (Fed. Cir.

1998).

Close adherence to this methodology is especially important in the case of less

technologically complex inventions, where the very ease with which the invention can be

understood may prompt one "to fall victim to the insidious effect of a hindsight syndrome

wherein that which only the inventor taught is used against its teacher, W.L. Gore & Assoc., Inc.

v. Garlock, Inc., 721 F.2d 1540, 1553, 313 (Fed. Cir. 1983).

1

5578

Combining prior art references without evidence of such a suggestion, teaching, or motivation simply takes the inventor's disclosure as a blueprint for piecing together the prior art to defeat patentability—the essence of hindsight.  See, e.g., Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1138, (Fed. Cir. 1985).

Evidence of a suggestion, teaching, or motivation to combine may flow from the prior art references themselves, the knowledge of one of ordinary skill in the art, or, in some cases, from the nature of the problem to be solved.  In re Dembiczak, 175 F.3d 994 (Fed. Cir. 1999), reversed on other grounds, 203 F.3d 1305 (Fed. Cir. 2000).  Broad conclusory statements regarding the teaching of multiple references, standing alone, are not "evidence".  E.g., McElmurry v. Arkansas Power & Light Co., 995 F.2d 1576,1578 (Fed. Cir. 1993).

The examiner has failed to supply any of this requisite evidence, and instead has relied on the conclusory statement that it would have been:

> "obvious to one having ordinary skill in the art at the time the
>
> invention was made to have the jaw with the force exerting means
>
> taught by Redmayne in the lock assembly disclosed by Neilson
>
> such that a jaw as taught by Redmayne mechanically interengages
>
> with and carried by the bracket disclosed by Neilson whereby the
>
> jaw clamps the first flange of the bracket against the side wall."

For the reasons set forth in applicant's brief, it is respectfully submitted, that there is nothing in either Nielson or Redmayne that would motivate one skilled in the art to combine them.  All the more so given the different problems that these references are dealing with.  Nelson's objective is to provide a locking device for thwarting access to an electric meter box, whereas Redmayne is concerned with a refuse contain lid lock that can be readily disengaged to facilitate access to the container interior.

IT 00119

The examiner's final rejection of claims 1, 2 and 6-8 is not supported by the cited references, and should, therefore, be reversed.

Respectfully submitted,

Maurice E. Gauthier
Registration No. 20,798
Samuels, Gauthier & Stevens
225 Franklin Street, Suite 3300
Boston, Massachusetts 02110
Telephone: (617) 426-9180, Ext. 113

3

IT 00120



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590    12/15/2003

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA  02110

**RECEIVED**

DEC 17 2003

SAMUELS, GAUTHIER &
STEVENS LLP

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 12/15/2003

Please find below and/or attached an Office communication concerning this application or proceeding.



UNITED STATES DEPARTMENT OF COMMERCE
U.S. Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 |

| EXAMINER |
|---|
| Rodriguez, Ruth C, |

| ART UNIT | PAPER |
|---|---|
| 3677 | 16 |

DATE MAILED:

**Please find below and/or attached an Office communication concerning this application or proceeding.**

**Commissioner for Patents**

The reply brief filed 17 September 2003 and the Applicant's reply filed on 29 October 2003 have been entered and considered.  The application has been forwarded to the Board of Patent Appeals and Interferences for decision on the appeal.

ROBERT J. SANDY
PRIMARY EXAMINER

IT 00122



UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY &
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFI

FEB 2 6 2004

WASHINGTON, D.C. 202
www.uspto.g

GAUTHIER & CONNORS LLP

File # 5578

SAMUELS, GAUTHIER & STEVENS LLP,
ATTN: MAURICE E. GAUTHIER
225 FRANKLIN STREET, SUITE 3300
BOSTON, MA 02110

Paper No:      17
Appeal No:    2004-0827
Appellant:     RAFFERTY,  ROBERT E.
Application:  09/795,701

MAILED
FEB 2 4 2004
PAT & TM OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

# Board of Patent Appeals and Interferences
# Docketing Notice

Application   09/795,701 was received from the Technology Center at the Board on
February 02, 2004  and has been assigned Appeal No: 2004-0827.

A review of the file indicates that the following documents have been filed by appellant:

Appeal Brief filed on:          September 17, 2003
Reply Brief filed on:           October 29, 2003
Request for Hearing filed on:  None

In all future communications regarding this appeal, please include both the application
number and the appeal number.

The mailing address for the Board is:

**BOARD OF PATENT APPEALS AND INTERFERENCES
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VIRGINIA 22313-1450**

The facsimile number of the Board is 703-308-7952.  Because of the heightened security
in the Washington D.C. area, facsimile communications are recommended.  Telephone
inquiries can be made by calling 703-308-9797 and should be directed to a Program and
Resource Administrator.

By order of the Board of Patent Appeals and Interferences

IT 00123

The opinion in support of the decision being entered today was **not** written
for publication and is **not** binding precedent of the Board.

Paper No. 18

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

————————

Ex parte ROBERT E. RAFFERTY

————————

```
┌──────────────────────────────┐
│         MAILED               │
│                              │
│      MAR 3 1 2004            │
│  U.S. PATENT AND TRADEMARK OFFICE │
│   BOARD OF PATENT APPEALS     │
│     AND INTERFERENCES         │
└──────────────────────────────┘
```

Appeal No. 2004-0827
Application No. 09/795,701

————————

ON BRIEF

————————

Before WALTZ, KRATZ and JEFFREY T. SMITH, Administrative Patent
Judges.
WALTZ, Administrative Patent Judge.

DECISION ON APPEAL

This is a decision on an appeal from the primary examiner's
final rejection of claims 1, 2 and 6 through 8. The remaining
claims pending in this application are claims 3 through 5, which
stand objected to by the examiner as depending on a rejected claim
but would be allowable if rewritten in independent form (Answer,
page 2, ¶(3)). We have jurisdiction pursuant to 35 U.S.C. § 134.

According to appellant, the invention is directed to a lock
assembly for a utility box (Brief, page 2). Further details of the

IT 00124

Appeal No. 2004-0827
Application No. 09/795,701

invention may be seen from representative independent claim 1 which

is reproduced below:

1.  For use in combination with a utility box having a bottom,
a side wall, and a cover which may be opened to gain access to the
interior of the box, and which when closed, overlaps an upper edge
of the side wall, a lock assembly for maintaining the cover in its
closed position, said lock assembly comprising:

a bracket having first and second mutually spaced flanges
integrally joined by an intermediate web;

a jaw mechanically interengaged with and carried by said
bracket for movement between said first and second flanges, said
bracket being configured for removable mounting on said side wall,
with said intermediate web interposed between said cover and the
upper edge of said side wall, and with said first flange and
said jaw respectively located adjacent exterior and interior
surfaces of said side wall;

force exerting means for urging said jaw towards said first
flange to thereby clamp said side wall therebetween;

a cap having a lip configured and dimensioned to overlap said
cover; and interlocking means for securing said cap to said
bracket.

The examiner has relied upon the following references as

evidence of obviousness:

Nielsen, Jr. (Nielsen)      4,080,811       Mar. 28, 1978
Redmayne                    4,202,574       May 13, 1980

The claims on appeal stand rejected under 35 U.S.C. § 103(a)

as unpatentable over Nielsen in view of Redmayne (Answer, page 3,

referring to Paper No. 11). We *reverse* this rejection essentially

2

IT 00125

Appeal No. 2004-0827
Application No. 09/795,701

for the reasons stated in the Brief, Reply Brief, and those reasons
set forth below.

## OPINION

The examiner finds, and appellant does not contest, that
Nielsen discloses a locking assembly for a utility box comprising
every claimed limitation except that Nielsen fails to disclose or
suggest that the lock assembly contains a jaw mechanically
interengaged with and carried by the bracket that clamps the first
flange against the side wall (Paper No. 11, pages 2-3; see also the
Answer, page 3, Findings 1-8, and page 4; and the Brief, page 3,
¶8). The examiner further finds that Redmayne discloses a lock
assembly comprising a lid and a jaw, including mechanical
interengagement of the jaw and the lid and force exerting means
urging the jaw towards the first flange to clamp the sidewall
(Paper No. 11, page 3; Answer, page 4). From these findings, the
examiner concludes that it would have been obvious to one of
ordinary skill in the art "to have the jaw with the force exerting
means taught by Redmayne in the lock assembly disclosed by Nielsen"
to ensure proper clamping of the jaw and the sidewall (Paper No.
11, page 3; Answer, paragraph bridging pages 4-5). We disagree.

As correctly argued by appellant (Brief, page 4; Reply Brief,
pages 1-2), the examiner has not identified any convincing reason

3

IT 00126

Appeal No. 2004-0827
Application No. 09/795,701

or suggestion for combining the references as proposed in the
rejection on appeal.  The examiner has only set forth a conclusory
statement without identifying any convincing reasons or suggestions
why one of ordinary skill in this art would have added the jaw of
Redmayne to the locking assembly of Nielsen (see the Reply Brief,
page 2).  *See In re Dembiczak,* 175 F.3d 994, 999, 50 USPQ2d 1614,
1617 (Fed. Cir. 1999).  "[W]hen determining the patentability of a
claimed invention which combines two known elements, 'the question
is whether there is something in the prior art as a whole to
suggest the desirability, and thus the obviousness, of making the
combination.' [Citations omitted]." *In re Rouffet,* 149 F.3d 1350,
1356, 47 USPQ2d 1453, 1456 (Fed. Cir. 1998).  On the record before
us, we determine that the examiner has not identified any
convincing suggestion or reason for the desirability of adding the
jaw of Redmayne to the lock assembly of Nielsen.  The examiner has
not explained why the locking assembly of Nielsen requires "proper
clamping" which would be achieved by use of the jaw taught by
Redmayne.

　　Additionally, as correctly argued by appellant (Brief, page
3), the "jaw" of Redmayne is mounted on a depending flange 20 of
the lid of the refuse container.  The U-shaped bracket disclosed by
Redmayne is engaged with the undersurface of the lid bead 16 as

4

IT 00127

Appeal No. 2004-0827
Application No. 09/795,701

well as the lower beaded portion 24 (see the abstract; Figure 2;
col. 1, ll. 32-34; and col. 2, ll. 35-38). The examiner has not
established why one of ordinary skill in the art would have added
this "jaw" or U-shaped locking assembly of Redmayne, unique to the
shape and beaded portion of the refuse container lid, to the
locking assembly for a utility box disclosed by Nielsen.

For the foregoing reasons and those stated in the Brief and
Reply Brief, we determine that the examiner has not met the initial
burden of establishing a *prima facie* case of obviousness in view of
the reference evidence. Therefore we cannot sustain the rejection
on appeal.

5

IT 00128

Appeal No. 2004-0827
Application No. 09/795,701


     The decision of the examiner is reversed.

**REVERSED**

THOMAS A. WALTZ                )
Administrative Patent Judge    )
                               )
                               )
                               )
PETER F. KRATZ                 )  BOARD OF PATENT
Administrative Patent Judge    )      APPEALS
                               )       AND
                               )   INTERFERENCES
                               )
                               )
JEFFREY T. SMITH               )
Administrative Patent Judge    )


TAW/jrg


6

Appeal No. 2004-0827
Application No. 09/795,701


Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA  02110

7

IT 00130

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

7590        05/04/2004

**RECEIVED**

**MAY 0 6 2004**

**GAUTHIER & CONNORS LLP**

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 05/04/2004

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

TITLE OF INVENTION: METER BOX LOCK ASSEMBLY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $665 | $0 | $665 | 08/04/2004 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 3

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004.

IT 00131

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

7590     05/04/2004

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

| EXAMINER |
|---|
| RODRIGUEZ, RUTH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3677 | |

DATE MAILED: 05/04/2004

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 268 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 268 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (703) 305-1383. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004.

IT 00132

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 09/795,701 | RAFFERTY, ROBERT E. |
| | Examiner | Art Unit | |
| | Ruth C Rodriguez | 3677 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEPE 1308.

1. ☒ This communication is responsive to *decision by Board of Patent Appeals and Interferences dated 13 March 2004*.

2. ☒ The allowed claim(s) is/are *1-8*.

3. ☒ The drawings filed on *28 February 2001* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*    c) ☐ None    of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

6. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____.

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

7. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO-1449 or PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application (PTO-152)

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☒ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____.

Application/Control Number: 09/795,701                                        Page 2
Art Unit: 3677

## REASONS FOR ALLOWANCE

The following is an examiner's statement of reasons for allowance:  The prior art
of record discloses a utility box having a lock assembly that securely locks a cover over
the utility box where the lock assembly comprises a bracket, a force exerting means to
clamp the bracket against a side wall of the utility box and a cap that overlaps over the
cover when an interlocking means secures the cap to the bracket.  The prior art of
record fails to disclose that the lock assembly further comprises a jaw interengaged to
the bracket in such a way that the jaw moves between first and second flanges of the
bracket to be removably mounted onto the side wall of the utility box with the first flange
located adjacent to the exterior surface of the side wall and the jaw supported by the
second flange and located adjacent to the interior surface of the side wall where a force
exerting means urges the jaw towards the first flange to clamp the side wall.  Nielsen
discloses that the bracket is clamped to the side wall by having a force exerting means
directly engaging the sidewall.  Therefore, it would not have been obvious to one having
ordinary skill in the art at the time the invention was made to have a jaw having a force
exerting means where the force exerting means urges the jaw towards a first flange of
the bracket to clamp the sidewall of the utility box by having the jaw interengaged with
the second flange of the bracket.

Any comments considered necessary by applicant must be submitted no later
than the payment of the issue fee and, to avoid processing delays, should preferably
accompany the issue fee.  Such submissions should be clearly labeled "Comments on
Statement of Reasons for Allowance."

IT 00134

Application/Control Number: 09/795,701                                    Page 3
Art Unit: 3677

### Conclusion

The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Collier (US 3,938,839), Sharzynksi et al. (US 4,107,959), Michelman et al. (US 4,120,182), Nielsen, Jr. (US 4,080,811 and US 4,144,729), Swisher (US 4,152,910), Finck, Jr. (US 4,254,647), Nielsen Jr. et al. (US 4,414,829), Mahaney (US 5,007,258) and Georgopoulos (US 5,315,849) are cited to show state of the art with respect to the combination of a lock assembly and an utility box.

Woodard (US 1,241,459), Holen (US 1,262,795) and Henrickson (US 2,121,386) are cited to show state of the art with respect to clamps having some of the features of the clamping device of the current invention.

Bates et al. (US 3,275,363) and Redmayne (US 4,202,574) are cited to show state of the art with respect to cover holders having some of the features of the current application.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Ruth C. Rodriguez whose telephone number is (703) 308-1881. The examiner can normally be reached on M-F 07:15 - 15:45.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, J. J. Swann can be reached on (703) 306-4115.

IT 00135

Application/Control Number: 09/795,701                                    Page 4

Art Unit: 3677

     Submissions of your responses by facsimile transmission are encouraged.

Technology center 3600's facsimile number for before and after final communications is

(703) 872-9306.

     Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (703) 308-

1113.

                                 Ruth C. Rodriguez
                                 Patent Examiner
                                 Art Unit 3677

*RCR*

rcr

April 30, 2004

IT 00136

NOTICE OF OFFICE PLAN TO CEASE SUPPLYING COPIES OF CITED U.S. PATENT REFERENCES WITH OFFICE ACTIONS, AND PILOT TO EVALUATE THE ALTERNATIVE OF PROVIDING ELECTRONIC ACCESS TO SUCH U.S. PATENT REFERENCES

## Summary

The United States Patent and Trademark Office (Office or USPTO) plans in the near future to: (1) cease mailing copies of U.S. patents and U.S. patent application publications (US patent references) with Office actions except for citations made during the international stage of an international application under the Patent Cooperation Treaty and those made during reexamination proceedings; and (2) provide electronic access to, with convenient downloading capability of, the US patent references cited in an Office action via the Office's private Patent Application Information Retrieval (PAIR) system which has a new feature called "E-Patent Reference." Before ceasing to provide copies of U.S. patent references with Office actions, the Office shall test the feasibility of the E-Patent Reference feature by conducting a two-month pilot project starting with Office actions mailed after December 1, 2003. The Office shall evaluate the pilot project and publish the results in a notice which will be posted on the Office's web site (www.USPTO.gov) and in the Patent Official Gazette (O.G.). In order to use the new E-Patent Reference feature during the pilot period, or when the Office ceases to send copies of U.S. patent references with Office actions, the applicant must: (1) obtain a digital certificate from the Office; (2) obtain a customer number from the Office, and (3) properly associate applications with the customer number. The pilot project does not involve or affect the current Office practice of supplying paper copies of foreign patent documents and non-patent literature with Office actions. Paper copies of references will continue to be provided by the USPTO for searches and written opinions prepared by the USPTO for international applications during the international stage and for reexamination proceedings.

## Description of Pilot Project to Provide Electronic Access to Cited U.S. Patent References

On December 1, 2003, the Office will make available a new feature, E-Patent Reference, in the Office's private PAIR system, to allow more convenient downloading of U.S. patents and U.S. patent application publications. The new feature will allow an authorized user of private PAIR to download some or all of the U.S. patents and U.S. patent application publications cited by an examiner on form PTO-892 in Office actions, as well as U.S. patents and U.S. patent application publications submitted by applicants on form PTO/SB08 (1449) as part of an IDS. The retrieval of some or all of the documents may be performed in one downloading step with the documents encoded as Adobe Portable Document format (.pdf) files, which is an improvement over the current page-by-page retrieval capability from other USPTO systems.

IT 00137

**Steps to Use the New E-Patent Reference Feature During the Pilot Project and Thereafter**

Access to private PAIR is required to utilize E-Patent Reference. If you don't already have access to private PAIR, the Office urges practitioners, and applicants not represented by a practitioner, to take advantage of the transition period to obtain a no-cost USPTO Public Key Infrastructure (PKI) digital certificate, obtain a USPTO customer number, associate all of their pending and new application filings with their customer number, install no-cost software (supplied by the Office) required to access private PAIR and E-Patent Reference feature, and make appropriate arrangements for Internet access. The full instructions for obtaining a PKI digital certificate are available at the Office's Electronic Business Center (EBC) web page at: <http://www.uspto.gov/ebc/downloads.html>. Note that a notarized signature will be required to obtain a digital certificate.

To get a Customer Number, download and complete the Customer Number Request form, PTO-SB125, at: http://www.uspto.gov/web/forms/sb0125.pdf. The completed form can then be transmitted by facsimile to the Electronic Business Center at (703) 308-2840, or mailed to the address on the form. If you are a registered attorney or patent agent, then your registration number must be associated with your customer number. This is accomplished by adding your registration number to the Customer Number Request form. A description of associating a customer number with an application is described at the EBC web page at: http://www.uspto.gov/ebc/registration_pair.html.

The E-Patent Reference feature will be accessed using a new button on the private PAIR screen. Ordinarily all of the cited U.S. patent and U.S. patent application publication references will be available over the Internet using the Office's new E-Patent Reference feature. The size of the references to be downloaded will be displayed by E-Patent Reference so the download time can be estimated. Applicants and registered practitioners can select to download all of the references or any combination of cited references. Selected references will be downloaded as complete documents as Adobe Portable Document Format (.pdf) files. For a limited period of time, the USPTO will include a copy of this notice with Office actions to encourage applicants to use this new feature and, if needed, to take the steps outlined above in order to be able to utilize this new feature during the pilot and thereafter.

During the two-month pilot, the Office will evaluate the stability and capacity of the E-Patent Reference feature to reliably provide electronic access to cited U.S. patent and U.S. patent application publication references. While copies of U.S. patent and U.S. patent application publication references cited by examiners will continue to be mailed with Office actions during the pilot project, applicants are encouraged to use the private PAIR and the E-Patent Reference feature to electronically access and download cited U.S. patent and U.S. patent application publication references so the Office will be able to objectively evaluate its performance. The public is encouraged to submit comments to the Office on the usability and performance of the E-Patent Reference feature during the pilot. Further, during the pilot period registered practitioners, and applicants not represented by a practitioner, are encouraged to experiment with the feature, develop a proficiency in using the feature, and establish new internal processes for using the new access to the cited U.S. patents and U.S. patent application publications to prepare for the anticipated cessation of the current Office practice of supplying copies of such cited

2

IT 00138

references. The Office plans to continue to provide access to the E-Patent Reference feature during its evaluation of the pilot.

**Comments**

Comments concerning the E-Patent Reference feature should be in writing and directed to the Electronic Business Center (EBC) at the USPTO by electronic mail at eReference@uspto.gov or by facsimile to (703) 308-2840. Comments will be posted and made available for public inspection. To ensure that comments are considered in the evaluation of the pilot project, comments should be submitted in writing by January 15, 2004.

Comments with respect to specific applications should be sent to the Technology Centers' customer service centers. Comments concerning digital certificates, customer numbers, and associating customer numbers with applications should be sent to the Electronic Business Center (EBC) at the USPTO by facsimile at (703) 308-2840 or by e-mail at EBC@uspto.gov.

**Implementation after Pilot**

After the pilot, its evaluation, and publication of a subsequent notice as indicated above, the Office expects to implement its plan to cease mailing paper copies of U.S. patent references cited during examination of non provisional applications on or after February 2, 2004; although copies of cited foreign patent documents, as well as non-patent literature, will still be mailed to the applicant until such time as substantially all applications have been scanned into IFW.

**For Further Information Contact**

Technical information on the operation of the IFW system can be found on the USPTO website at http://www.uspto.gov/web/patents/ifw/index.html. Comments concerning the E-Patent Reference feature and questions concerning the operation of the PAIR system should be directed to the EBC at the USPTO at (866) 217-9197. The EBC may also be contacted by facsimile at (703) 308-2840 or by e-mail at EBC@uspto.gov.

Date: 12/1/03

Nicholas P. Godici
Commissioner for Patents

3

Mailed on May 10, 2004        Inner-Tite-5578

Enclosed please find the following in re:
U.S. Patent Appln. Serial No. 09/795,701

Title:    METER BOX LOCK ASSEMBLY

Filed:    February 28, 2001

1) Issue Fee Transmittal
2) A Check for $665.00

DATE DUE: August 4, 2004

MEG/deg

**RECEIVED**

MAY 17 2004

GAUTHIER & CONNORS LLP

This Paper Was
Received By PTO On:

OIPE
MAY 1 3 2004
PATENT & TRADEMARK OFFICE
JC113

---

15374

CITIZENS BANK
MASSACHUSETTS
MEMBER FDIC

**GAUTHIER & CONNORS LLP**
225 FRANKLIN STREET - SUITE 3300
BOSTON, MASS. 02110

5-7017/2110

5/10/2004                    $665.00

Six Hundred Sixty Five Dollars And 00 Cents

Commissioner of Patents

MP

⑈O15374⑈ ⑈2110701751⑈ 11078484 20⑈

PART B - FEE(S) TRANSMITTAL

Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (703) 746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590 05/04/2004

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA 02110

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO, on the date indicated below.

Dawn E. Grimes _____ (Depositor's name)
_____ (Signature)
May 10, 2004 _____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 02/28/2001 | Robert E. Rafferty | 5578 | 5950 |

TITLE OF INVENTION: METER BOX LOCK ASSEMBLY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $665 | $0 | $665 | 08/04/2004 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| RODRIGUEZ, RUTH C | 3677 | 070-164000 |

**1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).**

❏ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

❏ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

**2.** For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Gauthier & Connors
2 _____
3 _____

**3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)**

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Inner-Tite Corporation Holden, Massachusetts

Please check the appropriate assignee category or categories (will not be printed on the patent): ❏ individual ⊠ corporation or other private group entity ❏ government

**4a.** The following fee(s) are enclosed:
⊠ Issue Fee
❏ Publication Fee
❏ Advance Order - # of Copies _____

**4b.** Payment of Fee(s):
⊠ A check in the amount of the fee(s) is enclosed.
❏ Payment by credit card. Form PTO-2038 is attached.
⊠ The Director is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number 09-0079 (enclose an extra copy of this form).

Director for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature) _____ (Date) May 10, 2004

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (Rev. 11/03) Approved for use through 04/30/2004. OMB 0651-0033 U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/795,701 | 07/20/2004 | 6763691 | 5578 | 5950 |

7590          07/01/2004

Samuels, Gauthier & Stevens LLP
Attn: Maurice E. Gauthier
Suite 3300
225 Franklin Street
Boston, MA   02110

RECEIVED

JUL – 8 2004

GAUTHIER & CONNORS LLP

## ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 268 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (703) 305-1383. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

APPLICANT(S):

Robert E. Rafferty, Rutland, MA;

IT 00142

IR103 (Rev. 11/03)